United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 21, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-645** |
| **In re Professional Fee Matters Concerning** | § | |
| **the Jackson Walker Law Firm** | § | |

## REPORT AND RECOMMENDATION
## TO THE UNITED STATES DISTRICT COURT
## THAT THE UNITED STATES TRUSTEE'S
## <u>MOTION TO WITHDRAW THE REFERENCE BE DENIED</u>
### *Concerning ECF No. 255*

Pending before the Court is a single consolidated matter self-styled as, "United States Trustee's Motion For Withdrawal of The Reference and Referral of Motion For Relief Under Rule 60(b)(6) and Related Matters"[1] filed by the United States Trustee, Region 7 for the Southern District of Texas, on November 3, 2023, seeking withdrawal of the reference with regard to seventeen (17) identical motions[2] self-styled as, "United States Trustee's Motion For Relief From Judgment Or Order Pursuant To Federal Rule Of Civil Procedure 60(b)(6) And Federal Rule Of Bankruptcy Procedure 9024 Approving Any Jackson Walker Applications For Compensation And Reimbursement Of Expenses"[3] as well as all "matters related to the Rule 60 Motion."[4]

As discussed in greater detail *infra*, mandatory withdrawal is inapplicable and five out the six (with the third factor neutral) *Holland*[5] factors for permissive withdrawal weigh against withdrawal of the reference. As such, and as required by Federal Rule of Bankruptcy 5011 and Bankruptcy Local Rule 5011-1, this Court recommends that the reference remain with this Court to

---

[1] All ECF references are with regard to Case No. 21-30936 unless otherwise noted; ECF No. 255.
[2] *See* Case No. 23-645 at ECF No. 2.
[3] ECF No. 254.
[4] ECF No. 255 at 1.
[5] *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 998 (5th Cir. 1985). *See also Levine v. M&A Customer Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008).

continue presiding over the instant miscellaneous proceeding created for the purpose of consolidating certain pre-trial matters with respect to the Motions for Relief from Final Judgment (defined below), and with all other matters remaining with each of the presiding bankruptcy judges. This miscellaneous proceeding, in large part, alleviates any concerns that the United States Trustee and Jackson Walker, LLP have raised concerning judicial efficiency. Furthermore, the United States Trustee and Jackson Walker, LLP have jointly agreed that any further Motions for Relief From Final Judgment filed in additional cases against Jackson Walker, LLP will be bound by the District Court's determination on the present Motion for Withdrawal of the Reference.

Should the District Court nonetheless decide to withdraw the reference, the undersigned recommends that the Motion for Relief from Final Judgment[6] not be transferred to the Western District of Texas but that the Southern District of Texas District Court instead retain the matter, withdraw the reference, but then immediately refer the instant miscellaneous proceeding back to this Court to decide how all pretrial matters should be handled and decided, with the undersigned then informing the District Court when the consolidated matter is ready for trial with the determination of how disgorged funds, if any, that may be distributed amongst each of the particular bankruptcy estates, if applicable, left to the sound discretion of each of the presiding bankruptcy judges after the District Court enters its final judgment on the merits.

## I. PROCEDURAL HISTORY

1. On November 3, 2023, the United States Trustee ("*UST*") filed its, "United States Trustee's Motion For Withdrawal Of The Reference and Referral Of Motion For Relief Under Rule 60(b)(6) and Related Matters" ("*Motion for Withdrawal of the Reference*") in at least seventeen (17) cases and simultaneously filed at least (17) "United States Trustee's Motion For Relief From Judgement or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) And Federal Rule of Bankruptcy Procedure 9024 Approving Any Jackson Walker

---

[6] *See* Case Nos. 18-35672, 20-20184, 20-32021, 20-32519, 20-32564, 20-33233, 20-33295, 20-34758, 20-35561, 20-35740, 21-30427, 21-30936, 21-31861, 21-90002, 21-90054, 22-50009, 22-90018.

Applications For Compensation And Reimbursement of Expenses ("*Motion for Relief from Final Judgment* ").[7]

2. On November 24, 2023, Jackson Walker filed its "Omnibus Response Of Jackson Walker LLP To (A) United States Trustee's Motion For Relief From Judgment Or Order Pursuant To Federal Rule Of Civil Procedure 60(b) And Federal Rule Of Bankruptcy Procedure 9024 Approving Any Jackson Walker Application For Compensation And Reimbursement Of Expenses And (B) United States Trustee's Motion For Withdrawal Of The Reference And Referral Of Motion For Relief Under Rule 60(b)(6) And Related Matters" ("*Response*").[8]

3. On December 5, 2023, the Court held a hearing on the Motion for Withdrawal of The Reference in Case No. 21-30936, Brilliant Energy, LLC, and the Court took Judicial Notice of the following exhibits offered by the UST to wit: ECF No. 269 Exhibits 1-3, and 4-8 but not for the truth of the matter asserted, and judicial notice of Exhibits 9-10.[9] The Court also took Judicial Notice of the following exhibits offered by Jackson Walker, to wit: ECF No. 268, Exhbits1-11, and Exhibit 13 and took the matter under advisement.

4. On December 8, 2023 the undersigned commenced the instant Miscellaneous Proceeding No. 23-645, *In re Professional Fee Matters Concerning The Jackson Walker Law Firm.*

5. On December 21, 2023, the Court conducted a non-evidentiary status conference with respect to miscellaneous proceeding no. 23-645 in which the United States Trustee and Jackson Walker, LLP jointly agreed that any further Motions for Relief From Final Judgment filed in additional cases against Jackson Walker, LLP would be bound by the District Court's determination on the present Motion for Withdrawal of the Reference.[10]

6. The Court now issues the instant report and recommendation to the Honorable United States District Court.

## II. ANALYSIS

## A. Withdraw of the Reference Standard of Review

The United States District Courts in the Southern District of Texas are authorized by 28 U.S.C. § 157(a) to automatically refer "cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code" to the United States Bankruptcy

---

[7] *See* Case Nos. 18-35672, 20-20184, 20-32021, 20-32519, 20-32564, 20-33233, 20-34758, 20-35561, 20-35740, 21-30427, 21-30936, 21-31861, 21-90002, 21-90054, 22-50009, 22-90018.

[8] ECF No. 262.
[9] December 5, 2023, Courtroom Minutes.
[10] Case No. 23-645, December 21, 2023, Courtroom Minutes (oral representations of counsel).

Courts.[11] Pursuant to § 157(d), the District Court may withdraw any case or proceeding referred under § 157 on its own motion or on timely motion of any party for cause shown.[12] Additionally, the District Court shall withdraw any case or proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulation organizations or activities that affect interstate commerce.[13]

There are two provisions for withdrawal of the reference of cases to a bankruptcy court: mandatory and permissive withdrawals.[14] The Court will discuss each in turn. The Court will also address the UST's request that the Motion for Relief from Final Judgment  and "related matters" should be referred to the Chief District Judge for the Western District of Texas.[15] However, the Court will first address, as a preliminary matter, the UST's argument that this Court cannot issue a report and recommendation to the District Court and that Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 5011(a) invalidates Bankruptcy Local Rule 5011-1, ("*BLR 5011-1*").[16]

## B.  Bankruptcy Rule 5011(a) does not invalidate BLR 5011-1

The UST argues that BLR 5011-1 is void and should not be adhered to because the plain language of Bankruptcy Rule 5011(a) precludes it.[17] Thus, the UST contends that this motion must be considered in the first instance by the District Court without this Court issuing a report and recommendation.[18]

BLR 5011-1 provides that, "[a] motion to withdraw a case, contested matter, or adversary proceeding to the district court must be filed with the clerk. Unless the district court orders

---

[11] *See In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012)
[12] 28 U.S.C. § 157(d).
[13] *Id.*
[14] *In re National Gypsum Co.*, 145 B.R. 539, 541 (Bankr. N.D. Tex. 1992); Benjamin v. United States, Nos. 17-33255, 17-3321, 2021 Bankr. LEXIS 2400, at *4 (Bankr. S.D. Tex. 2021).
[15] ECF No. 255.
[16] ECF No. 255 at 5, ⁋ 9.
[17] ECF No. 255 at 5-6.
[18] *Id.*

otherwise, the matter will first be presented to the bankruptcy judge for recommendation." Bankruptcy Rule 5011(a) provides, "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge."

The UST principally relies on the Ninth Circuit opinion in *In re Healthcentral.com*,[19] for its position that BLR 5011-1 is invalid and should not be adhered to.[20] However, upon review, the Court notes that the local rule that was at issue in *Healthcarecentral.com* is inapposite to BLR 5011-1.[21] The local rule at issue in *Healthcarecentral.com* allowed the bankruptcy court to issue an order withdrawing the reference if the bankruptcy court determined that the litigants were entitled to a jury trial.[22] Unlike the local rule in *Healthcarecentral.com*, BLR 5011-1 only authorizes this Court to issue a report and recommendation and does not authorize this Court to issue any order.[23]

The UST also attempts to argue that the difference in language between Bankruptcy Rule 5011(a) and (b) supports its position that this Court cannot issue a report and recommendation.[24] Specifically, UST contends that because a motion to abstain is to be heard by the bankruptcy judge under (b), and a motion to withdraw is to be heard by the district judge under (a), this precludes this Court's ability to issue a report and recommendation.[25] Similar to above, the Court finds this argument is without merit. It is not incompatible with, nor does it contravene Bankruptcy Rule 5011(a), for this Court to issue a report and recommendation to the District Court as this Court is not issuing any order and the matter is ultimately still heard by the District Court as required by the rule. As such, the UST's argument that Bankruptcy Rule 5011(a) invalidates BLR 5011-1 fails.

---

[19] 504 F.3d 775, 785 (9th Cir. 2007).
[20] ECF No. 255 at 5-6.
[21] *Compare In re Healthcarecentral.com*, 504 F.3d at 785 *with* BLR 5011-1.
[22] *In re Healthcarecentral.com*, 504 F.3d at 785.
[23] *See* BLR 5011-1.
[24] ECF No. 255.
[25] *Id.*

The Court will now consider if mandatory withdrawal of the reference is applicable.

## C.  Mandatory withdrawal of the reference is not required

Because the UST did not timely assert that mandatory withdrawal is applicable, it is waived.[26] Nevertheless,  and although the UST does not address, much less assert, that mandatory withdrawal is required with respect to the Motion for Relief from Final Judgment, the Court will nonetheless briefly address it.

Mandatory withdrawal of the reference must be granted when: (1) the motion was timely filed; (2) the proceeding involves a substantial and material question of non-Bankruptcy Code federal law; and (3) a non-Bankruptcy Code federal law at issue has more than a de minimis effect on interstate commerce.[27] Here, the only statutes implicated in the Motion for Relief from Final Judgment are 11 U.S.C. §§ 327(a) and 330 which are clearly core matters pursuant to 28 U.S.C. § 157(b)(2)(A) and (E) as matters concerning both administration of the estate and actions to recover property of the estate.[28] The UST does not assert, and this Court does not find, that any non-bankruptcy code federal law is implicated by the Motion for Relief from Final Judgment.[29] Without any non-bankruptcy code federal law, the UST cannot meet the second and third elements for mandatory withdrawal.

---

[26] *See e.g., Off. Comm. of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan*, No. CV 20-3189, 2021 WL 1143649, at *4 (E.D. La. Mar. 25, 2021) ("motions are considered timely if filed as soon as possible after the moving party has notice of the grounds for withdrawing the reference.").

[27] *In re National Gypsum Co.*, 145 B.R. 539, 541 (Bankr. N.D. Tex. 1992); *Benjamin v. United States*, Nos. 17-33255, 17-3321, 2021 Bankr. LEXIS 2400, at *4 (Bankr. S.D. Tex. 2021).

*In re Uplift Rx, LLC*, No. 17-32186, 2023 WL 3035346, at *5 (Bankr. S.D. Tex. Jan. 19, 2023) ("The Trustee's disgorgement claim is core, at least in part, under § 157(b)(2)(E)."); *Collier v. Reed*, No. CIV.A. 14-2309, 2014 WL 3530145, at *3 (W.D. La. July 16, 2014) ("The Court finds that this case is not appropriate for permissive withdrawal of the reference. A motion for disgorgement of fees is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)[1] because the motion arises under and relates to Reed's bankruptcy case. *See* 11 U.S.C. § 329(b) (providing statutory grounds under Title 11 for a bankruptcy court to review and disgorge attorneys' fees).").

[29] *See* ECF No. 254.

Accordingly, mandatory withdrawal is inapplicable to the Motion for Withdrawal of The Reference and is not required.

This Court will now address permissive withdrawal of the reference.

**D. Permissive withdrawal of the reference is inappropriate**

Alternatively, even if the District Court concludes that withdrawal of the reference is not mandatory, the court may exercise its discretion, and withdraw the reference "for cause."[30] Section 157(d) does not define "cause."[31] Fifth Circuit courts find cause for withdrawal of the reference when the balance of the *Holland* factors are met by the moving party.[32] The party moving for withdrawal of the reference "bear[s] the burden of establishing grounds for permissive withdrawal."[33] The Court will next consider the *Holland* factors which require a court to examine whether (1) the matter is core or noncore; (2) withdrawal of the reference would expedite the bankruptcy process; (3) forum shopping and confusion will be reduced; (4) withdrawal would foster economical use of resources; (5) withdrawal would further the uniformity in bankruptcy administration; and (6) the proceedings involve a jury demand.[34] The party seeking withdrawal of the reference has the burden of establishing a "sound articulated foundation" for permissive withdrawal.[35]

The Court will consider each in turn.

**1. The Motion for Relief from Final Judgment concerns only core matters**

---

[30] 28 U.S.C. § 157(d).

[31] *See id.*

[32] *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 998 (5th Cir. 1985). *See also Levine v. M&A Customer Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008).

[33] *In re Morrison*, 409 B.R. 384, 389 (S.D. Tex. 2009).

[34] *Holland*, 777 F.2d at 998. *See also Levine v. M & A Custom Home Builder & Dev., LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008).

[35] *In re Morrison*, 410 B.R. 488, 490 (S.D. Tex. 2009) (citing *Holland*, 777 F.2d at 998).

First, this Court turns to whether the UST's Motion for Relief from Final Judgment concerns core or non-core matters. While the UST correctly cites the Fifth Circuit's opinion in *Holland* for the standard of review for a withdrawal motion, the UST nonetheless fails to consider or address several of the factors enumerated therein, including whether this matter concerns core or non-core matters.[36] The definition of core and non-core proceedings is defined in 28 U.S.C. § 157(b).[37] A proceeding is core if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could only arise in the nature of a bankruptcy case.[38]

Here, the UST's Motion for Relief from Final Judgment seeks to vacate the fee awards made to Jackson Walker and provide the UST and other parties in interest an opportunity to object to those awards.[39] The awarding or disgorgement of fees to professional persons employed pursuant to § 327(a) & 330 are clearly core matters pursuant to 28 U.S.C. § 157(b)(A) and (E) as matters concerning the administration of the estate and actions to recover of property of the estate.[40] This proceeding concerns substantive rights provided by title 11 and the UST does not suggest otherwise in its Motion to Withdraw the Reference.[41] If the majority of claims are non-core, then withdrawal of the reference is favored.[42] Here, all of the claims are core matters.

Thus, this first factor weighs against withdrawal of the reference.

---

[36] *See* ECF No. 255 at 4-5.
[37] 28 U.S.C. § 157(b).
[38] *In re Lutfak*, 536 B.R. 765, 771 (Bankr. S.D. Tex. 2015). *See Wood v. Wood* (In re Wood), 825 F.2d 90, 97 (5th Cir.1987).
[39] ECF No. 254.
[40] *In re Uplift Rx, LLC*, No. 17-32186, 2023 WL 3035346, at *5 (Bankr. S.D. Tex. Jan. 19, 2023) ("The Trustee's disgorgement claim is core, at least in part, under § 157(b)(2)(E)."); *Collier v. Reed*, No. CIV.A. 14-2309, 2014 WL 3530145, at *3 (W.D. La. July 16, 2014) ("The Court finds that this case is not appropriate for permissive withdrawal of the reference. A motion for disgorgement of fees is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)[1] because the motion arises under and relates to Reed's bankruptcy case. *See* 11 U.S.C. § 329(b) (providing statutory grounds under Title 11 for a bankruptcy court to review and disgorge attorneys' fees).").
[41] ECF No. 255.
[42] *See Gecker v. Marathon Fin. Ins. Co.*, Inc., RRG, 391 B.R. 613, 615 (N.D. Ill. 2008). *See In re Royce Homes*, L.P., No. 09-32467-H4-7, 2011 Bankr. LEXIS 5795, 2011 WL 13340482, at *2 (Bankr. S.D. Tex. Oct. 13, 2011) ("If the majority of claims are non-core, then withdrawal of the reference is favored.").

**2. Withdrawal of the reference would not expedite the bankruptcy process**

If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration.[43] If the bankruptcy court maintains an "intimate familiarity" with the case and has dedicated a large amount of time and resources to the adversary proceeding, this factor "weighs heavily in favor of denying" the withdrawal of the reference.[44] Conversely, this factor favors withdrawal when a motion to withdraw the reference is filed shortly after a complaint and the court has not reached a significant level of familiarity with the case.[45]

Here, while these consolidated motions were only recently transferred to this Court, the Court is intimately familiar with the facts and legal issues presented in the UST's Motion for Relief from Final Judgment.

Thus, the second factor weighs against withdrawal of the reference.

**3. Forum shopping and reduction of confusion is neutral**

Forum-shopping raises fairness concerns, as "it is unfair for a party to have a better chance of winning the case because of the forum when the underlying law should be the same."[46] Here, there is no evidence that the UST is engaging in forum shopping nor was evidence introduced that withdrawal would lead to confusion.

Thus, the third factor is neutral.

**4. Withdrawal would not foster economical use of resources and further the uniformity in bankruptcy administration**

---

[43] *See Palmer & Palmer, P.C. v. U.S. Trustee* (In re Hargis), 146 B.R. 173, 176 (N.D. Tex. 1992); *Kenai Corp. v. Nat'l Union Fire Ins. Co.*(In re Kenai Corp.), 136 B.R. 59, 61 (S.D.N.Y. 1992) (finding that "Given [the bankruptcy's judge's] familiarity with the bankruptcy case involving [the debtor], [the bankruptcy judge] is in the best position to monitor all the proceedings related to that bankruptcy, including this adversary proceeding").
[44] *Id.*
[45] *In re EbaseOne Corp.*, Nos. 01–31527–H4–7, 06–3197, 2006 WL 2405732, at *4 (Bankr. S.D. Tex. June 14, 2006).
[46] *City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at *16 (W.D. Tex. Nov. 9, 2011).

One of the major goals of bankruptcy law is the efficient use of the debtor's and creditors' resources in efforts to administer the debtor's estate and to resolve any related litigation.[47] In relation to non-core matters, the court in *Mirant* held that a withdrawal of reference fosters judicial economy and conservation of resources because if there is no withdrawal of reference, then the district court must review the bankruptcy court's findings of fact and conclusions of law.[48] The *Mirant* court noted that because the district court performs a de novo review of non-core matters, unnecessary costs can be avoided if the district court simply tries the suit under its original jurisdiction rather than having the facts adduced first in the bankruptcy court and later reviewed de novo by the district court.[49] A district court should also consider the importance of the proceeding to the bankruptcy case and refuse to withdraw the reference if the withdrawal would unduly delay the administration of the bankruptcy case.[50]

As discussed, the matters as issue in the UST's Motion for Relief from Final Judgment are core matters and unlike the court in *Mirant*, any factual findings made by this Court would not be subject to de novo review in the District Court.[51] Nonetheless, the UST contends that withdrawal of the reference will promote the efficient use of economic resources and promote the uniformity of bankruptcy administration because, *presumably*, the District Court would consolidate each of the approximately seventeen (17) Motions for Relief from Final Judgment currently pending in the Bankruptcy Courts into a single proceeding, thus preventing piecemeal or duplicative litigation and inconsistent results.[52]

---

[47] *In re Bay Area Reg'l Med. Ctr.*, Nos. 19-70013, 19-7010, 2019 Bankr. LEXIS 4202, at *11 (Bankr. S.D. Tex. 2019).
[48] *Mirant Corp. v. The S. Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006).
[49] *Id.*
[50] *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).
[51] *See* ECF No. 254.
[52] *Id.*

First, as a preliminary matter, this Court notes that the UST conceded at the hearing that were this Court to create a consolidated miscellaneous proceeding for the Motion for Relief from Final Judgments that it would eliminate the UST's concerns regarding judicial efficiency and duplicative litigation.[53] The Court has now done this, and  pre-trial matters concerning the Motions for Relief from Final Judgment have been consolidated.[54] Thus, the UST's primary arguments in favor of withdrawal are at least for the most part moot. Furthermore, Jackson Walker indicated at this Court's December 21, 2023, status conference that it was not opposed to this Court handling pre-trial matters with respect to the Motions for Relief from Final Judgments.[55]

Nonetheless, the Court also notes that the UST's argument is based on speculation as to what the District Court will do should the reference be withdrawn. This Court cannot base its recommendation on speculation. Furthermore, while the facts of each of the Motions for Relief from Final Judgments against Jackson Walker are identical, the UST fails to consider that the treatment of any funds that are disgorged must be handled on a case by case basis. Should any fees be disgorged, where those funds go largely depends on the individual facts of each case and applicable bankruptcy law. The treatment and application of disgorged funds will necessarily be different if, for instance, the plan is already paying a 100% dividend to unsecured creditors, if the plan has already completed and the case is closed, or if the proceeding is under Chapter 7 or 11. Depending on the facts of each individual case, an infusion of newly disgorged funds, should disgorgement occur, into the bankruptcy estate could also create a chain reaction of other motions, claims objections, amended plans, etc. that would have to be heard by the Bankruptcy Court.

Thus, factors four and five weigh against withdrawal of the reference.

---

[53] December 5, 2023, Courtroom Minutes.
[54] *See* Case No. 23-645.
[55] Case No. 23-645 at December 21, 2023, Courtroom Minutes (oral representations from counsel).

**5.    The proceedings do not involve a jury demand**

When analyzing the jury demand factor, the Court must consider whether there is a timely jury demand pending.[56] Whether a valid, timely asserted jury demand has been made is dispositive in whether permissive withdrawal should be granted because a bankruptcy judge lacks the authority to conduct a jury trial unless the parties consent.[57] As a result, if a party has invoked its Seventh Amendment jury trial right and does not consent to a jury trial in bankruptcy court, the reference must be withdrawn.[58]

Here, the Court again notes that the UST fails to acknowledge or discuss this factor in their Motion to Withdraw the Reference.[59] Furthermore, there is no jury demand pending. Thus, the sixth, and most important factor, weighs against withdrawal of the reference.

**6.    The UST fails to clearly articulate what matters it seeks to withdraw**

In addition to the *Holland* factors discussed by the Fifth Circuit, this Court additionally feels compelled to highlight the vague and uncertain nature of what matters the UST seeks to withdraw to the District Court in its Motion to Withdraw the Reference. The UST seeks to withdraw the Motion for Relief from Final Judgment and "any matters related to the [Motion for Relief from Final Judgment], including, but not limited to, Jackson Walker LLP's… applications for compensation and reimbursement of expenses and orders approving them…"[60] Matters that could potentially "relate to" the Motion for Relief from Final Judgment could include a myriad of other matters including plan modifications that incorporate disgorged fees, objections to proofs of

---

[56] FED. R. BANKR. P. 9015 (incorporating FED. R. CIV. P. 38). The existence of a jury demand weighs in favor of withdrawal of the reference. *Veldekens*, 362 B.R. at 769; *In re MPF Holding US LLC*, 2013 WL 12146958, at *3 (finding that if there is a jury demand pending, this factor "weighs heavily in favor of withdrawal of the reference.").
[57] *See In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994).
[58] *City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at *11 (W.D. Tex. Nov. 9, 2011) (citing *In re Clay*, 35 F.3d at 196-97; *Levine v. Blake* (In re Blake), No: 07-32168, 400 B.R. 200, 205-07 (Bankr. S.D. Tex. Sept. 22, 2008)).
[59] ECF No. 255.
[60] ECF No. 255 at 1.

claim, disclosure statement objections, and many others. This Court finds the vague request for withdrawal from the UST to be concerning as, if granted, it could create a jurisdictional quagmire as to what matters should continue to be heard by this Court and what matters should be heard by the District Court.

On December 21, 2023, the same day this Court is issuing its report and recommendation, the UST indicated at a non-evidentiary status conference that it was their intention to soon file a joint stipulation with Jackson Walker that would delineate the specific additional matters the UST believes falls under the "related to" matters contemplated in the Motion to Withdraw the Reference with respect to the Motions for Relief from Final Judgment.[61] As of the writing of this report and recommendation however, this Court is unaware of what the UST plans to file or whether or not it will provide any clarity to these outstanding issues as discussed *supra*.

In sum, the balance of *Holland* factors as articulated by the Fifth Circuit, along with the UST's failure to clearly articulate what matters it seeks to withdraw, strongly weigh against permissive withdrawal of the reference.

The Court will next consider if, should the reference be withdrawn, the Motion for Relief from Final Judgment should be transferred to the Chief District Judge for the Western District of Texas.

**E.  The Motions for Relief from Final Judgment should not be transferred to the Chief District Judge for the Western District of Texas**

In its Motion To Withdraw the Reference, the UST requests "[f]or the same reasons of judicial efficiency… that the District Court refer the Motion for Relief from Final Judgment to Judge Moses on the same terms as provided in the General Order",[62] asserting that "because

---

[61] ECF No. 255.
[62] ECF No. 255 at 7, ¶ 14.

[former] Judge Jones's conduct is a factual predicate of the Motions for Relief from Final Judgment, there will be substantial factual overlap between it and the matters that the District Court has referred to Chief Judge Moses."[63] The UST further asserts that "whatever prudential concerns led the District Court to assign litigation against [former] Judge Jones to a judge outside this District would presumably apply to other litigation arising from the same events and warrant both withdrawal of the reference and referral to the Western District of Texas."[64] Jackson Walker, in its Response and at the Hearing, indicated that it opposes transfer of the Motions for Relief from Final Judgments to the Western District of Texas.[65]

The UST correctly acknowledges that because this matter does not seek relief against former Judge Jones, it is not subject to General Order 2023-21.[66] First, the Court notes that the UST fails entirely to articulate in which way referral of this matter to the Western District would promote judicial efficiency.[67] The lawsuits currently pending before Judge Moses that concern former Judge Jones have little if anything to do with the Motions for Relief from Final Judgments currently pending in the Bankruptcy Courts.[68] In fact, as discussed *supra*, judicial efficiency would be hindered by withdrawal and transfer of the Motions for Relief from Final Judgments in light of the myriad of related issues that will inevitably arise out of any rulings on the Motions for Relief from Final Judgments that will have to be handled by the Bankruptcy Courts. The UST's suggestion that "because Judge Jones's conduct is a factual predicate of the Motions for Relief from Final Judgment, there will be substantial factual overlap between it and the matters… referred

---

[63] *Id.*

[64] *Id.*

[65] December 5, 2023, Courtroom Minutes.

[66] General Order 2023-21 ("[a]ll judges in the Southern District of Texas have consented to the referral of all lawsuits against David R. Jones to a judge outside of this District. Chief District Judge Alia Moses of the Western District of Texas has consented to the transfer of all such cases to her.").

[67] *See* ECF No. 255.

[68] *See* Southern District of Texas Case Nos. 23-3959 & 23-3729.

to Chief Judge Moses"[69] is, frankly, an unfounded misstatement of the facts. While former Judge Jones' relationship with Liz Freeman is one of the issues in the matters before Judge Moses, this is about the extent of the commonality with this miscellaneous proceeding.[70]

The UST also, without providing any rationale apart from speculation, contends that "whatever prudential concerns [that] led the District Court to assign litigation against Judge Jones to a judge outside this District would presumably apply to other litigation arising from the same events and warrant both withdrawal of the reference and referral to the Western District of Texas."[71] This Court declines to opine as to the internal reasoning behind General Order 2023-21, but notes that the UST does not even attempt to articulate why it would be in the interests of justice for the Motions for Relief from Final Judgments to be heard out of this district.[72] The Southern District of Texas Bankruptcy Courts are more than capable of disposing of these matters in an orderly, timely, and impartial manner.

## III. CONCLUSION

As discussed in greater detail *supra*, mandatory withdrawal is inapplicable and five out the six (with the third factor neutral) *Holland*[73] factors for permissive withdrawal weigh against withdrawal of the reference. As such, and as required by Federal Rule of Bankruptcy 5011 and Bankruptcy Local Rule 5011-1, this Court recommends that the reference remain with this Court to continue presiding over the instant miscellaneous proceeding created for the purpose of consolidating certain pre-trial matters with respect to the Motions for Relief from Final Judgment (defined below), and with all other matters remaining with each of the presiding bankruptcy judges.

---

[69] ECF No. 255 at 7.
[70] *See* Case No. 4:23-cv-03959 at ECF No. 9 (SDTX District Court).
[71] *Id.*
[72] *See id.*
[73] *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 998 (5th Cir. 1985). *See also Levine v. M&A Customer Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008).

This miscellaneous proceeding, in large part, alleviates any concerns that the United States Trustee and Jackson Walker, LLP have raised concerning judicial efficiency. Furthermore, the United States Trustee and Jackson Walker, LLP have jointly agreed that any further Motions for Relief From Final Judgment filed in additional cases against Jackson Walker, LLP will be bound by the District Court's determination on the present Motion for Withdrawal of the Reference.

Should the District Court nonetheless decide to withdraw the reference, the undersigned recommends that the Motion for Relief from Final Judgment[74] not be transferred to the Western District of Texas but that the Southern District of Texas District Court instead retain the matter, withdraw the reference, but then immediately refer the instant miscellaneous proceeding back to this Court to decide how all pretrial matters should be handled and decided, with the undersigned then informing the District Court when the consolidated matter is ready for trial with the determination of how disgorged funds, if any, that may be distributed amongst each of the particular bankruptcy estates, if applicable, left to the sound discretion of each of the presiding bankruptcy judges after the District Court enters its final judgment on the merits.

SIGNED December 21, 2023

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[74] *See* Case Nos. 18-35672, 20-20184, 20-32021, 20-32519, 20-32564, 20-33233, 20-33295, 20-34758, 20-35561, 20-35740, 21-30427, 21-30936, 21-31861, 21-90002, 21-90054, 22-50009, 22-90018.