United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 30, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-645** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |

## SCHEDULING ORDER

The United States Trustee ("*UST*") has filed "United States Trustee's Motion For Relief From Judgment Or Order Pursuant To Federal Rule Of Civil Procedure 60(b)(6) And Federal Rule Of Bankruptcy Procedure 9024 Approving Any Jackson Walker Applications For Compensation And Reimbursement Of Expenses" ("*Motions for Relief from Final Judgment*")[1] in seventeen Affected Cases.[2]  On December 8, 2023, The Official Committee of Unsecured Creditors of 4E Brands Northamerica LLC (the "*Committee*") joined the UST Motions for Relief from Final Judgment.[3]

On January 29, 2024, the Court held an interim non-evidentiary status conference. At that interim status conference the United States Trustee announced that, no later than February 29, 2024, it intends on amending its Current Rule 60 Motions[4] to include additional relief. Additionally, the following three cases have been set for trial by Judge Isgur, to wit: Case No. 20-32519 Nieman Marcus, 20-35740 Sea Drill Partners, and 21-90054, Strike LLC.   Accordingly, it is therefore

**ORDERED:** that

1.  Not later than **January 31, 2024**, the United States Trustee must file any motions to reopen any closed cases in which it seeks similar relief as set forth in this Court's Miscellaneous Proceeding.

2.   Not later than February 2, 2024, Jackson Walker LLP, ("*Jackson Walker*") must re-file its Motion For Entry Of An Order Requiring Any Party-In-Interest Who Asserts Standing Or Indispensable Party Status To File A Notice Stating A Basis For Indispensable Party Status Or Standing In Connection With Jackson Walker LLP Fee Matters in Case No. 21-30936 Brilliant Energy, LLC.

---

[1] *See* ECF No. 1.
[2] *See Id.*
[3] See 22-50009, ECF No. 549.
[4] *See* ECF No. 1.

3. On **February 26, 2024 at 3:00 p.m.** (Central Standard Time) the Court will conduct a further non-evidentiary interim status conference on before the United States Bankruptcy Court, Bob Casey Federal Building, Courtroom #402, 515 Rusk, Houston Texas, 77002.

4. Pursuant to Bankruptcy General Order 2021-05 parties may either appear electronically or in person unless otherwise ordered by this Court.

5. To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at **832-917-1510,** conference room number 999276 **and** (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez.   **Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically.  One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.**

6. Not later than **February 29, 2024**, the United States Trustee must file its amended Rule 60 Motions to include any and all other requested relief as stated on the record in the Affected Cases and motions to reopen in the mediated cases of Taylor Brand Case No. 20-33900 and Exco Resources, Inc. Case No. 18-30155.

7. Not later than **March 1, 2024**, Rule 26 Initial Disclosures must be exchanged.

8. Not later than **March 29, 2024**, the United States Trustee must file the remainder of its Rule 60 Motions, if any, in any case.

9. Not later than **April 29, 2024**, a Notice of Consent or Non-Consent, as required by BLR 7008-1 and 7012-1, to the entry of final orders by the United States Bankruptcy Court on all non-core matters must be filed.  **Any Party who fails to file their Notice of Consent or Non-Consent by the deadline imposed in Paragraph 3 of this Order will have been deemed to have consented to the entry of final orders by the United States Bankruptcy Court on all non-core matters.**

10. Not later than **April 12, 2024** Jackson Walker LLP, ("*Jackson Walker*") must file any Motion For Entry Of An Order Requiring Any Party-In-Interest Who Asserts Standing Or Indispensable Party Status To File A Notice Stating A Basis For Indispensable Party Status Or Standing In Connection With Jackson Walker LLP Fee Matters in any remaining cases in which such motions have yet to be filed. However, if any cases in which Jackson Walker is seeking to file such motions, and any particular court has not issued an order or responses have yet to be received, Jackson Walker is granted leave of this Court to file any motion seeking to extend any of the remaining deadlines in this Scheduling Order.

11. Not later than **May 15, 2024**, Jackson Walker must file responses to any new Rule 60 Motion filed in any Affected Case and any amended responses, if any, to the United States Trustee's Amended Motions for Relief from Final Judgment as stated in paragraph 2 of this Order.

12. **May 15, 2024,** formal discovery commences.

13. Not later than **May 29, 2024,** the UST must file a reply, if any, to any response to any new Rule 60 Motion and any amended responses to the Amended Motions for Relief from Final Judgment filed by Jackson Walker.

14. Not later than **June 12, 2024** Jackson Walker may file sur-replies, if any.

15. **August 13, 2024** the party with the burden of proof on an issue must serve its expert reports.

16. **September 12, 2024** rebuttal expert reports must be served.

17. **October 10, 2024** ("*Close of Discovery*") all discovery in this case will close, meaning that Parties must have fulfilled all outstanding requests before Close of Discovery in that Parties must not make requests that cannot be completed before Close of Discovery.

18. Not later than **October 17, 2024**, Counsel must meet face to face to attempt to resolve this Miscellaneous Proceeding  amicably, to attempt to stipulate to as many facts and issues as possible, and to prepare the pretrial order.  The court intends that this will be a substantive, good faith effort to resolve issues.  Therefore, trial counsel (lead counsel) are required to attend this meeting in person. Parties may also participate virtually.

19. A trial date in each case is to be set by the presiding judge.

20. Changes to this Scheduling Order may only be made by further order of the Court.  A motion to extend any deadline and/or alter any hearing date will only be granted for good cause shown beyond the control of the lawyers and/or Parties and only in very limited circumstances.

**The Remainder of this order only applies to Case No. 21-30936 Brilliant Energy, LLC**

20. Not later than **November 8, 2024** all Dispositive Motions (limited to 40 pages, excluding exhibits), if any, must be filed.

21. **Any** responses (limited to 40 pages, excluding exhibits), if any, must be filed not later than thirty (30) days after the filing of all Dispositive Motions.

22. **December 23, 2024**, Witness and Exhibit Lists must be exchanged.  Copies of the exhibits must be attached to the Witness & Exhibit List and filed in compliance with General Order 2021-5.

23. **January 6, 2025**, the Parties must jointly prepare and file a proposed form of pretrial order. The proposed form of order must be signed by counsel for all Parties and must provide the following:

   a.  Concise statement of nature of the dispute;

    b.  Statement as to jurisdiction;

    c.  Stipulation of facts in ascending order by date and citations to the record and/or exhibits;

    d.  Stipulation of exhibits;

    e.  Proposed findings of fact and conclusions of law;

    f.  Designation of witnesses to be presented by deposition;

    g.  A list of depositions to be used at trial for purposes other than potential impeachment with identification of specific pages and lines proposed to be published to the trier of facts

    h.  For each party, **separately file** a Witness and Exhibit List along with exhibits to be used at trial.  Each Witness and Exhibit List must conform to General Order 2021-5;

    i.  Pending motions that need to be addressed;

    j.  A combined estimate of time (total time) needed for trial of each case;

    k.  Certificate of conference along with signatures of all counsel

24.  **February 4, 2025 at 1:30 p.m.** (Central Standard Time) a Pre-Trial Conference will be held at the United States Bankruptcy Court, Bob Casey Federal Building, Courtroom No. 402, 515 Rusk Ave. Houston Texas 77002.  Attendance by all Parties is required, either in person (if not represented by counsel) or by an attorney who has authority to bind the Party.  Each Party must have a representative present with full settlement authority.

25.  Pursuant to Bankruptcy General Order 2021-05 parties may either appear electronically or in person unless otherwise ordered by this Court.

26.  To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at **832-917-1510**, conference room number 999276 **and** (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez.  **Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically.  One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.**

27.  Changes to this Scheduling Order may only be made by further order of the Court.  A motion to extend any deadline and/or alter any hearing date will only be granted for good cause shown beyond the control of the lawyers and/or Parties and only in very limited circumstances.

SIGNED January 29, 2024

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge