**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| PROFESSIONAL FEE MATTERS | § | Case No. 23-00645 |
| CONCERNING THE JACKSON | § | |
| WALKER LAW FIRM | § | |

**SPECIAL LIMITED APPEARANCE OBJECTION TO JURISDICTION
AND ANY PURPORTED WAIVER OF RIGHTS**

TO THE HONORABLE EDUARDO RODRIGUEZ, CHIEF UNITED STATES
BANKRUPTCY JUDGE:

Morton S. Bouchard, III, Individually and as Co-Trustee for the Morton S. Bouchard III
2017 Family Trust, files this limited or special appearance for the purpose of asserting his objection
to the jurisdiction of this Court to the extent its order requiring notice of indispensable party status
or standing purports to resolve claims held, or potentially held, by non-debtor parties against other
non-debtor parties in connection with fees wrongfully collected from a civil conspiracy involving
Jackson Walker and other non-debtors, and to the extent it purports to infringe upon Bouchard's
Seventh Amendment right to trial by jury before an Article III District Judge. Additionally,
Bouchard objects to the extent its order requires Bouchard (and other similarly situated parties) to
appear in this bankruptcy case Contested Matter to establish their right to standing regarding
unspecified or ambiguous "claims" involving Jackson Walker, and to adjudicate, impair, waiver
or otherwise bar claims asserted by Movant against Jackson Walker including claims brought by
Bouchard in other courts.

**I.
BACKGROUND FACTS**

1.      On October 13, Chief Judge of the Fifth Circuit filed an Ethics Complaint finding
"probable cause to believe" that Judge David R. Jones engaged in "misconduct." The Ethics

Complaint is based on Judge Jones's failure to disclose an intimate relationship with Ms. Freeman as well as his failure to recuse himself from matters involving Elizabeth Freeman or her current and former law firms, The Law Office of Liz Freeman, PLLC, and Jackson Walker, respectively.

2.     On October 20, 2023, the Chief Judge for the United States District Court for the Southern District of Texas issued the General Order, which refers all lawsuits against Judge Jones to Chief District Judge Alia Moses of the United States District Court for the Western District of Texas.

3.     On November 2 and 3, 2023, the United States Trustee filed a flurry of Rule 60 Motions to vacate attorneys' fees awarded to Jackson Walker – valued at approximately $13 million – that Judge Jones had made to Ms. Freeman and Jackson Walker while Jones was involved in an intimate, household relationship with Freeman. The U.S. Trustee also simultaneously sought to withdraw reference of the case to the bankruptcy court and have the Rule 60 motions heard by Judge Moses, Chief Judge of the Western District of Texas.

4.     On December 9, 2023, this Court issued its "Order Commencing Miscellaneous Proceeding Regarding Employment Orders and Awarded Fees and Expenses To Jackson Walker, LLP In Affected Case." (footnote reference omitted).

5.     On February 26, 2024, Morton S. Bouchard, III, individually and as co-trustee, filed suit in the United States District Court, Southern District of Texas against resigned Judge Jones, as well as Freeman, Jackson Walker, LLP, Kirkland & Ellis, LLP, Kirkland & Ellis International, LLP, Portage Partners, LLC, and Matthew Ray. *See Morton S. Bouchard, III, et al. v. David R. Jones, et al*., No. 4 :24-cv-00693, Dkt. 1. Bouchard's complaint addresses, inter alia, a conspiracy and pattern of racketeering activity involving Jones, Freeman, Jackson Walker, and Kirkland, which resulted in manipulation of the bankruptcy system by this conspiracy and, among other

things, millions of dollars in improper attorneys' fees awarded. *Id*. Bouchard alleges violations of RICO under 18 U.S.C. § 1962(c), conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d), common-law fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, negligent misrepresentation, professional negligence, common-law civil conspiracy, unjust enrichment, conspiracy to interfere with constitutional rights under Bivens. *Id.* Bouchard asserts various damages and remedies against Jackson Walker, including monetary damages and disgorgement of ill-gotten gains. *Id.*

6.      Bouchard has demanded a jury trial. Dkt. 1 at 1.  In accordance with the October 23, 2023, General Order, the litigation is pending before District Judge Alia Moses, Chief Judge of the Western District of Texas.

7.      Also on February 26, 2024, this Court entered its Amended Comprehensive Scheduling Order setting out dates and required compliance by the United States Trustee ("UST") and by Jackson Walker LLP ("Jackson-Walker"). In particular, the Court required the following:

> Not later than **April 12, 2024** Jackson Walker LLP, ("Jackson Walker") must file any Motion For Entry Of An Order Requiring Any Party-In-Interest Who Asserts Standing Or Indispensable Party Status To File A Notice Stating A Basis For Indispensable Party Status Or Standing In Connection With Jackson Walker LLP Fee Matters in any remaining cases in which such motions have yet to be filed.

Dkt. 76. The Court further ordered:

> Not later than **April 29, 2024**, a Notice of Consent or Non-Consent, as required by BLR 7008-1 and 7012-1, to the entry of final orders by the United States Bankruptcy Court on all non-core matters must be filed. **Any Party who fails to file their Notice of Consent or Non-Consent by the deadline imposed in Paragraph 3 of this Order will have been deemed to have Consented to the entry of final orders by the United States Bankruptcy Court on all non-core matters**.

*Id.* (emphasis original).  This provision appears to compel appearances by parties directly impacted by the civil conspiracy to submit to this Court's jurisdiction, waive its jury trial and commence a parallel proceeding in addition to the proceeding before Hon, Judge Moses.

## II.
## ARGUMENT

8.    This filing is not a general appearance, but rather an appearance for the limited purpose of objecting to the jurisdiction of this Court to the extent its order effectuates a waiver or loss of claims and rights Bouchard and other similarly situated hold against Jackson Walker or other non-debtor parties. Bouchard does not take the position that he is an indispensable party or that he has standing in the litigation filed by the U.S. Trustee.

**A.    This Court Lacks Jurisdiction to Require Movant (and Other Similarly Situated Parties) to Establish Their Claims Against Jackson Walker in this Court or to Adjudicate, Impair, Waiver or Bar Claims That May Be Brought Against Jackson Walker in Other Forums.**

9.    To the extent the February 26, 2024, order purports to adjudicate or infringe upon any claims or relief sought by Bouchard in the litigation before the district court, Chief Judge Moses of the Western District of Texas presiding, objection is asserted that this Court lacks jurisdiction to do so. This Court lacks jurisdiction to enforce against Bouchard and similarly situated parties any provisions purporting to impair, waive, or otherwise bar claims against any non-debtor, including Jackson-Walker. *See Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed.2d. 475 (2011). Further, Bouchard has the right to a jury trial under the Seventh Amendment,[1] and the Bankruptcy Court cannot conduct a jury trial without the consent of *both* parties. *See* 28 U.S.C. § 157(e). Bouchard has already sought a jury trial before an Article III Court.

---

[1] Generally, the Seventh Amendment preserves the right to trial by jury of claims for which a legal remedy is available. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962). "Claims for damages to a person or property based upon torts such as negligence are legal claims." *In re Hassan*, 376 B.R. 1, 18 (Bankr. D. Kan. 2007).

10.     Further, following a chapter 11 plan's confirmation, bankruptcy jurisdiction is limited only to matters "pertaining to the implementation or execution of the plan" but after confirmation, "bankruptcy jurisdiction ceases to exist." *Matter of Chesapeake Energy Corp.*, 70 F.4th 273 (5th Cir. 2023). In *Chesapeake* the Fifth Circuit recently reaffirmed *In re Craig's Stores of Texas, Inc.*, holding that post-confirmation efforts to add a settlements involving thousands of leaseholders who were potential class holders would never have filed proofs of claim.  Reversing a Jackson Walker/Kirkland & Ellis appeal on behalf of *Chesapeake*, Judge E. Jones reinforced and relied on the proper *Craig's Store*[2] analysis:

> "[T]he three *Craig's Stores* factors are a 'useful heuristic' for determining whether a matter concerns the effectuation of the plan.  *In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 534 (5th Cir. 2022).
>
> "First, do the claims at issue "principally deal[] with post-confirmation relations between the parties?" *Craig's Stores*, 266 F.3d at 391.

Here the answer is No. The Debtor is not a party. There is no debtor dispute as between the conspiracy alleged—an individual was injured by the illegal conduct of non-debtors.

> "Second, was there antagonism or [a] claim pending between the parties as of the date of the reorganization?" *Id.*

Again, the answer again is No. The Parties do include the Debtor nor is the claim at issue.

> "Third, are there any "facts or law deriving from the reorganization or the plan necessary to the claim?" *Id.; see also In re Enron Corp. Sec.*, 535 F.3d 325, 335-36 (5th Cir. 2008) (applying the factors).

Finally, the answer is likewise No. Bouchard's claim is against non-debtors seeking payment from non-"property of the estate" of the non-debtor. There is no connection. Nothing in Bouchard's

---

[2] *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001) ("The district courts routinely delegate authority to bankruptcy judges over bankruptcy cases and "core" proceedings "arising under" and "arising in" Title 11. 28 U.S.C. § 157(a)-(b). Adjudications of prepetition claims against a debtor's estate are core proceedings. *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987).

lawsuit before Chief District Judge Moses involves "effectuation of the Plan." As Judge Edith

Jones explained in *Chesapeake*:

> "… Chesapeake Energy Corporation tested the limits of the bankruptcy court's post-confirmation jurisdiction by asking it to settle two pre-bankruptcy purported class actions covering approximately 23,000 Pennsylvania oil and gas leases … every feature of the settlements conflicts with Chesapeake's Plan and Disclosure Statement. *Handling these forward-looking cases within the bankruptcy court, predicated on 28 U.S.C. § 1334(a) or (b), rather than in the court where they originated, exceeds federal bankruptcy post-confirmation jurisdiction*.

*Id.* at 276 (emphasis added).

11.    It is improper for this Court to compel Bouchard, and all similarly situated

claimants with claims that have been or may be brought in District Court, to appear before this

Court and submit to its jurisdiction or risk being barred from raising claims in the Article III Court.

**B.    The Order Should Be Clarified to Make Clear It Does Not Waive, Bar or Impair Actions That May be Filed by an Interested Party Against Jackson Walker in Another Forum.**

12.    To the extent that this Court does not intend the issue orders impairing, releasing,

or waiving Bouchard's (or similarly situated parties') rights to pursue the non-debtor parties, this

Court should clarify its requirement regarding the affirmative duty to claim standing or assert

claims will not impair, waive, bar, or release any such third-party claims brought by a creditor of

this debtor. Upon such order, this limited or special appearance objection is moot and will be

withdrawn.

WHEREFORE, Bouchard seeks the Limited or Special appearance rights asserted by way

of objection to this Article I Court's jurisdiction to impair, waive, or adjudicate its rights and claims

now asserted by him and others, or that may be asserted by him and others, before District Judge

Moses pursuant to the October 20, 2023, General Order.

April 15, 2024                          Respectfully submitted,

                                        */s/ Shelby A. Jordan*
                                        Shelby A. Jordan
                                        St. Bar No. 11016700; S.D. No. 2195
                                        Antonio Ortiz
                                        St. Bar No.  24074839;  SD. No. 1127322
                                        **JORDAN & ORTIZ, P.C.**
                                        500 North Shoreline Drive, Suite 804
                                        Corpus Christi, TX 78401
                                        Telephone: 361.884.5678
                                        Facsimile:  361.888.5555
                                        Email:      sjordan@jhwclaw.com
                                                    aortiz@jhwclaw.com
                                        Copy to:    cmadden@jhwclaw.com

                                        Mikell A. West
                                        Texas State Bar No. 24070832
                                        S.D. Tex. Bar No. 1563058
                                        Robert W. Clore
                                        Texas State Bar No. 24012426
                                        S.D. Tex. Bar No. 2032287
                                        BANDAS LAW FIRM, P.C.
                                        802 Carancahua Street, Suite 1400
                                        Corpus Christi, Texas 78401
                                        Telephone: (361) 698-5200
                                        Facsimile: (361) 698-5222
                                        mwest@bandaslawfirm.com
                                        rclore@bandaslawfirm.com

                                        **ATTORNEYS FOR MORTON S. BOUCHARD, III,
                                        INDIVIDUALLY AND AS CO-TRUSTEE FOR
                                        THE MORTON S. BOUCHARD III 2017 FAMILY
                                        TRUST**

**CERTIFICATE OF SERVICE**

I certify that on April 15, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties in the attached service list receiving notice via ECF in this case.

*/s/ Shelby A. Jordan*
Shelby A. Jordan

## SERVICE LIST

| | | |
|---|---|---|
| **Thomas D. Berghman**<br>Munsch Hardt Kopf and Harr<br>500 North Akard Street<br>Suite 3800<br>Dallas, TX 75201<br>214-855-7584<br>214-978-4346 (fax)<br>tberghman@munsch.com<br>*Assigned: 12/14/2023*<br>*LEAD ATTORNEY* | representing | **Official Committee Of Unsecured Creditors of 4E Brands Northamerica LLC**<br>*(Respondent)* |
| **Jason Lee Boland**<br>Norton Rose Fulbright US LLP<br>1301 McKinney<br>Ste 5100<br>Houston, TX 77010<br>713-651-3769<br>713-651-5246 (fax)<br>jason.boland@nortonrosefulbright.com<br>*Assigned: 12/13/2023*<br>*LEAD ATTORNEY* | representing | **Jackson Walker L.L.P.**<br>*(Respondent)* |
| **Joseph M Coleman**<br>Kane Russell et al<br>3700 Thanksgiving Tower<br>1601 Elm Street<br>Dallas, Tx 75201<br>214-777-4280<br>214-777-4299 (fax)<br>jcoleman@krcl.com<br>*Assigned: 02/22/2024* | representing | **Jackson Walker L.L.P.**<br>*(Respondent)* |
| **Timothy Culberson**<br>The Culberson Law Office, PLLC<br>25700 I 45 North<br>Suite 100<br>Texas<br>Spring, TX 77386<br>832-236-2326<br>tim@culbersonlaw.com<br>*Assigned: 02/18/2024* | representing | **Timothy L. Culberson**<br>The Culberson Law Office, PLLC<br>25700 I-45 North<br>Suite 100<br>Spring, TX 77386<br>281-825-4977<br>281-674-8161 (fax)<br>tim@culbersonlaw.com<br>*(Interested Party)* |

**JaKayla DaBera**                          representing   **Jackson Walker L.L.P.**
Kane Russell Coleman Logan                                *(Respondent)*
901 Main St.
Ste 5200
Dallas, TX 75202
979-451-5455
jdabera@krcl.com
 *Assigned: 02/22/2024*

**Nan Roberts Eitel**                       representing   **United States Trustee**
Executive Office for U.S. Trustees                        515 Rusk, #3516
U.S. Department of Justice                                Houston, TX 77002
20 Massachusetts Ave., NW                                 713-718-4650
Washington, DC 20530                                      *(U.S. Trustee)*
202-305-2695
Nan.R.Eitel@usdoj.gov
 *Assigned: 03/15/2024*
 *LEAD ATTORNEY*

**Vianey Garza**                            representing   **United States Trustee**
DOJ-Ust                                                   515 Rusk, #3516
515 Rusk Street, Suite 3516                               Houston, TX 77002
Houston, TX 77002                                         713-718-4650
713-718-4663                                              *(U.S. Trustee)*
vianey.garza@usdoj.gov
 *Assigned: 04/02/2024*

**Daniel Geoghan**                          representing   **Plan Administrator**
Cole Schotz P.C.                                          *(Other Prof.)*
1325 Avenue of the Americas
19th Floor
New York, NY 10019
201-489-3000
646-563-7925 (fax)
dgeoghan@coleschotz.com
 *Assigned: 01/29/2024*

**Kenneth P. Green**                        representing   **David Dunn**
Bonds Ellis Eppich Schafer Jones LLP                      *(Interested Party)*
950 Echo Lane
Suite 120
Houston, TX 77024
713-335-4830
832-740-1411 (fax)
ken.green@bondsellis.com
 *Assigned: 02/27/2024*

| | | |
|---|---|---|
| *Assigned: 03/15/2024* | representing | **Matthew Ray, Plan Administrator** *(Other Prof.)* |
| **William R Greendyke** Norton Rose Fulbright US LLP 1301 McKinney Street Suite 5100 Houston, TX 77010 713-651-5193 713-651-5193 (fax) william.greendyke@nortonrosefulbright.com *Assigned: 12/13/2023 LEAD ATTORNEY* | representing | **Jackson Walker L.L.P.** *(Respondent)* |
| **Julie Goodrich Harrison** Norton Rose Fulbright US LLP 1301 McKinney St Ste 5100 Houston, TX 77010 713-651-5434 julie.harrison@nortonrosefulbright.com *Assigned: 12/21/2023* | representing | **Jackson Walker L.L.P.** *(Respondent)* |
| **John J. Kane** Kane Russell, et al. 3700 Thanksgiving Tower 1601 Elm Street Dallas, TX 75201 214-777-4200 jkane@krcl.com *Assigned: 02/22/2024* | representing | **Jackson Walker L.L.P.** *(Respondent)* |
| **Stephen Wayne Lemmon** Streusand Landon Ozburn Lemmon LLP 1801 S. Mopac Expressway Suite 320 Austin, TX 78746 512-220-2688 512-236-9904 (fax) lemmon@slollp.com *Assigned: 02/23/2024* | representing | **Old Copper Company Inc** *(Interested Party)* |
| *Assigned: 02/29/2024 LEAD ATTORNEY* | representing | **Copper Sub Corporation Inc** *(Interested Party)* |

| | | |
|---|---|---|
| **Davor Rukavina**<br>Munsch Hardt Kopf & Harr, P.C.<br>500 N. Akard St.<br>Ste. 4000<br>Dallas, TX 75201<br>214-855-7587<br>drukavina@munsch.com<br>*Assigned: 12/14/2023*<br>*LEAD ATTORNEY* | representing | **Official Committee Of Unsecured Creditors of 4E Brands Northamerica LLC**<br>*(Respondent)* |
| **Millie Aponte Sall**<br>Office of the United States Trustee<br>515 Rusk Street<br>Suite 3516<br>Houston, TX 77002<br>713-718-4650<br>millie.sall@usdoj.gov<br>*Assigned: 12/13/2023*<br>*LEAD ATTORNEY* | representing | **United States Trustee**<br>515 Rusk, #3516<br>Houston, TX 77002<br>713-718-4650<br>*(U.S. Trustee)* |