**From:** David Jones <davidrjonesdrj@outlook.com>
**Sent:** Wednesday, June 26, 2024 3:46 PM
**To:** Eduardo Rodriguez <Eduardo_V_Rodriguez@txs.uscourts.gov>
**Subject:** Request for Guidance under Guide to Judiciary Policy

Dear Chief Judge Rodriguez:

Pursuant to the Guide to Judiciary Policy, Volume 20, Chapter 8 (the "Regulations") (copy attached for your convenience), I received the attached Notice of Deposition from Jackson Walker in connection with the fee matters initiated by the United States Trustee.  Under the Regulations, a former federal judicial officer "upon whom a request for testimony or the production of records in legal proceedings is made should promptly notify" the "determining officer", which is the "chief judge of the court on which the former judge previously served." *See* §§ 850(b), 840(b). Thus, as required by the Regulations, this email shall serve as the required notice.

Under the Regulations, the determining officer will "determine whether the federal judicial personnel may be interviewed, contacted, or used as witnesses" and, if so, "what, if any conditions will be imposed upon such … testimony." § 850(a).  Inasmuch as Ms. Freeman has admitted the existence of a relationship, all other identified matters appear to be intended only to harass, embarrass, and be unduly invasive of the functioning of the courts, or covered by the judicial and mediation privileges. *See* Orders of Appointment, S.D. Tex. Complex Procedures ¶¶ 53-54, Local Rule 16.4, and *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977) ("Placing a decisionmaker on the stand is therefore 'usually to be avoided.'").

Pursuant to § 850(c) of the Regulations, I will notify Jackson Walker that its request is under review.  In accordance with the Regulations, I will respectfully decline to comply with the request pending instructions from you.

Respectfully,

David R. Jones