# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> Professional Fee Matters Concerning the Jackson Walker Law Firm | § <br> § <br> § Case No. 23-00645 (EVR) <br> § <br> § <br> § |

## JACKSON WALKER LLP'S SECOND AMENDED
## NOTICE OF DEPOSITION FOR DAVID R. JONES

PLEASE TAKE NOTICE that, pursuant to Fed. R. Bankr. P. 7030, Jackson Walker LLP will take the deposition of DAVID R. JONES on **July 18, 2024, beginning at 9:00 a.m. (CDT),** or such other date and time as may be agreed by the parties, at the offices of Rusty Hardin & Associates, LLP, 1401 McKinney Steet, Suite 2250, Houston, TX 77010. The deposition will be conducted by oral examination before a certified court reporter and will continue from day to day until complete. A subpoena in the form of the attached will be served on the deponent. The deposition will be recorded by stenographic means and may be videotaped.

Additionally, pursuant to Volume 20, Section 830 of the Administrative Office of the United States Courts' Guide to Judiciary Policy, this request for testimony sets forth, in the attached **Exhibit A**, a written statement containing an explanation of the nature of the testimony sought, the relevance of the testimony to the legal proceedings, and the reasons why the testimony sought is not readily available from other sources or by other means.

Dated: June 25, 2024

Respectfully submitted,

| **NORTON ROSE FULBRIGHT US LLP** | **RUSTY HARDIN & ASSOCIATES, LLP** |
|---|---|
| Jason L. Boland (SBT 24040542)<br>William R. Greendyke (SBT 08390450)<br>Julie G. Harrison (SBT 24092434)<br>Maria Mokrzycka (SBT 24119994)<br>1550 Lamar Street, Suite 2000<br>Houston, Texas 77010<br>Telephone: (713) 651-5151<br>Email: jason.boland@nortonrosefulbright.com<br>Email: william.greendyke@nortonrosefulbright.com<br>Email:<br>Email: maria.mokrzycka@nortonrosefulbright.com | */s/ Russell Hardin, Jr.*<br>Russell Hardin, Jr. (SBT 08972800)<br>Leah M. Graham (SBT 24073454)<br>Jennifer E. Brevorka (SBT 24082727)<br>Emily Smith (SBT 24083876)<br>5 Houston Center<br>1401 McKinney, Suite 2250<br>Houston, Texas 77010<br>Telephone: (713) 652-9000<br>Email: rhardin@rustyhardin.com<br>Email: lgraham@rustyhardin.com<br>Email: jbrevorka@rustyhardin.com<br>Email: esmith@rustyhardin.com |

-and-

Paul Trahan (SBT 24003075)
Emily D. Wolf (SBT 24106595)
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Fax: (512) 536-4598
Email: paul.trahan@nortonrosefulbright.com
Email: emily.wolf@nortonrosefulbright.com

*Counsel for Jackson Walker LLP*

*Co-Counsel for Jackson Walker LLP*

## **CERTIFICATE OF SERVICE**

I certify that on June 25, 2024, I served the foregoing via electronic mail to the below:

**Office of the United States Trustee**
Pat S. Layng
(Pat.S.Layng@usdoj.gov)
Millie Aponte Sall
(Millie.Sall@usdoj.gov)
Aubrey L. Thomas
(aubrey.thomas@usdoj.gov)
Vianey Garza
(vianey.garza@usdoj.gov)
Alicia Barcomb
(alicia.barcomb@usdoj.gov)

*Counsel for the United States Trustee*

**Quinn Emanuel Urquhart & Sullivan, LLP**
Benjamin Finestone
(benjaminfinestone@quinnemanuel.com)

*Counsel for David R. Jones*

**Law Office of Tom Kirkendall**
Tom Kirkendall
(bigtkirk@gmail.com)

*Counsel for Elizabeth Freeman*

By: */s/ Leah M. Graham*
Leah M. Graham

**EXHIBIT A**

*Written Statement Required by Guide to Judiciary Policy, Volume 20, § 830(a)*

**I.       Nature of testimony sought**

Jackson Walker LLP intends to take testimony on the following topics:

1. The nature and timeline of former Judge David R. Jones's romantic relationship, cohabitation, or joint home ownership with Elizabeth Freeman.

2. Ms. Freeman's presence at or involvement in any mediation conducted by former Judge Jones in any of the cases listed on Exhibit 6 to the United States Trustee's *Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses*, attached hereto as **Exhibit A-1.**

3. Former Judge Jones's attendance at any social events relating to any mediation conducted by former Judge Jones in any of the cases listed on Exhibit 6 to the United States Trustee's *Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses*, attached hereto as Exhibit A-1.

4. Any disparate treatment of Jackson Walker or Ms. Freeman, or any biased or prejudicial rulings or orders involving Jackson Walker or Ms. Freeman, in any of the cases listed on Exhibit A-1 by former Judge Jones as a result of his romantic relationship, cohabitation, or joint home ownership with Ms. Freeman.

5. Former Judge Jones's understanding of the reasons for Jackson Walker's popularity as local counsel.

6. Former Judge Jones's analysis and conclusion that the disclosure of his romantic relationship, cohabitation, or joint home ownership with Ms. Freeman was not necessary in matters in which he acted as either judge or mediator.

7. Any disclosure by former Judge Jones of his romantic relationship, cohabitation, or joint home ownership with Ms. Freeman to any person at Jackson Walker.

8. Any residences or other real property jointly purchased or owned by former Judge Jones and Ms. Freeman.

9. Visits by any Jackson Walker attorneys to a residence or other real property jointly purchased or owned by former Judge Jones and Ms. Freeman.

10. The knowledge of any person at Jackson Walker (other than Ms. Freeman) of the romantic relationship, cohabitation, or joint home ownership between former Judge Jones and Ms. Freeman.

11. The knowledge of other attorneys in the Houston legal community of the romantic relationship, cohabitation, or joint home ownership between former Judge Jones and Ms. Freeman.

12. Former Judge Jones's approvals of Jackson Walker's fee applications or retention applications in any of the cases listed on Exhibit A-1.

13. Former Judge Jones's involvement in the adversary proceeding captioned *Michael Van Deelen v. David Dickson, et al.*, Case No. 20-03309, filed in the Bankruptcy Court for the Southern District of Texas (Houston Division), including the motion for recusal and related documents.

14. Any payments made by Jackson Walker on former Judge Jones's behalf in relation to any of the cases listed on Exhibit A-1, including any cases that former Judge Jones mediated in which Jackson Walker represented a party.

## II.   Relevance and necessity of testimony sought

The Office of the U.S. Trustee ("U.S. Trustee") has, in 33 separate cases either presided over by Judge Jones or mediated by former Judge Jones, sought relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure (1) vacating orders approving Jackson Walker's applications for retention and for compensation and expenses and, (2) sanctioning Jackson Walker by ordering the return of all fees and expenses previously paid to the firm. The crux of the U.S. Trustee's argument is that the undisclosed intimate relationship between former Judge Jones and Ms. Freeman significantly compromised the integrity of and public faith in the bankruptcy system and, accordingly, tainted these cases and damaged the administration of the various bankruptcy estates by creating an unlevel playing field for parties, who might have sought recusal of former Judge Jones, objected to the retention of Jackson Walker, or sought other appropriate relief had the fact of their relationship been known. The U.S. Trustee argues that sanctions against Jackson Walker are appropriate because its attorneys failed to disclose the relationship between former Judge Jones and Ms. Freeman. Jackson Walker has disputed these allegations.

Testimony on the above-listed topics is relevant to this litigation because the crux of the U.S. Trustee's position is that individuals at Jackson Walker knew of the relationship between Ms. Freeman and former Judge Jones and that the relationship should have been disclosed both by Jackson Walker and former Judge Jones. Jackson Walker believes that testimony by former Judge Jones will shed light on the crucial issue of whether anyone at Jackson Walker (aside from Ms. Freeman) was aware of the relationship between former Judge Jones and Ms. Freeman. Moreover, Jackson Walker believes that testimony from former Judge Jones is necessary to show that Jackson Walker's popularity as local counsel was not due to any favoritism shown by former Judge Jones to Jackson Walker (and instead was a result of Jackson Walker's substantial efforts to form and strengthen relationships with large law firms that had no significant Houston bankruptcy presence, and to advocate for the Southern District of Texas by emphasizing the benefits of the complex case panel, the quality of the judges in the Southern District of Texas, and the excellence of the local bar). All of the above-described testimony is available solely from former Judge Jones. Only former Judge Jones knows who, if anyone, he told about his relationship with Ms. Freeman, only former Judge Jones knows why he ruled the way he did and

whether his rulings were attributable to a bias towards Jackson Walker. Likewise, testimony regarding why former Judge Jones concluded that he did not have to disclose his relationship with Ms. Freeman is only available from former Judge Jones. As such, the testimony sought is not only highly relevant to this litigation, but also not readily available from other sources or by other means.

### III. Factors to be considered by the determining officer in authorizing the testimony

The determining officer should authorize the testimony of Judge Jones based on the following factors:

1. Former Judge Jones resigned from his judicial position and therefore no resources of the United States or time of federal judicial personnel will be expended in Jackson Walker's taking of former Judge Jones's testimony.

2. Former Judge Jones's testimony will not aid or hinder the federal judiciary in the performance of official duties.

3. Former Judge Jones's testimony is necessary to prevent the perpetration of injustice, as the U.S. Trustee has alleged that the undisclosed intimate relationship between former Judge Jones and Ms. Freeman significantly compromised the integrity of and public faith in the bankruptcy system.

4. The request is not unduly burdensome or inappropriate under applicable court or administrative rules.

5. The testimony is appropriate under the rules of procedure governing this case, as well as the scheduling order entered in this case.

6. Jackson Walker is properly authorized to make the request.

7. Jackson Walker's request meets the requirements of the regulations established by the Guide to Judiciary Policy, Volume 20, § 830(a).

8. Jackson Walker properly served the request under applicable court, administrative, and other rules.

9. Former Judge Jones's testimony would not violate a statute, regulation, or ethical rule.

10. Former Judge Jones's testimony on the topics set forth herein would not disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process, except to the extent that former Judge Jones testifies on his judicial obligations related to disqualification, recusal, and disclosure.

11. Former Judge Jones's testimony would not disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation,

parole, or supervised release, and would not disclose any other information that is confidential under any applicable statute or regulation.

12. Former Judge Jones's testimony is not reasonably expected to result in the appearance of the federal judiciary favoring one litigant over another, or endorsing or supporting a position advanced by a litigant.

13. Former Judge Jones's testimony on the topics set forth herein is not available from other sources.

14. Former Judge Jones's testimony is not sought as expert witness testimony.

15. The request does not seek personnel files, records, or documents pertaining to a current or former federal judicial officer or employee.

# **EXHIBIT A-1**



**Exhibit 6A**
**Judge Jones**
**Jackson Walker Fee Order Entered**
**Open Cases**

| Debtor Name | Case Number | Petition Date | Confirmation Status | Position | Date of Retention App | Retention App ECF | Fee App Order ECF | Total Fees Awarded | Total Expenses | Ms. Freeman Fees |
|---|---|---|---|---|---|---|---|---|---|---|
| Westmoreland Coal Company | 18-35672 | 10/9/2018 | Confirmed | Debtor Local Counsel | 11/8/2018 | 376 | 2249 | $676,806.00 | $87,114.29 | $129,629.50 |
| J.C. Penney Company, Inc. | 20-20182 | 5/15/2020 | Confirmed | Debtor Local Counsel | 6/11/2020 | 685 | 2874 | $1,087,263.00 | $14,219.21 | $286,159.00 |
| Whiting Petroleum Corporation | 20-32021 | 4/1/2020 | Confirmed | Debtor Local Counsel | 4/17/2020 | 173 | 840 | $695,091.50 | $3,541.94 | $36,115.00 |
| Neiman Marcus Group LTD, LLC | 20-32519 | 5/7/2020 | Confirmed | Debtor Local Counsel | 6/3/2020 | 750 | 2147 | $380,573.50 | $6,103.70 | $49,910.00 |
| Stage Stores LLC | 20-32564 | 5/10/2020 | Confirmed | Debtor Local Counsel | 6/4/2020 | 385 | 983 | $182,655.50 | $2,090.65 | $29,295.00 |
| Chesapeake Energy Corporation | 20-33233 | 6/28/2020 | Confirmed | Debtor Local Counsel | 7/16/2020 | 370 | 3509 | $912,742.00 | $21,275.94 | $192,258.00 |
| Covia Holdings Corporation | 20-33295 | 6/29/2020 | Confirmed | Debtor Conflicts Counsel | 7/21/2020 | 195 | 1304 | $325,181.00 | $6,200.85 | $51,021.00 |
| Bouchard Transportation Co., Inc. | 20-34682 | 9/28/2020 | Confirmed | Debtor Local Counsel | 10/28/2020 | 173 | 20-34758 at 63 | $436,790.00 | $5,371.86 | $23,380.00 |
| Mule Sky LLC (Gulfport Energy) | 20-35561 | 11/13/2020 | Confirmed | Debtor Conflicts Counsel | 12/11/2020 | 20-35562 at 390 | 212 | $765,173.50 | $7,334.20 | $54,525.50 |
| Seadrill Partners LLC | 20-35740 | 12/1/2020 | Confirmed | Debtor Local Counsel | 12/23/2020 | 110 | 690 | $286,885.00 | $1,617.25 | $28,223.00 |
| Seadrill Limited | 21-30427 | 2/10/2021 | Confirmed | Debtor Local Counsel | 3/8/2021 | 250 | 1340 | $501,242.00 | $2,123.05 | $5,594.50 |
| Brilliant Energy, LLC | 21-30936 | 3/16/2021 | No Plan | Other | 4/13/2021 | 68 | 241 | $186,363.50 | $2,246.63 | $0.00 |
| Katerra Inc. | 21-31861 | 6/6/2021 | Confirmed | Debtor Local Counsel | 6/29/2021 | 289 | 1639 | $858,653.01 | $3,934.72 | $0.00 |

| Debtor Name | Case Number | Petition Date | Confirmation Status | Position | Date of Retention App | Retention App ECF | Fee App Order ECF | Total Fees Awarded | Total Expenses | Ms. Freeman Fees |
|---|---|---|---|---|---|---|---|---|---|---|
| Basic Energy Services, Inc. | 21-90002 | 8/27/2021 | Confirmed | Debtor Lead Counsel | 12/13/2021 | 809 | 1511 | $1,543,432.34 | $3,082.84 | $0.00 |
| Strike LLC | 21-90054 | 12/6/2021 | Confirmed | Debtor Local Counsel | 1/6/2022 | 363 | 1248 | $875,026.00 | $12,331.41 | $0.00 |
| 4E Brands Northamerica LLC | 22-50009 | 2/22/2022 | Confirmed | Debtor Lead Counsel | 3/24/2022 | 72 | 427-1 | $859,425.50 | $7,300.81 | $0.00 |
| Sungard AS New Holdings | 22-90018 | 4/11/2022 | Confirmed | Debtor Conflicts Counsel | 5/10/2022 | 211 | 897 | $414,495.00 | $5,966.56 | $0.00 |

**Totals** **$10,987,798.35** **$191,855.91** **$886,110.50**

**Exhibit 6B**
**Judge Jones**
**Jackson Walker Fee Order Entered**
**Closed Cases**

| Debtor Name | Case Number | Petition Date | Confirmation Status | Position | Date of Retention App | Retention App ECF | Fee App Order ECF | Total Fees Awarded | Total Expenses Awarded | Ms. Freeman Fees |
|---|---|---|---|---|---|---|---|---|---|---|
| Jones Energy Inc. | 19-32112 | 4/14/2019 | Confirmed | Debtor Local Counsel | 4/23/2019 | 125 | 251 | $92,854.00 | $20,915.86 | $10,582.00 |
| McDermott International Inc. | 20-30336 | 1/21/2020 | Confirmed | Debtor Local Counsel | 2/19/2020 | 424 | 1021 | $391,655.00 | $21,154.16 | $114,002.50 |
| Sheridan Holding Company I, LLC | 20-31884 | 3/23/2020 | Confirmed | Debtor Local Counsel | 4/2/2020 | 130 | 213 | $11,779.50 | $12,025.30 | $3,565.00 |
| Hornbeck Offshore Services, Inc. | 20-32679 | 5/19/2020 | Confirmed | Debtor Conflicts Counsel | 6/1/2020 | 132 | 283 | $61,428.00 | $798.75 | $4,727.50 |
| Denbury Resources Inc. | 20-33801 | 7/30/2020 | Confirmed | Debtor Local Counsel | 8/28/2020 | 238 | 384 & 442 | $124,321.50 | $890.07 | $37,122.50 |
| iQor Holdings Inc. | 20-34500 | 9/10/2020 | Confirmed | Debtor Local Counsel | 9/28/2020 | 154 | 252 | $63,842.00 | $3,857.50 | $1,670.00 |
| Volusion, LLC | 20-50082 | 7/27/2020 | Confirmed | Debtor Lead Counsel | 8/26/2020 | 74 | 172 | $339,428.00 | $3,025.97 | $62,897.00 |
| Seadrill New Finance Limited | 22-90001 | 1/11/2022 | Confirmed | Debtor Local Counsel | 2/8/2022 | 94 | 121 | $27,286.00 | $21,067.75 | $0.00 |
| LaForta - Gestao e Investmentos | 22-90126 | 6/16/2022 | No Plan | Debtor Lead Counsel | 7/15/2022 | 67 | 298 | $505,907.50 | $7,946.11 | $0.00 |
| | | | | | | | Totals | $1,618,501.50 | $91,681.47 | $234,566.50 |

**Exhibit 6C**
**Jones Mediation Cases**
**Jackson Walker Fees/Expenses**
**Open Cases**

| Debtor Name | Case Number | Petition Date | Judge | Confirmation Status | Position | Date of Retention App | Retention App ECF | Fee App Status | Fee App Order ECF | Total Fees Awarded | Total Expenses Awarded | Ms. Freeman Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sanchez Energy Coporation | 19-34508 | 8/11/2019 | Isgur | Confirmed | Debtor Local Counsel | 10/1/2019 | 269 | Final Approved | 1502 | $1,905,683.35 | $98,468.48 | $531,384.50 |
| GWG Holdings Inc. | 22-90032 | 4/20/2022 | Isgur | Confirmed | Debtor Local Counsel | 5/19/2022 | 267 | Final Pending | | $801,232.50 | $59,972.91 | $228,572.81 |
| HONX, Inc. | 22-90035 | 4/28/2022 | Isgur | Plan Pending | Debtor Local Counsel | 5/31/2022 | 128 | Interim Filed | | $393,782.00 | $7,681.61 | $71,790.00 |
| Altera Infrastructure LP | 22-90130 | 8/12/2022 | Isgur | Confirmed | Debtor Local Counsel | 9/12/2022 | 228 | Final Approved | 22-90129 at 20 | $357,209.50 | $6,739.23 | $53,445.00 |
| IEH Auto Parts Holding LLC | 23-90054 | 1/31/2023 | Lopez | Confirmed | Debtor Lead Counsel | 3/2/2023 | 181 | Final Pending | | | | |
| IEH Auto Parts Holding LLC | 23-90054 | 1/31/2023 | Lopez | Confirmed | Debtor Conflicts Counsel | 3/2/2023 | 183 | None Filed | | | | |
| MLCJR LLC | 23-90324 | 5/14/2023 | Lopez | No Plan | Debtor Conflicts Counsel | 6/13/2023 | 433 | Interim Filed | | | | |
| | | | | | | | | | **Totals** | **$3,457,907.35** | **$172,862.23** | **$885,192.31** |

4

**Exhibit 6D**
**Jones Mediation Cases**
**Jackson Walker Fees/Expenses**
**Closed Cases**

| Debtor Name | Case Number | Petition Date | Judge | Confirmation Status | Position | Date of Retention App | Retention App ECF | Fee App Status | Fee App Order ECF | Total Fees Awarded | Total Expenses Awarded | Ms. Freeman Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| EXCO Resources, Inc. | 18-30155 | 1/15/2018 | Isgur | Confirmed | UCC Local Counsel | 2/26/2018 | 382 | Final Approved | 122 | $1,820,436.59 | $68,949.97 | $185,702.50 |
| Tailored Brands, Inc. | 20-33900 | 8/2/2020 | Isgur | Confirmed | Debtor Local Counsel | 9/1/2020 | 496 | Final Approved | 1404 | $253,420.00 | $1,482.05 | $57,345.00 |
| | | | | | | | | | **Total** | **$2,073,856.59** | **$70,432.02** | **$243,047.50** |

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __Texas__

In re __Professional Fee Matters Concerning Jackson Walker Law Firm__
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
V.
_____
Defendant

Case No. __23-00645 (EVR)__

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __David R. Jones__
*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | Rusty Hardin & Associates, LLP<br>1401 McKinney Street, Ste. 2250<br>Houston, Texas 77010 | DATE AND TIME<br>**July 18, 2024 at 9:00 a.m.** |
|---|---|---|

The deposition will be recorded by this method: __Certified Court Reporter and Videographer__

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __June 25, 2024__

CLERK OF COURT

OR

_____         __/s/ Paul Trahan__
Signature of Clerk or Deputy Clerk     Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Jackson Walker LLP__ , who issues or requests this subpoena, are:

Norton Rose Fulbright US LLP, c/o Paul Trahan, 98 San Jacinto Blvd., Ste 900, Austin, TX 78701, paul.trahan@nortonrosefulbright.com, (512) 474-5201

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)