United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 23-645 |
| Professional Fee Matters Concerning the § | |
| Jackson Walker Law Firm § | |

## MEMORANDUM OPINION

The Office of the U.S. Trustee has, in 33 separate cases either presided over or mediated by former United States Bankruptcy Judge David R. Jones, sought relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure vacating orders approving Jackson Walker, LLP's applications for retention and for compensation and expenses and, sanctioning Jackson Walker, LLP by ordering the return of all fees and expenses previously paid to the firm. As a result, this Court commenced the instant Miscellaneous Proceeding. In connection therewith, Jackson Walker, LLP, and former Judge Jones entered into a Joint Stipulation regarding a July 18, 2024, scheduled deposition of former Judge Jones within the instant Miscellaneous Proceeding.

Upon further review and in accordance with *Guide to Judiciary Policy, Volume 20, Chapter 8*, §850, parties cannot stipulate that the factors enumerated therein are met without a formal weighing of these factors by the determining officer, here the Chief Judge of the United States Bankruptcy Court for the Southern District of Texas. Rather, it is the exclusive authority of the determining officer to authorize and set limits regarding the nature of the testimony to ensure the regulations are satisfied.

To be clear, the Court places no limitation on the form or number of questions Jackson Walker, LLP may ask of former Judge Jones; however, any questions that Jackson Walker, LLP

intends to ask former Judge Jones during the July 18, 2024 scheduled deposition are subject to this Court's review and approval in accordance with *Guide to Judiciary Policy, Volume 20, Chapter 8*, §850. Thus, the Court finds that the Parties' Joint Stipulation is insufficient for this Court to determine whether the noticed deposition of former Judge Jones complies with *Guide to Judiciary Policy, Volume 20, Chapter 8*, §850 enumerated *infra*, and as such, the Court finds it appropriate to vacate the Joint Stipulation and to conduct a hearing regarding the requested testimony of former Judge Jones.

## I.   JURISDICTION AND VENUE

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[2] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) this proceeding involves primarily core matters as it "concern[s] the administration of the estate."[3] Furthermore, this Court may only hear a case in which venue is proper.[4] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The underlying bankruptcy cases were filed in the Southern District of Texas, venue is proper.[5]

## II.   BACKGROUND

---

[2] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[3] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

[4] 28 U.S.C. § 1408.

[5] ECF No. 1.

1. The instant Miscellaneous Proceeding was commenced by this Court on December 9, 2023.[6]

2. On February 26, 2024 the Court entered its "First Amended Comprehensive Scheduling, Pre-Trial and Trial Order"[7] establishing October 10, 2024 as the "Close of Discovery" meaning that Parties must have fulfilled all outstanding requests before Close of Discovery in that Parties must not make requests that cannot be completed before Close of Discovery.[8]

3. On June 26, 2024 the Court received an ex-parte communication via electronic mail from former Judge David R. Jones (herein "*Jones*") "requesting guidance from this Court under Judiciary Policy, Volume 20, Chapter 8, regarding a Notice of Deposition from Jackson Walker in connection with the fee matters initiated by the United States Trustee" (the "*Communication*").

4. The Communication pertains to "Jackson Walker LLP's Second Amended Notice Of Deposition For David R. Jones" scheduled for July 18, 2024 (the "*Noticed Deposition*").[9]

5. On June 27, 2024 the Court issued an order stating that

    "[w]hile the regulations pertaining to testimony and production of records from former judicial officers seem to contemplate these sorts of requests being made ex-parte, the Court finds in this circumstance that resolving this matter ex-parte would be wholly inappropriate. Pursuant to Guide to Judiciary Policy, Volume 20, § 850(b), the Court finds that this is an "appropriate circumstance" and that any request to quash must be made by motion with an opportunity for response by Jackson Walker, LLP. Accordingly, it is therefore: ORDERED: that 1. The Clerk of Court is directed to docket the ex-parte communication in the instant case. 2. David R. Jones is granted leave to file a motion with the Clerk of Court pursuant to Guide to Judiciary Policy, Volume 20, Section 850(b). 3. Jackson Walker, LLP is invited to file a response with the Clerk of Court pursuant to Guide to Judiciary Policy, Volume 20, Section 850(c)."[10]

6. On July 1, 2024, Jackson Walker, LLP (herein "*Jackson Walker*") filed a single matter self-styled as "Emergency Motion of Jackson Walker LLP For Entry of an Order (I) Establishing Deadlines With Respect To The June 27, 2024 Order and (II) Granting Related Relief" (the "*Emergency Motion*").[11]

---

[6] ECF No. 1.
[7] ECF No. 76.
[8] *Id.* at 76, at 3, ¶ 14.
[9] ECF No. 142-1.
[10] ECF No. 141.
[11] ECF No. 145.

7. On July 1, 2024, the Court issued an order setting a hearing on the Emergency Motion.

8. On July 1, 2024, rather than filing a motion as set forth in paragraph 5 *supra*, Jones Walker and Jones (jointly the *"Parties"*) entered into a stipulation resolving the Emergency Motion wherein "David R. Jones has agreed, and is hereby authorized, to provide testimony via a deposition on July 18, 2024, or such other date as mutually agreeable, subject to any objections and privileges that David R. Jones may raise at any such deposition, which objections and privileges are preserved (the "*Joint Stipulation*").[12]

9. On July 2, 2024, the Court signed the Joint Stipulation.[13]

### III.   ANALYSIS

**A.**  *Guide to Judiciary Policy, Vol. 20, Ch. 8*

The procedure pertaining to the testimony and production of records from former judicial officers are governed by the *Guide to Judiciary Policy, Vol. 20, Ch. 8* (the "*Judiciary Regulations*").[14] "Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations."[15]  In their Joint Stipulation, Jackson Walker and Jones, purporting to comply with § 850 of the Judiciary Regulations, agreed to have the Noticed Deposition of Jones on July 18, 2024, beginning at 9:00 a.m. (CDT), or such other date and time as may be agreed by the parties, at the offices of Rusty Hardin & Associates, LLP, 1401 McKinney Steet, Suite 2250, Houston, TX 77010.[16]

Nevertheless, although the Joint Stipulation purports to comply with the Judiciary Regulations by stating that "David R. Jones has agreed, and is hereby authorized, to provide testimony via a deposition on July 18, 2024, or such other date as mutually agreeable, subject

---

[12] ECF No. 150 at 1, ¶ 1.
[13] ECF No. 150.
[14] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8 at § 810.20(a).
[15] *Id.* at § 820(a).
[16] ECF No. 150 at 1, ¶ 1.

to any objections and privileges that David R. Jones may raise at any such deposition, which objections and privileges are preserved,"[17] the Parties failed to address "what, if any conditions will be imposed upon such … testimony" to be provided by Jones.[18] Jones' consent only applies to the information that is not confidential or which was not acquired during his performance of official duties. Because the conditions must be established by the Court based on factors enumerated within the Judiciary Regulations, the Court finds it appropriate to vacate the Joint Stipulation and set for hearing Jackson Walker's request to depose Jones.[19]

**B. Section 850 of the Judiciary Regulations**

Pursuant to the Judiciary Regulations, disclosure requests are referred to the appropriate "determining officer," which in this instance, is the Chief Bankruptcy Judge for the Southern District of Texas.[20] As a preliminary matter, the Court finds that Jackson Walker and Jones complied with § 830 of the Judiciary Regulations, which establish the procedure for disclosure requests.[21] Section 850 of the Judiciary Regulations, however, provide that:

> The determining officer may deny a request if the request does not meet any requirement imposed by these regulations. In determining whether or not to authorize the disclosure of federal judicial information or records or the testimony of federal judicial personnel, the determining officer will consider, based on the following factors, the effect in the particular case, as well as in future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties.[22]

1) The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission.

---

[17] ECF No. 150 at 1, ¶ 1.
[18] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8 at § 850(a).
[19] *Id.*
[20] *Id.* at § 840(b)(2).
[21] *Id.* at § 830.
[22] *Id.* at § 850(a).

2) Whether the testimony or production of records would assist the federal judiciary in the performance of official duties.

3) Whether the testimony or production of records is necessary to prevent the perpetration of fraud or injustice in the case or matter in question.

4) Whether the request is unduly burdensome or is inappropriate under applicable court or administrative rules.

5) Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case or matter in which the request arises, or under the relevant substantive law of privilege.

6) Whether the request is within the proper authority of the party making it.

7) Whether the request meets the requirements of these regulations.

8) Whether the request was properly served under applicable court, administrative, or other rules.

9) Whether the testimony or production of records would violate a statute, regulation, or ethical rule.

10) Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process.

11) Whether the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, or would disclose any other information that is confidential under any applicable statute or regulation.

12) Whether the testimony or production of records reasonably could be expected to result in the appearance of the federal judiciary favoring one litigant over another or endorsing or supporting a position advocated by a litigant.

13) Whether the request seeks testimony, records or documents available from other sources.

14) Whether the request seeks testimony of federal judicial personnel as expert witnesses.

15) Whether the request seeks personnel files, records or documents pertaining to a current or former federal judicial officer or employee, and

   A. the personnel files, records or documents sought by the request may be obtained from the current or former federal judicial officer or employee in question, or
   B. the personnel files, records or documents sought by the request would be made available to the requester with the written consent or authorization of the current or former federal judicial officer or employee in question.

16) Any other consideration that the determining officer designated in § 840(b) may consider germane to the decision.[23]

Upon further review and in accordance with *Guide to Judiciary Policy, Volume 20, Chapter 8*, §850, parties cannot stipulate that the factors enumerated therein are met without a formal weighing of these factors by the determining officer, here the Chief Judge of the United States Bankruptcy Court for the Southern District of Texas. Rather, it is the exclusive authority of the determining officer to authorize and set limits regarding the nature of the testimony to ensure the regulations are satisfied.[24]

To be clear, the Court places no limitation on the form or number of questions Jackson Walker, LLP may ask of former Judge Jones; however, any questions that Jackson Walker, LLP intends to ask former Judge Jones during the July 18, 2024 scheduled deposition are subject to this Court's review and approval in accordance with *Guide to Judiciary Policy, Volume 20, Chapter 8*, §850. Thus, the Court finds that the Parties' Joint Stipulation is insufficient for this Court to determine whether the noticed deposition of former Judge Jones complies with *Guide to Judiciary Policy, Volume 20, Chapter 8*, §850 enumerated *supra*, and as such, the Court finds it appropriate to vacate the Joint Stipulation and to conduct a hearing regarding the requested testimony of former Judge Jones.

---

[23] *Id.*
[24] *Id.*

## IV. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith. Additionally, the Court will separately issue an order setting a hearing on "Jackson Walker LLP's Second Amended Notice of Deposition for David R. Jones" scheduled for July 18, 2024.[25]

SIGNED July 3, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[25] ECF No. 142-1.