IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Professional Fee Matters Concerning the Jackson Walker Law Firm | § § § § § § § Case No. 23-00645 (EVR) |

### JACKSON WALKER LLP'S RESPONSE IN SUPPORT OF WRITTEN STATEMENT TO DAVID R. JONES REQUIRED BY GUIDE TO JUDICIARY POLICY, VOLUME 20

Jackson Walker LLP ("JW") files this response (this "Response") in support of its *Second Amended Notice of Deposition for David R. Jones* and related Subpoena (the "Deposition Notice"), which attached JW's *Written Statement Required by Guide to Judiciary Policy* (the "Written Statement"),[1] and in accordance with this Court's July 5, 2024 *Order* [Dkt. No. 157] permitting JW to file a response to former Judge Jones's request for guidance from this Court. For the reasons set forth below, JW believes its Written Statement complies with the Guide to Judiciary Policy, Volume 20, Section 850 (the "Judiciary Regulations") and urges the Court to approve JW's request as set forth in the Written Statement.

1. On June 25, 2024, in accordance with the discovery schedule set by this Court's *First Amended Comprehensive Scheduling, Pre-Trial & Trial Order* [Dkt. No. 76] entered in the Miscellaneous Proceeding, JW served the Deposition Notice and Written Statement on former Judge Jones in accordance with the Judiciary Regulations.

2. The Written Statement set forth: (1) an explanation of the nature of the testimony sought; (2) the relevance of the testimony sought to the legal proceedings; and (3) the reasons why the testimony sought is not readily available from other sources or by other means.  Thus,

---

[1] A copy of the Deposition Notice and Written Statement is attached hereto as **Exhibit 1**.

JW submits that the Written Statement complied with section 830(a) of the Judiciary Regulations.

3. The Written Statement was provided to former Judge Jones at least 15 working days in advance of the scheduled deposition date (*i.e.*, July 18, 2024); thus, the Written Statement complied with section 830(b) of the Judiciary Regulations.

4. On June 26, 2024, former Judge Jones requested guidance from this Court under the Judiciary Regulations regarding the Deposition Notice and Written Statement. JW believes that former Judge Jones complied with section 850(b) of the Judiciary Regulations by "promptly notify[ing] the determining officer designated in § 840(b)"—Chief Judge Rodriguez. However, section 850(b) of the Judiciary Regulations entitles former Judge Jones to "respectfully decline to comply with the [Written Statement]" *only* if "the determining officer determines, upon consideration of the requirements of these regulations and the factors listed in § 850(a), that [former Judge Jones] should not comply with the request." *See* Judiciary Regulations § 850(b). This Court, as the determining officer in this instance, has not yet made such a determination, as such matter is currently set for July 16, 2024.

5. As set forth in the Written Statement, JW intends to take the testimony of former Judge Jones on fourteen (14) topics, all of which directly bear on the facts and defenses asserted in the various underyling proceedings.[2] Those topics include:

> 1) The nature and timeline of former Judge David R. Jones's romantic relationship, cohabitation, or joint home ownership with Elizabeth Freeman.

---

[2] JW believes that the majority of former Judge Jones's testimony on these topics will include matters that do not arise out of the performance of former Judge Jones's official duties as a United States Bankruptcy Judge and thus are not subject to the Judiciary Regulations. Nonetheless, JW submitted the Written Statement in accordance with the Judiciary Regulations out of an abundance of caution and out of deference to this Court as the determining officer.

2)     Ms. Freeman's presence at or involvement in any mediation conducted by former Judge Jones in any of the cases listed on Exhibit 6 to the United States Trustee's *Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses* (the "<u>Rule 60 Motion</u>").

3)     Former Judge Jones's attendance at any social events relating to any mediation conducted by former Judge Jones in any of the cases listed on Exhibit 6 to the United States Trustee's Rule 60 Motion.

4)     Any disparate treatment of JW or Ms. Freeman, or any biased or prejudicial rulings or orders involving JW or Ms. Freeman, in any of the cases listed on Exhibit 6 to the United States Trustee's Rule 60 Motion by former Judge Jones as a result of his romantic relationship, cohabitation, or joint home ownership with Ms. Freeman.

5)     Former Judge Jones's understanding of the reasons for JW's popularity as local counsel.

6)     Former Judge Jones's analysis and conclusion that the disclosure of his romantic relationship, cohabitation, or joint home ownership with Ms. Freeman was not necessary in matters in which he acted as either judge or mediator.

7)     Any disclosure by former Judge Jones of his romantic relationship, cohabitation, or joint home ownership with Ms. Freeman to any person at JW.

8)     Any residences or other real property jointly purchased or owned by former Judge Jones and Ms. Freeman.

9)     Visits by any JW attorneys to a residence or other real property jointly purchased or owned by former Judge Jones and Ms. Freeman.

10)     The knowledge of any person at JW (other than Ms. Freeman) of the romantic relationship, cohabitation, or joint home ownership between former Judge Jones and Ms. Freeman.

11)     The knowledge of other attorneys in the Houston legal community of the romantic relationship, cohabitation, or joint home ownership between former Judge Jones and Ms. Freeman.

12)     Former Judge Jones's approvals of JW's fee applications or retention applications in any of the cases listed on on Exhibit 6 to the United States Trustee's Rule 60 Motion.

13) Former Judge Jones's involvement in the adversary proceeding captioned *Michael Van Deelen v. David Dickson, et al.*, Case No. 20-03309, filed in the Bankruptcy Court for the Southern District of Texas (Houston Division), including the motion for recusal and related documents.

14) Any payments made by JW on former Judge Jones's behalf in relation to any of the cases listed on Exhibit A-1, including any cases that former Judge Jones mediated in which JW represented a party.

6. JW has further agreed with former Judge Jones that his testimony would be subject to any objections and privileges that he may raise at his deposition, and to the extent a dispute were to arise over any asserted objection and/or privilege, the parties can bring that issue to this Court to resolve. Thus, JW submits that the taking of former Judges Jones's testimony will not "restrict in any way any defenses, objections, or privileges that may be asserted" by former Judge Jones. *See* Judiciary Regulations § 820(c).

7. As set forth in the Written Statement, JW also believes that former Judge Jones's testimony is both relevant and necessary to these proceedings. The U.S. Trustee has, in 33 separate cases either presided over by former Judge Jones or mediated by former Judge Jones, sought relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking to (1) vacate orders approving JW's applications for retention and for compensation and expenses and (2) sanction JW by ordering the return of all fees and expenses previously paid to the firm. The crux of the U.S. Trustee's argument is that the undisclosed cohabitation or intimate relationship between former Judge Jones and Ms. Freeman compromised the integrity of and public faith in the bankruptcy system and, accordingly, tainted the various cases at issue and damaged the administration of the various bankruptcy estates by creating an unlevel playing field for parties who might have sought recusal of former Judge Jones, objected to the retention of JW, or sought other appropriate relief had the fact of their cohabitation and/or intimate relationship been known. The U.S. Trustee argues that sanctions against JW are appropriate because its attorneys

failed to disclose the cohabitation and/or intimate relationship between former Judge Jones and Ms. Freeman. JW vehemently disputes these allegations and the relief requested.

8. Testimony on the above-listed topics is relevant to the underlying proceedings because the crux of the U.S. Trustee's position is that individuals within JW knew of the cohabitation and/or intimate relationship between Ms. Freeman and former Judge Jones and that such cohabitation and/or relationship should have been disclosed both by JW and former Judge Jones. JW believes that testimony by former Judge Jones will shed light on the issue of whether anyone at JW (aside from Ms. Freeman) was aware of the cohabitation and/or relationship between former Judge Jones and Ms. Freeman. JW believes that it is necessary to determine the exact nature of the relationship between former Judge Jones and Ms. Freeman because the discovery received to date on this topic is not consistent. Moreover, JW believes that testimony from former Judge Jones is necessary to show that JW's popularity as local counsel was not due to any favoritism shown by former Judge Jones to JW. All of the above-described testimony is available solely from former Judge Jones. Likewise, testimony regarding why former Judge Jones concluded that he did not have to disclose his cohabitation and/or intimate relationship with Ms. Freeman is only available from former Judge Jones. As such, the testimony sought is not only highly relevant to this litigation, but is also not readily available from other sources or by other means.

9. As set forth in the Written Statement, JW believes that its request to take former Judge Jones's testimony should be authorized by this Court, as the determining officer, because it meets the factors under section 850(a) of the Judiciary Regulations:

> 1) Former Judge Jones resigned from his judicial position and therefore no resources of the United States or time of federal judicial personnel will be expended in JW's taking of former Judge Jones's testimony.

2)     Former Judge Jones's testimony will not aid or hinder the federal judiciary in the performance of official duties.

3)     Former Judge Jones's testimony is necessary to prevent the perpetration of injustice, as the United States Trustee has alleged that the undisclosed intimate relationship between former Judge Jones and Ms. Freeman significantly compromised the integrity of and public faith in the bankruptcy system.

4)     The request is not unduly burdensome or inappropriate under applicable court or administrative rules.

5)     The testimony is appropriate under the rules of procedure governing these proceedings, as well as the Scheduling Order entered in this case.

6)     JW is properly authorized to make the request.

7)     JW's request meets the requirements of the regulations established by the Guide to Judiciary Policy, Volume 20, § 830(a).

8)     JW properly served the request under applicable court, administrative, and other rules.

9)     Former Judge Jones's testimony would not violate a statute, regulation, or ethical rule.

10)     Former Judge Jones's testimony on the topics set forth herein would not disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process, except to the extent that former Judge Jones testifies on his judicial obligations related to disqualification, recusal, and disclosure.

11)     Former Judge Jones's testimony would not disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, and would not disclose any other information that is confidential under any applicable statute or regulation.

12)     Former Judge Jones's testimony is not reasonably expected to result in the appearance of the federal judiciary favoring one litigant over another, or endorsing or supporting a position advanced by a litigant.

13)     Former Judge Jones's testimony on the topics set forth herein is not available from other sources.

14)     Former Judge Jones's testimony is not sought as expert witness testimony.

15) The request does not seek personnel files, records, or documents pertaining to a current or former federal judicial officer or employee.

10. Finally, JW submits that the Court should not impose any conditions upon former Judge Jones's testimony.

## **CONCLUSION**

Based on the above, JW respectfully requests that the Court approve JW's request to take former Judge Jones's testimony as in compliance with the Judiciary Regulations.

*[Remainder of Page Intentionally Left Blank]*

Dated: July 12, 2024

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
William Greendyke (SBT 08390450)
Julie Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone:  (713) 651-5151
jason.boland@nortonrosefulbright.com
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com
maria.mokrzycka@nortonrosefulbright.com

Paul Trahan (SBT 24003075)
Emily Wolf (SBT 24106595)
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
paul.trahan@nortonrosefulbright.com
emily.wolf@nortonrosefulbright.com

- and -

**RUSTY HARDIN & ASSOCIATES, LLP**

Russell Hardin, Jr. (SBT 08972800)
Leah M. Graham (SBT 24073454)
Jennifer E. Brevorka (SBT 24082727)
Emily Smith (SBT 24083876)
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: rhardin@rustyhardin.com
Email: lgraham@rustyhardin.com
Email: jbrevorka@rustyhardin.com
Email: esmith@rustyhardin.com

*Counsel for Jackson Walker LLP*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 12, 2024, I caused a copy of the foregoing response to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive such service, and by e-mail to counsel for David R. Jones: benjaminfinestone@quinnemanuel.com and by email to counsel for the United States Trustee as set forth below:

Laura Steele (Laura.Steele@usdoj.gov)
Pat S. Layng (Pat.S.Layng@usdoj.gov)
Millie Aponte Sall (Millie.sall@usdoj.gov)
Aubrey L. Thomas (Aubrey.thomas@usdoj.gov)
Vianey Garza (Vianey.Garza@usdoj.gov)
Alicia Barcomb (Alicia.Barcomb@usdoj.gov)

                                          */s/ Jason L. Boland*
                                          Jason L. Boland