UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Professional Fee Matters Concerning the Jackson Walker Law Firm | Case No. 23-645 |

**UNITED STATES TRUSTEE'S NOTICE OF JACKSON WALKER'S RECENT INTERVIEW OF FORMER JUDGE JONES AND NOTICE OF ADDITIONAL TOPIC**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE

  Kevin M. Epstein, the United States Trustee for the Southern District of Texas ("U.S. Trustee") files this *Notice of Jackson Walker's Recent Interview of Former Judge Jones and Notice of Additional Topic* ("Notice") to provide additional information to the Court. On July 29 and 30, 2024, both counsel to former Judge Jones and counsel for Jackson Walker confirmed to the U.S. Trustee that former Judge Jones recently appeared for an interview conducted by Jackson Walker's counsel. On July 29, 2024, counsel for former Judge Jones also offered the U.S. Trustee a similar "off the record" interview. Under the *Guide to Judiciary Policy*, vol. 20, §§ 810–50 (*available at* https://www.uscourts.gov/sites/default/files/vol20-ch08.pdf) ("Judiciary Policy"), an interview concerning the performance of official duties is considered testimony subject to the Judiciary Policy. The U.S. Trustee declined the offer for an interview of former Judge Jones. The U.S. Trustee understood from the Court's July 16 hearing that the U.S. Trustee should not obtain testimony regarding any previously listed deposition topic with former Judge Jones until the Court issued its determination.

  Having learned of Jackson Walker's interview with former Judge Jones, the U.S. Trustee, through this Notice, now seeks to add one topic to his list of topics for a deposition of former Judge

1

Jones: Any information discussed between Jackson Walker and former Judge Jones during the course of this litigation.[1]

1. On May 15, 2024, Jackson Walker sent a subpoena for former Judge Jones's deposition. On July 3, 2024, the U.S. Trustee cross-noticed Jackson Walker's deposition subpoena for former Judge Jones and requested documents.

2. On June 27, 2024, the Court docketed correspondence from former Judge Jones seeking guidance related to the Judiciary Policy. ECF No. 142. The purpose of the Judiciary Policy is to

> establish policy, assign responsibilities and prescribe procedures with respect to: the testimony of . . . former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties, or by virtue of that individual's official status, in federal, state, or other legal proceedings covered by these regulations.

Judiciary Policy § 810.10(a)(2).

3. The Judiciary Policy provides that "federal judicial personnel *may not* provide testimony . . . in legal proceedings *except as authorized* in accordance with these regulations." Judiciary Policy § 820(a) (emphasis added). Testimony includes "[a]ny . . . oral statement in any form by a witness arising out of the performance of the witness' official duties, including . . . interviews . . . or any other response during discovery or similar proceedings that would involve more than production of documents." Judiciary Policy § 810.30.

---

[1] On July 31, 2024, Chief United States District Judge Randy Crane ordered the case entitled the *United States Trustee for Region 7 v. Jackson Walker L.L.P*, No. 4:23-CV-4787, removed from his docket and transferred immediately to the docket of the Honorable Alia Moses, Chief United States District Judge of the Western District of Texas. To the best of the U.S. Trustee's knowledge, that transfer does not affect this Court's role as determining officer under the Judiciary Policy with respect to testimony regarding official information sought from former Judges Jones.

4. After the Court docketed former Judge Jones's correspondence, Jackson Walker and former Judge Jones stipulated to his deposition testimony, which the Court, on July 2, 2024, ordered as stipulated. ECF No. 150.

5. Subsequently, the Court vacated the Order approving the stipulation between Jackson Walker and former Judge Jones and entered a memorandum opinion stating, "parties cannot stipulate that the factors enumerated [in the Judiciary Policy] are met without a formal weighing of these factors by the determining officer." ECF No. 152, 153. The Court also directed that "any questions that Jackson Walker, LLP intends to ask former Judge Jones during the July 18, 2024 scheduled deposition are subject to this Court's review and approval in accordance with [the Judiciary Policy]." ECF No. 152.

6. The Court set a hearing for July 16, 2024, and invited responses from the parties to decide if the Court, acting as the determining officer, would permit former Judge Jones's testimony. ECF Nos. 154, 157, 165, 170 ("Court's Jones Depo. Orders").

7. On July 12 and 15, 2024, both Jackson Walker and the U.S. Trustee, respectively, filed responses to the Court's Jones Depo. Orders. ECF Nos. 171, 175.

8. At the hearing on July 16, the U.S. Trustee argued that some of the deposition topics—originally set out in Jackson Walker's subpoena—do not cover official information and thus do not implicate the Judiciary Policy. Counsel for former Judge Jones argued that the Court should deny approval under the Judiciary Policy of virtually every topic. The Court took under advisement the extent to which former Judge Jones would be permitted to provide testimony and produce documents.

9. On July 29, 2024, the Court conducted a similar hearing related to the U.S. Trustee's request to depose former clerk's office employee, Albert Alonzo.[2] Jackson Walker, former Judge Jones, and the U.S. Trustee, among others, appeared at the hearing through counsel. Again, the Court took the matter under advisement.

10. After that hearing, the U.S. Trustee learned that Jackson Walker interviewed former Judge Jones sometime between July 16 and July 29, 2024.[3] Counsel for former Judge Jones and Jackson Walker then confirmed that the interview took place and asserted that any topics discussed with former Judge Jones were not subject to the Judiciary Policy. In addition, counsel for former Judge Jones offered the U.S. Trustee a similar "off the record" interview, which the U.S. Trustee declined.

11. The U.S. Trustee understood that he should not seek testimony regarding any previously listed deposition topic until the Court issued its determination. *See* ECF No. 152 ("[I]t is the exclusive authority of the determining officer to authorize and set limits regarding the nature of the testimony to ensure the regulations are satisfied."). As previously mentioned, the Judiciary Policy provides that "federal judicial personnel *may not* provide testimony . . . in legal proceedings *except as authorized* in accordance with these regulations." Judiciary Policy § 820(a) (emphasis added). Yet, Jackson Walker conducted an interview of former Judge Jones, and former Judge Jones sat for that interview by Jackson Walker after his counsel had argued to this Court that

---

[2] Though Jackson Walker sent a subpoena to Albert Alonzo on May 15, 2024, Jackson Walker withdrew it without explanation on July 25, 2024. ECF No. 196. As with former Judge Jones, the U.S. Trustee cross-noticed Jackson Walker's deposition subpoena for Mr. Alonzo and requested documents.

[3] Neither counsel for Jackson Walker nor counsel for former Judge Jones advised the Court at the July 29 hearing that an informal interview with former Judge Jones had occurred—even when the Court specifically stated that it recognized its decision-making process on the testimony of former Judge Jones and Mr. Alonzo was delaying discovery.

virtually every topic was subject to the Judiciary Policy.

12. Based on this new information, the U.S. Trustee adds one topic to the list: Any information discussed between Jackson Walker and former Judge Jones during the course of this litigation.

Date: August 2, 2024

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Alicia Barcomb*
MILLIE APONTE SALL
Assistant U.S. Trustee
Tex. Bar No. 01278050/Fed. ID No. 11271
VIANEY GARZA
Trial Attorney
Tex. Bar No. 24083057/Fed. ID No. 1812278
ALICIA BARCOMB
Trial Attorney
Tex. Bar No. 24106276/Fed ID No. 3456397
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email: millie.sall@usdoj.gov
vianey.garza@usdj.gov
alicia.barcomb@usdoj.gov

RAMONA D. ELLIOTT
Deputy Director/
General Counsel
NAN ROBERTS EITEL
Associate General Counsel
Fed. ID No. 561266
DANIELLE PHAM
Trial Attorney
Department of Justice
Executive Office for
United States Trustees
Washington, D.C. 20530
(202) 307-1399 – Telephone

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means for CM/ECF system users on August 2, 2024.

*/s/ Alicia Barcomb*
Alicia Barcomb, Trial Attorney