United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: §
 §  CASE NO: 23-645
**Professional Fee Matters Concerning the Jackson** §
**Walker Law Firm** §

# ORDER
## SETTING IN PERSON SHOW CAUSE HEARING
*Regarding ECF No. 215*

      For the purposes of this Order and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Background Facts in this Court's July 3, 2024 Memorandum Opinion.[1] On June 27, 2024, the Court docketed correspondence from former Judge David R. Jones (herein "*Jones*") seeking guidance related to the Judiciary Policy.[2] On July 1, 2024, after the Clerk of Court docketed Jones's correspondence, Jackson Walker, LLP (herein "*Jackson Walker*") and Jones stipulated to his deposition testimony, which the Court, on July 2, 2024, ordered as stipulated.[3] On July 3, 2024 the Court vacated the Order approving the stipulation between Jackson Walker and Jones and entered a memorandum opinion stating, "parties cannot stipulate that the factors enumerated [in the Judiciary Policy] are met without a formal weighing of these factors by the determining officer."[4] The Court also directed that "any questions that Jackson Walker, LLP intends to ask former Judge Jones during the July 18, 2024 scheduled deposition are subject to this Court's review and approval in accordance with [the Judiciary Policy]."[5] Additionally, the Court set a hearing for July 16, 2024, and invited responses from the parties to decide if the Court, acting as the determining officer, would permit former Judge Jones's testimony (the "*Order Setting the July 16, 2024 Hearing*").[6]

      On July 12 and 15, 2024, both Jackson Walker and the U.S. Trustee, respectively, filed responses to the Order Setting the July 16, 2024 Hearing.[7] At the hearing on July 16, 2024, the U.S. Trustee argued that some of the deposition topics—originally set out in Jackson Walker's subpoena—do not cover official information and thus do not implicate the Judiciary Policy. Counsel for former Judge Jones argued that the Court should deny approval under the Judiciary Policy of virtually every topic. At the conclusion of the hearing, the Court took the matter under advisement to determine, *inter alia*, the extent to which former Judge Jones would be permitted to provide testimony and produce documents. On July 29, 2024, the Court conducted a similar hearing related to the U.S. Trustee's request to depose former clerk's office employee, Albert Alonzo. Jackson Walker, Jones, and the U.S. Trustee, among others, appeared at the hearing through counsel. Again, the Court took the matter under advisement.[8]

      On August 2, 2024, the United States Trustee filed his "United States Trustee's Notice Of Jackson Walker's Recent Interview of Former Judge Jones and Notice of Additional Topic"[9] (the "*Notice*") advising

---

[1] ECF No. 152.
[2] ECF No. 142.
[3] ECF No. 150.
[4] ECF No. 152, 153.
[5] ECF No. 152.
[6] ECF No. 154.
[7] ECF Nos. 171, 175.
[8] July 29, 2024 Min. Entry.
[9] ECF No 215.

the Court that, despite this Court's admonishment to the parties at July 16, 2024 hearing that no parties may obtain testimony regarding any previously listed deposition topic with former Judge Jones until the Court issued its determination, "on July 29 and 30, 2024, both counsel to former Judge Jones and counsel for Jackson Walker confirmed to the U.S. Trustee that former Judge Jones recently appeared for an interview conducted by Jackson Walker's counsel. On July 29, 2024, counsel for former Judge Jones also offered the U.S. Trustee a similar 'off the record' interview."[10] Accordingly, the Court deems it necessary to hold a hearing.

1. On **August 7, 2024, at 8:30 a.m. (Central Standard Time**), an in person hearing shall be held before the United States Bankruptcy Court, Bob Casey Federal Building, Courtroom #402, 515 Rusk, Houston Texas, 77002.

2. **Jackson Walker, LLP, its counsel, David R. Jones, his counsel and all other persons who were present at this interview, along with their counsel, if any, must appear in person at the August 7, 2024 show cause hearing. Failure by any person to appear in person may be cause for this Court to issue further orders including the issuance of a bench warrant for their arrest.**

3. No later than **12:00 p.m. (Central Standard Time) August 6, 2024**, Jackson Walker, LLP. and David R. Jones must:

   a. file, with the Clerk of Court, a complete list of persons who were in attendance at this interview with Jones, including their names, addresses, contact information, the reason they were present, and their connection with the instant Miscellaneous Proceeding.

   b. file under seal including, but not limited to, any and all documentation, audio and/or video recording of such interview, along with copies of any and all documents exchanged and/or produced.

4. *The Guide to Judiciary Policy,* Section 820(a) provides that "[f]ederal judicial personnel *may not* provide testimony . . . in legal proceedings *except as authorized* in accordance with these regulations."[11] Additionally, "[f]ederal judicial personnel may not, in response to a request for testimony or the production of records in legal proceedings, comment, testify, or produce records without the prior approval of the determining officer."[12] This Court has previously admonished the parties that "in accordance with Guide to Judiciary Policy, Volume 20, Chapter 8, §850, parties cannot stipulate that the factors enumerated therein are met without a formal weighing of these factors by the determining officer, here the Chief Judge of the United States Bankruptcy Court for the Southern District of Texas."[13] It is the exclusive authority of the determining officer to authorize and set limits regarding the nature of the testimony to ensure the regulations are satisfied, which includes determining if the requested testimony is official in nature.[14] Jackson Walker, LLP, its counsel, and David R. Jones and his counsel must be prepared to explain to this Court whether in fact the allegations raised in the United States Trustee's Notice regarding Jones's interview by Jackson Walker's counsel did in fact occur and if so explain to this Court the details of such interview, including, but not limited to why such an interview was conducted, who caused the interview to occur, when it occurred, where it occurred, how long it lasted, the specific questions asked and answers

---

[10] ECF No. 152.
[11] *The Guide to Judiciary Policy,* Vol. 20, Ch. 8, § 820(a).
[12] *The Guide to Judiciary Policy,* Vol. 20, Ch. 8, § 840(a).
[13] ECF No. 152 at 7.
[14] *The Guide to Judiciary Policy,* Vol. 20, Ch. 8, § 850 ("the determining officer may determine: whether the federal judicial personnel may be interviewed, contacted, or used as witnesses, including as expert witnesses, and whether federal judicial records may be produced, and what, if any conditions will be imposed upon such interview, contact, testimony, or production of records.").

received, whether it was recorded or otherwise documented, whether any documents were exchanged, whether the United States Trustee or any other party-in-interest were invited to attend, and why Jackson Walker, LLP, its counsel, David R. Jones and his counsel did not first seek leave of this Court to conduct such an interview prior to this Court issuing its ruling on the noticed deposition of David R. Jones that was taken under advisement on July 16, 2024. Furthermore, Jackson Walker, its counsel, David R. Jones and his counsel must appear in person and show cause why they are not in violation of *The Guide to Judiciary Policy, Volume 20, Chapter 8* and this Court's Memorandum Opinion and Order, and should not be held in civil contempt or sanctioned pursuant to this Court's inherent authority.

5. Pursuant to Bankruptcy General Order 2021-05 and Bankruptcy Local Rule 9017-1, **parties, other than Jackson Walker, LLP, its counsel, David R. Jones and his counsel and other parties identified by Jackson Walker, LLP who were present at the interview with Jones**, may either appear electronically or in person unless otherwise ordered by this Court.

6. To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at 832-917-1510, conference room number 999276 and (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez. Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically. One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.

7. Parties must comply with Bankruptcy Local Rule 9013-2 and Judge Rodriguez's Court Procedures Section VII(b) regarding the exchange and submission of electronic exhibits.

8. No later than **August 5, 2024,** the United States Trustee must serve a copy of this Order on Jackson Walker, LLP, David R. Jones and all parties entitled to notice of the hearing and file a certificate of service with the Clerk's office.

SIGNED August 3, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge