United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 23-645 |
| **Professional Fee Matters Concerning the** § | |
| **Jackson Walker Law Firm** § | |

**ORDER**
**REGARDING THE UNSEALING OF THE AUGUST 7, 2024 SEALED TRANSCRIPT**
**AND ESTABLISHING DEADLINES TO RESPOND OR OTHERWISE OBJECT**
**AND WITH RESPECT TO THE SEALING OR UNSEALING**
**OF OTHER DOCUMENTS FILED WITH THE CLERK OF COURT**
*Regarding ECF Nos. 233, 235, 236, 252, 253, and 255*

On August 7, 2024, the Court conducted a hearing on its Order for Show Cause[1] regarding Jackson Walker, LLP, its counsel, Mr. David R. Jones ("*Mr. Jones*"), his counsel and all other persons who were present at an interview of Mr. Jones (the "*Hearing*"). The Show Cause portion of the Hearing was sealed to the public (the "*August 7, 2024 Show Cause Sealed Transcript*") due to concerns the Court expressed regarding dissemination of any privileged information, and certain information implicating the *Guide to Judiciary Policy*, Volume 20, Chapter 8 (the "*Judiciary Regulations*")[2]. In addition to the Show Cause Sealed Transcript, the following documents were filed under seal pursuant to this Court's Order for Show Cause, to wit:

1) the August 7, 2024 Show Cause Sealed Transcript[3];

2) the typed and handwritten notes regarding the July 18, 2024 Interview of David R. Jones (the "*July 18, 2024 Jones Interview*") consisting of forty-eight (48) pages filed by Jackson Walker, LLP on August 6, 2024[4];

3) the list of names of persons in attendance at the July 18, 2024 Jones Interview (the "*Jones Interview List of Names*") filed by Jackson Walker, LLP on August 6, 2024[5];

4) the list of names of persons in attendance at the July 18, 2024 Jones Interview (the "*Jones Interview List of Meeting Attendees*") filed by Mr. Jones on August 6, 2024[6];

5) the transcription of the United States Trustee's December 6, 2023 confidential interview of Elizabeth Freeman (the "*December 6, 2023 Freeman Transcription*") consisting of one hundred

---

[1] ECF No. 217.

[2] Adopted by the Judicial Conference of the United States in March 2003 (JCUS-MAR 03, p. 9), these regulations are promulgated under the authority granted the Director of the Administrative Office of the U.S. Courts (AO), under the supervision and direction of the Conference.

[3] ECF No. 255.

[4] ECF No. 236.

[5] ECF No. 235.

[6] ECF No. 233.

and eighty four (184) pages filed by Jackson Walker, LLP on August 8, 2024[7]; and

6) the notes of the United States Trustee's December 6, 2023 confidential interview of Elizabeth Freeman (the "*December 6, 2023 Freeman Notes*") consisting of thirty-eight (38) pages filed by the United States Trustee on August 8, 2024.[8]

At the conclusion of the sealed portion of the Hearing, the Court unsealed the remainder of the hearing to the public, took all matters under advisement, and informed the parties, *inter alia,* that the Court would review the August 7, 2024 Show Cause Sealed Transcript and unseal portions of the Sealed Transcript that did not implicate the Judiciary Regulations or were subject to a claim of privilege pursuant to Federal Rule of Civil Procedure 26, and determine what if any of the Sealed Transcript may be unsealed. The Court has conducted such a review and is now prepared to unseal the Sealed Transcript, but only after Jackson Walker, LLP and Mr. Jones have been provided an opportunity to review the Court's redactions as set forth in Paragraph 1 of this Order and file a response or otherwise object. Due to the sensitivity of the Sealed Transcript, only Mr. Jason Boland and Mr. Russell Hardin representing Jackson Walker, LLP and Mr. Benjamin Finestone representing Mr. Jones will be granted permission to view the Show Cause Sealed Transcript unredacted until such time as the Show Cause Sealed Transcript is unsealed. The United States Trustee will be granted permission to view the Jones Interview List of Meeting Attendees filed by Mr. Jones on August 6, 2024, including the attached exhibits as further modified by this Order.[9] Accordingly, it is therefore:

**ORDERED**: that

1. the Court will redact certain portions of the August 7, 2024 Show Cause Sealed Transcript[10] which contain disclosures of information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process pursuant to Judiciary Regulations § 850(a)(10), or are otherwise subject to confidentiality, or work- product privileges, and unseal the remainder. Only Mr. Jason Boland and Mr. Russell Hardin representing Jackson Walker, LLP and Mr. Benjamin Finestone representing Mr. Jones are granted permission to view the Show Cause Sealed Transcript until such time as the Show Cause Sealed Transcript is unsealed. Pending further orders of the Court, the following are the portions of the Show Cause Sealed Transcript that will remain sealed:

    a. Case 23-645, ECF No. 255, Watermark Page 18, Lines 13-19.
    b. Case 23-645, ECF No. 255, Watermark Page 91, Lines 22-25.
    c. Case 23-645, ECF No. 255, Watermark Page 92, Line 1.
    d. Case 23-645, ECF No. 255, Watermark Page 101, Lines 10-15.
    e. Case 23-645, ECF No. 255, Watermark Page 103, Lines 15-20.

---

[7] ECF No. 252.
[8] ECF No. 253.
[9] ECF No. 233; ECF No. 233-1, ECF No. 233-2; and ECF No. 233-3.
[10] ECF No. 255.

2. the July 18, 2024 Jones Interview[11] will remain sealed pending further orders of the Court because (i) it contains confidential information or work-product privileges, and (ii) it contains disclosure of information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process pursuant to Judiciary Regulations § 850(a)(10), thus the information contained therein may not be used in any proceeding before any Court within the Southern District of Texas, absent a request, and express authorization by this Court as determining officer pursuant to § 840 of the Judiciary Regulations;

3. the Jones Interview List of Names, ECF No. 235 will remain sealed. ECF No. 235 has now been refiled as ECF No. 235-1 and is unsealed, save and except for one name which will be redacted pursuant to the request of Jackson Walker, LLP to ensure the safety and security of that individual in a matter unrelated to the instant Miscellaneous Proceeding and the removing only Mr. Jones' personal home address and contact information.

4. the Jones Interview List of Meeting Attendees, ECF No. 233 is unsealed.

   a. ECF No. 233-1 (Exhibit A) will remain sealed. ECF No. 233-1 has now been refiled as ECF No. 233-3, unsealed, removing only Mr. Jones' personal home address and contact information;

   b. ECF No. 233-2 (Exhibit B), will remain sealed due to confidentiality, or work-product privileges. Mr. Jason Boland and Mr. Russell Hardin representing Jackson Walker, LLP, Mr. Benjamin Finestone representing Mr. Jones and Ms. Vianey Garza representing the United States Trustee are granted permission to view ECF No. 233-2, (Exhibit B);

5. the December 6, 2023 Freeman Transcription[12] will remain sealed pending further orders of the Court because (i) it contains confidential information or work-product privileges, and (ii) it contains disclosure of information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process pursuant to Judiciary Regulations § 850(a)(10), thus the information contained therein may not be used in any proceeding before any Court within the Southern District of Texas, absent a request, and express authorization by this Court as determining officer pursuant to § 840 of the Judiciary Regulations;

6. the December 6, 2023 Freeman Notes[13] will remain sealed pending further orders of the Court because (i) it contains confidential information or work-product privileges, and (ii) it contains disclosure of information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process pursuant to Judiciary Regulations § 850(a)(10), thus the information contained therein may not be used in any proceeding before any Court within the Southern District of Texas, absent a request, and express authorization by this Court as determining officer pursuant to § 840 of the Judiciary Regulations;

7. no later than **Monday, August 19, 2024** Jackson Walker, LLP and Mr. Jones must file a response or objection, if any, to the portions of The Show Cause Sealed Transcript the Court intends to redact as stated in Paragraph 1 of this Order and/or respond or otherwise object to certain portions of the Sealed Transcript that the Court does not intend to redact and unseal based on a claim of privilege in the

---

[11] ECF No. 236.
[12] ECF No. 252.
[13] ECF No. 253.

    manner contemplated in Federal Rule of Civil Procedure 26(b)(5)(A) or other claimed privilege;

8. in order to avoid the disclosure of communications implicating the Judiciary Regulations or communications subject to confidentiality or attorney work-product privilege if a response or objection is asserted, Jackson Walker, LLP and Mr. Jones must adhere to the following procedure in documenting their response or objection: to wit:

   a. The Sealed Transcript contains a total of one-hundred fourteen (114) CM/ECF watermarked pages;
   b. Without disclosing any particular communication within the Sealed Transcript, identify by CM/ECF watermarked page number(s) and line(s) (1-25 of each page) the areas of concern and state the reason for the objection and the requested relief. (For example, Case No. 23-645, ECF No. 255, Page 1, Lines 1-5 etc. should remain under seal because . . . )
   c. Submit a proposed order with the Clerk of Court.
   d. As long as the parties adhere to this procedure, the response or objection itself need not be filed under seal.

9. if responses or objections are received and unless the Court determines that a further hearing is required, the Court will determine whether to grant the request to seal or unseal portions of the Sealed Transcript without a further hearing;

10. if no responses or objections are filed with the Clerk of Court by **Monday, August 19, 2024,** the Court will proceed to unseal the Sealed Transcript as is currently set forth in Paragraph 1 of this Order without further notice, order or hearing;

11. the Court will simultaneously unseal the audio of the August 7, 2024 Show Cause Hearing when the Sealed Transcript is unsealed subject to the same terms and conditions as set forth in this Order or any further Order issued by this Court;

12. this order is without prejudice to any party-in-interest's ability to seek relief from this Order;

13. this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

    SIGNED August 14, 2024

                                                            Eduardo V. Rodriguez
                                          Chief United States Bankruptcy Judge