United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 21, 2024
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Professional Fee Matters Concerning the Jackson Walker Law Firm** | Case No. 23-00645 |

## STIPULATED PROTECTIVE ORDER

Jackson Walker LLP ("Jackson Walker") and Timothy Culberson ("Culberson"), by and through their respective counsel, as applicable, hereby enter into this Stipulated Protective Order (the "Order") pursuant to Fed. R. Civ. P. 26(c) and 45(d), Fed. R. Bankr. P. 7026, 9016, 9018, and 11 U.S.C. § 107. In support hereof, Jackson Walker and Culberson (collectively, the "Parties") represent the following:

PARTIES GOVERNED

1.	This Order shall govern the use and disclosure of all information designated as "CONFIDENTIAL," as set forth below, in documents (including email), magnetic media, or other tangible things produced by Jackson Walker or in deposition or examination testimony by Jackson Walker, and provided to Culberson in this case.

2.	This Order shall also govern the use and disclosure of all information designated as "CONFIDENTIAL," as set forth below, in documents (including email), magnetic media, or other tangible things produced by Culberson or in deposition or examination testimony by Culberson, and provided to Jackson Walker in this case.

1

3. The Parties agree that this Order shall apply to Jackson Walker and to Culberson, and to their respective professionals, employees, agents, and representatives, which shall collectively fall under the definition of Jackson Walker or Culberson as applicable.

## DESIGNATION OF INFORMATION OR DOCUMENTS AS CONFIDENTIAL

4. The Parties shall designate as "CONFIDENTIAL" that information, document or portion of a document or other tangible thing subject to discovery or otherwise provided to the other Party in this case that the Producing Party believes in good faith contains a trade secret or confidential research, development, or commercial information, or is otherwise subject to protection from disclosure under the standards of 11 U.S.C. § 107, Fed. R. Bankr. P. 7026, 9016, 9018, or other applicable laws (collectively, "Confidential Information").  This Order, and any amendments or modifications thereto, shall apply to the treatment of Confidential Information so designated.  In no instance shall a producing Party designate as "CONFIDENTIAL" information that has been disclosed in any court or administrative proceeding, or to any governmental entity, except when such disclosure has taken place pursuant to: (1) a protective order restricting communication of such information; (2) a statute or regulation restricting communication of such information; or (3) an agreement with a governmental entity agreeing to restrict communication of such information.  Each Party shall be under a continuing obligation to notify the other if it becomes aware of any information indicating that a previous designation of information as "CONFIDENTIAL" is no longer justified under this Order.

5. Nothing in this Order will be construed as an admission by any Party that any Confidential Information designated by a producing Party contains a trade secret or confidential research, development, or commercial information, or is otherwise subject to protection from

disclosure under the standards of 11 U.S.C. § 107, Fed. R. Bankr. P. 7026, 9016, 9018, or other applicable laws.

6. This Order does not alter any confidentiality obligations that any Party may have at law or under any other agreement; provided, however, that this paragraph shall have no effect upon any Party's obligation to establish that any information, document, or portion of document designated as "CONFIDENTIAL" contains a trade secret or confidential research, development, or commercial information, or is otherwise subject to protection from disclosure under the standards of 11 U.S.C. § 107, Fed. R. Bankr. P. 7026, 9016, 9018, or other applicable laws.

7. Each producing Party shall designate Confidential Information on an item by item basis. Nothing in this Order authorizes a producing Party to make blanket designations of its entire production as "CONFIDENTIAL."

8. Designation of Confidential Information shall be made in the following ways:

   a. <u>Documents</u>.  The producing Party shall designate documents (including email) or portions of documents containing Confidential Information by producing the document with each applicable page marked with a legend reading "CONFIDENTIAL" to be included within the terms of this Order. Where only a portion of a document is designated "CONFIDENTIAL," the producing Party shall to the extent practicable segregate that portion of the document designated "CONFIDENTIAL" from the remainder of the document. If it is not practicable to segregate the confidential portions of a document containing multiple pages, the first page of the document should contain a label identifying which pages of the document are designated confidential. In addition, each page that is designated confidential shall have a "CONFIDENTIAL" label affixed to it.

   b. <u>Electronically Stored Information</u>.  Where a document is produced in any electronic format or magnetic medium, the device, disc, drive, cartridge, reel or medium container will be marked as set forth above, and the producing Party shall provide an index indicating which of the documents, or portions thereof, contained on the electronic format or magnetic medium are designated confidential.

  c. <u>Physical Exhibits</u>. Physical exhibits will be marked by placing a "CONFIDENTIAL" label on the exhibit marked as set forth above.

  d. <u>Depositions and Examinations</u>. If any document containing Confidential Information is marked, referenced or discussed during a deposition or an examination taken in this case: (1) the producing Party may thereafter designate appropriate portions of the depositions or examinations as "CONFIDENTIAL" and subject to the terms of this Order; (2) such designations shall be made in writing, delivered to the receiving Party's counsel within fourteen (14) calendar days of the delivery of such transcript to the producing Party's counsel, and such designated portions of the transcript of any deposition or examination taken shall be deemed confidential and subject to the terms of this Order; and (3) deposition or examination exhibits consisting of or including documents covered by this Order shall be placed in a sealed envelope with an appropriate admonition on the front of such envelope. In the event testimony or exhibits are designated as Confidential Information, the court reporter shall be instructed to include on the cover page of each such transcript the legend: "This transcript or its exhibits contain information subject to an Order and shall be treated and used only in accordance therewith." If a deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include a legend as necessary and appropriate, if any portion of the transcript itself or any exhibit is designated as Confidential Information. All deposition transcripts shall be treated as Confidential Information for a period of 14 days after initial receipt of the transcript unless a shorter period of time is agreed to by the party making the designation. Counsel for a Party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed.

## DISCLOSURE OF CONFIDENTIAL INFORMATION

9. The receiving Party may show, disclose, or distribute any Confidential Information within its own firm and with its own professionals and agents, which shall maintain the confidentiality of the Confidential Information in a manner consistent with the terms of this Order.

10. Except as permitted in this Order, Confidential Information shall not be shown, disclosed or distributed to any person or entity outside of Jackson Walker or Culberson, absent a court order or upon agreement of Jackson Walker, except that (1) Confidential Information may

be disclosed to courts, persons employed by courts, court reporters, and stenographers and videographers employed for the purpose of transcribing or recording testimony or argument at any hearing, trial, deposition, or examination; (2) when questioning potential witnesses or other persons whom the receiving Party reasonably believes to have relevant information relating to the Confidential Information, the receiving Party may show such potential witnesses or such other persons documents containing Confidential Information; provided, however, that the receiving Party shall not permit any such person to take possession of a copy of such document without a court order or the express permission of the producing Party, and provided further that, in the absence of a court order or express permission of the producing Party to the contrary, the person shall be required to execute a confidentiality agreement in the form set forth as Exhibit A to this Order (except that this shall not be required when examining a witness in a hearing, trial, deposition, or examination, if that witness is an employee or under the control of Jackson Walker); and (3) the receiving Party may disclose Confidential Information to expert witnesses retained by the receiving Party for the purpose of providing expert consulting or testimony in the above styled matter, provided that such person(s) execute a confidentiality agreement in the form set forth as Exhibit A to this Order.

11.     This Order shall not prevent or in any way limit the ability of any receiving Party to comply with a subpoena or a court order; provided, however, that if the receiving Party receives a subpoena or court order to produce any Confidential Information covered by this Order, the receiving Party shall, insofar as is consistent with any applicable law or court order, notify the producing Party of such request within ten (10) calendar days of its receipt and allow the producing Party a reasonable time, not exceeding ten (10) calendar days from the receipt of the notice from receiving Party, to obtain a protective order for documents or information sought or stay of

production, or otherwise resolve the issue, before the receiving Party discloses any such documents or information pursuant to the subpoena or court order. In all cases covered by this paragraph, the receiving Party shall inform the party to which it must produce documents pursuant to a subpoena or court order that the information sought was produced to the receiving Party subject to the terms of this Order.

## INADVERTENT DISCLOSURE

12.     If a receiving Party inadvertently discloses any Confidential Information in a manner inconsistent with this Order, it shall promptly notify the producing Party and the Court. The producing Party whose Confidential Information was inadvertently disclosed reserves its rights to seek a court order directing that the person(s) and/or organization(s) improperly in possession of the Confidential Information be bound by this Order.

13.     For purposes of this Order, if a producing Party inadvertently fails to mark a document or information as "CONFIDENTIAL," it shall not be deemed to have waived its claim of confidentiality and may mark the document or information "CONFIDENTIAL" or designate the document or information "CONFIDENTIAL" at a later date after it has learned of the failure to mark said document or information "CONFIDENTIAL." However, to the extent a document or information inadvertently not designated as "CONFIDENTIAL" by the producing Party is disclosed or used by the receiving Party in any manner prior to receiving written notice of the inadvertent failure to designate such document as "CONFIDENTIAL," such disclosure or use shall not constitute a violation of this Order.

## SUBMISSION OF CONFIDENTIAL INFORMATION TO THE COURTS

14.     If a document designated "CONFIDENTIAL" is used in any court proceeding or otherwise submitted to a court, the document will be filed under seal and will state on the first page

that it contains Confidential Information and that said document is lodged or filed under seal. The Parties shall not electronically file or cause to be filed any Confidential Information with a court unless such Confidential Information is filed under seal. If any Confidential Information is used at trial or is otherwise submitted in a court proceeding, it will not lose its confidential status through such use, and the Party using the Confidential Information will take all reasonable steps to maintain its confidentiality during such use. Each Party may publicly disclose its analyses and conclusions regarding Confidential Information so long as such disclosure does not have the effect of disclosing the Confidential Information. If Confidential Information is submitted in a case, the court with jurisdiction over that case may make rulings and orders regarding the use of such Confidential Information in that case (provided that the Parties are provided notice and an opportunity to be heard) and if either Party acts in reliance on such rulings or orders it shall not be deemed to be in violation of this Order.

## OBJECTIONS TO DISCLOSING PARTY'S DESIGNATIONS

15. If a receiving Party objects at any time to the designation of any information, document or portion of a document as "CONFIDENTIAL," it shall notify the producing Party in writing (the "Notice"). The Parties will then endeavor to resolve any such dispute informally. If the dispute is not resolved informally, the producing Party must file a motion in this case seeking protection within fourteen (14) calendar days after service of the Notice and shall bear the burden of justifying, consistent with 11 U.S.C. § 107 and Fed. R. Bankr. P. 7026, 9016, 9018, and/or other applicable law, the continued confidential treatment of the Confidential Information. If such motion is timely filed, the protection afforded by the terms of this Order shall continue until the court makes a decision on the motion. If no timely motion is made, the protection afforded to the

challenged documents described in the Notice shall terminate on the fifteenth (15th) calendar day after service of the notice.

### INDEPENDENTLY OBTAINED MATERIAL AND MATERIAL DISCLOSED NOT PURSUANT TO PROTECTIVE ORDER

16. Nothing herein shall impose any restrictions on the use or disclosure by the receiving Party of material obtained independently of discovery produced by the producing Party in this case, including any material provided to either Party by any other entity. In addition, nothing herein shall impose any restrictions on the use or disclosure by a receiving Party of material that has been disclosed (other than by the that receiving Party) in any court or administrative proceeding, or to any governmental entity, except when such disclosure has taken place pursuant to: (i) a protective order restricting communication of such information; (ii) a statute or regulation restricting communication of such information; or (iii) an agreement with a governmental entity agreeing to restrict communication of such information.

### INTERPRETATION; APPLICATION OF THE RULES OF CIVIL PROCEDURE AND EVIDENCE

17. This Order is not intended to broaden, and is to be enforced so as not to broaden, the scope of information that would be entitled to protection under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence.

### MODIFICATION

18. The Court is authorized to modify this Order either upon agreement of the parties, or for cause after notice and hearing.

Signed: August 21, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**STIPULATED AND AGREED:**

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
Joseph M. Coleman
State Bar No. 0456610
SDTX No. 16936
John J. Kane
State Bar No. 24066794
SDTX No. 1069650
JaKayla J. DaBera
State Bar No. 24129114
SDTX No. 3848760

901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jcoleman@krcl.com
        jkane@krcl.com
        jdabera@krcl.com

-and-

**RUSTY HARDIN & ASSOCIATES, LLP**

Russell Hardin, Jr. (SBT 08972800)
Leah M. Graham (SBT 24073454)
Jennifer E. Brevorka (SBT 24082727)
Emily Smith (SBT 24083876)
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: rhardin@rustyhardin.com
Email: lgraham@rustyhardin.com
Email: jbrevorka@rustyhardin.com
Email: esmith@rustyhardin.com

*Counsel for Jackson Walker LLP*

**THE CULBERSON LAW OFFICE, PLLC**

By: <u>*/s/ Timothy L. Culberson*</u>
Timothy L. Culberson
State Bar No. 24012484
25700 I-45 North
Suite 100
Spring, Texas 77386
Telephone: (832) 236-2326
Fax: (281) 674-8161
Email: tim@culbersonlaw.com

**PRO SE PARTY IN INTEREST**

**EXHIBIT A**

I have reviewed the Protective Order entered by the Court on [DATE], 2024 (the "Protective Order"). I agree to be subject to and to abide by the terms of the Protective Order with respect to Confidential Information and to maintain the confidentiality of the Confidential Information provided by the producing Party.

Dated:_____  By:_____
Print Name:
Title:
For: