IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-00645 (EVR) |
| **Professional Fee Matters Concerning** | § | |
| **The Jackson Walker Law Firm** | § | |

## NOTICE TO COURT OF RECEIPT OF AT&T RECORDS IN RESPONSE TO SUBPOENA, MOTION TO FILE RECORDS UNDER SEAL AND FOR APPOINTMENT OF SPECIAL MASTER

On July 31, 2024, Old Copper Company, Inc. f/k/a J. C. Penney Company, Inc. and Copper Sub Corporation, Inc. f/k/a J. C. Penney Corporation, Inc. as Wind Down Debtor in *In re J. C. Penney Direct Marketing Services, LLC,* Case No. 20-20184 (the "JCP Plan Administrator") filed a Notice of Subpoenas [ECF 204] giving notice to all parties of the JCP Plan Administrator's issuance of subpoenas to AT&T Wireless ("AT&T") [ECF 204-1] and T-Mobile [ECF 204-2] (the "Subpoenas") for historical transaction data (but not the content) from David Jones's ("Jones") mobile phone from February 1, 2020, through October 6, 2023.

On August 1, 2024, the Court issued an Order to Show Cause [ECF 209] instructing the JCP Plan Administrator to show cause how the Subpoenas complied with the Guide to Judiciary Policy (the "Judiciary Policy"), Volume 20, Chapter 8 § 830 or, alternatively, to amend the Notice of Subpoenas to comply with the Judiciary Policy. The Show Cause Order stated, in part:

> Pending a determination by the undersigned, AT&T Wireless and T-Mobile must not release any information requested in the Notice of Subpoenas issued on July 31, 2024 by Old Copper Company, Inc. f/k/a J. C. Penney Company, Inc. and Copper Sub Corporation, Inc. f/k/a J. C. Penney Corporation, Inc. as Wind Down Debtor in In re J. C. Penney Direct Marketing Services, LLC, Case No. 20-20184 absent further Order of this Court.

[ECF 209 at 2.]

Upon receipt of the Show Cause Order, the JCP Plan Administrator served it upon all parties [ECF 211], as well as AT&T and T-Mobile. See **Exhibit A**. On August 5, 2024, the JCP Plan Administrator filed a response to the Show Cause Order [ECF 223]. Jones filed a Motion to Quash the Subpoenas [ECF 221], which was acknowledged by AT&T in an August 8 email.

```
rangel@slollp.com                                    Authenticated by att.com   Valid Signature

From:      compcent@att.com
To:        rangel@slollp.com
Sent:      Aug 8, 2024 12:44:25 PM CDT
Subject:   GLDC FILE CODE: 4129931 NAS (Encrypted)
           RE:_PROFESSIONAL_FEE_MATTERS_CONCERNING_THE_JACKSON_WALKER_LAW_FIRM
Attached:  Documents.zip (214 kb)

AT&T is in receipt of your Application for a Motion to Quash in the case listed above. Records will not be released until the
Motion is ruled upon. When we receive the court order ruling on the Motion, we will produce or not produce the records as
directed by the Order. Please fax a copy of the Order to (888) 938 4715 and reference the file code above.

AT&T Global Legal Demand Center
```

**Exhibit B.**

The Court granted Jones's Motion to Quash on August 7 [ECF 248]. Upon receipt of the Order Granting Jones's Motion to Quash, the JCP Plan Administration provided a copy to AT&T and T-Mobile. See **Exhibit C** (AT&T).[1] On August 9, 2024, AT&T acknowledged that it was unable to respond to the Subpoena because it had been quashed.

```
From:      compcent@att.com
To:        rangel@slollp.com
Sent:      Aug 9, 2024 10:13:39 AM PDT
Subject:   GLDC FILE CODE: 4129931 NAS (Encrypted)
           RE:_PROFESSIONAL_FEE_MATTERS_CONCERNING_THE_JACKSON_WALKER_LAW_FIRM
Attached:  Documents.zip (28 kb)

AT&T is unable to respond to this request based on the attached ruling on the Motion to Quash.

AT&T Global Legal Demand Center
```

**Exhibit D**.

---

[1] T-Mobile did not respond to the Subpoena, and is, therefore, not relevant to this motion.

Despite AT&T's confirmation that it would not and could not release the requested records, on August 20, 2024, Kelli Rangel, legal assistant to the undersigned counsel for the JCP Plan Administrator, received an email from AT&T stating: "After conducting thorough search of all identifiers listed in the legal demand, all available information responsive to this demand is enclosed," and a declaration and a 5MB .zip file, presumably containing the records responsive to the Subpoena (the "AT&T Records"). **Exhibit E**. Ms. Rangel did not forward the email to anyone and did not open, save, or share AT&T Records.

## REQUESTED RELIEF

The JCP Plan Administrator has not simultaneously filed the AT&T Records under seal because doing so would necessarily require counsel to download and open the .zip file attached to the August 20 email (Exhibit E). The JCP Plan Administrator will await instruction from the Court before taking any further action with the AT&T Records.

Given the Court's stated concerns regarding the disclosure of judicial records,[2] the JCP Plan Administrator respectfully suggests the Court consider appointing a disinterested special master to review the AT&T Records. The special master can then identify any entries reflecting phone numbers of judges and/or court personnel and make a recommendation to the Court regarding disclosure.[3]

---

[2] The Court has previously indicated its concern that communications by this Court and other judges might be included in the AT&T Records. *See* **Exhibit F**, Transcript of 8.7.2024 hearing at 13:22-23 ("phone calls to me or another sitting judge?"), 20:2-5 ("every case or judge that he talked to or…messaged?"), 31:7-11 ("You're asking for… including my number, any of the sitting judges, any other judges in the country, or other federal employee…"), 31:18-21 ("And some of them may lead to calls between judges or court staff.").

[3] The JCP Plan Administrator continues to urge its previous arguments that discovery from a third party is, by definition, not covered by the Judiciary Policy concerning discovery to be taken from current or former judicial employees, that *ex parte* communications are not official judicial business, that listing s of persons communicated with is not protected by any judicial privilege, and that the courts do not recognize any right of privacy in mere phone records. (*See* the Response to Show Cause Order [ECF 223]).

3

Dated: August 22, 2024

Respectfully submitted,

STREUSAND, LANDON, OZBURN & LEMMON LLP

By: */s/ Stephen W. Lemmon*
Stephen W. Lemmon
State Bar No. 12194500
lemmon@slollp.com
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
(512) 236-9900; (512) 236-9904 (Fax)

**ATTORNEY FOR OLD COPPER COMPANY, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on this 22nd day of August 2024 upon all parties registered to receive such electronic notices in this case via this Court's ECF Notification system.

*/s/ Stephen W. Lemmon*
Stephen W. Lemmon