UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> **Professional Fee Matters Concerning the** § <br> **Jackson Walker Law Firm** § <br> § <br> § | Case No. 23-00645 (EVR) |

### JACKSON WALKER LLP'S EMERGENCY MOTION TO STRIKE THE UNITED STATES TRUSTEE'S EXPEDITED MOTION TO COMPEL DISCOVERY

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**Relief is requested on or before August 23, 2024.**

Jackson Walker LLP ("JW") files this *Emergency Motion to Strike the United States Trustee's Expedited Motion to Compel Discovery* (the "Motion to Strike").

### SUMMARY OF RELIEF SOUGHT

1.  The United States Trustee ("U.S. Trustee") has filed an *Expedited Motion to Compel Discovery* (the "Motion to Compel")[1] seeking to compel two Portland, Oregon-based

---

[1] JW intends to respond substantively to the arguments in the U.S. Trustee's Motion to Compel at the appropriate time once this Court determines the appropriate venue.

202572077.4                                              - 1 -

attorneys to produce documents responsive to subpoenas that were issued (and timely objected to) in June of 2024 (the "Subpoenas") and to sit for deposition. The Motion to Compel, however, is filed in the wrong court. Rule 45 is clear: a motion to compel compliance with a subpoena must be brought in ***the court for the district where compliance is required***, which, in this instance, is the United States District Court for the District of Oregon. Accordingly, this Court is without jurisdiction to decide the Motion to Compel.

2. JW therefore respectfully requests that the Court strike the Motion to Compel.[2]

## FACTUAL BACKGROUND

3. On June 4, 2024, the U.S. Trustee served subpoenas for testimony and documents on Jacqueline Harvey and Peter Jarvis (the "Respondents"). *See* Exhibits C and D to the U.S. Trustee's Motion to Compel. Both Respondents live in Portland, Oregon. Seemingly recognizing this fact, the U.S. Trustee specified in the Subpoenas that the place of compliance would be Portland, Oregon:

```
To:  Peter R. Jarvis
                    (Name of person to whom the subpoena is directed)

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition
to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more
officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the
following matters, or those set forth in an attachment:

 PLACE   Office of the U.S. Trustee           DATE AND TIME
         1220 SW 3rd Avenue, Suite 315        9:00 am PST on July 11, 2024
         Portland, OR 97204

The deposition will be recorded by this method:   Court reporter/digital recording
```

Ex. C to the U.S. Trustee's Motion to Compel at 1 (highlighting added).

---

[2] JW notes that the Motion to Compel did not include an affidavit of counsel as required by this Court's procedures and, upon information and belief, the U.S. Trustee failed to confer with counsel for the Respondents prior to filing the Motion to Compel.

> To: Jacqueline Harvey
> (Name of person to whom the subpoena is directed)
>
> ☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
>
> | PLACE Office of the U.S. Trustee<br>1220 SW 3rd Avenue, Suite 315<br>Portland, OR 97204 | DATE AND TIME<br>9:00 am PST on July 12, 2024 |
> |---|---|
>
> The deposition will be recorded by this method: Court reporter/digital recording

Ex. D to the U.S. Trustee's Motion to Compel at 1(highlighting added).

4.  On June 18, 2024, the Respondents timely objected to the U.S. Trustee's Subpoenas, asserting the attorney-client privilege, among other privileges. *See* Exs. E and F to the U.S. Trustee's Motion to Compel.

5.  On August 22, 2024, the U.S. Trustee filed its Motion to Compel in the United States Bankruptcy Court for the Southern District of Houston, despite the fact that this is not the court for the district where compliance with the Subpoenas is required.

## **ARGUMENT AND AUTHORITIES**

6.  Federal Rule of Civil Procedure 45 provides that "[a] subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2). As both Mr. Jarvis and Ms. Harvey work and reside in Portland, Oregon, the Subpoenas commanded compliance there.

7.  A commanded party may serve on the party or attorney designated in the subpoena a written objection to producing electronically stored information in the form or forms requested. Fed. R. Civ. P. 45(d)(2). The objection must be served before the earlier of the time specified for

compliance or 14 days after the subpoena is served. *Id.* The objections to the Subpoenas were served on the U.S. Trustee on June 18, 2024—within 14 days of the date of service of the Subpoenas.

8.  If the commanded party objects to producing documents, then discovery is foreclosed until the serving party obtains a court order. *Micro Motion Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322-23 (Fed. Cir. 1990). However, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production." Fed. R. Civ. P. 45(d)(2)(B). Crucially, the provisions of Rule 45(d)(2) only provide only for "***the court for the district where compliance is required***" to issue an order compelling production. Fed. R. Civ. 45(d)(2)(B) (emphasis added); *see also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

9.  As the Subpoenas make clear, the place for compliance is Portland, Oregon. The Subpoenas notice the depositions of Ms. Harvey and Mr. Jarvis and require an accompanying document production in Portland, Oregon, which lies within the United States District Court for the District of Oregon. The "court for the district where compliance is required" is therefore the United States District Court for the District of Oregon, and Rule 45(d)(2) requires that any motion to compel compliance with the Subpoenas be filed in the first instance with "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B); *see also CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) (explaining that "for purposes of a Rule 45(d)(2) [motion to compel compliance] or 45(d)(3) [motion to quash or modify], the court or district 'where compliance is required' is determined by the location or 'place' for compliance identified on the subpoena as required by Rule 45(a)(1)(A)(iii)"); *Paso Del Norte Motors, LP v.*

*Kia Motors of Am., Inc.*, No. 315-CV-2672-M, 2015 WL 4939948, at *1 (N.D. Tex. Aug. 19, 2015) (when subpoena, by its terms, required compliance in Costa Mesa, California, the court where the motion to compel should have been filed was the United States District Court for the Central District of California); *SynQor, Inc. v. Vicor Corp.*, No. 3:14-MC-79-D-BN, 2014 WL 2519242, at *1-*2 (N.D. Tex. June 3, 2014) (holding that Rule 45 provides only the compliance court the power to determine whether to quash or modify a subpoena pursuant to Rule 45(d)); *Collins v. Koch Foods, Inc.*, No. MC 119-008, 2019 WL 2520308, at *2 (S.D. Ga. June 18, 2019) ("To summarize, the subpoena at issue requires compliance in the Northern District of Alabama, and therefore, this Court lacks jurisdiction to hear the motion to compel."); *United States v. Town of Colorado City, Arizona*, No. 3:12-CV-8123-HRH, 2014 WL 11609651, at *1 (D. Ariz. Oct. 27, 2014) ("[A] motion to compel production pursuant to a third-party subpoena is to be filed in 'the district where compliance is required.' As set out above, compliance in this instance was to be . . . in Salt Lake City, Utah. Rule 45(d)(2)(B)(i) authorizes the type of motion before the court; but the motion has been filed in the wrong court.").

10. Given that the U.S. Trustee's Motion to Compel was filed in the wrong court, it is proper for this Court to strike the Motion. *See Dental Resource Sys., Inc.* v. *Ashcraft*, No. 3:20-CV-2085-BN, 2021 WL 3772688, at *1 (N.D. Tex. Mar. 11, 2021) (striking motion to quash subpoena pursuant to Rule 45(d) that was filed in the wrong court).

**BASIS FOR EMERGENCY RELIEF**

11. The Court has set a hearing on the U.S. Trustee's Motion to Compel to be held on August 27, 2024 at 9:30 a.m. central time. Accordingly, an emergency order on this Motion to Strike is necessary so that the parties (and, most importantly, this Court) do not waste both time and judicial resources litigating a motion that was improperly filed.

## **CONCLUSION**

12. For the foregoing reasons, JW seeks an order striking the U.S. Trustee's Motion to Compel.

Dated: August 22, 2024

      **NORTON ROSE FULBRIGHT US LLP**

      */s/ Jason L. Boland*
      Jason L. Boland (SBT 24040542)
      William Greendyke (SBT 08390450)
      Julie Harrison (SBT 24092434)
      Maria Mokrzycka (SBT 24119994)
      1550 Lamar, Suite 2000
      Houston, Texas 77010
      Telephone: (713) 651-5151
      jason.boland@nortonrosefulbright.com
      william.greendyke@nortonrosefulbright.com
      julie.harrison@nortonrosefulbright.com
      maria.mokrzycka@nortonrosefulbright.com

      Paul Trahan (SBT 24003075)
      Emily Wolf (SBT 24106595)
      98 San Jacinto Blvd., Suite 1100
      Austin, Texas 78701
      Telephone: (512) 474-5201
      paul.trahan@nortonrosefulbright.com
      emily.wolf@nortonrosefulbright.com

      -and-

      **RUSTY HARDIN & ASSOCIATES, LLP**

      Russell Hardin, Jr. (SBT 08972800)
      Leah M. Graham (SBT 24073454)
      Jennifer E. Brevorka (SBT 24082727)
      Emily Smith (SBT 24083876)
      5 Houston Center
      1401 McKinney, Suite 2250
      Houston, Texas 77010
      Telephone: (713) 652-9000
      rhardin@rustyhardin.com
      lgraham@rustyhardin.com
      jbrevorka@rustyhardin.com
      esmith@rustyhardin.com

      *Counsel for Jackson Walker LLP*

**CERTIFICATE OF ACCURACY**

      I hereby certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Jason L. Boland*
Jason L. Boland

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 22, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Julie Harrison*
Julie Harrison
