United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 24, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-645** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |

### <u>MEMORANDUM OPINION</u>

The notion that the United States government is to be one "of the people, by the people, and for the people"[1] is the very foundation of the democratic ideal upon which this country was built. However, there are occasions, such as when a litigant attempts to obtain important evidence from the government, that this maxim, established "for the people," could not be further from reality.

As explained in more detail *infra*, this Court as determining officer under the Guide to Judiciary Policy, Volume 20, Chapter 8, (the "*Judiciary Regulations*"), must determine whether it should permit former United States Bankruptcy Judge David R. Jones ("*Mr. Jones*") and his former case manager Mr. Albert Alonzo ("*Mr. Alonzo*") to testify at a deposition and turn over documents propounded by Jackson Walker, LLP, the United States Trustee and Old Copper Company, Inc. f/k/a J. C. Penney Company, Inc. and Copper Sub Corporation, Inc. f/k/a J. C. Penney Corporation, Inc. as Wind Down Debtor in *In re J. C. Penney Direct Marketing Services, LLC*, Case No. 20-20184 (the "*Plan Administrator*") initially scheduled for July 18, 2024, in the instant Case No. 23-645, In re Professional Fee Matters Concerning the Jackson Walker Law Firm (the "*Miscellaneous Proceeding*").

Initially Mr. Jones contacted this court *ex-parte* via an electronic email "requesting guidance from this Court under Judiciary Policy, Volume 20, Chapter 8, regarding a notice of deposition from

---

[1] PRESIDENT ABRAHAM LINCOLN, GETTYSBURG ADDRESS (Nov. 19, 1863), *reprinted in* 2 ABRAHAM LINCOLN: SPEECHES AND WRITINGS (1859-1865) at 536 (P. Fehrenbacher ed., 1989).

Jackson Walker in connection with the fee matters initiated by the United States Trustee (the "*US Trustee*")."[2] Nevertheless, upon receipt this Court issued an order stating that "while the regulations pertaining to testimony and production of records from former judicial officers seem to contemplate these sorts of requests being made *ex-parte*, the Court finds in this circumstance that resolving this matter *ex-parte* would be wholly inappropriate."[3] Again, citing *Guide to Judiciary Policy*, Volume 20, § 850(b), the Court found that this is an "appropriate circumstance" and that any request to quash must be made by motion with an opportunity for response by Jackson Walker.[4]

Jackson Walker and Mr. Jones then entered into a Joint Stipulation wherein not only did Mr. Jones agree to testify, the parties stated that the Joint Stipulation "complies with the requirements of the Judiciary Regulations, including the factors set forth in § 850(a), and is approved under the Judiciary Regulations."[5] Although the Court initially signed off on the Joint Stipulation, it was thereafter vacated and set for an evidentiary hearing because the Court ultimately determined that parties cannot stipulate to the factors enumerated in Judiciary Regulations, § 850, discussed more fully *infra*, because a formal weighing of those factors must be made by the determining officer, here the undersigned Chief Judge of the United States Bankruptcy Court for the Southern District of Texas. On July 16, 2024, the Court conducted a hearing and took the matter under advisement.

Relatedly, Mr. Nathan Ochsner, Clerk of Court for the Southern District of Texas, provided a "Notice to the Court"[6] referring requests made by Jackson Walker and the United States Trustee to take the deposition of Mr. Alonzo , a former Clerk's Office employee who served as the case manager for Mr. Jones, pursuant to § 840(b)(3) of the Judiciary Regulations, to allow this Court to

---

[2] ECF No. 142.
[3] ECF No. 141.
[4] ECF No. 141.
[5] ECF No. 149 at 1, ⁋ 1.
[6] ECF No. 188.

address the requests. On July 29, 2024, the Court conducted a hearing regarding the "Notice to the Court" and now issues the instant memorandum opinion and order.

## I.     FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

### A. Background

1. On December 9, 2023, this Court commenced the instant Miscellaneous Proceeding in seventeen cases initially identified by the United States Trustee ("*US Trustee*") for the Southern District of Texas, Region 7, where it had filed motions seeking relief from orders approving any applications for compensation and reimbursement of expenses filed by Jackson Walker, LLP ("*Motions for Relief from Final Judgment*"). [7]

2. On December 21, 2023, this Court issued its "Report and Recommendation To The United States District Court That The United States Trustee's Motion To Withdraw The Reference Be Denied."[8]

3. On February 26, 2024, this Court issued its "First Amended Comprehensive Scheduling, Pre-Trial & Trial Order."[9]  Discovery commenced on May 15, 2024.

4. As of March 29, 2024, the United States Trustee has filed thirty-five Rule 60 Motions in the following cases (the "*Affected Cases*") which have been transferred to the instant Miscellaneous Proceeding for all pre-trial discovery pursuant to the Order issued by this Court:[10]

| NO. | CASE NO. | NAME |
|---|---|---|
| 1. | 18-30155 | EXCO Resources, Inc. |
| 2. | 18-35639 | Westmoreland Coal Company Asset Corp. |

---

[7] ECF No. 1.
[8] ECF No. 44.
[9] ECF No. 76.
[10] ECF No. 1.

| 3. | 18-35672 | Westmoreland Coal Company |
| 4. | 18-35703 | Westmoreland Coal Company Asset Corp. |
| 5. | 19-32112 | Jones Energy, Inc |
| 6. | 19-34508 | Sanchez Energy Corporation |
| 7. | 20-20184 | JC Penny Company Direct Marketing Services LLC |
| 8. | 20-30336 | Mcdermott International, Inc. |
| 9. | 20-31886 | Sheridan Production Partners I-A, L.P. |
| 10. | 20-32021 | Whiting Petroleum Corporation |
| 11. | 20-32519 | Neiman Marcus Group LTD LLC |
| 12. | 20-32564 | Stage Stores, Inc. |
| 13. | 20-32680 | Energy Services Puerto Rico, LLC |
| 14. | 20-33233 | Chesapeake Energy Corporation |
| 15. | 20-33295 | Covia Holdings Corporation |
| 16. | 20-33302 | Covia Finance Company, LLC |
| 17. | 20-33812 | Denbury Holdings, Inc. |
| 18. | 20-33916 | TMW Merchants LLC. |
| 19. | 20-34500 | IQOR Holdings Inc. |
| 20. | 20-34758 | Tug Robert J. Bouchard Corporation |
| 21. | 20-35561 | Mule Sky LLC |
| 22. | 20-35740 | Seadrill Partners LLC |
| 23. | 21-30427 | Seadrill Limited |
| 24. | 21-30936 | Brilliant Energy, LLC |
| 25. | 21-31861 | Katerra Inc. |
| 26. | 21-90002 | Basic Energy Services Inc. |
| 27. | 21-90054 | Strike LLC. |
| 28. | 22-50009 | 4E Brands Northamerica LLC |
| 29. | 22-90002 | Seadrill Member LLC. |
| 30. | 22-90018 | Sungard AS New Holdings, LLC |
| 31. | 22-90032 | GWG Holdings, Inc. |
| 32. | 22-90035 | HONX, Inc |
| 33. | 22-90126 | Laforta - Gestao E Investmentos |
| 34. | 22-90129 | Altera Infrastructure Project Services LLC |
| 35. | 23-90085 | Sorrento Therapeutics Inc. |

5. On June 26, 2024, the Court received an *ex-parte* electronic communication (the "*Communication*") from Mr. Jones "requesting guidance from this Court under Judiciary Policy, Volume 20, Chapter 8, regarding a June 25, 2024 Notice of Deposition ("*Notice of Deposition*") from Jackson Walker in connection with the fee matters initiated by the United States Trustee."[11]

6. On June 27, 2024, the Court issued an order declining Mr. Jones's request for *ex-parte* relief and instead granted him leave to file an appropriate motion.[12]

7. On July 1, 2024, Jackson Walker, LLP (herein "*Jackson Walker*") filed a single matter self-styled as "Emergency Motion of Jackson Walker LLP For Entry of an Order (I)

---

[11] ECF No. 142.
[12] ECF No. 141.

Establishing Deadlines With Respect To The June 27, 2024 Order and (II) Granting Related Relief" (the "*Emergency Motion*"). [13]

8. On July 1, 2024, the Court issued an order setting a hearing on the Emergency Motion.

9. On July 1, 2024, rather than filing a motion as set forth in paragraph 5 *supra*, Jones Walker and Mr. Jones (jointly the *"Parties"*) entered into a stipulation resolving the Emergency Motion wherein "David R. Jones has agreed, and is hereby authorized, to provide testimony via a deposition on July 18, 2024, or such other date as mutually agreeable, subject to any objections and privileges that David R. Jones may raise at any such deposition, which objections and privileges are preserved (the "*Joint Stipulation*").[14]

10. On July 2, 2024, the Court signed the Joint Stipulation.[15]

11. On July 3, 2024, the Court issued its Memorandum Opinion and Order vacating the Joint Stipulation and setting a hearing.[16]

12. On July 10, 2024, Mr. Jones filed a "Notice of Request For Records and Testimony Of David R. Jones" notifying the Court of the "United States Trustee's Cross-Notice of Deposition, and Subpoena to Produce Documents, Information, or Objects" (the "*United States Trustee's Cross-Notice of Deposition*")[17]

13. On July 12, 2024, "Old Copper Company, Inc. f/k/a J. C. Penney Company, Inc. and Copper Sub Corporation, Inc. f/k/a J. C. Penney Corporation, Inc. as Wind Down Debtor in In re J. C. Penney Direct Marketing Services, LLC, Case No. 20-20184 (hereinafter the "*Plan Administrator*") filed its "Notice Intention To Participate In Deposition of David R. Jones" (the "*Plan Administrator's Notice of Intention To Participate*").[18]

14. On July 12, 2024, Jackson Walker filed "Jackson Walker LLP's Response In Support Of Written Statement To David R. Jones Required By Guide To Judiciary Policy, Volume 20."[19]

15. On July 16, 2024, the Court held a hearing and took the matters under advisement.[20]

16. On July 19, 2024, Nathan Ochsner, Clerk of Court for the Southern District of Texas, filed his "Notice to the Court"[21] regarding requests for testimony and production of documents by Mr. Alonzo, former employee of the office of the clerk of court. The "Notice to the

---

[13] ECF No. 145.
[14] ECF No. 150 at 1, ¶ 1.
[15] ECF No. 150.
[16] *See* ECF Nos. 152, 153, 154.
[17] ECF No. 164-1.
[18] ECF No. 168.
[19] ECF No. 171.
[20] ECF No. 183.
[21] ECF No. 188.

Court refers the pending requests for deposition and for production of documents to "Chief Bankruptcy Judge Eduardo V. Rodriguez to establish the scope of each request pursuant to the Guide to Judiciary Policy § 850."[22]

17. On July 25, 2024, Jackson Walker withdrew its Deposition Notice and Written statement to Mr. Alonzo but asked this Court to authorize Jackson Walker to ask questions at any deposition of Mr. Alonzo based on the topics proposed by the UST and approved by this Court.[23]

18. On July 29, 2024, the Court held a hearing, took the matter under advisement and now issues the instant memorandum opinion.

## II.     CONCLUSIONS OF LAW

### A.  Jurisdiction, Venue and Constitutional Authority

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[24] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[25] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) this proceeding contains core matters, as it primarily involves proceedings concerning the administration of various  bankruptcy estates.[26] This proceeding is also core under the general "catch-all" language because such request for relief in each of he pending Affected Cases is the type of proceeding that can only arise in the context of a bankruptcy case.[27] Additionally, and pursuant to § 840(a)(2) of the Judiciary Regulations, this Court, as Chief Bankruptcy Judge of the Southern District of Texas, is also acting in its capacity as the Determining Officer.[28] Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from

---

[22] ECF No. 188.

[23] ECF No. 196.

[24] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).

[25] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[26] *See* 11 U.S.C. § 157(b)(2)(A) & (O).

[27] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987)).

[28] *Guide to Judiciary Policy*, Volume 20, Chapter 8, § 840(b)(2).

entering a final order here.[29] Thus, this Court wields the constitutional authority to enter a final order here. Nevertheless, should the District Court find that the Bankruptcy Court did not have authority to enter final orders and judgments, this Court requests that the District Court convert this Memorandum Opinion into a Report and Recommendation and adopt it in its entirety.

This Court may only hear a case in which venue is proper.[30] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtors under this Miscellaneous Proceeding have their principal places of businesses and have filed their bankruptcy cases in the Southern District of Texas and therefore, venue of this proceeding is proper.

### III.   ANALYSIS

## A. THE JUDICIARY REGULATIONS

### i.   Introduction to the *Touhy* Doctrine

"It is well established that federal agencies can, by regulation, restrict the testimony of federal employees."[31] The seminal case in this area of the law is *Touhy v. Ragen*.[32] *Touhy* "is part of an unbroken line of authority which ... [holds] that a federal employee may not be compelled to testify contrary to his federal employer's instructions under valid agency regulations."[33]

The *Touhy* case birthed an entire nomenclature. "*Touhy* regulations" exist for nearly all federal agencies, and usually have a few main features: (1) a general prohibition against subordinate employees producing documents or appearing for oral testimony without permission from a superior

---

[29] *See, e.g.*, *Badami v. Sears* (*In re AFY, Inc.*), 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West* (*In re Davis*), No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that Stern invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend Stern's limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594). 26 August 7, 2024, Courtroom Minutes (hearing testimony from the Parties).
[30] 28 U.S.C. § 1408.
[31] *Mont. v. Gulley*, 2023 U.S. Dist. LEXIS 66994, at *5 (D. Mont. 2023).
[32] 340 U.S. 462 (1951).
[33] *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (citation omitted).

officer or executive agency head; (2) a process for formally requesting, in writing, agency documents or testimony sought by a litigant; and (3) a procedure or the agency's review of the request. The procedure for review often involves a combination of factors, or a balancing test, that the agency is to consider in accepting or denying the request. Applicable here, when requesting information from former judicial officers, is the *U.S. Courts Guide to Judiciary Policy*, Volume 20, Chapter 8.

### ii.      Overview and Authority

Adopted by the Judicial Conference of the United States in March 2003, the Judiciary Regulations, establish policy, assign responsibilities and prescribe procedures with respect to: (1) the production or disclosure of official information or records by the federal judiciary; and (2) the testimony of present or former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties, or by virtue of that individual's official status, in federal, state, or other legal proceedings covered by these regulations.[34]

### iii.     § 820 Testimony and Production of Records

Pursuant to Section 820 of the Judiciary Regulations: "[f]ederal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations."[35]

### iv.     § 830 Contents and Timeliness of a Request

Section 830 requires that requests for testimony or production of records must set forth or be accompanied by an affidavit containing (1) an explanation of the nature of the testimony or records sought; (2) the relevance of the testimony or records sought to the legal proceedings; and (3) the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means.[36]

---

[34] *U.S. Courts Guide to Judiciary Policy,* Vol. 20, Ch. 8, §§ 810.10; 810.20.
[35] *Id.* at § 820(a).
[36] *Id.* at § 830(a).

### v. § 840 Determining Officer

The determining officer authorized to make determinations under the Judiciary Regulations "in the case of a request directed to a former . . . federal bankruptcy judge, . . .or directed to a former member of a former judge's personal staff who is no longer a court employee and thus is not covered by § 840(b)(1) or (b)(3), is the chief judge of the court on which the former judge previously served (the "*Determining Officer*").[37] Accordingly, the undersigned is sitting in a unique position of being both the Chief United States Bankruptcy Judge presiding over the instant Miscellaneous Proceeding as well as the Determining Officer.

After a request has been made, the undersigned as Determining Officer may determine (1) whether federal judicial personnel may be interviewed, contacted, or used as witnesses, including as expert witness, and (2) whether federal judicial records may be produced, and what, if any conditions will be imposed upon such interview, contact, testimony, or production of records.[38]

In determining whether or not to authorize the disclosure of federal judicial information or records or the testimony of federal judicial personnel, the undersigned as Determining Officer [must] consider, based on the following factors, the effect in the particular case, as well as in future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties."[39] The factors are:

(1)   The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission.

(2)   Whether the testimony or production of records would assist the federal judiciary in the performance of official duties.

(3)   Whether the testimony or production of records is necessary to prevent the perpetration of fraud or injustice in the case or matter in question.

(4)   Whether the request is unduly burdensome or is inappropriate under applicable court or

---

[37] *Id.* at § 840(b)(2).
[38] *Id.* at § 840; § 850.
[39] *Id.* at § 850(a).

administrative rules.

(5)   Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case or matter in which the request arises, or under the relevant substantive law of privilege.

(6)   Whether the request is within the proper authority of the party making it.

(7)   Whether the request meets the requirements of these regulations.

(8)   Whether the request was properly served under applicable court, administrative, or other rules.

(9)   Whether the testimony or production of records would violate a statute, regulation, or ethical rule.

(10)   Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process.

(11)   Whether the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, or would disclose any other information that is confidential under any applicable statute or regulation.

(12)   Whether the testimony or production of records reasonably could be expected to result in the appearance of the federal judiciary favoring one litigant over another or endorsing or supporting a position advocated by a litigant.

(13)   Whether the request seeks testimony, records or documents available from other sources.

(14)   Whether the request seeks testimony of federal judicial personnel as expert witnesses.

(15)   Whether the request seeks personnel files, records or documents pertaining to a current or former federal judicial officer or employee, and (A) the personnel files, records or documents sought by the request may be obtained from the current or former federal judicial officer or employee in question, or (B) the personnel files, records or documents sought by the request would be made available to the requester with the written consent or authorization of the current or former federal judicial officer or employee in question.

(16)   Any other consideration that the determining officer designated in § 840(b) may consider germane to the decision.[40]

The Court will consider each as applicable when examining all requests for testimony and production in this proceeding.

---

[40] *Id.*

vi.    **The Requests for Testimony & Production of Records**

Before the Court are four distinct requests that fall under the purview Judiciary Regulations, to wit: (1) Jackson Walker's request for testimony of Mr. Jones;[41] (2) US Trustee's request for testimony of Mr. Jones and request for production;[42] (3) Plan Administrator's request for testimony of Mr. Jones;[43] and (4) US Trustee's request for testimony of Mr. Alonzo and request for production.[44] The Court will address each in turn.

B.  **JACKSON WALKER'S REQUEST FOR TESTIMONY OF MR. JONES**

Jackson Walker seeks to take the deposition of Mr. Jones.[45] As a preliminary matter, Jackson Walker asserts that some of the topics it wishes to ask Mr. Jones fall outside the Judiciary Regulations because they are based on Mr. Jones' personal conduct, and not official conduct.[46]

The Judiciary Regulations govern the "production or disclosure of official information or records by the federal judiciary."[47] Furthermore, the Judiciary Regulations assign responsibilities and prescribe procedures with respect to: "the testimony of…former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties, or by virtue of that individual's official status, in federal, state, or other legal proceedings covered by these regulations."[48] As such, the undersigned as Determining Officer must first determine if the request falls within Mr. Jones' official duties or were acquired by virtue of his official status in any applicable proceeding.[49] If the request does not fall within a former judge's official duties, parties are permitted to ask questions of Mr. Jones, subject to any objections

---

[41] ECF No. 142-1.
[42] ECF No. 164.
[43] ECF No. 168.
[44] ECF No. 188-2.
[45] ECF No. 142-1.
[46] July 16, 2024 – Courtroom Hearing (Opening argument).
[47] *U.S. Courts Guide to Judiciary Policy,* Vol. 20, Ch. 8, § 810.10(a)(1).
[48] *Id.* at § 810.10(a)(2).
[49] *Id.*

raised pursuant to the Federal Rules of Evidence.[50] If the request does fall within the definition of official duties, the request is limited to the extent examined *infra*.

The Judiciary Regulations are silent however, as to what constitutes official duties.[51] Traditionally defined, such duties and responsibilities accompany one's position in office.[52] For a judge, official duties include issuing rulings, opinions, orders, and conferring with parties.[53] More broadly however, in the context of judicial acts, the United States Supreme Court has held that an act by a judge is a "judicial" one if it relates to the nature of the act itself, such as whether it is a function normally performed by a judge, and it is undertaken to the expectations of parties, such as whether the parties dealt with the judge in his judicial capacity.[54] While a judicial act certainly would fall under official duties, the Canons enumerated within the Code of Conduct for United States Judges envisions that the duties of judicial office include a judge's adjudicative responsibilities, and also their administrative responsibilities.[55] Both sets of responsibilities accompany a judge's position in office. As such, this Court finds that official duties for purposes of the Judiciary Regulations include both the adjudicative and administrative responsibilities for United States Judges. Thus, requests for testimony of present or former United States Judges relating to any official information acquired by any such individual as part of their adjudicative or administrative responsibilities, or by virtue of their official status, are subject to the Judiciary Regulations.[56]

As such, the Court will examine each of Jackson Walker's requests in turn.

1. **"The nature and timeline of former Judge David R. Jones's romantic relationship, cohabitation, or joint home ownership with Elizabeth Freeman" ("*Jackson Walker's First Topic*").**

---

[50] *Id.* at § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

[51] *See id.* at § 810.30.

[52] Black's Law 2nd ed. "Official Responsibility" https://thelawdictionary.org/official-responsibility/

[53] *Kallinen v. Newman*, 616 F. Supp. 3d 645, 654 (S.D. Tex. 2022).

[54] *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

[55] CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3 (2024).

[56] *U.S. Courts Guide to Judiciary Policy,* Vol. 20, Ch. 8, § 810.10(a)(1).

Jackson Walker asserts that the First Topic does not fall under the definition section of the Judiciary Regulations because Mr. Jones' personal relationship with Elizabeth Freeman ("*Ms. Freeman*") is outside the scope his official duties.[57] To the extent that this topic does fall under the Judiciary Regulations, Mr. Jones asserts that the relevance will not assist the fact finder, citing the second enumerated factor under § 850 of the Judiciary Regulations, as this miscellaneous proceeding is based on the disgorgement of Jackson Walker fees, and not Mr. Jones' conduct.[58]

As discussed *supra*, the Court is in the unique position of wearing two hats: one as presiding judge of the instant Miscellaneous Proceeding, and one as Determining Officer of these requests for testimony and production of records. While the Court has jurisdiction over live controversies regarding discovery in this Miscellaneous Proceeding, the Court will only address the current matters regarding the request for testimony of and production of documents from Mr. Jones and Mr. Alonzo before it in its role as Determining Officer.[59] The Court, acting as Determining Officer, finds that Jackson Walker's First Topic does not fall within the scope of Mr. Jones' official duties as defined *supra*.[60]

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process,[61] will allow questions on Jackson Walker's First Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[62]

### 2.  "Ms. Freeman's presence at or involvement in any mediation conducted by former

---

[57] July 16, 2024 – Courtroom Hearing.
[58] July 16, 2024 – Courtroom Hearing.
[59] ECF No. 1.
[60] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 810.10(a)(1).
[61] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[62] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

> **Judge Jones in any of the cases listed on Exhibit 6 to the United States Trustee's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses, attached hereto as Exhibit A-1" ("*Jackson Walker's Second Topic*").**

As a preliminary matter, the Court finds that Mr. Jones acting as a mediator does not fall under his official duties as a judge. Providing mediation is not contemplated as part of a judge's adjudicative duties, as the act itself does not lend itself to a function normally only undertaken by a judge.[63] Nor is providing mediation an administrative function.[64] While often bankruptcy judges mediate cases due to their specialized knowledge of the field, the information gained as part of the mediation is not obtained by virtue of their official status as a judge, but as a mediator.[65]

Nevertheless, even if mediation does not fall under the official duties as a judge, official information obtained by a mediator as part of their duties falls under the Judiciary Regulations when performing services for the federal judiciary.[66] Section 810.30 of the Judiciary Regulations specifically includes in its definition of judicial personnel: "[t]his phrase also includes alternative dispute resolution neutrals or mediators…performing services for the federal judiciary."[67] In each of the Affected Cases listed *supra*, when Mr. Jones was engaged as a mediator rather than as the presiding judge, he was performing services for the federal judiciary.[68] As such, if a request seeks testimony regarding non-official information obtained in the mediation, parties are permitted to ask questions of Mr. Jones, subject to any objections raised pursuant to the Federal Rules of

---

[63] *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (defining the factors determining whether an act by a judge is a judicial one in the context of judicial capacity).
[64] CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3 (2024).
[65] *Id.*
[66] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 810.30.
[67] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 810.30.
[68] *See e.g.*, Case No. 19-34508, ECF No. 1094.

Evidence.[69] If the request seeks testimony regarding official information obtained in the mediation, the Judiciary Regulations apply.

This topic borders on official information obtained by Mr. Jones in his role as a mediator. It is foreseeable that questions regarding Ms. Freeman's involvement may extend into the substance of any mediation. Both Jackson Walker and the US Trustee assert however, that this topic seeks to explore the contours of the mediation, and not the mediation itself.[70] Specifically, questions as to this topic are to examine if there were *ex-parte* communications between Mr. Jones and Ms. Freeman within any mediation, why Ms. Freeman participated, who asked her to mediate, and whether she just attended or had some other role.[71]

Many of these questions may be better answered by others, including Ms. Freeman herself, as envisioned by the thirteenth enumerated factor in § 850 of the Judiciary Regulations.[72] Furthermore, the Court is especially conscious of the ninth and tenth enumerated factors of § 850 of the Judiciary Regulations, as mediation is inherently a practice dependent on confidentiality.[73] Nevertheless, as the US Trustee urges, the entire Miscellaneous Proceeding is about preventing the perpetration of fraud or injustice in the Affected Cases, and special consideration must be given in promoting transparency as appropriate.[74] The Court agrees, however, as discussed further *infra*, this topic may only be asked within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

---

[69] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

[70] July 16, 2024 – Courtroom Hearing.

[71] July 16, 2024 – Courtroom Hearing.

[72] "Whether the request seeks testimony, records or documents available from other sources."

[73] "Whether the testimony or production of records would violate a statute, regulation, or ethical rule; Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process."

[74] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850 (a)(3).

Accordingly, the Court as Determining Officer will allow questions on Jackson Walker's Second Topic within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, and subject to all applicable objections including privilege. Mr. Jones is entitled to raise objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).

3.  "**Former Judge Jones's attendance at any social events relating to any mediation conducted by former Judge Jones in any of the cases listed on Exhibit 6 to the United States Trustee's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses, attached hereto as Exhibit A-1" ("*Jackson Walker's Third Topic*").**

As discussed *supra*, Mr. Jones acting as a mediator pursuant to an order of the federal judiciary implicates the Judiciary Regulations.[75] Nevertheless, this topic seeks testimony regarding non-official information obtained in the mediation.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process,[76] will allow questions on Jackson Walker's Third Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[77]

4.  "**Any disparate treatment of Jackson Walker or Ms. Freeman, or any biased or prejudicial rulings or orders involving Jackson Walker or Ms. Freeman, in any of the cases listed on Exhibit A-1 by former Judge Jones as a result of his romantic relationship, cohabitation, or joint home ownership with Ms. Freeman" ("*Jackson Walker's Fourth Topic*").**

No party contests that this topic directly implicates the Judiciary Regulations, as it seeks testimony from Mr. Jones regarding official information Mr. Jones acquired as part of his official

---

[75] *Id.* at § 810.30.
[76] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[77] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

duties in making his rulings.[78] Jackson Walker asserts that this topic is focused on the color behind Mr. Jones' decisions, such as the circumstances that Mr. Jones' relationship played in his interactions with Jackson Walker, and whether there was a bias that permeates each of the Affected Cases.[79] The US Trustee takes this topic a step further, insisting that it is only the judge and what he knew when making his rulings that can determine if the undisclosed relationship permitted bias and fraud into the bankruptcy system.[80] As such, the US Trustee asserts that this is a unique case about disclosure, where the essential questions must be answered to ensure the prevention of injustice.[81] Perhaps unsurprisingly, Mr. Jones objects, asserting that the tenth factor of § 850 of the Judiciary Regulations is designed to prohibit parties from delving into the mental process of the judiciary.[82] Nevertheless, the Court as Determining Officer is not deciding whether the mental process privilege is applicable at this stage of discovery, but rather if the Judiciary Regulations should gatekeep even the contemplation of such questions to the former judge.[83]

To this, the third factor of § 850 of the Judiciary Regulations suggests that if the "testimony is necessary to prevent the perpetration of fraud or injustice in the case or matter in question" such testimony may be appropriate.[84] To prevent injustice and definitively address the difficult issues at hand, the Court as Determining Officer will not allow Mr. Jones to use the Judiciary Regulations as a shield. However, as discussed further *infra*, this topic may only be asked within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

---

[78] *Kallinen v. Newman*, 616 F. Supp. 3d 645, 654 (S.D. Tex. 2022) ("…official duties as a judge include issuing rulings, opinions, orders, and conferring with parties.").
[79] July 16, 2024 – Courtroom Hearing.
[80] July 16, 2024 – Courtroom Hearing.
[81] July 16, 2024 – Courtroom Hearing.
[82] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850 (a)(10).
[83] *Id.* at § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[84] *Id.* at § 850 (a)(3).

Accordingly, the Court as Determining Officer, will allow questions on Jackson Walker's Fourth Topic within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[85]

   5. **"Former Judge Jones's understanding of the reasons for Jackson Walker's popularity as local counsel" ("*Jackson Walker's Fifth Topic*").**

Jackson Walker asserts that this topic does not fall under the definition section of the Judiciary Regulations because Mr. Jones's personal understanding of Jackson Walker's popularity as local counsel is outside the scope his official duties.[86] To the extent that these topics do fall under the Judiciary Regulations, Mr. Jones asserts that he has no objection to this topic.[87] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[88] will allow questions on Jackson Walker's Fifth Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[89]

   6. **"Former Judge Jones's analysis and conclusion that the disclosure of his romantic relationship, cohabitation, or joint home ownership with Ms. Freeman was not necessary in matters in which he acted as either judge or mediator" ("*Jackson Walker's Sixth Topic*").**

---

[85] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[86] July 16, 2024 – Courtroom Hearing.
[87] July 16, 2024 – Courtroom Hearing.
[88] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[89] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

Jackson Walker asserts that this topic is falls outside the deliberative process.[90] Furthermore, the US Trustee asserts that while traditionally the deliberative process is off limits, Mr. Jones has opened the door on this issue by expressing in public interviews with media that he made the call.[91] Specifically, US Trustee asserts the inquiry is not whether recusal was proper, but rather there should have been disclosures.[92] Mr. Jones asserts any insinuation that he "opened the door" as to this topic is incorrect, as all Mr. Jones said was that the decision was his and his alone. Furthermore, Mr. Jones asserts that the second and tenth factors of § 850 of the Judiciary Regulations do not support testimony on this topic.[93] Specifically, Mr. Jones asserts that this testimony would usurp the legal conclusions yet to be reached as part of the miscellaneous proceeding.[94]

As a preliminary matter, the Court finds Jackson Walker's Sixth Topic to be overly broad and intrusive. There is a delicate line as envisioned by the Judiciary Regulations between permittable information that may be obtained from former judges and information that is off limits. However, this line shifts when misconduct plagues the courts.[95] As this is a unique case, certain information that normally would be absolutely prohibited may be asked, as limited by the Court, and as limited by applicable privileges if properly raised. As discussed further *infra*, this information may only be asked within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

Accordingly, the Court as Determining Officer, will allow questions on Jackson Walker's Sixth Topic within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28. Mr.

---

[90] ECF No. 197 at 74.
[91] ECF No. 197 at 76.
[92] ECF No. 197 at 76.
[93] ECF No. 197 at 78.
[94] ECF No. 197 at 78.
[95] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850 (a)(3).

Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[96]

7. **"Any disclosure by former Judge Jones of his romantic relationship, cohabitation, or joint home ownership with Ms. Freeman to any person at Jackson Walker" ("*Jackson Walker's Seventh Topic*").**

Jackson Walker asserts that this topic does not fall under the definition section of the Judiciary Regulations because Mr. Jones' personal relationship with Ms. Freeman is outside the scope of his official duties.[97]  To the extent that these topics do fall under the Judiciary Regulations, Mr. Jones asserts that, pursuant the thirteenth factor under § 850 of the Judiciary Regulations,  Jackson Walker should be asked about this topic as this miscellaneous proceeding is based on the disgorgement of Jackson Walker fees, and not Mr. Jones' conduct.[98] Nevertheless, the Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[99] will allow questions on Jackson Walker's Seventh Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[100]

8. **"Any residences or other real property jointly purchased or owned by former Judge Jones and Ms. Freeman" ("*Jackson Walker's Eighth Topic*").**

---

[96] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[97] July 16, 2024 – Courtroom Hearing.
[98] July 16, 2024 – Courtroom Hearing.
[99] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[100] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

Jackson Walker asserts that this topic does not fall under the definition section of the Judiciary Regulations because Mr. Jones' property ownership with Ms. Freeman is outside the scope his official duties.[101] To the extent that these topics do fall under the Judiciary Regulations, Mr. Jones asserts that, pursuant the second factor under § 850 of the Judiciary Regulations,  Jackson Walker should be asked about this topic because the relevance will not assist the fact finder since this miscellaneous proceeding is based on the disgorgement of Jackson Walker fees, and not Mr. Jones' conduct.[102] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[103] will allow questions on Jackson Walker's Eighth Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[104]

9.  **"Visits by any Jackson Walker attorneys to a residence or other real property jointly purchased or owned by former Judge Jones and Ms. Freeman" ("*Jackson Walker's Ninth Topic*").**

Jackson Walker asserts that this topic does not fall under the definition section of the Judiciary Regulations because Mr. Jones' personal relationship with Ms. Freeman is outside the scope his official duties.[105] To the extent that these topics do fall under the Judiciary Regulations, Mr. Jones asserts that, pursuant the thirteenth factor under § 850 of the Judiciary Regulations, Jackson Walker should be asked about this topic as this miscellaneous proceeding is based on the

---

[101] July 16, 2024 – Courtroom Hearing.
[102] July 16, 2024 – Courtroom Hearing.
[103] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[104] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[105] July 16, 2024 – Courtroom Hearing.

disgorgement of Jackson Walker fees, and not Mr. Jones' conduct.[106] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[107] will allow questions on Jackson Walker's Ninth Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[108]

### 10. "The knowledge of any person at Jackson Walker (other than Ms. Freeman) of the romantic relationship, cohabitation, or joint home ownership between former Judge Jones and Ms. Freeman" ("*Jackson Walker's Tenth Topic*").

Jackson Walker asserts that this topic does not fall under the definition section of the Judiciary Regulations because Mr. Jones' personal relationship with Ms. Freeman is outside the scope his official duties.[109] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[110] will allow questions on Jackson Walker's Tenth Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[111]

### 11. "The knowledge of other attorneys in the Houston legal community of the romantic

---

[106] July 16, 2024 – Courtroom Hearing.
[107] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[108] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[109] July 16, 2024 – Courtroom Hearing.
[110] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[111] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

**relationship, cohabitation, or joint home ownership between former Judge Jones and Ms. Freeman" ("*Jackson Walker's Eleventh Topic*").**

Jackson Walker asserts that this topic does not fall under the definition section of the Judiciary Regulations because this sort of knowledge does not fall under Mr. Jones' official duties.[112] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[113] will allow questions on Jackson Walker's Eleventh Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[114]

**12. "Former Judge Jones's approvals of Jackson Walker's fee applications or retention applications in any of the cases listed on Exhibit A-1" ("*Jackson Walker's Twelfth Topic*").**

Jackson Walker withdrew this request on the record.[115] As such, pursuant to § 840 of the Judiciary Regulations, Mr. Jones must not disclose any information regarding the exercise of his judicial or quasi-judicial responsibilities regarding his decisional or deliberative process[116]as it pertains to approvals of Jackson Walker' fee applications or retention applications in any of the Affected Cases.

**13. "Former Judge Jones's involvement in the adversary proceeding captioned *Michael Van Deelen v. David Dickson, et al.,* Case No. 20-03309, filed in the Bankruptcy Court for the Southern District of Texas (Houston Division), including the motion for recusal and related documents" ("*Jackson Walker's Thirteenth Topic*").**

---

[112] July 16, 2024 – Courtroom Hearing.
[113] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[114] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[115] July 16, 2024 – Courtroom Hearing.
[116] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).

No party contests that this topic falls under the Judiciary Regulations. Jackson Walker asserts that this topic especially is the heart of how the Miscellaneous Proceeding began, and as such parties are entitled to know the factual events related to the documents acquired and reviewed by Mr. Jones.[117] Mr. Jones asserts however, that the tenth factor under § 850 of the Judiciary Regulations should prohibit this topic.[118] Jackson Walker and US Trustee however assert that the third factor under § 850 of the Judiciary Regulations support testimony on this topic.[119] As explained *supra* in examining Jackson Walker's Sixth Topic, there is a delicate line as envisioned by the Judiciary Regulations between permittable information that may be obtained from former judges and information that is off limit. However, this line shifts when misconduct plagues the courts.[120] As this is a unique case, certain information that normally would be absolutely prohibited may be asked, as limited by the Court, and as limited by applicable privileges if properly raised.

However, as discussed further *infra*, this topic may only be asked within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

Accordingly, the Court as Determining Officer will allow questions on Jackson Walker's Thirteenth Topic within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, subject to all applicable objections including privilege. Mr. Jones is entitled to raise objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).

**14. "Any payments made by Jackson Walker on former Judge Jones's behalf in relation to any of the cases listed on Exhibit A-1, including any cases that former Judge Jones mediated in which Jackson Walker represented a party" ("*Jackson Walker's Fourteenth Topic*").**

---

[117] ECF No. 197 at 98.

[118] "Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process."

[119] "Whether the testimony or production of records is necessary to prevent the perpetration of fraud or injustice in the case or matter in question."

[120] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850 (a)(3).

Jackson Walker asserts that this topic falls outside the Judiciary Regulations but to the extent it falls under the Judiciary Regulations, Jackson Walker seeks this testimony to corroborate testimony of its own attorneys.[121] US Trustee adds that specifically, they are seeking information related to compensation paid outside of the meditation order agreement.[122] To the extent this topic falls under the Judiciary Regulations, Mr. Jones asserts that the thirteenth factor under § 850 of the Judiciary Regulations should prohibit this topic.[123] Based on the representations of counsel, the Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[124] will allow questions on Jackson Walker's Fourteenth Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[125]

## C.  THE UNITED STATES TRUSTEE'S CROSS-NOTICE OF DEPOSITION

Pursuant to *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a) the questions and request for production of documents contained in the United States Trustee's Cross-Notice of Deposition[126] will be considered in turn:

1. **The nature and timeline of former bankruptcy judge David R. Jones's romantic relationship, cohabitation, financial relationship, or joint home ownership with Elizabeth Freeman ("*US Trustee's First Topic*").**

---

[121] ECF No. 197 at 110.
[122] ECF No. 197 at 111.
[123] "Whether the request seeks testimony, records or documents available from other sources."
[124] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[125] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[126] ECF No. 164-1.

This topic is nearly identical to Jackson Walker's First Topic discussed *supra*, except for the fact that it also seeks to inquire into the financial relationship of Mr. Jones and Ms. Freeman.[127] The US Trustee asserts that this topic does not relate to Mr. Jones' official duties.[128] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[129] will allow questions on the US Trustee's First Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[130]

**2.   Freeman's presence at or involvement in any mediation conducted by Jones in any of the cases listed on Exhibit 6 to the United States Trustee's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses, attached hereto as Exhibit A-1 ("*US Trustee's Second Topic*").**

This topic is identical to Jackson Walker's Second Topic discussed *supra*.[131] Nevertheless, as the US Trustee discussed, the entire Miscellaneous Proceeding is about preventing the perpetration of fraud or injustice in the Affected Cases, and special consideration must be given in promoting transparency as appropriate.[132] However, as discussed further *infra*, this topic may only be asked within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

---

[127] ECF No. 164-1.
[128] July 16, 2024 – Courtroom Hearing.
[129] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[130] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[131] ECF No. 164-1.
[132] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850 (a)(3).

Accordingly, the Court as Determining Officer will allow questions on US Trustee's Second Topic within the parameters of a Court-supervised deposition pursuant to Fed. R. Civ. P. 28, subject to all applicable objections including privilege. Mr. Jones is entitled to raise objections pursuant to all other applicable rules in the manner contemplated in Fed. R. Civ. P. 30(c)(2).

3. **Jones's attendance at any social events relating to any mediation conducted by Jones in any of the cases listed on Exhibit 6 to the United States Trustee's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses, attached hereto as Exhibit A-1 ("US Trustee's Third Topic").**

This topic is also identical to Jackson Walker's Third Topic discussed *supra*.[133] US Trustee asserts that this topic seeks testimony regarding non-official information obtained in the mediation. The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[134] will allow questions on US Trustee's Third Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in Fed. R. Civ. P. 30(c)(2).[135]

4. **Any disparate treatment of Jackson Walker, LLP ("Jackson Walker") or Freeman, or any biased or prejudicial rulings or orders involving Jackson Walker or Freeman, in any of the cases listed on Exhibit A-1 by Jones as a result of his romantic relationship, cohabitation, financial relationship or joint home ownership with Freeman ("US Trustee's Fourth Topic").**

---

[133] ECF No. 164-1.
[134] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[135] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

This topic is nearly identical to Jackson Walker's Fourth Topic discussed *supra*, except for the fact that it also seeks to inquire into the financial relationship of Mr. Jones and Ms. Freeman.[136] To prevent injustice and definitively address the difficult issues at hand, the Court as determining officer will not allow Mr. Jones to use the Judiciary Regulations as a shield. However, as discussed further *infra*, this topic may only be asked within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

Accordingly, the Court as Determining Officer will allow questions on US Trustee's Fourth Topic within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, subject to all applicable objections including privilege. Mr. Jones is entitled to raise objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).

**5. Jones's understanding of the reasons for Jackson Walker's popularity as local counsel ("*US Trustee's Fifth Topic*").**

Once again, this topic is identical to Jackson Walker's Fifth Topic discussed *supra*. To the extent that this topic does fall under the Judiciary Regulations, Mr. Jones asserts that he has no objection to this topic.[137] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[138] will allow questions on the US Trustee's Fifth Topic. Mr. Jones is entitled to raise all applicable

---

[136] ECF No. 164-1.
[137] July 16, 2024 – Courtroom Hearing.
[138] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).

objections pursuant to all other applicable rules in the manner contemplated in Fed. R. Civ. P. 30(c)(2).[139]

6. **Jones's analysis and conclusion that the disclosure of his romantic relationship, cohabitation, financial relationship, or joint home ownership with Freeman was not necessary in matters in which he acted as either judge or mediator ("*US Trustee's Sixth Topic*").**

This topic is nearly identical to Jackson Walker's Sixth Topic discussed *supra*, except for the fact that it also seeks to inquire into the financial relationship of Mr. Jones and Ms. Freeman.[140] As examined *supra*, this is a unique case, and certain information that normally would be absolutely prohibited may be asked, as limited by the Court, and as limited by applicable privileges if properly raised. As discussed further *infra*, this information may only be asked within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

Accordingly, the Court as Determining Officer, will allow questions on US Trustee's Sixth Topic within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[141]

7. **Any disclosure by Jones of his romantic relationship, cohabitation, financial relationship, or joint home ownership with Freeman to any person at Jackson Walker ("*US Trustee's Seventh Topic*").**

This topic is nearly identical to Jackson Walker's Seventh Topic discussed *supra*, except for the fact that it also seeks to inquire into the financial relationship of Mr. Jones and Ms.

---

[139] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[140] ECF No. 164-1.
[142] ECF No. 164-1.

Freeman.[142] The US Trustee asserts that this topic does not relate to Mr. Jones' official duties.[143] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[144] will allow questions on the US Trustee's Seventh Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in Fed. R. Civ. P. 30(c)(2).[145]

8. **Any residences or other real property jointly purchased or owned by Jones and Freeman ("*US Trustee's Eighth Topic*").**

US Trustee's Eighth Topic is identical to Jackson Walker's Eighth Topic discussed *supra*.[146] The US Trustee asserts that this topic does not relate to Mr. Jones' official duties.[147] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[148] will allow questions on the US Trustee's Eighth Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[149]

---

[142] ECF No. 164-1.
[143] July 16, 2024 – Courtroom Hearing.
[144] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[145] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[146] ECF No. 164-1.
[147] July 16, 2024 – Courtroom Hearing.
[148] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[149] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

9. **Visits by any Jackson Walker attorneys to a residence or other real property owned by Jones or Freeman ("*US Trustee's Ninth Topic*").**

US Trustee's Ninth Topic is identical to Jackson Walker's Ninth Topic discussed *supra*.[150] The US Trustee asserts that this topic does not relate to Mr. Jones' official duties.[151] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[152] will allow questions on the US Trustee's Ninth Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[153]

10. **Any social events, whether private or public, that any Jackson Walker attorneys attended where Jones and Freeman were also present ("*US Trustee's Tenth Topic*").**

This topic is independent of any topics raised by Jackson Walker. The US Trustee asserts that this topic does not relate to Mr. Jones' official duties.[154] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[155] will allow questions on the US Trustee's Tenth Topic. Mr. Jones is entitled to raise all applicable

---

[150] ECF No. 164-1.
[151] July 16, 2024 – Courtroom Hearing.
[152] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[153] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[154] July 16, 2024 – Courtroom Hearing.
[155] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).

objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[156]

**11. The knowledge of any person at Jackson Walker (other than Freeman) of the romantic relationship, cohabitation, financial relationship, or joint home ownership between Jones and Freeman ("*US Trustee's Eleventh Topic*").**

US Trustee's Eleventh Topic is nearly identical to Jackson Walker's Tenth Topic discussed *supra*, except that it seeks information relating to any person at Jackson Walker, and not just attorneys that may have knowledge of the relationship between Mr. Jones and Ms. Freeman.[157] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[158] will allow questions on the US Trustee's Eleventh Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[159]

**12. The knowledge of other individuals in the Houston legal community of the romantic relationship, cohabitation, financial relationship, or joint home ownership between Jones and Freeman ("*US Trustee's Twelfth Topic*").**

US Trustee's Twelfth Topic is identical to Jackson Walker's Eleventh Topic discussed *supra*.[160] The US Trustee asserts that this topic does not relate to Mr. Jones' official duties.[161] To the extent that these topics do fall under the Judiciary Regulations, Mr. Jones asserts that he has no

---

[156] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[157] ECF No. 164-1.
[158] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[159] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[160] ECF No. 164-1.
[161] July 16, 2024 – Courtroom Hearing.

objection to this topic.[162] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[163] will allow questions on the US Trustee's Twelfth Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[164]

### 13. Jones's approvals of Jackson Walker's fee applications or retention applications in any of the cases listed on Exhibit A-1 ("*US Trustee's Thirteenth Topic*").

The US Trustee withdrew this request on the record.[165]

Accordingly, pursuant to § 840 of the Judiciary Regulations, Mr. Jones must not disclose any information regarding the exercise of his judicial or quasi-judicial responsibilities regarding his decisional or deliberative process[166] as it pertains to approvals of Jackson Walker' fee applications or retention applications in any of the Affected Cases.

### 14. Jones's involvement in the adversary proceeding captioned Michael Van Deelen v. David Dickson, et al., Case No. 20-03309, filed in the Bankruptcy Court for the Southern District of Texas (Houston Division), including the motion for recusal and related documents ("*UST's Fourteenth Topic*").

US Trustee's Fourteenth Topic is identical to Jackson Walker's Thirteenth Topic discussed *supra*.[167] As explained *supra* in examining Jackson Walker's Sixth Topic, there is a delicate line as envisioned by the Judiciary Regulations between permittable information that may be obtained from

---

[162] July 16, 2024 – Courtroom Hearing.
[163] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[164] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[165] July 16, 2024 – Courtroom Hearing.
[166] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[167] ECF No. 164-1.

former judges and information that is off limit. However, this line shifts when misconduct plagues the courts.[168] As this is a unique case, certain information that normally would be absolutely prohibited may be asked, as limited by the Court, and as limited by applicable privileges if properly raised. However, as discussed further *infra*, this topic may only be asked within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

Accordingly, the Court as Determining Officer will allow questions on US Trustee's Fourteenth Topic within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, subject to all applicable objections including privilege. Mr. Jones is entitled to raise objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).

**15. Any payments made by Jackson Walker or Freeman on Jones's behalf in relation to any of the cases listed on Exhibit A-1, including any cases that Jones mediated in which Jackson Walker represented a party ("*US Trustee's Fifteenth Topic*").**

US Trustee's Fifteenth Topic is identical to Jackson Walker's Fourteenth Topic discussed *supra*.[169] Based on the representations of counsel, the Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[170] will allow questions on US Trustee's Fifteenth Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[171]

i. **Documents to be produced**

---

[168] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850 (a)(3).
[169] ECF No. 164-1.
[170] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[171] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

1.  **All documents relating to any interests in any real property You held jointly with Freeman at any time ("*US Trustee's First Request*").**

The US Trustee asserts that this request does not relate to Mr. Jones' official duties.[172] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[173] will allow Mr. Jones to produce documents pursuant to the US Trustee's First Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[174]

2.  **All documents related to any expenses that You and Freeman either (a) shared or (b) paid on behalf of the other, in whole or in part, at any time prior to October 7, 2023, including tuition, credit card bills, tickets or entertainment expenses, taxes, loan payments, insurance premiums, household or improvements or any other household expenses ("*US Trustee's Second Request*")**

The US Trustee asserts that this request does not relate to Mr. Jones' official duties.[175] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[176] will allow Mr. Jones to produce documents pursuant to the US Trustee's Second Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[177]

3.  **All documents, including all trust agreements and asset transfer documents, relating to**

---

[172] July 16, 2024 – Courtroom Hearing.
[173] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[174] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[175] July 16, 2024 – Courtroom Hearing.
[176] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[177] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

**any trusts in existence at any time through October 7, 2023, for which You were the settlor and/or trustee and Freeman was a beneficiary in any capacity ("*US Trustee's Third Request*").**

The US Trustee asserts that this request does not relate to Mr. Jones' official duties.[178] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[179] will allow Mr. Jones to produce documents pursuant to the UST's Third Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[180]

**4. All life insurance policies for which You were the insured and for which Freeman was a beneficiary at any time through October 7, 2023 ("*US Trustee's Fourth Request*").**

The US Trustee asserts that this request does not relate to Mr. Jones' official duties.[181] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[182] will allow Mr. Jones to produce documents pursuant to the UST's Fourth Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[183]

**5. All documents related to any wills or testamentary trusts You had at any time through October 7, 2023, that named Freeman as an executor and/or a beneficiary in any capacity ("*US Trustee's Fifth Request*").**

---

[178] July 16, 2024 – Courtroom Hearing.
[179] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[180] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[181] July 16, 2024 – Courtroom Hearing.
[182] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[183] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

The US Trustee asserts that this request does not relate to Mr. Jones' official duties.[184] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[185] will allow Mr. Jones to produce documents pursuant to the UST's Fifth Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[186]

6. **All documents related to any financial investment account, including checking, savings, money market, certificates of deposit, exchange traded funds, mutual funds, IRAs, 401(k)s, brokerage accounts, real estate investment trusts, shares of stock, bonds, or cryptocurrencies, in which You had an interest at any time through October 7, 2023, that named Freeman as a joint owner, signatory or beneficiary ("*US Trustee's Sixth Request*").**

The US Trustee asserts that this request does not relate to Jones' official duties.[187] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[188] will allow Mr. Jones to produce documents pursuant to the UST's Sixth Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[189]

7. **All documents related to any vehicles, including automobiles, trucks, boats or other watercraft, sport utility vehicles, trailers, aircraft, motor homes, or motorcycles, in which You and Freeman had a joint interest in at any time through October 7, 2023 ("*US Trustee's Seventh Request*").**

---

[184] July 16, 2024 – Courtroom Hearing.
[185] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[186] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[187] July 16, 2024 – Courtroom Hearing.
[188] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[189] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

The US Trustee asserts that this request does not relate to Mr. Jones' official duties.[190] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[191] will allow Mr. Jones to produce documents pursuant to the US Trustee's Seventh Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[192]

8.  **All documents related to the transfer of any interest in real property from You to Freeman and from Freeman to You at any time through October 7, 2023 ("*US Trustee's Eighth Request*").**

The US Trustee asserts that this request does not relate to Mr. Jones' official duties.[193] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[194] will allow Mr. Jones to produce documents pursuant to the US Trustee's Eighth Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[195]

9.  **All documents related to the transfer of any personal property, including gifts, valued at $1,000 or more from You to Freeman or from Freeman to You at any time through October 7, 2023 ("*US Trustee's Ninth Request*").**

---

[190] July 16, 2024 – Courtroom Hearing.
[191] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[192] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[193] July 16, 2024 – Courtroom Hearing.
[194] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[195] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

The UST asserts that this request does not relate to Mr. Jones' official duties.[196] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[197] will allow Mr. Jones to produce documents pursuant to the US Trustee's Ninth Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[198]

**10. All documents related to any debts for which You and Freeman were co-obligors at any time through October 7, 2023 ("*US Trustee's Tenth Request*").**

The UST asserts that this request does not relate to Jones' official duties.[199] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[200] will allow Mr. Jones to produce documents pursuant to the US Trustee's Tenth Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[201]

**11. All documents related to any traveling You did in which Freeman attended in any way at any time through October 7, 2023 ("*US Trustee's Eleventh Request*").**

The US Trustee asserts that this request does not relate to Mr. Jones' official duties.[202] The Court agrees that this request does not fall under the Judiciary Regulations.

---

[196] July 16, 2024 – Courtroom Hearing.
[197] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[198] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[199] July 16, 2024 – Courtroom Hearing.
[200] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[201] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[202] July 16, 2024 – Courtroom Hearing.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[203] will allow Mr. Jones to produce documents pursuant to the US Trustee's Ninth Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[204]

**12. All documents related to any travel costs that You or Freeman paid in amounts greater than $500, directly or indirectly, for or on behalf of the other at any time through October 7, 2023, other than trips within the Texas counties of Austin, Brazoria, Chambers, Fort Bend, Galveston, Harris, Liberty, Montgomery, and Waller, including but not limited to the transfer of airline miles ("*US Trustee's Twelfth Request*").**

The UST asserts that this request does not relate to Mr. Jones' official duties.[205] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[206] will allow Mr. Jones to produce documents pursuant to the US Trustee's Twelfth Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[207]

**13. All documents related to Your designation of Freeman as Your emergency contact or where Freeman designated You as her and her dependents' emergency contact in effect at any time through October 7, 2023 ("*US Trustee's Thirteenth Request*").**

The US Trustee asserts that this request does not relate to Jones' official duties.[208] The Court generally agrees that this request does not fall under the Judiciary Regulations.

---

[203] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[204] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[205] July 16, 2024 – Courtroom Hearing.
[206] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[207] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[208] July 16, 2024 – Courtroom Hearing.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[209] will allow Mr. Jones to produce documents pursuant to the US Trustee's Thirteenth Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[210]

14. **All documents related to Your advanced directives, including living wills, durable powers of attorney, and medical or health care powers of attorney in which You named Freeman as your agent, in effect at any time through October 7, 2023 ("US Trustee's Fourteenth Request").**

The US Trustee asserts that this request does not relate to Mr. Jones' official duties.[211] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court as Determining Officer, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[212] will allow Mr. Jones to produce documents pursuant to the US Trustee's Fourteenth Request. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules.[213]

### D. The Plan Administrator's Notice of Intention to Participate[214]

Pursuant to *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a) the questions contained in the Plan Administrator's Notice of Intention To Participate[215] are as follows:

### i. General topics of inquiry

**Topic 1:**

---

[209] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[210] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[211] July 16, 2024 – Courtroom Hearing.
[212] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[213] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[214] ECF No. 168.
[215] ECF No. 168.

1. **Judge Jones' communications regarding the JC Penny bankruptcies. Potential Specific Areas of Inquiry:**

   a) **Any communications between Judge Jones and Ms. Freeman regarding the JCP bankruptcies at any time.**

   b) **Any communications between Judge Jones and any other person (other than Court staff) regarding the JCP bankruptcies outside of official courtroom proceedings.**

   c) **Any private communications between Judge Jones and any person (other than Court staff) during official courtroom proceedings in the JCP bankruptcy cases (collectively the "*Plan Administrator's First Topic*").**

The Plan Administrator seeks permission to ask Mr. Jones this line of questioning due to concerns regarding potential *ex-parte* communications that may have influenced decisions reached during the pendency of the JC Penny bankruptcies.[216] Mr. Jones submitted no objection to this topic; nevertheless, questions under this topic may have a propensity to implicate the Judiciary Regulations. This topic is narrowly tailored, and the Court finds that the third factor of § 850 supports disclosure of potentially improper *ex-parte* communications to the extent there may be any. However, as discussed further *infra*, this topic may only be asked within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

Accordingly, the Court as Determining Officer will allow questions on the Plan Administrator's First Topic within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, subject to all applicable objections including privilege. Mr. Jones is entitled to raise objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[217]

**Topic 2:**

2. **All cell phones used by Judge Jones from January 1, 2020 through June 1, 2023 (the "Applicable Period"). Potential Specific Areas of Inquiry:**

   a) **Phone numbers and cellular service provider(s).**

---

[216] ECF No. 197 at 114.

[217] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

b) **Status and location of phones.**

c) **Access to phones and content (collectively the "*Plan Administrator's Second Topic*").**

The Plan Administrator seeks permission to ask Mr. Jones this line of questioning similarly to determine which devices were used by Mr. Jones, and who, if anyone, may have had access to Mr. Jones' phone(s) and content therein.[218] To the extent this topic falls under the Judiciary Regulations, Mr. Jones has no objection to these topics.

The Court as Determining Officer finds that this topic is at least partially covered by the Judiciary Regulations, as Mr. Jones' knowledge of these topics are information that was acquired by him in the performance of his official duties.[219] Nevertheless, this topic is narrowly tailored, and the Court finds that the third factor of § 850 supports disclosure of potentially improper *ex-parte* communications to the extent there may be any. However, as discussed further *infra*, this topic may only be asked within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

Accordingly, under the unique facts of this case, the Court, within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28 and subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[220] will allow questions on the Plan Administrator's Second Topic. Mr. Jones is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[221]

**Topic 3:**

---

[218] July 16, 2024 – Courtroom Hearing.
[219] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 810.30.
[220] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[221] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

3. **Attorneys' ex parte communications with Judge Jones regarding cases. Potential Specific Areas of Inquiry:**

   a) **Any private communications during hearings or other official courtroom proceedings between Judge Jones and any person whose law firm represented a party in interest in the case that was the subject of the hearing.**

   b) **Contact information stored in phones for any individuals who appeared in cases before Judge Jones or who worked for law firms who appeared in cases before Judge Jones.**

   c) **Any texts exchanged with attorneys who appeared in front of Judge Jones during the pendency of any cases in which they appeared. (collectively the "*Plan Administrator's Third Topic*").**

The Plan Administrator seeks permission to ask Mr. Jones this line of questioning due to concerns regarding potentially improper *ex-parte* communications that may have influenced decisions of Mr. Jones. This topic is overly broad; however, the Plan Administrator agreed to limit this topic to only ask about "case-related texting" with non-court staff attorneys, and during the time period of January 1, 2020, through June 1, 2023.[222] Mr. Jones asserts that because this topic is so broad, the Plan Administrator may not have standing to request testimony regarding all cases, and that this request should be limited to the JC Penny bankruptcies.

The Court agrees that this topic is overly broad,[223] unduly burdensome,[224] and seemingly outside the authority of the party making it,[225] and therefore will not permit the scope of testimony to expand to these limits. As a remedy, the Court will allow the Plan Administrator to ask these questions as they relate to 20-20184, and all other associated cases of J.C. Penney. However, as discussed further *infra*, this topic may only be asked within the parameters of an appropriate Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

---

[222] ECF No. 197 at 120-126.
[223] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(2).
[224] *Id.* at § 850(a)(4).
[225] *Id.* at § 850(a)(6).

Accordingly, the Court as Determining Officer will allow questions on the Plan Administrator's Third Topic as limited *supra*, within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, subject to all applicable objections including privilege. Mr. Jones is entitled to raise objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[226]

### E.   JACKSON WALKER NOTICED DEPOSITION OF ALBERT ALONZO

Jackson Walker withdrew their Notice of Deposition for Mr. Alonzo on July 25, 2024.[227] Jackson Walker, and the Plan Administrator asked permission to ask questions along those topics noticed by the UST; this request was granted on the record during the July 29, 2024, hearing.[228] Accordingly, the Court will next consider the questions contained in the United States Trustee's Cross-Notice of Deposition.

### F.   UNITED STATES TRUSTEE'S CROSS-NOTICE OF DEPOSITION OF ALBERT ALONZO

Pursuant to *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a) the questions contained in The United States Trustee's Cross-Notice of Deposition for Mr. Alonzo may proceed with the following conditions, if any:

### A.  Topics for deposition

**1.   Mr. Alonzo's knowledge of former bankruptcy judge David R. Jones's ("Jones") romantic relationship, cohabitation, financial relationship, or joint home ownership with Elizabeth Freeman ("Freeman"), ("*US Trustee's First Alonzo Topic*").**

The US Trustee asserts that this topic does not relate to Mr. Alonzo's official duties.[229] To the extent that this topic does fall under the Judiciary Regulations, Mr. Alonzo asserts that it is not relevant to this proceeding as envisioned by the second factor of § 850 of the Judiciary

---

[226] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[227] ECF No. 196.
[228] ECF No. 212 at 6.
[229] July 16, 2024 – Courtroom Hearing.

regulations.[230] Nevertheless, the Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[231] will allow questions on the US Trustee's First Alonzo Topic. Mr. Alonzo is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[232]

2. **Mr. Alonzo's knowledge of Freeman's presence at or involvement in any mediation conducted by Jones in any of the cases listed on Exhibit 6 to the United States Trustee's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses, attached hereto as Exhibit A-1 ("*US Trustee's Second Alonzo Topic*").**

US Trustee acknowledges that this topic may impinge upon Court information and thus fall under the purview of the Judiciary Regulations.[233] US Trustee seeks testimony regarding what Mr. Alonzo may have observed with respect to Ms. Freeman, and if he had discussions with Ms. Freeman about mediations.[234] However, for the reasons discussed in Jackson Walkers Second Topic *supra*, the Court finds that this topic is not subject to the Judiciary Regulations as Mr. Alonzo was not a mediator or acting in such a role, unlike Mr. Jones.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial

---

[230] "Whether the testimony or production of records would assist the federal judiciary in the performance of official duties."

[231] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).

[232] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

[233] ECF No. 212 at 9.

[234] ECF No. 212 at 12.

responsibilities by federal judicial personnel in the decisional or deliberative process[235] will allow questions on the US Trustee's Second Alonzo Topic. Mr. Alonzo is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[236]

3. **Mr. Alonzo's knowledge of Jones's attendance at any social events relating to any mediation conducted by Jones in any of the cases listed on Exhibit 6 to the United States Trustee's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses, attached hereto as Exhibit A-1 ("*US Trustee's Third Alonzo Topic*").**

The US Trustee asserts that this topic does not relate to Mr. Alonzo's official duties.[237] To the extent that this topic does fall under the Judiciary Regulations, Mr. Alonzo has no objection under the regulations.[238] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[239] will allow questions on the US Trustee's Third Alonzo Topic. Mr. Alonzo is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[240]

4. **Mr. Alonzo's knowledge of any disparate treatment of Jackson Walker, LLP ("Jackson Walker") or Freeman, or any biased or prejudicial rulings or orders involving Jackson Walker or Freeman, in any of the cases listed on Exhibit A-1 by Jones as a result of his romantic relationship, cohabitation, financial relationship or joint home ownership with Freeman ("*US Trustee's Fourth Alonzo Topic*").**

---

[235] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[236] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[237] ECF No. 212 at 13.
[238] ECF No. 212 at 13.
[239] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[240] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

No party contests that this topic falls under the Judiciary Regulations. Mr. Alonzo asserts that this topic may be barred by the tenth factor enumerated in § 850 of the Judiciary Regulations.[241] US Trustee asserts however, that they are seeking Mr. Alonzo's knowledge on what he observed, if he was ordered to provide special treatment, and that the third factor in § 850 of the Judiciary Regulations expressly provides for shedding light in appropriate circumstances.[242] The Court agrees that this is an appropriate circumstance and will allow questions on this topic. However, as discussed further *infra*, US Trustee's Fourth Alonzo Topic may only be asked within the parameters of an appropriate Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

Accordingly, the Court will allow questions on US Trustee's Fourth Alonzo Topic within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, subject to all applicable objections including privilege. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[243]

5. **Mr. Alonzo's understanding of the reasons for Jackson Walker's popularity as local counsel("*US Trustee's Fifth Alonzo Topic*").**

The US Trustee asserts that this topic does not relate to Mr. Alonzo's official duties.[244] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[245] will allow questions on the US Trustee's Fifth Alonzo Topic. Mr. Alonzo is entitled to raise all applicable

---

[241] ECF No. 212 at 15-16.
[242] ECF No. 212 at 18.
[243] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[244] July 16, 2024 – Courtroom Hearing.
[245] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).

objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[246]

6. **Mr. Alonzo's knowledge of any Jackson Walker personnel's knowledge of the romantic relationship, cohabitation, financial relationship, or joint home ownership between Jones and Freeman ("*US Trustee's Sixth Alonzo Topic*").**

The US Trustee asserts that this topic does not relate to Mr. Alonzo's official duties.[247] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[248] will allow questions on the US Trustee's Sixth Alonzo Topic. Mr. Alonzo is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[249]

7. **Mr. Alonzo's knowledge of other individuals in the Houston legal community with knowledge of the romantic relationship, cohabitation, financial relationship, or joint home ownership between Jones and Freeman ("*US Trustee's Seventh Alonzo Topic*").**

The US Trustee asserts that this topic does not relate to Mr. Alonzo's official duties.[250] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[251] will allow

---

[246] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[247] July 16, 2024 – Courtroom Hearing.
[248] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[249] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[250] July 16, 2024 – Courtroom Hearing.
[251] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).

questions on the US Trustee's Seventh Alonzo Topic. Mr. Alonzo is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[252]

### 8. Mr. Alonzo's knowledge of any financial arrangements between former Judge Jones and Ms. Freeman, including estate plans as well as residences or other real property jointly purchased or owned by both ("*US Trustee's Eighth Alonzo Topic*").

The US Trustee asserts that this topic does not relate to Mr. Alonzo's official duties.[253] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[254] will allow questions on the US Trustee's Eighth Alonzo Topic. Mr. Alonzo is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[255]

### 9. Mr. Alonzo's knowledge of any visits by any Jackson Walker attorneys to a residence or other real property purchased or owned by Jones and Freeman ("*US Trustee's Ninth Alonzo Topic*").

The US Trustee asserts that this topic does not relate to Mr. Alonzo's official duties.[256] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial

---

[252] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[253] July 16, 2024 – Courtroom Hearing.
[254] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[255] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[256] July 16, 2024 – Courtroom Hearing.

responsibilities by federal judicial personnel in the decisional or deliberative process[257] will allow questions on the US Trustee's Ninth Alonzo Topic. Mr. Alonzo is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[258]

10. **Mr. Alonzo's knowledge of any Jackson Walker attorneys attending social or professional events that Jones or Freeman hosted, attended, or was an honoree ("*US Trustee's Tenth Alonzo Topic*").**

The US Trustee asserts that this topic does not relate to Mr. Alonzo's official duties.[259] The Court agrees that this topic does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[260] will allow questions on the US Trustee's Tenth Alonzo Topic. Mr. Alonzo is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[261]

11. **Former Judge Jones's approvals of Jackson Walker's fee applications or retention applications in any of the cases listed on Exhibit A-1 ("*US Trustee's Eleventh Alonzo Topic*").**

The US Trustee withdrew this request on the record.[262]

As such, pursuant to § 840 of the Judiciary Regulations, Mr. Alonzo must not disclose any information regarding the exercise of his judicial or quasi-judicial responsibilities regarding his

---

[257] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[258] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[259] July 16, 2024 – Courtroom Hearing.
[260] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[261] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").
[262] July 16, 2024 – Courtroom Hearing.

decisional or deliberative process[263] as it pertains to approvals of Jackson Walker' fee applications or retention applications in any of the Affected Cases.

**12. Mr. Alonzo's involvement in the adversary proceeding captioned Michael Van Deelen v. David Dickson, et al., Case No. 20-03309, filed in the Bankruptcy Court for the Southern District of Texas (Houston Division), including the motion for recusal and related documents ("*US Trustee's Twelfth Alonzo Topic*").**

US Trustee acknowledges that this topic may impinge upon Court information and thus fall under the purview of the Judiciary Regulations.[264] The Court, as Determining Officer, concludes that it does.[265] US Trustee requests this testimony to inquire into the sequence of events that transpired regarding the *Michael Van Deelen v. David Dickson, et al*, adversary proceeding, such as whether Mr. Alonzo was told not to file motions or evidence and what he observed in his role as case manager, but not how the judicial determination was made.[266] Mr. Alonzo asserts that the topic itself is broad, but the questions themselves may be permitted if circumstances of crime fraud exception apply.[267] The Court will permit inquiry into this topic; however, as discussed further *infra*, this topic may only be asked within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, to carefully address the permittable scope of questions under this topic.

Accordingly, the Court will allow questions on the US Trustee's Twelfth Alonzo Topic within the parameters of a Court-supervised deposition pursuant to FED. R. CIV. P. 28, subject to all applicable objections including privilege. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[268]

**13. Mr. Alonzo's knowledge of payments made by Jackson Walker or by Freeman on Jones's behalf in relation to any of the cases listed on Exhibit A-1, including any cases that Jones mediated in which Jackson Walker represented a party ("*US Trustee's Thirteenth Alonzo Topic*").**

---

[263] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[264] ECF No. 212 at 26.
[265] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 810.30.
[266] ECF No. 212 at 27.
[267] ECF No. 212 at 28.
[268] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

US Trustee acknowledges that this topic may impinge upon Court information and thus fall under the purview of the Judiciary Regulations.[269] However, based on the representations of counsel, the Court finds that this topic does not fall under the Judiciary Regulations as it is principally focused on potential payments made outside of official court business.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[270] will allow questions on the US Trustee's Thirteenth Alonzo Topic. Mr. Alonzo is entitled to raise all applicable objections pursuant to all other applicable rules in the manner contemplated in FED. R. CIV. P. 30(c)(2).[271]

## A. Documents to be produced

Pursuant to the Judiciary Regulations the documents to be produced contained in The United States Trustee's Cross-Notice of Deposition for Mr. Alonzo must proceed with the following conditions, if any:

1. **All documents and communications relating to financial benefits, financial accounts or assets, or financial advantages that Jones provided to Freeman or that Freeman provided to Jones ("*US Trustee's First Alonzo Request*").**

The US Trustee asserts that this request does not relate to Mr. Alonzo's official duties.[272] The Court agrees that this request does not fall under the Judiciary Regulations. As such, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial

---

[269] ECF No. 212 at 31.

[270] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).

[271] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

[272] July 16, 2024 – Courtroom Hearing.

personnel in the decisional or deliberative process[273] will allow Mr. Alonzo to produce documents pursuant to the US Trustee's First Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

**2.  All documents and communications relating to Jones's trusts, insurance policies, wills, financial accounts, or interests in real property in which Freeman holds or has held a beneficial interest("*US Trustee's Second Alonzo Request*").**

The UST asserts that this request does not relate to Mr. Alonzo's official duties.[274] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[275] will allow Mr. Alonzo to produce these documents pursuant to the US Trustee's Second Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

**3.  All documents and communications relating to Freeman's trusts, insurance policies, wills, financial accounts, or interests in real property in which Jones holds or has held a beneficial interest ("*US Trustee's Third Alonzo Request*").**

The US Trustee asserts that this request does not relate to Mr. Alonzo's official duties.[276] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[277] will allow Mr. Alonzo to produce documents pursuant to the US Trustee's Third Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

**4.  All documents and communications relating to ceremonies, receptions, professional**

---

[273] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[274] July 16, 2024 – Courtroom Hearing.
[275] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[276] July 16, 2024 – Courtroom Hearing.
[277] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).

conferences or meetings, parties, picnics, plays, concerts, sporting events, banquets, other social gatherings that Jones and Freeman attended together ("*US Trustee's Fourth Alonzo Request*").

The US Trustee asserts that this request does not relate to Mr. Alonzo's official duties.  The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process will allow Mr. Alonzo to produce documents pursuant to the US Trustee's Fourth Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

5. **A list of all social events, whether private or public, you attended where Jones, Freeman, and or Jackson Walker attorneys were also present, to include details relating to the nature of the event, time, place, and any fee paid to attend or participate ("*US Trustee's Fifth Alonzo Request*").**

The US Trustee asserts that this request does not relate to Mr. Alonzo's official duties.[278] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[279] will allow Mr. Alonzo to produce documents pursuant to the US Trustee's Fifth Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

6. **All documents and communications relating to out-of-town travel that Jones and Freeman did together, excluding travel for official court business ("*US Trustee's Sixth Alonzo Request*").**

The US Trustee asserts that this request does not relate to Mr. Alonzo's official duties.[280] The Court agrees that this request does not fall under the Judiciary Regulations.

---

[278] July 16, 2024 – Courtroom Hearing.
[279] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[280] July 16, 2024 – Courtroom Hearing.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[281] will allow Mr. Alonzo to produce documents pursuant to the US Trustee's Sixth Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

**7. All documents and communications relating to the cohabitation of Jones and Freeman ("*US Trustee's Seventh Alonzo Request*").**

The US Trustee asserts that this request does not relate to Mr. Alonzo's official duties.[282] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[283] will allow Mr. Alonzo to produce documents pursuant to the US Trustee's Seventh Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

**8. All documents and communications from Jones or Freeman requesting that You refrain from sharing information relating to their Relationship ("*US Trustee's Eighth Alonzo Request*").**

The US Trustee asserts that this request does not relate to Alonzo's official duties.[284] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[285] will allow

---

[281] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[282] July 16, 2024 – Courtroom Hearing.
[283] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[284] July 16, 2024 – Courtroom Hearing.
[285] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).

Mr. Alonzo to produce documents pursuant to the US Trustee's Eighth Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

**9. All documents and communications in your possession or control that evidence your knowledge of Jones' and Freeman's Relationship ("*US Trustee's Ninth Alonzo Request*").**

The US Trustee asserts that this request does not relate to Mr. Alonzo's official duties.[286] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[287] will allow Mr. Alonzo to produce documents pursuant to the US Trustee's Ninth Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

**10. All documents, communications, or photographs of any gifts given between Jones and Freeman.   ("*US Trustee's Tenth Alonzo Request*").**

The US Trustee asserts that this request does not relate to Mr. Alonzo's official duties.[288] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[289] will allow Mr. Alonzo to produce documents pursuant to the US Trustee's Tenth Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

**11. All documents related to the transfer of any interest in real or personal property from you to Freeman and from Freeman to you at any time through October 7, 2023 ("*US Trustee's Eleventh Alonzo Request*").**

---

[286] July 16, 2024 – Courtroom Hearing.
[287] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[288] July 16, 2024 – Courtroom Hearing.
[289] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).

The US Trustee asserts that this request does not relate to Mr. Alonzo's official duties.[290] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[291] will allow Mr. Alonzo to produce documents pursuant to the US Trustee's Eleventh Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

12. **All documents and communications regarding any exchange or promise of actual, future, or contingent financial interest in assets held by Jones or Freeman to you, to include wills, loans, or any other consideration ("*US Trustee's Twelfth Alonzo Request*").**

The US Trustee asserts that this request does not relate to Mr. Alonzo's official duties.[292] The Court agrees that this request does not fall under the Judiciary Regulations.

Accordingly, the Court, subject to and other than soliciting testimony or the production of records that would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process[293] will allow Mr. Alonzo to produce documents pursuant to the US Trustee's Twelfth Alonzo Request. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

13. **All documents and communications relating to Jones's possible recusal, disqualification, or conflicts in any case, whether issued by Jones, you, or a third party including the Van Deelen Litigation ("*US Trustee's Thirteenth Alonzo Request*").**

The US Trustee acknowledges that this topic may impinge upon Court information and thus fall under the purview of the Judiciary Regulations.[294] The Court finds that this topic does fall under

---

[290] July 16, 2024 – Courtroom Hearing.
[291] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[292] July 16, 2024 – Courtroom Hearing.
[293] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a)(10).
[294] ECF No. 212 at 31.

the Judiciary Regulations.[295] Mr. Alonzo, while acknowledging that factors ten and fifteen of § 850 of the Judiciary Regulations may suggest denying this request, asserts that no such documents exist and therefore he has no objection.[296] US Trustee cites the third factor of § 850 of the Judiciary Regulations in support of this request, asserting that this request is crucial for transparency as appropriate here under the "umbrella of circumstances."[297] Specifically, US Trustee acknowledges that this topic is broad in an attempt to demonstrate how these issues were brought before Mr. Jones, but not his thoughts regarding his decisions.[298] Nevertheless, the Court finds that the US Trustee's Thirteenth Alonzo Request is impermissibly broad.

Accordingly, and pursuant to § 850 of the Judiciary Regulations, imposes the following conditions for this request, to wit: (1) this request will be limited to the Affected Cases; (2) Mr. Alonzo must file these documents, or a certification that they are not in Mr. Alonzo's possession, under seal utilizing the CM/ECF event code "Bankruptcy Events – Miscellaneous – Sealed Document" for a final determination of whether this request will be permitted under the Judiciary Regulations; (3) Notwithstanding Bankruptcy Local Rule 9037-1(f), Mr. Alonzo must not serve any sealed documents on the United States Trustee or any party-in-interest pending a determination by this Court under the Judiciary Regulations. Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

**14. All documents and communications relating to the Bankruptcy Court's process for removing Jones from any bankruptcy case in which Jones or a third party sought recusal, Jones was disqualified, or in which conflicts arose ("*US Trustee's Fourteenth Alonzo Request*").**

The US Trustee acknowledges that this topic may impinge upon Court information and thus fall under the purview of the Judiciary Regulations.[299] The Court finds that this topic does fall under

---

[295] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 810.30.
[296] ECF No. 212 at 42.
[297] ECF No. 212 at 43-46.
[298] ECF No. 212 at 47-49.
[299] ECF No. 212 at 49-50.

the Judiciary Regulations.[300] Mr. Alonzo, while acknowledging that factors ten and fifteen of § 850 of the Judiciary Regulations may suggest denying this request, asserts that no such documents exist and therefore he has no objection.[301] US Trustee specifically makes this request to inquire into the process that the Bankruptcy Court itself uses to recuse a judge or to process requests for disqualifications or conflicts.[302] Accordingly, this request is limited to the administrative aspect of how such matters are handled internally as it pertained to the cases contained within the Miscellaneous Proceeding.  Nevertheless, the Court finds that the US Trustee's Fourteenth Alonzo Request is impermissibly broad.

Accordingly, and pursuant to § 850 of the Judiciary Regulations, imposes the following conditions for this request, to wit: (1) this request will be limited to the Affected Cases; (2) Mr. Alonzo must file these documents, or a certification that they are not in Mr. Alonzo's possession, under seal utilizing the CM/ECF event code "Bankruptcy Events – Miscellaneous – Sealed Document" for a final determination of whether this request will be permitted under the Judiciary Regulations; (3) Notwithstanding Bankruptcy Local Rule 9037-1(f), Mr. Alonzo must not serve any sealed documents on the United States Trustee or any party-in-interest pending a determination by this Court under the Judiciary Regulations.

Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

**15. All documents and communications from Court personnel relating to potential or actual conflicts of interest held by Jones in bankruptcy cases assigned to him as either the presiding judge or mediator ("*US Trustee's Fifteenth Alonzo Request*").**

The US Trustee acknowledges that this topic may impinge upon Court information and thus fall under the purview of the Judiciary Regulations.[303] The Court finds that this topic does fall under

---

[300] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 810.30.
[301] ECF No. 212 at 50.
[302] ECF No. 212 at 51-52.
[303] ECF No. 212 at 52-53.

the Judiciary Regulations.[304] Mr. Alonzo, while acknowledging that factors ten and fifteen of § 850 of the Judiciary Regulations may suggest denying this request, asserts that no such documents exist and therefore he has no objection.[305] Nevertheless, the Court finds that the US Trustee's Fifteenth Alonzo Request is impermissibly broad.

Accordingly, and pursuant to § 850 of the Judiciary Regulations, imposes the following conditions for the US Trustee's Fifteenth Alonzo Request, to wit: (1) this request will be limited to the Affected Cases; (2) Mr. Alonzo must file these documents, or a certification that they are not in Mr. Alonzo's possession, under seal utilizing the CM/ECF event code "Bankruptcy Events – Miscellaneous – Sealed Document" for a final determination of whether this request will be permitted under the Judiciary Regulations; (3) Notwithstanding Bankruptcy Local Rule 9037-1(f), Mr. Alonzo must not serve any sealed documents on the United States Trustee or any party-in-interest pending a determination by this Court under the Judiciary Regulations.

Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

**16. All documents and communications between Jones and Court personnel relating to the procedure for assignment of cases to Jones for cases involving Freeman or Jackson Walker ("*US Trustee's Sixteenth Alonzo Request*").**

The US Trustee acknowledges that this topic may impinge upon Court information and thus fall under the purview of the Judiciary Regulations.[306] The Court finds that this topic does fall under the Judiciary Regulations.[307] Mr. Alonzo, while acknowledging that factors ten and fifteen of § 850 of the Judiciary Regulations may suggest denying this request, asserts that no such documents exist and therefore he has no objection.[308] Nevertheless, the Court finds that the US Trustee's Seventeenth Alonzo Request is impermissibly broad.

---

[304] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 810.30.
[305] ECF No. 212 at 53.
[306] ECF No. 212 at 53-54.
[307] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 810.30.
[308] ECF No. 212 at 54.

Accordingly, and pursuant to § 850 of the Judiciary Regulations, imposes the following conditions for this request, to wit: (1) this request will be limited to the Affected Cases; (2) Mr. Alonzo must file these documents, or a certification that they are not in Mr. Alonzo's possession, under seal utilizing the CM/ECF event code "Bankruptcy Events – Miscellaneous – Sealed Document" for a final determination of whether this request will be permitted under the Judiciary Regulations; (3) Notwithstanding Bankruptcy Local Rule 9037-1(f), Mr. Alonzo must not serve any sealed documents on the United States Trustee or any party-in-interest pending a determination by this Court under the Judiciary Regulations.

Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

### 17. All documents and communications relating to any inquiry or investigation into Jones or Freeman by the bankruptcy or district courts ("*US Trustee's Seventeenth Alonzo Request*").

The US Trustee acknowledges that this topic may impinge upon Court information and thus fall under the purview of the Judiciary Regulations.[309] The Court finds that this topic does fall under the Judiciary Regulations.[310] Mr. Alonzo objects to this request asserting that the information sought may contain privileged attorney/client communication.[311] Nevertheless, the Court is acting as the Determining Officer and does not have jurisdiction to address the potential privilege issue at this stage of the proceeding.[312] Solely before the Court is whether, pursuant to the Judiciary Regulations, the request may even be made to Mr. Alonzo. Nevertheless, the Court finds that the US Trustee's Seventeenth Alonzo Request is impermissibly broad.

Accordingly, and pursuant to § 850 of the Judiciary Regulations, imposes the following conditions for this request, to wit: (1) this request will be limited to the Affected Cases; (2) Mr.

---

[309] ECF No. 212 at 54.
[310] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 810.30.
[311] ECF No. 212 at 54-55.
[312] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 820(c) ("Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.").

Alonzo must file these documents, or a certification that they are not in Mr. Alonzo's possession, under seal utilizing the CM/ECF event code "Bankruptcy Events – Miscellaneous – Sealed Document" for a final determination of whether this request will be permitted under the Judiciary Regulations; (3) Notwithstanding Bankruptcy Local Rule 9037-1(f), Mr. Alonzo must not serve any sealed documents on the United States Trustee or any party-in-interest pending a determination by this Court under the Judiciary Regulations.

Mr. Alonzo is entitled to raise objections pursuant to all other applicable rules.

## G.   COURT SUPERVISED DEPOSITIONS PURSUANT TO § 850 OF THE JUDICIARY REGULATIONS

Pursuant to § 850 of the Judiciary Regulations, the Court may impose conditions upon the requested testimony and production of records that fall under the regulations.[313] While the Court agrees that some of the topics may be appropriate, there may be limitations that must be imposed on specific questions as they are asked to protect privileges. While Mr. Jones and Mr. Alonzo are represented by counsel that may or may not assert these privileges, especially in light of this Court's August 16, 2024, Memorandum Opinion and accompanying Order[314] and while these conditions are only made applicable to the topics that fall under the Judiciary Regulations as examined *supra*, the Court finds that the totality of these two depositions should be court supervised to promote expediency and efficiency. Furthermore, as a condition pursuant to § 850 of the Judiciary Regulations, the Court as Determining Officer may further scrutinize specific questions under these topics at any deposition.

While the Court has made determinations that several topics of both Jackson Walker and the US Trustee do not fall under the Judiciary Regulations, some questions asked under such topics

---

[313] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8, § 850(a) ("the determining officer may determine… whether federal judicial records may be produced, and what, if any conditions will be imposed upon such interview, contact, testimony, or production of records.").

[314] ECF Nos. 266-267.

could foreseeably implicate the Judiciary Regulations. Should this occur, the Court as Determining Officer can immediately provide a determination under § 850 to expedite the depositions as they are proceeding. Independent of this duty as Determining Officer, the Court as presiding judge will address objections as they are raised to minimize unnecessary delay.

Furthermore, control of discovery is committed to the sound discretion of the trial court,[315] and it is clear to this Court that the parties would benefit from on-hand Court supervision of their depositions.[316] Mr. Jones and Mr. Alonzo have already asserted that objections regarding privilege, relevance, and fear of harassment will be raised based on merely the topics proposed by the parties.[317] These considerations and the sensitive nature of both this proceeding and the information sought warrant court supervision here. As such, pursuant to FED. R. CIV. P. 28(a)(1)(A), the Court will supervise both Mr. Jones and Mr. Alonzo's depositions. A status conference and subsequent order will address when these depositions will be held.

## IV.    CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED August 24, 2024

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[315] *Mayo v. Tri-Bell Industries, Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985); *Perel v. Vanderford*, 547 F.2d 278, 280 (5th Cir. 1977).
[316] *See e.g.*, *Condit v. Dunne*, 225 F.R.D. 100, 112 (S.D.N.Y. 2004).
[317] *See generally* ECF No. 197; 212.