**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 23-645** |
| **Professional Fee Matters Concerning the Jackson Walker Law Firm** | § | |
| | § | |
| | § | |

**UNITED STATES TRUSTEE'S RESPONSE TO JACKSON WALKER LLP'S EXPEDITED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES FROM THE U.S. TRUSTEE**

[Relates to ECF No. 280]

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas ("U.S. Trustee"), responds to Jackson Walker LLP's ("Jackson Walker") *Expedited Motion to Compel Production of Documents and Responses to Interrogatories from the U.S. Trustee* [ECF No. 280] (the "Motion") and respectfully requests that the Court deny the motion.

**SUMMARY**

Jackson Walker asks the Court to order discovery falling into three categories:

I. Discovery about matters that are both irrelevant and for which any defenses have been waived (Interrogatory Nos. 3 and 5, and Document Request Nos. 9, 12, and 23).

II. An interrogatory and four document requests for which, despite the objectionable nature of the discovery requests, the U.S. Trustee answered, and no further relief is appropriate (Interrogatory No. 11, and Document Request Nos. 6, 9, 20, and 23); and

III. One document request so broad that it encompasses perhaps hundreds of generalized complaints about perceived corruption and bias in the Southern District Texas Bankruptcy Court, but which have no evidentiary value (Document Request No. 12).

Because none of these "complaints" warrants relief, the Court should deny the Motion.[1]

First, the relationship between former Bankruptcy Judge David R. Jones ("Judge Jones") and Elizabeth C. Freeman ("Freeman") rendered it improper for Judge Jones to preside over matters in the Affected Cases and participate in mediations. And ***Jackson Walker failed*** to disclose these connections. In addition to justifying the imposition of a range of non-monetary relief, Jackson Walker's misconduct calls for the Court to vacate the orders approving Jackson Walker's fees in the Affected Cases, to vacate orders approving its employment in cases over which Judge Jones presided, and to order Jackson Walker to return the fees it received in those cases.

In defense of the relief sought by the U.S. Trustee, Jackson Walker asserted, among other things, that the relationship between Judge Jones and its former partner was a secret (at times, even to it) and that it always acted reasonably.[2] To the extent Jackson Walker is now arguing that the U.S. Trustee is time-barred from seeking relief based on any knowledge of the U.S. Trustee of this secret relationship, Jackson Walker has waived that argument.[3]

---

[1] The interrogatories are attached as **Exhibit 1**, and the requests for production are attached as **Exhibit 2**.

[2] The Motion indicates that Jackson Walker defined "Relationship" in the Interrogatories as "any personal relationship between Freeman and Judge Jones including intimate, financial, fiduciary, cohabitating, romantic, or sexual." Mot. at fn. 1. However, the Interrogatories do not define the term "Relationship." The Interrogatories do define the "Freeman Jones Relationship" which "means that aspect or those aspects of the relationship between Freeman and Judge Jones that the U.S. Trustee contends mandated disclosure by JW under any applicable Federal rule or statute, Bankruptcy rule or statute, disciplinary rule, or otherwise." **Exhibit 1** at 4, ¶7.

[3] Timeliness is an affirmative defense to the Rule 60(b) Motions, *United States v. McRae*, 793 F.3d 392, 401 (4th Cir. 2015); *Willis v. Jones*, 329 F. App'x 7, 14–15 (6th Cir. 2009). Courts have similarly held that when statutes have no fixed time limit to seek relief, laches is "'an affirmative defense[.]" *In re Ryan*, 88 F.4th 614, 628 (5th Cir. 2023) (quoting *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678 (2014)).

The information sought in Interrogatories 5 and 9 and Document Request 9, 12, and 23 is irrelevant to the claims and defenses in the pending litigation. Jackson Walker was affirmatively obligated, on a continuing basis, to disclose its connections to the court when it sought employment as an estate professional. *I.G. Petroleum, L.L.C. v. Fenasci (In re W. Delta Oil Co.*), 432 F.3d 347, 355 (5th Cir. 2005). Neither courts nor parties in interest, including the U.S. Trustee, were tasked with uncovering these undisclosed connections. *Jensen v. U.S. Tr. (In re Smitty's Truck Stop, Inc.)*, 210 B.R. 844, 850 (B.A.P. 10th Cir. 1997); *In re Chris Pettit & Assocs., P.C.*, No. 22-50591, 2022 WL 17722853, *10 (Bankr. W.D. Tex. Dec. 13, 2022). Jackson Walker's insistence otherwise demonstrates a misunderstanding of its disclosure obligations. Nevertheless, Jackson Walker seeks discovery in furtherance of this misunderstanding. The Court should not give credence to Jackson Walker's unfounded attempt to obviate its disclosure requirements by placing its burden on another party—the U.S. Trustee. Such discovery is not relevant and should be denied.[4]

---

Timeliness is waivable. *United States v. Williams*, 56 F.th 366, 371 n.4 (4th Cir. 2023); *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 860 (5th Cir. 2000) ("Generally, a party's failure to raise an affirmative defense in its first responsive pleading results in waiver."). Jackson Walker waived a timeliness defense by failing to raise it in its responses to the Rule 60(b) Motions. *See, e.g.*, *In re Neiman Marcus Grp. LTD* LLC, Case No. 20-32519, ECF Nos. 3184, 3234, 3239 (S.D. Tex. May 7, 2020). *See, e.g., Alexander,* 234 F.3d at 860.

[4] Indeed, the Court should independently address Jackson Walker's misconduct. *Cf. United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) (holding bankruptcy court must independently oversee the legality of a chapter 13 plan—even absent objection); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833 (3d Cir. 1994) (requiring bankruptcy court to independently oversee chapter 11 professionals). And, of course, attorney discipline may be addressed even once a case is over. *See, e.g.*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (explaining that district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)).

Second, as to Interrogatory No. 11, and Requests for Production No. 6, 9, 20, and 23, the meet and confer process seemed to have worked as intended. The U.S. Trustee made numerous objections to, among other things, the breadth of those questions. Jackson Walker provided some clarifications, and the U.S. Trustee responded. That Jackson Walker may have follow-up questions is no basis for a motion to compel. Jackson Walker can ask those questions in a follow-up interrogatory. The Court should deny the requested relief on these requests.

Third, Request for Production No. 12 is so broad that it may encompass generalized complaints about cases in the Southern District of Texas. While these complaints may reference the Jones Freeman Relationship, they do not offer evidence. These documents are irrelevant and providing them to Jackson Walker might infringe on privacy concerns. Therefore, the U.S. Trustee asked Jackson Walker to explain why those documents would be relevant.[5] Instead of responding, Jackson Walker improperly filed this Motion, which should be denied. The U.S. Trustee addresses each disputed Interrogatory and Document Request in turn below.

## ARGUMENT

### A. Interrogatories

**Interrogatory No. 3**

1. Jackson Walker's Interrogatory 3, copied below, seeks information irrelevant to any claim or defense in this matter.

[5] Following the filing of the Motion, the U.S. Trustee requested an opportunity to further meet and confer with Jackson Walker regarding these discovery disputes. A meeting was conducted on the morning of August 26, 2024. Unfortunately, no resolution was achieved.

> **INTERROGATORY NO. 3:** Please identify each current or former employee or agent of United States Trustee's Office who, prior to October 2023, was aware of, had knowledge of, or otherwise heard rumors of the Freeman Jones Relationship (including any rumors relating to joint ownership of real property, cohabitation, a romantic or intimate relationship, a current or prior dating relationship, or any other factor that You contend is a fact supporting a duty to disclose the existence of the relationship by former Judge Jones, Freeman or any other lawyer) and identify when each such person became aware had actual or constructive knowledge, or otherwise heard such rumors.

2. This interrogatory is propounded in furtherance of Jackson Walker's efforts to obfuscate the matters before the Court. The relevant facts here are those facts that rendered it improper for Judge Jones to preside over matters in the Affected Cases, participate in mediations, and Jackson Walker's knowledge and failure to disclose. As a starting point, disqualification under 28 U.S.C. § 455(a) "should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980). This is an objective standard—what matters are the facts and not whether, by way of example and not in limitation, rumors existed. *Id.* Jackson Walker cannot seriously dispute that Judge Jones had an obligation to recuse in the Affected Cases.

3. Jackson Walker, and only Jackson Walker, had an affirmative, continuing obligation to disclose facts bearing on its connections in the Affected Cases. Neither the Court nor the U.S. Trustee had a duty to investigate the truth of the disclosures made by Jackson Walker in connection with its employment and fee applications; rather, Jackson Walker had a continuing duty to make candid and complete disclosures. *See, e.g.*, 11 U.S.C. § 327; Fed. R. Bankr. P. 2014; *W. Delta Oil Co.*, 432 F.3d at 355. "[C]ase law has uniformly held that under Rule 2014(a), (1) full disclosure is a continuing responsibility, and (2) an *attorney* is under a duty to promptly notify the court if any potential for conflict arises." *W. Delta Oil Co.*, 432 F.3d at 355 (quoting *In re Metro. Env't, Inc.* 293 B.R. 871, 887 (Bankr. N.D. Ohio 2003)) (emphasis added). "Though [Fed. R. Bankr. P. 2014] allows the fox to guard the proverbial hen house, *counsel* who fail to disclose

timely and completely their connections proceed at their own risk because failure to disclose is sufficient grounds to revoke an employment order and deny compensation." *Id.* (*quoting Kravit, Gass & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831, 836 (7th Cir. 1998) (emphasis added) and citing approvingly *Rome v. Braunstein*, 19 F.3d 54, 59–60 (1st Cir. 1994)).

4. Thus, this interrogatory does not seek information relevant to the relief sought by the U.S. Trustee. And, as indicated above, this interrogatory does not seek information relevant to a defense which Jackson Walker raised. Rather, it, in part, relates to a defense Jackson Walker failed to raise and has waived.

5. Further, this interrogatory seeks irrelevant information and is facially overbroad and disproportionate to the needs of this case because it seeks information related to "rumors" bearing on "aspects of the relationship between Freeman and Judge Jones that the U.S. Trustee contends mandated disclosure by JW under any applicable Federal rule or statute, Bankruptcy rule or statute, disciplinary rule, *or otherwise*[,]" **Exhibit 1** at 4, ¶7 (emphasis added).[6] Jackson Walker did not assert as a defense in its responses to the Rule 60(b) Motions that the U.S. Trustee had any duty to take any action based on rumors, speculation, or inuendo concerning a sitting federal judge.

6. Yet Jackson Walker avers that "Whether employees at the U.S. Trustee's office, or the U.S. Trustee himself, were aware of (or even heard rumors of) a romantic relationship between Ms. Freeman and former Judge Jones, yet chose not to investigate or take any action, is plainly relevant both to the extraordinariness of the circumstances and to the alleged manifest unjustness of the judgment." Mot. at 8. Jackson Walker had an affirmative duty to investigate and to disclose what it knew, what its partners and lawyers knew, and what its investigation revealed. It cannot

[6] While Jackson Walker agreed to remove the term "constructive knowledge" from the interrogatory, it insisted on seeking information regarding "rumors."

relieve itself of that duty simply by implying that a third party might have heard rumors. And any other party's knowledge would not make the application and fee orders entered in these cases any less "manifestly unjust."

7. Jackson Walker further points to the U.S. Trustee's arguments at the July 16 and 29, 2024, hearings before this Court, that what individuals in the Houston legal community **knew** about the Freeman Jones Relationship was highly relevant. Mot. at 8 (emphasis added). Indeed, the U.S. Trustee's discovery into Jackson Walker witnesses and third-party witnesses is targeted at individuals who the U.S. Trustee has a reasonable belief were in a position to have ***knowledge*** of the relationship by virtue of professional or personal relationships with Judge Jones and Freeman. Such discovery of actual knowledge could be used as evidence in support of the U.S. Trustee's Rule 60(b) Motions, or to impugn Jackson Walker's lack of disclosure.

8. The U.S. Trustee has not brought this action based upon rumors and is not seeking to uncover rumors.[7] Rather, the U.S. Trustee seeks to uncover ***facts*** from individuals with actual knowledge of the relationship. For example, the U.S. Trustee deposed Judge Jones's and Freeman's ex-spouses, because these individuals have actual knowledge of the relationship. Similarly, the U.S. Trustee requested depositions of other third parties who were engaged in

---

[7] This Court has made clear that "rumors" are an insufficient basis to justify discovery that implicate the Judiciary Policy. *See, e.g.*, ECF No. 246 (quashing subpoenas issued by Old Copper Company, Inc., which subpoenas sought certain phone records based on rumors that Judge Jones received text messages during hearings.

Further, the news media has reported the existence of rumors of the relationship in the Houston legal community. *See e.g., This Judge Made Houston the Top Bankruptcy Court. Then He Helped His Girlfriend Cash In*, THE WALL STREET JOURNAL, June 19, 2024 (*available at* https://www.wsj.com/finance/bankruptcy-court-houston-jones-freeman-dbba77e9 (last visited Aug. 26, 2024; full text behind paywall)) ("Certain lawyers at Kirkland had already heard talk that Jones and Freeman were lovers, and some spoke about it with other lawyers, according to people familiar with the conversations.").

pending bankruptcy cases with Freeman, and who socialized with Freeman and Judge Jones based upon evidence obtained by the U.S. Trustee. Jackson Walker asserts no such evidentiary basis for seeking discovery of the U.S. Trustee.

9. Additionally, this interrogatory is facially overbroad and disproportionate to the needs of the case because of the time period specified. Pursuant to the interrogatory "INSTRUCTIONS" and "DEFINITIONS," "[u]nless otherwise indicated, the period of time covered by these Requests is [January 1, 2018, through present]." This interrogatory seeks information obtained "prior to October 7, 2023." Thus, this interrogatory seeks information for an unreasonable period of time. This interrogatory would require the U.S. Trustee to canvas his current and former employees for, presumably, "rumors" bearing on "aspects of the relationship between Freeman and Judge Jones that the U.S. Trustee contends mandated disclosure by JW under any applicable Federal rule or statute, Bankruptcy rule or statute, disciplinary rule, or otherwise" spanning an unknown period of time.

10. For the foregoing reasons, the U.S. Trustee should not be compelled to respond to Interrogatory No. 3.

**Interrogatory No. 5**

11. Like Interrogatory No. 3, Interrogatory No. 5, copied below, seeks irrelevant information. In the Motion, Jackson Walker specifically ties Interrogatory No. 5 to Interrogatory No. 3. Mot. at ¶ 16.

**INTERROGATORY NO. 5:** Please identify each person within the United States Trustee's Office who had knowledge or was otherwise aware of Mr. Van Deelen's recusal request, including the allegations relating to the Freeman Jones Relationship and identify when each such person had knowledge or was otherwise aware.

12. A brief history of Mr. Van Deelen's recusal request is necessary.[8] After confirmation of the plan in the McDermott Bankruptcy, certain litigation not involving the U.S. Trustee was removed to this Court. On July 31, 2020, in the Van Deelen Adversary, Mr. Van Deelen filed a recusal motion alleging bias against him. The docket of the Van Deelen Adversary reflects that the U.S. Trustee was not a party to and did not appear in the matter.

13. Later, on March 8, 2021, Jackson Walker filed an emergency motion to seal. Van Deelen Adversary ECF No. 36. A copy is attached as **Exhibit 3**. The motion to seal alleged only that Mr. Van Deelen sent Jackson Walker "increasingly antagonistic" communications and—though at that time Freeman had at a minimum, admitted a prior intimate relationship with Judge Jones—asserted that such "antagonistic communications" contained "defamatory statements." *Id.* at ¶¶ 5–6. The certificate of service for the emergency motion to seal reflects that Jackson Walker did not serve the motion on the U.S. Trustee. Subsequently, Mr. Van Deelen's supplement to his recusal motion was docketed under seal, Van Deelen Adversary ECF No. 37.

14. The Court held a hearing on Mr. Van Deelen's recusal request and denied the request on March 10, 2021. Van Deelen Adversary ECF No. 42. After that, the Court entered an order, Van Deelen Adversary ECF No.78, providing:

> 2. Except upon further order of the Court after notice to the Defendants, the Van Deelen Communications shall remain under seal, and shall not be made available to anyone without order of the Court including in response to any Freedom of Information Act requests.

---

[8] The Court may take judicial notice of the dockets for *In re McDermott Int'l, Inc.*, Case No. 20-30336 (Bankr. S.D. Tex. Jan. 21, 2020) ("McDermott Bankruptcy") and *Van Deelen v. Dickson*, Case No. 20-03309 (Bankr. S.D. Tex. July 17, 2020) ("Van Deelen Adversary").

15. Interrogatory No. 5 asks the U.S. Trustee to identify each person in the "United States Trustee's Office" who "had knowledge *or was otherwise aware*"[9] of the "recusal request." What "otherwise aware" means or might mean can only be guessed. And though Jackson Walker did not define "recusal request," it makes clear that an essential element of the request was "the allegation[] relating to the Freeman Jones Relationship."

16. In addition to the irrelevancy of the information sought by Interrogatory No. 5, which again goes to a defense Jackson Walker waived, the interrogatory is vague. The U.S. Trustee has already responded that the U.S. Trustee's Office did not receive Mr. Van Deelen's supplement to his recusal motion, Van Deelen Adversary ECF No. 37, and, accordingly, did not see it.

17. Even if the U.S. Trustee had seen Mr. Van Deelen's supplement to his recusal motion (which contained statements Jackson Walker alleged were defamatory), the presiding judge conducted a hearing and denied the motion. And even if the U.S. Trustee had seen Mr. Van Deelen's supplement to his recusal motion, there was no basis for taking any action. The Court held a hearing, denied the motion, and entered an order sealing the matter.

18. Accordingly, this vague interrogatory seeks irrelevant information, and the U.S. Trustee should not be compelled to respond to it further.

**Interrogatory No. 11**

19. Jackson Walker's Interrogatory 11 states as follows:

> **INTERROGATORY NO. 11:** Please identify each person not identified in response to any other Interrogatory who has provided information to the Trustee concerning the Freeman Jones Relationship.

[9] Emphasis added.

20. The U.S. Trustee answered Jackson Walker's clarified Interrogatory 11, which states:

> **Meet & Confer:** We explained that we need the names of those who have information bearing on the issues in this case. You indicated you would consider withdrawing your objection and answering this interrogatory without objection.

Mot. at 10.

21. Jackson Walker complains that the U.S. Trustee has only added three names to its initial list of over twenty names identified in his June 24, 2024, Interrogatory response. Jackson Walker unreasonably refuses to accept that while the U.S. Trustee has received numerous generalized complaints about cases in the Southern District of Texas that may reference the Jones Freeman Relationship, none of these include information "bearing on the issues in this case."

22. As indicated in the U.S. Trustee's response to this interrogatory, after the media disclosed what Jackson Walker should have disclosed long ago, the U.S. Trustee or his agents received, and continue to receive, by way of example and not in limitation, unsolicited complaints from members of the public.[10] Many of these complaints have nothing to do with the facts at issue in these cases. Such persons have arguably provided "information" "concerning the Freeman Jones Relationship;" however, this interrogatory broadly requests information without limitation to whether the mere mention of the relationship is relevant.[11]

---

[10] Upon information and belief, Jackson Walker is already aware of certain social media group members that often voice their complaints to the U.S. Trustee about the relationship.

[11] Even assuming these complaints are of any effect to this litigation, to the extent the complaints received by the U.S. Trustee contain personally identifiable information, the U.S. Trustee cannot disclose these communications absent the appropriate safeguards. 5 U.S.C. § 552(a).

23. The U.S. Trustee has provided what Jackson Walker asked for—names of individuals who have provided information bearing on the issues in this case.

24. The Court does not have a basis to order further compliance with this Interrogatory, because what is sought by Jackson Walker is not probative of any claim or defense. Moreover, because this interrogatory is not limited to prior to October 7, 2023, it is also facially overbroad and disproportionate to the needs of this case. Jackson Walker's request to compel the U.S. Trustee to answer further should be denied.

## B. Requests for Production

**Request for Production No. 6**

25. Jackson Walker's Motion to compel the U.S. Trustee to provide additional documents in response to Request for Production No. 6 lacks merit. The request states:

> **REQUEST FOR PRODUCTION NO. 6:** Please produce all Documents that evidence any injury and/or damages to any party in any of the Relevant Cases allegedly caused by the Freeman Jones Relationship and/or JW's alleged actual or constructive knowledge thereof.

26. This request asks the U.S. Trustee to produce documents evidencing a negative. The U.S. Trustee cannot produce documents demonstrating in each of the Affected Cases how various matters in the Affected Cases might have turned out differently if Judge Jones recused or if Jackson Walker disclosed its connections. Further, the U.S. Trustee did not and does not represent "any party in any of the Relevant Cases" and, accordingly, does not have knowledge of "all Documents" that might evidence injury or damages to such parties. By propounding this

request, Jackson Walker seemingly hopes to create a "gotcha" moment and raise a defense based on alleged lack of harm.[12]

27. Jackson Walker misunderstands the harm to parties in the Affected Cases. The parties in the Affected Cases were harmed, because the orders entered in their cases are potentially voidable. Moreover, the harm to interested parties, stakeholders, the bankruptcy system, and the public's faith in that system is neither quantifiable nor found in any document. Thus, the U.S. Trustee directed Jackson Walker to the orders entered in the Affected Cases. The U.S. Trustee need not produce to Jackson Walker that which it already received as counsel in the cases, and which are equally available to it via the Court's docket. The Court should, accordingly, deny Jackson Walker's request regarding this production request.

**Request for Production No. 9**

28. Even though this request seeks irrelevant information, the U.S. Trustee informed Jackson Walker after it withdrew its part of the request involving "constructive knowledge" that "no responsive documents have been identified." Mot. at 14. The request states:

> **REQUEST FOR PRODUCTION NO. 9:** Please produce all Documents concerning Your knowledge—whether actual knowledge or constructive knowledge—relating to the Freeman Jones Relationship.

29. As set forth above, this request seeks documents irrelevant to the claims or defenses in the case. In the Motion, Jackson Walker specifically ties Request for Production No. 9 to the reason it propounded Interrogatory No. 3. Mot. at ¶ 25. The Motion makes it clear that the

---

[12] Irrespective of personalized harm to parties in the Affected Cases, Jackson Walker's actions and inactions have caused harm to the public trust in the bankruptcy system, for which this Court could *sua sponte* sanction. *See* 11 U.S.C. § 105(a); *Ridgeway v. Stryker Corp.*, 973 F.3d 421, 427–28 (5th Cir. 2020) ("The Bankruptcy Code 'provides equitable powers for the bankruptcy court to use at its discretion.'. . . This includes the power to sanction a party." (internal citation omitted)).

documents Jackson Walker seeks would, in its mind, be probative of "whether the U.S. Trustee was aware of the relationship but chose not to act . . . ." *Id.*

30. Again, Jackson Walker waived a timeliness defense (and perhaps others), and, in any event, Jackson Walker had a continuing duty to make candid and complete disclosures in connection with its employment and fee applications. *See, e.g.*, 11 U.S.C. § 327; Fed. R. Bankr. P. 2014; *W. Delta Oil Co.*, 432 F.3d at 355.

31. Even if Jackson Walker had raised some defense to which this request would be relevant, the request is facially overbroad and unduly burdensome. According to the "DEFINITIONS," "Freeman Jones Relationship" means "that aspect or those aspects of the relationship between Freeman and Judge Jones that the U.S. Trustee contends mandated disclosure by JW under any applicable Federal rule or statute, Bankruptcy rule or statute, disciplinary rule, *or otherwise*." **Exhibit 2** at 4, ¶7 (emphasis added). The "DEFINITIONS" define "Relate(s) to" or "relating to" to mean "constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, bearing upon, dealing with or in any way pertaining to." *Id.* at 5.

32. "Courts have held that 'a request for 'any and all documents' relating to a particular subject" are "overbroad and amounts to little more than a fishing expedition." *Campos v. Webb Cnty., Tex.*, No. 5:12-CV-7, 2013 WL 12387157, *3 (S.D. Tex. Oct. 25, 2013) (analyzing an overbroad subpoena); *Agerbrink v. Model Serv. LLC*, No. 14 Civ. 7841, 2017 WL 933095, *2 (S.D.N.Y. Mar. 8, 2017) (stating that "[c]ourts have long held that requests for 'any and all' documents are generally improper[]" and collecting cases).

33. Here, the document request is facially overbroad. It seeks "all Documents" "concerning" a subject matter "relating to" another subject matter with many subparts as a result of the definition of "Freeman Jones Relationship." Moreover, pursuant to the "INSTRUCTIONS,"

the timeframe for this request extends to the "present." Because the timeframe extends to the "present," the request is patently overbroad and clearly seeks to invade attorney-client privilege and work product.

34. It appears Jackson Walker really wants to know what the U.S. Trustee did to determine that, notwithstanding the objections, no responsive documents have been identified, but that is not an appropriate request on a motion to compel where the U.S. Trustee has answered. Instead, if Jackson Walker wants to follow up, it may, for example, issue an appropriate interrogatory to the U.S. Trustee.

**Request for Production No. 12**

35. Request for Production No. 12 is also facially overbroad and, even had the U.S. Trustee not objected to it, cause would exist for the Court to deny Jackson Walker's motion to compel the U.S. Trustee to respond to it. The request states:

> **REQUEST FOR PRODUCTION NO. 12:** Please produce all Documents received by the U.S. Trustee from any Person, including any agents or representatives of such Person, that concern the Freeman Jones Relationship or any of the allegations made in or related to the U.S. Trustee's Rule 60 Motion in any of the Relevant Cases or otherwise. This Request includes, but is not limited to, the third-party documents Bates stamped 001-0746 referenced in Your Initial Rule 26 Disclosures dated March 1, 2024.

36. As discussed above, the request is facially overbroad and unduly burdensome because, among other things, it requests "all Documents" concerning multiple subject areas (as well as "related to" the Rule 60(b) Motions). The various defined terms also cause the request to be overbroad, all of which is quite apart from the fact that one of the subject areas is "otherwise." As with Request for Production No. 9, pursuant to the "INSTRUCTIONS," the timeframe for this request extends to the "present." The request is patently overbroad.

37. The U.S. Trustee responded that the request is so broad that it may encompass generalized complaints about cases in the Southern District of Texas which may reference the

Jones Freeman Relationship, but which have no evidence not included in published news articles. Because these documents are irrelevant and because providing them to Jackson Walker might infringe on privacy concerns, the U.S. Trustee asked Jackson Walker to explain why those documents would be relevant.[13] Instead of responding, Jackson Walker improperly filed this Motion, which should be denied.

**Request for Production No. 20**

> **REQUEST FOR PRODUCTION NO. 20:** Please produce all Documents considered and relied upon as part of the U.S. Trustee's diligence and investigation relating to the Freeman Jones Relationship.

38. The U.S. Trustee responded that it is not withholding any non-privileged documents. That is a complete response, and Jackson Walker is entitled to nothing further.

39. Moreover, the diligence or investigation of the U.S. Trustee "relating to the Freeman Jones Relationship" is not probative of any claim or defense in this case.

40. Seeking in discovery information relevant to, for example, a proceeding under Fed. R. Civ. P. 11 is generally improper, *see, e.g.*, *Vasudevan Software, Inc. v. IBM*, No. C09–05897, 2011 WL 940263,*5 (N.D. Cal. Feb. 18, 2011), and is certainly improper in this case where, among other things, Jackson Walker cannot reasonably dispute that Judge Jones and Freeman were in an intimate, cohabitating relationship while Judge Jones presided over and participated in the Affected Cases.

41. Here Jackson Walker, although it includes a recitation of the parties' meet and confer notes, fails to acknowledge that the U.S. Trustee already produced or otherwise directed

[13] To the extent any such communications were received and include any personally identifiable information, the U.S. Trustee cannot produce those records absent the appropriate safeguards. 5 U.S.C. § 552a.

Jackson Walker's attention to several thousand pages of documents in response to this request. Further, the issues with this document request are highlighted by the terms that are subject to many interpretations.

42. For example, are "diligence" and "investigation" restricted to documents obtained by the U.S. Trustee prior to filing the Rule 60 Motions, or the Amended Rule 60 Motions, or prior to any subsequent filings in this case? Jackson Walker's request seeks to use the U.S. Trustee's duty to monitor applications filed under section 327 as a scapegoat for its evasion of disclosure rules. *See In re Carr*, 645 B.R. 790, 800 (Bankr. E.D. Pa. 2022). The Court should not entertain such a perversion of the bankruptcy system, which foremost relies upon its participants to act in good faith and to make honest disclosures—not investigations by the U.S. Trustee. *See In re Final Analysis, Inc.*, 640 B.R. 633, 641 (Bankr. D. Md. 2022) ("The duty to disclose under Rule 2014 is considered sacrosanct….").

43. The motion to compel complains that the U.S. Trustee's response that he is not withholding any non-privileged documents "appears at odds" with the U.S. Trustee's identification of tens of thousands of communications. What this complaint ignores is that the U.S. Trustee may not have considered or relied upon every single communication it received either before or after October 7, 2023.

44. For these reasons, the U.S. Trustee should not be compelled, beyond its continuing obligations under Fed. R. Civ. P. 26(e), to respond further to Request for Production No. 20.

**Request for Production No. 23**

45. Request for Production No. 23 is not unlike Interrogatory No. 3, and states as follows:

> **REQUEST FOR PRODUCTION NO. 23:** Please produce any Communications involving the U. S. Trustee or any of its agents that concern any knowledge or rumors of (1) a relationship between Freeman and Judge Jones; (2) their joint ownership of real property; (3) them living together; (4) that they had a romantic or intimate relationship; (5) that they were or had been dating; (6) the reasons for their respective divorces; or (6) any other factor that you contend supports a duty to disclose the existence of the relationship by Judge Jones, Freeman or any other lawyer.

For the reasons stated above, this request for production is not relevant, overly broad, and unduly burdensome. Moreover, despite the infirmities of this request, the U.S. Trustee responded that he undertook an expansive search of communications for the period January 1, 2018, through October 7, 2023, and has not identified any responsive documents.

46. Here again, Jackson Walker makes it plain that what it is seeking to discover—"what U.S. Trustee personnel knew and when it knew it[,]" Mot. at ¶ 31—relates to a defense it waived and not to a claim or defense before the Court.

47. Additionally, the document request is irrelevant because *Jackson Walker's* disclosure obligations, or lack thereof, are at issue in these proceedings. The U.S. Trustee is not required to ferret out potential connections for which he has no actual knowledge.

48. Once more, the document request is facially overbroad and unduly burdensome because it seeks information related to "rumors."

49. The request is also facially overbroad because it seeks "*any* [documentary and any non-documentary transmission of facts, data, or any other information, and all attachments and enclosures thereto, whether transmitted verbally, visually, in writing, electronically, or by any other means or media from one Person to another Person, and shall include, but not be limited to, the following: hard copy/paper documents (writings, notebooks, drawings, graphs, charts, presentations, photographs, calendars, diaries, etc.); email and attachments; instant messages (including MS Communicator); personal e-mail or instant messaging accounts (e.g., Gmail); text

messages, and any other electronic files and records in whatever form they are maintained. The non-documentary transmission of information shall include but not be limited to oral statements, telephone conversations, recorded voicemail messages, negotiations, conferences or meetings, however formal or informal. The term also includes information relating to oral communications and written communications, whether or not any such information or writings were themselves transmitted by their author or any other Persons] involving [Kevin M. Epstein, United States Trustee for Region 7 and any former predecessor, including his past and present employees, agents, representatives, attorneys, consultants, advisors, or other Persons acting or purporting to act under his control or on his behalf] that concern any knowledge or *rumors* of . . . *any* other factor that you contend supports a duty" by "*any other lawyer*" to disclose the relationship between Judge Jones and Freeman.[14]

50. The request is also facially overbroad because, pursuant to the "INSTRUCTIONS," the timeframe for this request extends to the "present." Because the timeframe extends to the "present," the request clearly seeks to invade any privileged work product.

51. And despite the relationship becoming public knowledge after October 6, 2023, Jackson Walker continues to assert its request for irrelevant, post-October 6, 2023, communications to the U.S. Trustee.

52. The search conducted by the U.S. Trustee produced hundreds of thousands of documents which, when pared down to exclude privileged communications, still resulted in thousands of documents from which the U.S. Trustee did not identify responsive documents using numerous search terms. The U.S. Trustee, through counsel, offered Jackson Walker's counsel the

---

[14] Definitions from the Requests for Production have been inserted and emphasis added.

opportunity to provide search terms, and its counsel declined such opportunity. Thus, the U.S. Trustee has undertaken a good-faith search despite the objectionable nature of the request and should not be compelled to respond further to Request for Production No. 23.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court enter an order denying Jackson Walker's Motion and grant such other relief as is just and proper under the circumstances.

Date: August 26, 2024

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN DISTRICTS OF TEXAS

By: */s/ Alicia Barcomb*

MILLIE APONTE SALL
Assistant U.S. Trustee
Tex. Bar No. 01278050/Fed. ID No. 11271
VIANEY GARZA
Trial Attorney
Tex. Bar No. 24083057/Fed. ID No. 1812278
ALICIA BARCOMB
Trial Attorney
Tex. Bar No. 24106276/Fed ID No. 3456397
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email: millie.sall@usdoj.gov
vianey.garza@usdj.gov
alicia.barcomb@usdoj.gov

RAMONA D. ELLIOTT
Deputy Director/
General Counsel
NAN ROBERTS EITEL
Associate General Counsel
Fed. ID No. 561266
DANIELLE PHAM
Trial Attorney
Department of Justice
Executive Office for
United States Trustees
Washington, D.C. 20530
(202) 307-1399 – Telephone

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic means for CM/ECF system users on August 26, 2024.

*/s/ Alicia Barcomb*
Alicia Barcomb, Trial Attorney