United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 27, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-645** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |

### ORDER
*Resolving ECF No. 280*

Pending before the Court is a single matter self-styled as "Jackson Walker LLP's Expedited Motion To Compel Production Of Documents And Responses To Interrogatories From The U.S. Trustee"[1] ("*Motion To Compel*") filed by Jackson Walker, LLP on August 22, 2024. On August 27, 2024, the Court held a hearing and for the reasons stated on the record it is therefore:

**ORDERED**: that

"Jackson Walker LLP's Expedited Motion To Compel Production Of Documents And Responses To Interrogatories From The U.S. Trustee"[2] filed by Jackson Walker, LLP on August 22, 2024, is GRANTED as follows:

1. As for Jackson Walker, LLP's **"INTERROGATORY NO. 3**: Please identify each current or former employee or agent of United States Trustee's Office who, prior to October 2023, was aware of, had knowledge of, or otherwise heard rumors of the Freeman Jones Relationship (including any rumors relating to joint ownership of real property, cohabitation, a romantic or intimate relationship, a current or prior dating relationship, or any other factor that You contend is a fact supporting a duty to disclose the existence of the relationship by former Judge Jones, Freeman or any other lawyer) and identify when each such person became aware had actual or constructive knowledge, or otherwise heard such rumors"[3]:

   a. U.S. Trustee's Objection: The U.S. Trustee objects to this Interrogatory because it is not relevant to his allegations against Jackson Walker in the Rule 60 Motion nor Jackson Walker's defense to same. The U.S. Trustee further objects to this Interrogatory as vague. Specifically, the phrase "United States Trustee's Office" is undefined, and it is unknown if the request is directed to all current or former employees of the United States Trustee Program on a nationwide basis. Accordingly, the U.S. Trustee objects to this Interrogatory as burdensome and overly broad, not relevant to any party's claim or defense, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).[4]

---

[1] ECF No. 280.
[2] ECF No. 280.
[3] ECF No. 280 at 7, ¶ 12.
[4] ECF No. 280 at 7 ¶ 12.

    b. The United States Trustee's objection is OVERRULED in part and SUSTAINED IN PART. Subject to Federal Rule of Civil Procedure 26(b)(3)(A), the United States Trustee, Region 7, must provide a complete response to Jackson Walker, LLP's Interrogatory No. 3 wherein the United States Trustee, Region 7 must identify each current or former employee or agent of United States Trustee's Office, Region 7, who had actual knowledge of the Freeman Jones Relationship from January 1, 2018 through and including September 30, 2023. The United States Trustee, Region 7, has a continuing obligation to supplement its response pursuant to Federal Rule of Civil Procedure 26(e).

2. As for Jackson Walker, LLP's **"INTERROGATORY NO. 5:** Please identify each person within the United States Trustee's Office who had knowledge or was otherwise aware of Mr. Van Deelen's recusal request, including the allegations relating to the Freeman Jones Relationship and identify when each such person had knowledge or was otherwise aware"[5]:

    a. U.S. Trustee's Objection: The U.S. Trustee objects to this Interrogatory because it is not relevant to his allegations against Jackson Walker in the Rule 60 Motion or Jackson Walker's defense to same. The U.S. Trustee further objects to this Interrogatory because it is vague. Specifically, the phrase "recusal request" is undefined and subject to multiple interpretations.[6]

    b. The United States Trustee's objection is OVERRULED in part and GRANTED in part. Subject to Federal Rule of Civil Procedure 26(b)(3)(A), the United States Trustee must provide a complete response to Jackson Walker, LLP's Interrogatory No. 5, as modified herein, and identify each person within the United States Trustee's Office, Region 7, who had knowledge or was otherwise aware, other than rumors, of Mr. Van Deelen's recusal request. The United States Trustee, Region 7, has a continuing obligation to supplement its response pursuant to Federal Rule of Civil Procedure 26(e).

3. As for Jackson Walker, LLP's "**INTERROGATORY NO. 11**: Please identify each person not identified in response to any other Interrogatory who has provided information to the Trustee concerning the Freeman Jones Relationship"[7]:

    a. U.S. Trustee's Objection: The U.S. Trustee objects to this Interrogatory as vague. The phrases "provided information" and "concerning the Freeman Jones Relationship" are subject to different interpretations. As a result of the press related to the Freeman Jones Relationship, the U.S. Trustee and his employees have received correspondence or calls from dozens if not hundreds of parties in various bankruptcy cases who have generally expressed concerns about former Judge Jones's relationship with Freeman and Jackson Walker, other bankruptcy judges and their relationships with Jones, and the Southern

---

[5] ECF No. 280 at 9, ¶ 15.
[6] ECF No. 280 at 10, ¶
[7] ECF No. 280 at 10, ¶ 17.

District of Texas bench and bar in general. Compiling a list of these parties would be overly broad, unduly burdensome, and not relevant because identifying the parties would not assist in the development of facts of the case. Subject to and without waiving the foregoing, the U.S. Trustee would refer Jackson Walker to his response to Interrogatory No. 2. The United States Trustee, Region 7, has a continuing obligation to supplement its response pursuant to Federal Rule of Civil Procedure 26(e).

b. The United States Trustee's objection is OVERRULED in part and SUSTAINED in part. Subject to Federal Rule of Civil Procedure 26(b)(3)(A), The United States Trustee, Region 7, must provide a complete response to Jackson Walker, LLP's Interrogatory No. 11, as modified herein, and identify each person not within the United States Trustee's Office, Region 7,  not identified in response to any other Interrogatory who has provided information to the Trustee concerning the Freeman Jones Relationship"[8] from January 1, 2018 through and including August 27, 2024 The United States Trustee, Region 7, has a continuing obligation to supplement its response pursuant to Federal Rule of Civil Procedure 26(e).

4. As for Jackson Walker, LLP's "**REQUEST FOR PRODUCTION NO. 6**: Please produce all Documents that evidence any injury and/or damages to any party in any of the Relevant Cases allegedly caused by the Freeman Jones Relationship and/or JW's alleged actual or constructive knowledge thereof"[9]:

a. U.S. Trustee's Objection: The U.S. Trustee objects to this Request because it is not relevant to his allegations against JW in the Rule 60 Motion nor any defenses to same. The U.S. Trustee further objects to this Request as overly broad because the request is not proportional to the needs of the case. Every party in interest could conceivably have been injured in some way by the Freeman Jones Relationship. The U.S. Trustee further objects to this Request because it is unduly burdensome. The information is readily available to JW by docket search. The U.S. Trustee further objects to this Request because the information sought is outside his personal knowledge and the request seeks information not within his possession, custody, or control. Subject to and without waiving the foregoing, the U.S. Trustee directs JW to the fee orders entered in each of the Relevant Cases as the appropriate sanction to redress its failures to comply with applicable bankruptcy statutes and rules, and applicable ethical rules.[10]

b. The United States Trustee's objection is OVERRULED in part and SUSTAINED in part. The United States Trustee, Region 7 withdrew his relevance objection. Subject to Federal Rule of Civil Procedure 26(b)(3)(A),  the United States Trustee, Region 7, must produce all documents[11]  in the Relevant Cases responsive to Jackson Walker, LLP's

---

[8] ECF No. 280 at 10, ₧ 17.
[9] ECF No. 280 at 11, ₧ 21.
[10] ECF No. 280 at 12, ₧ 21.
[11] Federal Rule of Civ. P. 34(a).

Request For Production No. 6 that are within his custody or control that evidence any injury and/or damages to any party in any of the Relevant Cases allegedly caused by the Freeman Jones Relationship and/or JW's alleged actual or constructive knowledge thereof". The United States Trustee, Region 7, has a continuing obligation to supplement its response pursuant to Federal Rule of Civil Procedure 26(e).

5. As for Jackson Walker, LLP's **"REQUEST FOR PRODUCTION NO. 9**: Please produce all Documents concerning Your knowledge—whether actual knowledge or constructive knowledge—relating to the Freeman Jones Relationship" [12]:

   a. U.S. Trustee's Objection: The U.S. Trustee objects to this Request because it is not relevant to his allegations against JW in the Rule 60 Motion nor JW's defense to same. The U.S. Trustee further objects that the question is vague and overly broad because it does not provide for a timeframe. The U.S. Trustee also objects to this request to the extent it seeks privileged or protected information protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the Privacy Act of 1974, as amended, 5 U.S.C. § 552a, or 28 C.F.R. §§ 16.21–16.29, the "Touhy regulations." [13]

   b. The United States Trustee's objection is OVERRULED in part and SUSTAINED in part. Jackson Walker, LLP withdrew its request for "constructive knowledge". Subject to Federal Rule of Civil Procedure 26(b)(3)(A), the United States Trustee, Region 7, must produce all documents [14] in the Relevant Cases responsive to Jackson Walker, LLP's Request For Production No. 9 from the time period January 1, 2018 to August 27, 2024. The United States Trustee, Region 7, has a continuing obligation to supplement its response pursuant to Federal Rule of Civil Procedure 26(e).

6. As for Jackson Walker, LLP's "**REQUEST FOR PRODUCTION NO. 12**: Please produce all Documents received by the U.S. Trustee from any Person, including any agents or representatives of such Person, that concern the Freeman Jones Relationship or any of the allegations made in or related to the U.S. Trustee's Rule 60 Motion in any of the Relevant Cases or otherwise. This Request includes, but is not limited to, the third-party documents Bates stamped 001-0746 referenced in Your Initial Rule 26 Disclosures dated March 1, 2024" [15]:

   a. U.S. Trustee's Objection: As a result of the press related to the Freeman Jones Relationship, the U.S. Trustee and his employees have received communications from dozens if not hundreds of parties in various bankruptcy cases who have generally expressed concerns about former Judge Jones's relationship with Freeman and Jackson

---

[12] ECF No. 280 at 13, ⁋ 24.
[13] ECF No. 280 at 13, ⁋ 24.
[14] Federal Rule of Civ. P. 34(a).
[15] ECF No. 280 at 15, ⁋ 27.

Walker, other bankruptcy judges and their relationships with Jones, and the Southern District of Texas bench and bar in general. Producing these documents would be overly broad, unduly burdensome, and not relevant because it would not assist in the development of facts of the case. Subject to and without waiving the foregoing, the U.S. Trustee directs JW to the documents produced in response to Request No. 7.[16]

b.  The United States Trustee's objection is OVERRULED in part and SUSTAINED in part. Subject to Federal Rule of Civil Procedure 26(b)(3)(A), the United States Trustee, Region 7, must produce all documents[17] responsive to Jackson Walker, LLP's Request For Production No. 12 from the time period January 1, 2018 to August 27, 2024 in all of the Relevant Cases. The United States Trustee, Region 7, has a continuing obligation to supplement its response pursuant to Federal Rule of Civil Procedure 26(e). To the extent any such communications were received and include any personally identifiable information, the U.S. Trustee must not produce those records absent the appropriate safeguards. 5 U.S.C. § 552a.

7.  As for Jackson Walker, LLP's "**REQUEST FOR PRODUCTION NO. 20**: Please produce all Documents considered and relied upon as part of the U.S. Trustee's diligence and investigation relating to the Freeman Jones Relationship" [18]:

a.  U.S. Trustee's Objection: The U.S. Trustee objects to this Request as it seeks Documents protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the Privacy Act of 1974, as amended, 5 U.S.C. § 552a, or 28 C.F.R. §§ 16.21–16.29, the "Touhy regulations." The U.S. Trustee objects to this Request because it is not relevant. The U.S. Trustee further objects to this Request as vague. The phrase "considered and relied upon" is vague. The terms "diligence" and "investigation" are not defined and subject to different interpretations. The U.S. Trustee further objects to this Request because it is unduly burdensome. The information is readily available to JW by accessing public records, the Court's dockets, and/or its own records. Subject to and without waiving the foregoing, the U.S. Trustee directs JW to and produces the following documents in response to Request No. 20: (a) Bates Stamp UST_0001 to 2253; (b) The Rule 60 Motion and all attachments thereto; (c) All of JW's retention applications and Fed. R. Bankr. P. 2014 statements filed in each case in which it appeared and was retained as an estate professional; (d) All fee statements, interim fee applications, interim fee application orders, final fee applications, and final fee application orders entered in cases in which JW appeared and was retained as an estate professional; and (e) All dockets generally in the Relevant Cases.[19]

---

[16] ECF No. 280 at 15, ⁋ 27.
[17] Federal Rule of Civ. P. 34(a).
[18] ECF No. 280 at 16, ⁋ 29.
[19] ECF No. 280 at 16-17, ⁋ 29.

b. The United States Trustee's objection is OVERRULED in part and SUSTAINED in part. Subject to Federal Rule of Civil Procedure 26(b)(3)(A), the United States Trustee, Region 7, must produce all documents[20] responsive to Jackson Walker, LLP's Request For Production No. 20 in the Relevant Cases from the time period January 1, 2018 to August 27, 2024 in all of the Relevant Cases. The United States Trustee, Region 7, has a continuing obligation to supplement its response pursuant to Federal Rule of Civil Procedure 26(e).

8. As for Jackson Walker, LLP's "**REQUEST FOR PRODUCTION NO. 23**: Please produce any Communications involving the U. S. Trustee or any of its agents that concern any knowledge or rumors of (1) a relationship between Freeman and Judge Jones; (2) their joint ownership of real property; (3) them living together; (4) that they had a romantic or intimate relationship; (5) that they were or had been dating; (6) the reasons for their respective divorces; or (6) any other factor that you contend supports a duty to disclose the existence of the relationship by Judge Jones, Freeman or any other lawyer"[21]

a. U.S. Trustee's Objection: The U.S. Trustee objects to this Request because it is not relevant to his allegations against JW in the Rule 60 Motion nor JW's defense to same. The U.S. Trustee further objects to this Request as it seeks Documents protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the Privacy Act of 1974, as amended, 5 U.S.C. § 552a, or 28 C.F.R. §§ 16.21-16.29, the "Touhy regulations." The U.S. Trustee objects to this Request as overly broad because the request is not proportional to the needs of the case and does not provide a timeframe. The U.S. Trustee objects to this Request because it is unduly burdensome. The U.S. Trustee objects to this Request as vague. The term "rumors" is not defined and subject to different interpretations.

b. The United States Trustee's objection is OVERRULED in part and SUSTAINED in part. Subject to Federal Rule of Civil Procedure 26(b)(3)(A), the United States Trustee, Region 7, must produce all documents[22] responsive to Jackson Walker, LLP's Request For Production No. 23 in the Relevant Cases, which contain Communications involving the U. S. Trustee or any of its agents that concern other than "any knowledge or rumors" of (1) a relationship between Freeman and Judge Jones; (2) their joint ownership of real property; (3) them living together; (4) that they had a romantic or intimate relationship; (5) that they were or had been dating; (6) the reasons for their respective divorces; or (6) any other factor that you contend supports a duty to disclose

---

[20] Federal Rule of Civ. P. 34(a).
[21] ECF No. 280 at 18, ¶ 31.
[22] Federal Rule of Civ. P. 34(a).

the existence of the relationship by Judge Jones, Freeman or any other lawyer"[23] from the time period January 1, 2018 to August 27, 2024 in all of the Relevant Cases. The United States Trustee, Region 7, has a continuing obligation to supplement its response pursuant to Federal Rule of Civil Procedure 26(e).

c.   The United States Trustee must respond to the Interrogatories on or before September 3, 2024 and produce documents pursuant to this order on or before September 13, 2024.


SIGNED August 27, 2024


Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[23] ECF No. 280 at 18, ¶ 31.