# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 11 |
| PROFESSIONAL FEE MATTERS CONCERNING | § | |
| THE JACKSON WALKER LAW FIRM | § | CASE NO. 23-00645 (EVR) |
| | § | |
| | § | |

## ELIZABETH FREEMAN'S EMERGENCY MOTION TO QUASH
## SUBPOENA TO AMEGY BANK TO PRODUCE RECORDS
### (Relates to ECF Dkt ## 202 & 334)

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**RELIEF IS REQUESTED IMMEDIATELY AND NOT LATER THAN SEPTEMBER 27, 2024 AT 8:00 A.M. (CENTRAL TIME), WHICH IS THE DEADLINE FOR RESPONDING TO THE SUBPOENA.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Elizabeth Freeman ("Ms. Freeman") requests the Court to quash on an emergency basis the subpoena of the United State Trustee ("UST") to Zions Bancorporation, N.A. dba Amegy Bank ("Amegy Bank") to produce Ms. Freeman's personal bank records.

## BACKGROUND

1. On September 11, 2024, the United States Trustee issued a subpoena to Amegy Bank ("the Amegy subpoena") to produce from Ms. Freeman's Amegy Bank account by September 27, 2024 at 8 am copies of (i) several of Ms. Freeman's checks, and (ii) five and a half years of bank statements and related documents.[1]

2. On September 12, 2024, the undersigned counsel for Ms. Freeman participated in a telephone conference with counsel for the United States Trustee and requested withdrawal of the subpoena on the grounds that Ms. Freeman's personal banking records are of no or limited relevance to the key issues in this contested matter — i.e., what Jackson Walker knew or did not know about Ms. Freeman's relationship with former Bankruptcy Judge David Jones ("Mr. Jones") and what actions Jackson Walker was required or not required to take with

---

[1] The Amegy subpoena is not attached as an exhibit because the description of the documents to be produced contains confidential banking information of Ms. Freeman.

Page | 2

regard to its knowledge.[2] Counsel for the UST replied to undersigned counsel's request to withdraw the subpoena that the purpose of the subpoena was to obtain evidence of a "financial connection" between Ms. Freeman and Mr. Jones.

3. On September 13, 2024, in an effort to resolve the subpoena without this Court's intervention and at the suggestion of the UST, Ms. Freeman through her undersigned counsel delivered to the UST a draft declaration (attached as exhibit A) [3] that contained as exhibits three of Ms. Freeman's checks that she had executed and delivered to pay expenses on the house that Mr. Jones and Ms. Freeman jointly own. During a voluntary interview with the UST on December 5, 2023, Ms. Freeman had disclosed to the UST that she had paid a few expenses on the house since Mr. Jones purchased it in 2017, so the proposed declaration was consistent with previous information that Ms. Freeman had provided to the UST in the interview. Ms. Freeman proposed to execute and deliver the declaration to the UST in return for the UST withdrawing the Amegy subpoena of her bank records on the grounds that the risk and burden that Ms. Freeman bears in the UST obtaining her personal bank records is not proportional to the needs of the UST in this contested matter and that risk and burden far outweighs any likely limited benefit to the UST.

---

[2] The UST has characterized the key issue as follows: "It is Jackson Walker's misconduct in repeatedly failing to disclose the relationship between its partner and Judge Jones that merits the denial of all fees and sanctions." (Case No. 19-34508, Dkt # 2950).

[3] The unredacted draft declaration delivered to the UST contained copies of the checks, which are excluded from exhibit A for privacy purposes.

4. On September 20, 2024, the UST informed the undersigned that it was unwilling to accept Ms. Freeman's proposed declaration and would not withdraw the Amegy subpoena.

5. Meanwhile, the high risk that Ms. Freeman bears regarding the production of her personal information manifested itself in a major way. In what can be charitably described as inexplicable negligence regarding handling of confidential information that is subject to this Court's Stipulated Protective Order of July 30, 2024 (Dkt # 202 "the Court's protective order"), the UST's court reporter in Houston sent on August 21, 2024 over 20 deposition exhibits containing Ms. Freeman's personal information via an insecure courier service to the court reporter's home office in San Francisco.[4] On August 26, 2024, the UST's court reporter realized that the documents containing Ms. Freeman's personal information had not been received by the home office in San Francisco. Inexplicably, the UST's court reporter delayed until September 3, 2024 to notify the UST's lawyers of the loss of the documents and then the UST delayed further until September 11, 2024 to notify Ms. Freeman (see exhibit B) and this Court (Dkt #334) of the loss of the documents. Although the undersigned counsel's investigation of this incident is ongoing, it is reasonably clear at this point that the documents were probably stolen and are highly unlikely to be recovered. The private and personal information contained in the documents include the following:

---

[4] To date, the UST has provided no explanation why it exposed Ms. Freeman's confidential information to an insecure courier service when it could have transferred the documents to the court reporter's home office instantly through an encrypted digital document portal.

- Ms. Freeman's personal cell phone number and her personal email address;

- The addresses of properties in which Ms. Freeman owns or has owned an interest;

- Ms. Freeman's confidential personal financial information, particularly compensation from Jackson Walker;

- Ms. Freeman's confidential personal financial performance information while at Jackson Walker, much of which has nothing to do with this miscellaneous proceeding;

- Ms. Freeman's withdrawal agreement with Jackson Walker;

- Ms. Freeman's personal and financial information contained in confidential discovery responses of Jackson Walker; and

- Ms. Freeman's confidential associations with clients and business associations.

## **RELIEF REQUESTED**

7. Ms. Freeman requests the Court to quash the Amegy subpoena. The personal banking records of Ms. Freeman that the UST seeks are of, at best, peripheral relevance to the fact and legal issues involved in UST's case against Jackson Walker. Therefore, the risk and burden to Ms. Freeman of exposing her personal bank records to the UST is not proportional to the needs of the UST in this contested matter and that risk and burden far outweighs any likely limited benefit of such records to the UST. *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199 (S.D.N.Y. 2023).

8. The risk and burden to Ms. Freeman is real. Given the UST's previous mishandling and exposure of Ms. Freeman's personal information and breach of this Court's protective order, there is no valid reason to force Ms. Freeman to endure the additional risk of exposure of her personal banking records over an issue of marginal relevance to the UST's

case against Jackson Walker. Ms. Freeman's privacy interest in her banking records far outweighs any slight probative value of such records to the UST's case against Jackson Walker. *Id.*

## CONCLUSION

Accordingly, Ms. Freeman requests that the Court quash the Amegy subpoena, and for such other and further relief as is just.

Respectfully submitted,

*/s/ Tom Kirkendall*
_____
Tom Kirkendall
Texas State Bar No. 11517300
LAW OFFICE OF TOM KIRKENDALL
2 Violetta Ct
The Woodlands, TX 77381
713.703.3536 (mobile & text)
bigtkirk@gmail.com

COUNSEL FOR ELIZABETH FREEMAN

## CERTIFICATE OF ACCURACY

I certify, pursuant to Local Rule 9013-1(i), that the foregoing statements regarding the nature of the emergency set forth in the foregoing motion are true and accurate to the best of my knowledge.

Dated: September 24, 2024

*/s/ Tom Kirkendall*
_____
Tom Kirkendall

## CERTIFICATE OF CONFERENCE

I certify, pursuant to Federal Rule of Civil Procedure 26(c), that the undersigned counsel for Ms. Freeman has conferred in good faith with counsel for the UST in an attempt to narrow or satisfy the UST's discovery demands.

Dated: September 24, 2024

*/s/ Tom Kirkendall*
_____
Tom Kirkendall

## **CERTIFICATE OF SERVICE**

The foregoing pleading was transmitted via electronic transmission on September 24, 2024 to respective counsel for the parties in this contested matter:

Rusty Hardin
Leah Graham
Jennifer E. Brevorka
Emily Smith
Rusty Hardin & Associates LLP
1401 McKinney, Suite 2250
Houston, TX 77010
rhardin@rustyhardin.com
lgraham@rustyhardin.com
jbrevorka@rustyhardin.com
esmith@rustyhardin.com

Jason L. Boland
William Greendyke
Julie Harrison
Maria Mokrzycka
Norton Rose Fulbright
1550 Lamar Street, Suite 2000
Houston, Texas 77010-3095
jason.boland@nortonrosefulbright.com
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com
maria.mokrzycka@nortonrosefulbright.com

Paul Trahan
Emily Wolf
Norton Rose Fulbright
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Paul.trahan@nortonrosefulbright.com
emily.wolf@nortonrosefulbright.com

*Co- Counsel for Jackson & Walker LLP*

Laura Steele
Vianey Garza
Jennifer R. Toth
United States Trustee
515 Rusk Ave, Suite 3516
Houston, TX 77002
Laura.Steele@usdoj.gov
Vianey.Garza@usdoj.gov
Jennifer.R.Toth@usdoj.gov

*Counsel for US Trustee*

_____
Tom Kirkendall