IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FEE MATTERS CONCERNING THE JACKSON WALKER LAW FIRM | Case No. 23-00645 |

UNITED STATES TRUSTEE'S EMERGENCY MOTION TO
EXTEND DISCOVERY DEADLINES

> **This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**
>
> **Emergency relief has been requested.  If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer.  If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**
>
> *Relief is requested on or before September 27, 2024.*

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 ("U.S. Trustee"), moves for an order extending certain discovery deadlines for good cause (the "Motion to Extend") to obtain discovery from Peter Jarvis ("Mr. Jarvis") and Jacqueline Harvey ("Ms. Harvey") (collectively, Mr. Jarvis and Ms. Harvey are the "Respondents"), with respect to the pending discovery requests identified below (the "Discovery Requests").  Jackson Walker LLP ("Jackson Walker") hired the Respondents and Holland & Knight LLP ("Holland & Knight") as ethics experts regarding the

1

connections between Elizabeth Freeman ("Ms. Freeman"), a former Jackson Walker partner, and former Judge David R. Jones ("Judge Jones").

In support of the Motion to Extend, the U.S. Trustee states as follows:

## SUMMARY

1. First, the U.S. Trustee seeks to extend discovery deadlines for the *limited purpose* of (1) allowing the U.S. Trustee sufficient time to obtain documents and deposition testimony from the Respondents;[1] and (2) allowing his expert witnesses to consider the documents and deposition testimony obtained from the Respondents to prepare fully considered expert reports. As explained below, the circumstances necessitating the limited extension of these deadlines are circumstances that are not within the U.S. Trustee's control, and which demonstrate good cause to grant the relief requested.

2. Second, the U.S. Trustee seeks leave of the Court to complete his fact discovery through depositions of witnesses with relevant information. After the U.S. Trustee has conducted nearly 25 depositions pertaining to 33 cases, Jackson Walker seeks without good cause to stop the U.S. Trustee's discovery efforts.

---

[1] Jackson Walker made decisions not to inform the Court, clients, and parties in interest of its partner's relationship with Judge Jones.  As justification for those decisions, Jackson Walker intentionally disclosed some of its counsel's advice in multiple responses filed with the Court. Jackson Walker also forwarded at least two opinion letters drafted by the Respondents to third parties, including counsel for its former partner, which it has now produced in discovery to the U.S. Trustee.  And Jackson Walker repeatedly allowed counsel for its former partner to communicate directly with one of the Respondents regarding their conclusions.  Jackson Walker now seeks to improperly withhold communications regarding the advice upon which it relied and continues to rely.  The Respondents are, and were at all relevant times, attorneys at Holland & Knight. Jackson Walker hired the Respondents and Holland & Knight as ethics experts regarding the connections between Ms. Freeman and Judge Jones

2

**FACTUAL BACKGROUND**

3. On August 7, 2024, the Court entered its *Amended Comprehensive Scheduling, Pre-Trial & Trial Order* [ECF No. 249] ("Amended Order").

4. The Amended Order provides that the party with the burden of proof on an issue must serve its expert reports by September 30, 2024, and that fact discovery closes on November 1, 2024.

5. The U.S. Trustee indicated at the hearing held on August 7, 2024, that among the reasons for his request to extend discovery deadlines was so that the U.S. Trustee could obtain documents and deposition testimony from the Respondents, and to provide the same to his experts to prepare their reports.

6. The Amended Order further provides, "Changes to this portion of the Scheduling Order may only be made by further order of the Court. A motion to extend any deadline and/or alter any hearing date will only be granted for good cause shown beyond the control of the lawyers and/or Parties and only in very limited circumstances." Amended Order at ¶ 7.

7. On October 13, 2023, Judge Jones announced his resignation from the bench following the exposure of a previously undisclosed, years-long intimate relationship with Ms. Freeman, who was a partner at Jackson Walker during a time when it regularly appeared in cases presided over or mediated by Judge Jones.

8. On November 2 and 3, 2023, the U.S. Trustee filed substantially similar motions seeking relief from judgment under Rule 60(b)(6) (the "Rule 60 Motions") with respect to Jackson Walker's retention and compensation applications in numerous cases (the "Affected Cases"). On December 8, 2023, the Court opened the present Miscellaneous Proceeding to consolidate discovery and pre-trial matters for the Rule 60 Motions in the Affected Cases.

9. On or about November 13, 2023, Jackson Walker filed a preliminary response to the Rule 60 Motions. *See, e.g.*, *In re Neiman Marcus Group LTD LLC*, Case No. 20-32519, ECF No. 3184 (the "Preliminary Response"). Jackson Walker asserted in the Preliminary Response that: (i) it was not aware of any relationship between Judge Jones and Ms. Freeman until March 2021; (ii) at that time, Ms. Freeman advised Jackson Walker her intimate relationship with Judge Jones had terminated; and (iii) Jackon Walker did not discover Ms. Freeman and Judge Jones were engaged in an ongoing relationship until 2022. *See* Preliminary Response at 4–5.[2] In support of these assertions, Jackson Walker disclosed that on March 8, 2021, it retained Mr. Jarvis and Holland & Knight (the "Freeman Engagement") as outside ethics counsel, "to ensure that [Jackson Walker] understood its legal and ethical obligations." *Id.* at 4. Ms. Harvey assisted Mr. Jarvis with this engagement.

10. Jackson Walker's Preliminary Response includes a draft letter (the "August Letter") dated "August __,2021," from Jackson Walker to Mr. Jarvis that first purportedly sets forth the state of Jackson Walker's knowledge in March 2021. The August Letter additionally sets forth "**Recommended Actions**" based on that purported knowledge, as well as Jackson Walker's request for Mr. Jarvis's legal opinion approving the Recommended Actions as "appropriate and sufficient to address these circumstances, from the standpoint of avoiding disqualification of Judge Jones or Jackson Walker when we appear in cases before him and in terms of our own ongoing compliance with applicable ethical requirements." *Id.* The Preliminary Response reveals the Respondents' legal advice to Jackson Walker by representing that Mr. Jarvis, "concluded that the measures taken by Jackson Walker, based on the facts stated in the letter, which were confirmed

---

[2] Citations to the Preliminary Response refer to the version of that document filed in *In re Neiman Marcus Group LTD LLC*, Case No. 20-32519, ECF No. 3184. The versions of the Preliminary Response filed in the other Affected Cases are in all relevant respects identical.

4

by Ms. Freeman, were sufficient to meet Jackson Walker's obligations." *Id.* at ¶ 15. The Preliminary Response further discloses that in 2022, Jackson Walker "reached out again" to Mr. Jarvis regarding the Freeman Engagement, who "discussed the situation" with Ms. Freeman's counsel, Tom Kirkendall ("Mr. Kirkendall"). *Id.*

11.     Jackson Walker continued to put its communications with the Respondents at issue by arguing in its response to the U.S. Trustee's Rule 60 Motions that it acted reasonably at all times and took reasonable remedial measures based on the Respondents' advice. *See, e.g.*, *In re Neiman Marcus Group LTD LLC*, Case No. 20-32519, ECF No. 3234 (the "Amended Response") at ¶¶ 1–2, 10, 37–39, 52–53, 77, 79, 144, 160, 183, 186.

12.     On June 4, 2024, the U.S. Trustee issued document and deposition subpoenas to the Respondents (the "Discovery Requests"). On June 18, 2024, the Respondents served their objections, in which they indicated that Jackson Walker directed them to assert the attorney client privilege on its behalf.

13.     Despite numerous attempts to meet and confer, the U.S. Trustee and Jackson Walker were not able to resolve the Respondents' objections. (Declaration of Laura D. Steele at ¶ 5, 9) (hereinafter, "Steele Decl.").

14.     When the U.S. Trustee was not able to resolve the issues with Jackson Walker, he filed an expedited motion to compel discovery from the Respondents on August 22, 2024 ("Motion to Compel"). ECF No. 275. The U.S. Trustee filed the Motion to Compel with this Court pursuant to the Court's case management order, which provides that that this Court would hear all discovery disputes. ECF No. 1 at ¶ 1 ("All future documents and pleadings concerning discovery and pretrial matters regarding the Motion for Withdrawal of the Reference and the Motion for Relief from

Final Judgment in any of the Affected Cases must be filed in Miscellaneous Proceeding 23-00645.").

15. In response, Jackson Walker moved to strike, arguing that the Motion to Compel must be filed in the District of Oregon where the Respondents are located ("Motion to Strike"). ECF No. 279. The Court granted the Motion to Strike on August 23, 2024. ECF No. 289.

16. The U.S. Trustee then diligently obtained *pro hac vice* admission to the District of Oregon and revised his Motion to Compel to comply with the district's local rules. (Steele Decl. ¶ 8).

17. At Jackson Walker's request, the U.S. Trustee further delayed his filing of the Motion to Compel in the District of Oregon because Jackson Walker requested another meet and confer, which was held on September 3, 2024. (Steele Decl. ¶ 9–10). At the meet and confer, Jackson Walker refused to modify its assertion of the attorney client privilege. Given the impasse, the U.S. Trustee stated that he would proceed with filing his Motion to Compel with the District of Oregon. The U.S. Trustee further requested Jackson Walker's agreement to have the court in the District of Oregon hear his Motion to Compel on an expedited basis in light of this Court's discovery schedule. Jackson Walker refused to agree to expedited relief. (Steele Decl. ¶ 9).

18. Accordingly, the parties were not able to resolve the matter, and the U.S. Trustee filed his Motion to Compel with another request for expedited relief on September 3, 2024, in the District of Oregon. *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, Case No. 3:24-MC-894-AB (D. Or. Sept. 3, 2024), ECF No. 1.

19. Jackson Walker objected to the U.S. Trustee's request for expedited relief in that case. Case No. 3:24-MC-894-AB, ECF No. 3.

6

20. The Court denied the U.S. Trustee's request for expedited relief and set the following briefing and hearing schedule: "(1) Jackson Walker LLP's response to the United States Trustees motion to compel discovery (ECF 1) shall be filed not later than September 17, 2024; (2) the United States Trustee shall file a reply not later than September 24, 2024; and (3) the Court will hear Oral Argument on 10/29/2024 at 01:00PM in Portland Courtroom 14B before Judge Amy M Baggio." Case No. 3:24-MC-894-AB, ECF No. 12.

21. The October 29, 2024, hearing set by Judge Baggio makes it impossible for the U.S. Trustee to conduct the Respondents' depositions prior to the September 30, 2024, Expert Report deadline. There is no assurance that the Court will rule on October 29, 2024, and it is unknown whether the Respondents would be able to produce documents and appear for their depositions by November 1, 2024. Indeed, in their response to the Motion to Compel, the Respondents request 21 days to produce documents if the Court grants the Motion to Compel. Case No. 3:24-MC-894-AB, ECF No. 21.

22. The U.S. Trustee has again met and conferred with Jackson Walker to seek its agreement to extend the September 30, 2024, expert report deadline and to extend the November 1, 2024, fact discovery deadline so that the U.S. Trustee may take the Respondents' depositions. Jackson Walker advised the U.S. Trustee on September 20, 2024, that it declines to stipulate. (Steele Decl. ¶ 16).

23. Jackson Walker's refusal to stipulate to reasonable and limited deadline extensions is not well grounded. Jackson Walker has intentionally created the circumstances which now require these extensions: Jackson Walker opposed this Court hearing the U.S. Trustee's Motion to Compel, and when the court struck the Motion to Compel, Jackson Walker asked that the U.S. Trustee delay his filing of his Motion to Compel in the District of Oregon to further meet and

confer. And when the U.S. Trustee agreed to do so, Jackson Walker (which was fully apprised of the U.S. Trustee's position that the attorney client privilege had been waived) did not present any new or modified positions.  When it became clear that an agreement could not be reached, Jackson Walker refused to stipulate to an expedited hearing. The Court now will not hear the matter until October 29, 2024—two days before the close of fact discovery.

24. And despite the issuance of the Respondents' subpoenas in June 2024, the Respondents aver that they need *21 additional days* to produce responsive documents if ordered by the Court. Assuming the Court rules on the U.S. Trustee's Motion to Compel following arguments on October 29, 2024, and assuming the Court grants the Respondents' request for 21 days to produce documents, the earliest the depositions could occur would be in late November 2024.

## **LAW & ARGUMENT**

25. This Court should not reward Jackson Walker's efforts to create a procedural malaise in order to intentionally hinder the U.S. Trustee's discovery in these matters.  That is particularly true where the U.S. Trustee's discovery pertains to Jackson Walker's assertion that its interactions with the Respondents demonstrate the reasonableness of its actions.

26. Notably, no party has filed a motion to quash the Discovery Requests. But by refusing to consent to reasonable and limited extensions, necessitated by circumstances Jackson Walker helped create by refusing to consent to expedited relief, Jackson Walker seeks to obtain the same end without good cause.  If there is not a basis for a motion to quash, as the absence of such a motion indicates, there is no basis to deny the U.S. Trustee appropriate accommodations to obtain discovery that is necessary for him and his experts (and ultimately the Court) to evaluate whether Jackson Walker's actions were in fact reasonable.

27. Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the court. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990). "The Court has broad discretion to allow scheduling order modifications and considers four elements to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Ciena Corp. v. Nortel Networks Inc.,* 233 F.R.D. 493, 494 (E.D. Tex. 2006).

28. As to the first element, the U.S. Trustee demonstrated that he made diligent efforts to obtain the Respondents' depositions within the time limits set forth by the Court. The U.S. Trustee has, on multiple occasions, attempted to meet and confer with Jackson Walker, and when those efforts were unsuccessful, to at least obtain Jackson Walker's agreement to expedite the matter for consideration mindful of the Court's Amended Order. But because Jackson Walker refused to agree to expedited relief, the parties now must wait until October 29 to argue their positions. As noted above, the October 29 hearing makes it nearly impossible for the U.S. Trustee to obtain the documents and testimony it seeks from the Respondents before the November 1, 2024, discovery deadline, and, further, actually impossible to provide such information to his experts for reports that are due September 30, 2024. These are not circumstances which the U.S. Trustee created.

29. Second, Jackson Walker maintains that its retention of the Respondents demonstrates the reasonableness of its actions. Because Jackson Walker places the Respondents' retention at issue, the U.S. Trustee is entitled to conduct discovery into the basis for this assertion. Such discovery is not only important, but critical for the development of the U.S. Trustee's facts, for consideration by his experts to render a complete opinion, and for this Court's ultimate determinations.

30. Third, the U.S. Trustee has requested that Jackson Walker strike its references to the Respondents in its pleadings. Jackson Walker refused to do so and maintains that its retention of the Respondents demonstrates the reasonableness of its conduct. Allowing Jackson Walker to make these arguments at trial and present supporting evidence, without permitting the U.S. Trustee to conduct discovery into the validity of these assertions, is prejudicial.

31. Fourth, any prejudice that the U.S. Trustee may suffer if prohibited from obtaining discovery from the Respondents may be alleviated by the Court's limited extension of certain discovery deadlines which will not affect any pending trial order. For example, while Bankruptcy Judge Christopher Lopez has tentatively reserved trial dates in early December 2024, no pretrial order has been issued. And while Bankruptcy Judge Marvin Isgur initially ordered that trial in the matters before him proceed on December 19, 2024, he has now recused himself. Further, the District Court for the Southern District of Texas has not yet ruled on the U.S. Trustee's motions to withdraw the reference. And, if the Court does not extend the deadlines as requested by the U.S. Trustee, this Court takes away the Oregon District Court's ability to grant full relief on the Motion to Compel, as the Oregon District Court is not set to hear argument until October 29, 2024. Accordingly, not only is the extension of deadlines necessary to avoid prejudice to the U.S. Trustee, but it is also in the best interest of judicial economy.

**BASIS FOR EMERGENCY RELIEF**

32. The Amended Order provides that parties with the burden of proof must serve its expert reports by September 30, 2024. The U.S. Trustee believes the Respondents' responses to the Discovery Requests and testimony are necessary to complete his own expert reports. Accordingly, an emergency order on this Motion to Extend is necessary so that the Oregon District Court may rule on the U.S. Trustee's Motion to Compel, so that the Respondents have sufficient time to respond to the Discovery Requests and be deposed, and so that the U.S. Trustee's experts have an opportunity to incorporate that information into their reports before the expert report deadline.

33. On September 24, 2024, the Court set a hearing in this case for September 26, 2024, at 9:00 a.m. to consider another motion related to a discovery dispute. If amenable to the Court, the U.S. Trustee requests that the Court set this Motion to Extend for the same date and time.

**CONCLUSION**

For the foregoing reasons, the U.S. Trustee submits that he has shown good cause to further amend the Amended Order for a limited purpose.

WHEREFORE, the U.S. Trustee respectfully requests that the Court grant this Motion to Extend the September 30, 2024, expert report deadline to allow the U.S. Trustee's experts to consider the Respondents' document production and deposition testimony, and to extend the November 1, 2024, fact discovery deadline to permit the Respondents' production of documents and depositions. The U.S. Trustee further requests such additional relief as may be just.

[Signature Page Follows]

| | |
|---|---|
| Date: September 24, 2024 | Respectfully Submitted, |
| | KEVIN M. EPSTEIN<br>UNITED STATES TRUSTEE<br>REGION 7, SOUTHERN AND WESTERN<br>DISTRICTS OF TEXAS |
| | By: */s/ Alicia Barcomb* |
| RAMONA D. ELLIOTT<br>Deputy Director/<br>General Counsel<br>NAN ROBERTS EITEL<br>Associate General Counsel<br>Fed. ID No. 561266<br>DANIELLE PHAM<br>Trial Attorney<br>Department of Justice<br>Executive Office for<br>United States Trustees<br>Washington, D.C. 20530<br>(202) 307-1399 – Telephone | MILLIE APONTE SALL<br>Assistant U.S. Trustee<br>Tex. Bar No. 01278050/Fed. ID No. 11271<br>VIANEY GARZA<br>Trial Attorney<br>Tex. Bar No. 24083057/Fed. ID No. 1812278<br>ALICIA BARCOMB<br>Trial Attorney<br>Tex. Bar No. 24106276/Fed ID No. 3456397<br>515 Rusk, Suite 3516<br>Houston, Texas 77002<br>(713) 718-4650 – Telephone<br>(713) 718-4670 – Fax<br>Email: millie.sall@usdoj.gov<br>vianey.garza@usdj.gov<br>alicia.barcomb@usdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2024 a copy of the foregoing *United States Trustee's Expedited Motion to Extend Discovery Deadlines* was served on the parties listed in the attached service list by ECF transmission.

By: */s/ Alicia Barcomb*
Alicia Barcomb