UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**Professional Fee Matters Concerning the Jackson Walker Law Firm** | Case No. 23-645 |

**UNITED STATES TRUSTEE'S BRIEF REGARDING APPLICABILITY OF THE UNITED STATES DEPARTMENT OF JUSTICE'S *TOUHY* REGULATIONS AND THE *MORGAN* DOCTRINE**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), by counsel, respectfully states as follows:

**SUMMARY OF POSITION AND ISSUES PRESENTED**

At the hearing held on October 8, 2024, the U.S. Trustee argued that prior to allowing Jackson Walker LLP ("JW") to conduct certain depositions, the Court should limit JW to conducting a deposition pursuant to Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6) Deposition"), and the Court should quash the subpoenas seeking to compel testimony from the U.S. Trustee, his predecessor, Henry G. Hobbs, Jr. (the "Former Acting U.S. Trustee"), and Millie Sall, the Assistant U.S. Trustee.  The U.S. Trustee argued that limiting JW to a Rule 30(b)(6) Deposition rather than deposing the U.S. Trustee and Former Acting U.S. Trustee is appropriate because, among other things, neither the U.S. Trustee nor his predecessor had any actual knowledge of a financial, cohabitation, intimate, romantic, fiduciary, or sexual relationship between Elizabth C. Freeman

1

and former Judge David R. Jones prior to October 6, 2023.[1] JW introduced no evidence otherwise or to support exceptional circumstances. In addition, notwithstanding the leading role of Millie Sall, the Assistant U.S. Trustee, in this litigation, JW introduced no evidence to rebut the strong presumption against deposing opposing counsel.

At the hearing the U.S. Trustee also argued that to the extent JW deposes current or former employees of the U.S. Trustee, the Court should enter an order that prohibits JW from: (1) asking about matters that go beyond the topics[2] (the "Topics" and individual Topics, "Topic No. [_]") for which JW provided summaries to the U.S. Trustee pursuant to the United States Department of Justice's ("DOJ") *Touhy* regulations, 28 C.F.R. § 16.21 *et seq.* (the "DOJ's *Touhy* Regulations"); and (2) seeking any information other than the deponents' actual knowledge of the Topics.

After hearing arguments from the parties, the Court indicated it would allow the depositions of Hector Duran, Trial Attorney for the U.S. Trustee, and Stephen Statham, former Trial Attorney for the U.S. Trustee, to proceed and was inclined to limit JW to conducting a Rule 30(b)(6) Deposition. The Court then ordered briefing on the following issues: (1) whether the DOJ's *Touhy* Regulations apply in the Fifth Circuit; and (2) whether the *Morgan* doctrine applies to the U.S. Trustee in the Fifth Circuit. The answer to both questions is "yes" as explained below.

---

[1] During the hearing, the Court indicated that the U.S. Trustee's use of qualifying language such as "to the best of my knowledge" may not be an affirmative answer. The use of this type of language is common practice when an individual answers interrogatories on behalf of an entire organization. *See* JW Verifications to U.S. Trustee's Interrogatories dated June 24, 2024, and October 10, 2024, attached hereto as <u>Exhibit 1</u>. Attached as <u>Exhibits 2</u> and <u>3</u> are declarations under penalty of perjury from the U.S. Trustee and Former Acting U.S. Trustee declaring that they did not have "knowledge of a financial, cohabitation, intimate, romantic, fiduciary, or sexual relationship between Elizabeth Freeman and David Jones before October 6, 2023."

[2] *See* ECF No. 380-6 at 7–9, 16–18, 25–27, 34–36; ECF No. 380-9 at 7–9.

### I. COMPLIANCE WITH THE DOJ'S *TOUHY* REGULATIONS IS MANDATORY IN THE FIFTH CIRCUIT.

1. The federal government may promulgate regulations that control the disclosure of information obtained by its current and former employees. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 463 (1951). Congress authorized the DOJ to promulgate such regulations, 5 U.S.C. § 301, and the DOJ has done so as part of the Code of Federal Regulations. 28 C.F.R. § 16.21, *et seq*. A flow chart of the DOJ's *Touhy* Regulations is attached as <u>Exhibit 4</u>.

2. The DOJ's *Touhy* Regulations apply **both** when the United States is a party and when the United States is not a party. 28 C.F.R. §§ 16.22, 16.23. Different procedures apply to obtaining authorization for disclosure of documents or testimony, but compliance with the DOJ's *Touhy* Regulations is mandatory regardless of whether the DOJ is a party to the proceeding. *Id.*

3. The DOJ is part of the executive branch, and the DOJ's *Touhy* Regulations are similar in nature to the judicial branch's *Guide to Judiciary Policy*, vol. 20, §§ 810–50 (available at https://www.uscourts.gov/sites/default/files/vol20-ch08.pdf) ("Judiciary Policy") governing the procedures that must be followed when testimony is sought from current or former judicial branch employees.

4. The Judiciary Policy prohibits court personnel from providing testimony unless authorized in accordance with the applicable regulations. Judiciary Policy § 820. The Judiciary Policy requires the requester, *inter alia*, to provide an affidavit or written statement with "an explanation of the nature of the testimony or records sought . . . contain[ing] sufficient information for the determining officer designated in § 840(b) to determine whether or not federal judicial personnel should be allowed to testify[.]". *Id.* § 830.

5. Similarly, when testimony is sought from current or former employees of the U.S. Trustee and the U.S. Trustee is a party, the DOJ's *Touhy* Regulations require the requester to provide a

summary of the testimony sought to the attorney in charge of the case to enable a decision to be made whether to authorize the testimony.  5 U.S.C. § 301; 28 C.F.R. §§ 16.21, 16.23.[3]

6. "The Department of Justice regulations for subpoenaing witnesses have been held to be valid and mandatory."  *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994) (citations omitted).

7. The DOJ's *Touhy* Regulations apply when the U.S. Trustee is a party, because the United States Trustee Program is a component of the DOJ.[4] 16 C.F.R. § 16.21(b) ("[T]he term *employee of the* [DOJ] includes . . . U.S. Trustees and members of the staffs of [the U.S. Trustee].").  The U.S. Trustee performs numerous responsibilities under Titles 11 and 28 of the United States Code, thereby "leav[ing] bankruptcy judges 'free to resolve disputes untainted by knowledge of administrative matters unnecessary and perhaps prejudicial to an impartial judicial determination.'" *U.S. Tr. v. Prines (In re Prines)*, 867 F.2d 478, 480 (8th Cir. 1989) (quoting H.R. Rep. No. 99-764, at 18 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5227, 5230); *see* 28 U.S.C. § 586.  U.S. Trustees exercise a range of enforcement, administrative, and regulatory duties in the bankruptcy system and "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena."  H.R. Rep. No. 95-595, at 88 (1977).

---

[3] As set forth in the DOJ's *Justice Manual*, the DOJ's "regulations are not intended to create new privileges or to supersede existing discovery rules.  They are intended to provide a procedure where the [DOJ] will have the opportunity to protect certain types of information from unwarranted and unconsidered disclosure." *Justice Manual* at § 1-6.100 (*available at* https//www.justice.gov/jm/jm-1-6000-doj-personnel-witnesses) (last visited Oct. 15, 2024).  The creation of such procedure is necessary to allow the government to protect the release of information that is, for example, privileged or not subject to disclosure like "investigatory records compiled for law enforcement purposes[.]" *See* 16 C.F.R. § 16.26.

[4] *See* https://www.justice.gov/ust (last visited October 15, 2024).  The Court may take judicial notice of this fact.  Fed. R. Evid. 201(b)(2).

8. In this case, JW seeks to depose the following DOJ employees (collectively, the "USTP Personnel"):

- Kevin M. Epstein, a current DOJ employee appointed by the Attorney General under 28 U.S.C. § 581(a)(7) to serve as the United States Trustee for Region 7;

- Henry G. Hobbs, Jr., a former DOJ employee appointed by the Attorney General under 28 U.S.C. §§ 581(a)(7) and 585(a) to serve as the Acting United States Trustee for Region 7;

- Millie Sall, a current DOJ employee appointed by the Attorney General under 28 U.S.C. § 582(a) to serve as the Assistant U. S. Trustee for the Houston office in Region 7;

- Hector Duran, a current DOJ employee appointed by the Attorney General as a Trial Attorney; and

- Stephen Statham, a former DOJ employee appointed by the Attorney General as a Trial Attorney.

*See* ECF Nos. 380-6, 380-9.

9. When JW's counsel approached counsel for the U.S. Trustee about deposing the USTP Personnel, counsel for the U.S. Trustee informed JW's counsel that JW had to comply with the DOJ's *Touhy* Regulations. ECF No. 386 at ¶ 5. JW complied with the DOJ's *Touhy* Regulations by providing a written statement setting forth the Topics. *Id.*; ECF No. 380-6 at 7–9, 16–18, 25–27, 34–36; ECF No. 380-9 at 7–9.

10. In providing the Topics to satisfy the DOJ's *Touhy* Regulations, JW seeks testimony from the USTP Personnel regarding, by way of example and not in limitation:

- allegations about the relationship between Elizabeth C. Feeman and former Judge David R. Jones, Topic Nos. 1–9;

- "material contained in the files of the [DOJ], any information relating to material contained in the files of the [DOJ], or any information acquired by any person while such person was an employee of the [DOJ] as a part of the performance of that person's official duties or because of that person's official status[,]" Topic Nos. 10–19. *See* 28 C.F.R. § 16.21(a)

- internal policies, procedures, or guidance of the U.S. Trustee, Topic Nos. 20–22; and

- discovery in these matters, Topic Nos. 23–24.

ECF No. 380-6 at 7–9, 16–18, 25–27, 34–36; ECF No. 380-9 at 7–9.

11. JW now asserts the DOJ's *Touhy* Regulations do not apply, ECF No. 386 at ¶ 5, and it may depose the USTP Personnel regarding any topics, including matters not included in the Topics for which it provided the required affidavit or written summary of the testimony sought. 28 C.F.R. § 16.23(c).

12. JW is mistaken. The DOJ's *Touhy* Regulations are "mandatory." *Wallace*, 32 F.3d at 929. JW must submit any additional proposed areas of inquiry beyond the Topics to the agency for authorization.

13. Further the Court agreed, and JW conceded at the hearing on October 8, 2024, that any testimony would be limited to actual knowledge of the Topics prior to October 6, 2023. If JW is allowed to depose USTP Personnel, the order authorizing such testimony should accordingly be limited to actual knowledge of the Topics prior to October 6, 2023.

## II. THE *MORGAN* DOCTRINE APPLIES IN THE FIFTH CIRCUIT, AND THE SUBPOENAS SEEKING TO COMPEL TESTIMONY FROM THE U.S. TRUSTEE AND FORMER U.S. TRUSTEE SHOULD BE QUASHED PURSUANT TO THE *MORGAN* DOCTRINE.

14. Consistent with *United States v. Morgan*, 313 U.S. 409, 422 (1941), the Fifth Circuit protects high-ranking government officials from being deposed, absent extraordinary circumstances. *See, e.g.*, *In re Paxton*, 60 F.4th 252, 258–59 (5th Cir. 2023) ("Where it can, apex testimony is justified only in the 'rarest of cases.'") (internal citation omitted); *United States v. 11,950 Acres of Land (In re FDIC)*, 58 F.3d 1055, 1060 (5th Cir. 1995); *In re Office of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 278 (5th Cir. 1991) ("We agree with our D.C. Circuit colleagues that 'top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions.'") (internal citation omitted).

15. Similar to the Judiciary Policy's section 830 requirements, to make a showing of extraordinary circumstances under the *Morgan* Doctrine, the party seeking the deposition must show, for example, that the deponent has unique knowledge that cannot be obtained from another source. *Paxton*, 60 F.4th at 258.

16. For 70 years, under *Morgan*, courts have frowned upon permitting the deposition of high-ranking officials. As set forth in the U.S. Trustee's motion to quash [ECF No. 350] ("Motion"), the Fifth Circuit employs a three-part test: (1) high-ranking status; (2) potential burden on the proposed individual; and (3) substantive reasons for deposition. Mot. ¶ 20.

17. The U.S. Trustee and Former Acting U.S Trustee are high-ranking DOJ officials appointed by the Attorney General of the United States. They should be protected under the *Morgan* Doctrine because they have neither any actual knowledge of a financial, cohabitation, intimate, romantic, fiduciary, or sexual relationship between Elizabth C. Freeman and former Judge David R. Jones prior to October 6, 2023, *See* Exhibits 2 & 3, nor any other unique knowledge that cannot be

7

obtained in another manner, and JW has otherwise failed to establish evidence of exceptional circumstances warranting their depositions under the *Morgan* doctrine.

### A. The U.S. Trustee and Former Acting U.S. Trustee Are High Ranking DOJ Officials.

18. Federal courts have examined a variety of government agencies when determining whether an official is high-ranking. And courts recognize that a government official does not have to be the top official to be protected by the *Morgan* doctrine.[5] For example, the Fifth Circuit has considered a governor's chief of staff to be a high-ranking official. *In re Bryant*, 745 F. App'x 215, 221 (5th Cir. 2018 revised Nov. 30, 2018). Even a *former* county undersheriff who played a key role in setting and enforcing policies and practices was determined to be a high-ranking official. *K.C.R. v. County of L.A.*, No. CV 13–3806 PSG, 2014 WL 3434257, at *5 (C.D. Cal. July 11, 2014).

19. The undisputed facts presented at the hearing held October 8, 2024, as well as others in this proceeding for which the Court may take judicial notice, demonstrate that the U.S. Trustee and former Acting U.S. Trustee should be protected under the *Morgan* doctrine. The DOJ has more than 40 components and more than 115,000 employees. *See* https://www.justice.gov/about (last visited Oct. 15, 2024).[6] Within the DOJ, the United States Trustee Program has approximately

---

[5] This is consistent with the position federal courts take in assessing the "apex doctrine" applicable in litigation against corporate entities. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). In *Apple*, the court recognized that in large entities, there may be tens of high-level individuals, "each in charge of what amounts to its own, significant division or sub-organization." 282 F.R.D. at 263. In those instances, the classic paradigm of a single-hierarchy structure may be ill-suited to determining apex status and the bounds of appropriate discovery. *Id.* A more nuanced approach putting the substantive factors on a sliding scale may be appropriate. *Id.* The closer to the apex and less personal first-hand knowledge, the more appropriate it is to prohibit testimony. *Id.*

[6] The Court may take judicial notice of this fact. Fed. R. Evid. 201(b)(2).

1,000 employees, roughly 90 percent of whom serve in field offices organized into regions led by the United States Trustees. *See* https://www.justice.gov/ust/media/1348371/dl (last visited Oct. 15, 2024).[7]

20. DOJ's Attorney General appointed the U.S. Trustee as the United States Trustee for Region 7 under 28 U.S.C. § 581(a)(7).[8] Because the U.S. Trustee is a senior governmental official, the DOJ issued a press release upon his appointment. It explained that "Attorney General William P. Barr has appointed Kevin M. Epstein as the U.S. Trustee for the Southern and Western Districts of Texas (Region 7) effective Jan. 1, 2021." Department of Justice Press Release, https://www.justice.gov/opa/pr/kevin-m-epstein-appointed-us-trustee-southern-and-western-districts-texas (last visited Oct. 15, 2024).[9] The press release further explained:

> The U.S. Trustee Program is the component of the Justice Department that protects the integrity of the bankruptcy system by overseeing case administration and litigating to enforce the bankruptcy laws. The USTP has 21 regions and 90 field office locations. Region 7 has offices in Austin, Corpus Christi, Houston, and San Antonio, Texas.

*Id.*[10]

21. Likewise, when the Attorney General appointed the U.S. Trustee's predecessor Henry Hobbs as the Acting U.S. Trustee for Region 7, the DOJ issued a press release upon his appointment. Department of Justice Press Release, https://www.justice.gov/ust/press-

---

[7] The Court may take judicial notice of this fact. Fed. R. Evid. 201(b)(2).

[8] The Attorney General also appointed the U.S. Trustee as the United States Trustee for Region 6, pursuant to 28 U.S.C. §§ 581(a)(6) and 585(b).

[9] The Court may take judicial notice of this fact. Fed. R. Evid. 201(b)(2).

[10] The USTP no longer has an office in Corpus Christi.

releases/attorney-general-jeff-sessions-appoints-us-trustee-and-acting-us-trustees-cover-six-us (last visited Oct. 15, 2024).[11]

22. The U.S. Trustee exercises a range of enforcement, administrative, and regulatory duties in the bankruptcy system. 28 U.S.C. § 586; H.R. Rep. No. 95-595, at 88 (1977). By way of example and not in limitation, the U.S. Trustee:

- establishes, maintains, and supervises private trustees, 28 U.S.C. § 586(a)(1) and testimony of Brian Henault at the October 8, 2024, hearing ("Henault Testimony");

- supervises the administration of cases in Region 7, 28 U.S.C. § 586(a)(3) and Henault Testimony;

- takes "such actions as the [U.S. Trustee] deems to be appropriate to prevent undue delay in" chapter 11 cases, 28 U.S.C. § 586(a)(3)(G);

- reviews and, if the U.S. Trustee considers it appropriate, objects or comments on employment, 28 U.S.C. § 586(a)(3)(I), and fee applications, 28 U.S.C. § 586(a)(3)(A)(ii);

- performs the duties prescribed for the U.S. Trustee under title 11 and title 28, 28 U.S.C. § 586(a)(5);

- supervises multiple offices throughout Texas, Henault Testimony; and

- hires and supervises employees in Regions 6 and 7 which covers Texas, Henault Testimony.

23. For performance of such duties, the U.S. Trustee is compensated "not in excess of the rate of basic compensation provided for Executive Level IV of the Executive Schedules set forth in section 5315 of title 5[.]" 28 U.S.C. § 587; *see Alexander v. F.B.I.*, 186 F.R.D. 1, 3–4 (D.D.C.

---

[11] The Court may take judicial notice of this fact. Fed. R. Evid. 201(b)(2).

1998) (considering pay scale as a factor in determining whether a government official is high-ranking).

24. The evidence before the Court demonstrates that the U.S. Trustee is a high-ranking government official,[12] which JW recognizes by seeking testimony from USTP Personnel regarding the "U.S. Trustee's internal guidance, policies, and procedures." *See, e.g.*, ECF No. 380-6 at 8–9; *K.C.R.*, 2014 WL 3434257, at*6 (finding the former county undersheriff's role in setting and enforcing policies and practices significant in determining him to be high-ranking).

### B. Jackson Walker Failed to Show Exceptional Circumstances, Including That the U.S. Trustee and Former Acting U.S. Trustee Have Personal Knowledge That May Not Be Obtained By Other Means

25. As to the Fifth's Circuit's second element—the potential burden—over 6,000 cases have been filed in Region 7 so far this year. *See* Henault Testimony. As mentioned, the U.S. Trustee has numerous statutory duties to perform in and in relation to bankruptcy cases. If the U.S. Trustee could be deposed in every contested matter[13] or adversary proceeding[14] to which he (as a representative of the government) is a party, his ability to perform statutory duties would be unquestionably impaired. *See K.C.R.*, 2014 WL 3434257, at*6 (analyzing the risk of subjecting the former county undersheriff to "innumerable suits" regardless of whether he had personal

---

[12] The protection of the *Morgan* doctrine does not end with a high-ranking official's retirement and applies equally to the former Acting U.S. Trustee. *See, e.g., Conforto v. Mabus*, No. 12cv1316-W, 2014 WL 12560881, at*7 (S.D. Cal. Sept. 24, 2014); *K.C.R.*, 2014 WL 3434257, at *2, 6; *cf. Gauthier v. Union Pac. R.R. Co.*, No. 1:07-CV-12, 2008 WL 2467016, at *1, 4 (E.D. Tex. June 18, 2008) (quashing depositions of current and former executives).

[13] By way of example and not in limitation, objections to employment applications, objections to fee applications, motions to covert or appoint a trustee, objections to disclosure statements, objections to confirmation, motions to review fees, or motions to dismiss for abuse or adversary proceedings.

[14] By way of example and not in limitation, a complaint to deny discharge under 11 U.S.C. § 727.

knowledge). Allowing the U.S. Trustee's deposition in this case on the facts before the Court would create a "significant risk" of the U.S. Trustee being "called to testify in innumerable suits." *See id.*

26. When examining the last factor, the Fifth Circuit looks to whether the individual has "unique, first-hand knowledge" and holds that "a 'key aspect' of the analysis 'is whether the sought after information can be obtained from other witnesses.'" *Paxton*, 60 F.4th at 258 (cleaned up and quoting *Bryant*, 745 F. App'x at 221, for the latter).

27. Similarly, "there is substantial case law standing for the proposition that high ranking government officials are generally not subject to depositions unless they have *some* personal knowledge about the matter and the party seeking the deposition makes a showing that the information cannot be obtained elsewhere." *Alexander*, 186 F.R.D. at 4 (emphasis in original and citing, among others, the Fifth Circuit's opinion in *In re F.D.I.C.*, 58 F.3d at 1060).

28. At the October 8, 2024, hearing, JW indicated its desire to depose USTP Personnel regarding actual knowledge prior to October 6, 2023, of a relationship between Elizabeth C. Freeman and former Judge David R. Jones.

29. Neither the U.S. Trustee nor the Former Acting U.S. Trustee had actual knowledge prior to October 6, 2023. *See* <u>Exhibits 2</u> & <u>3</u>.

30. And testimony is not needed from either the U.S. Trustee or Former Acting U.S. Trustee regarding, by way of example and not in limitation, internal policies, procedures, or guidance of the U.S. Trustee, the factual bases for interrogatory responses, or other Topics as such information could be obtained through a Rule 30(b)(6) Deposition.

31. Although JW had the burden to show exceptional circumstances, *see, e.g.*, *Freedom From Religion Found., Inc. v. Abbott*, No. A–16–CA–00233–SS, 2017 WL 4582804, at *10–11 (W.D. Tex. Oct. 13, 2017), it introduced no evidence to satisfy such burden.

## CONCLUSION

The DOJ's *Touhy* Regulations are mandatory, and the Court should protect the USTP Personnel from attempts by JW to depose USTP Personnel about matters that go beyond the Topics and seek other than actual knowledge of the Topics. The Court should also protect the U.S. Trustee and Former Acting U.S. Trustee under the *Morgan* doctrine unless and until JW provides evidence that the U.S. Trustee and Former Acting U.S. Trustee have unique knowledge that cannot be obtained in another manner or otherwise establishes evidence of exceptional circumstances.[15]

[Signature Page Follows]

---

[15] For the reasons set forth in the Motion and discussed at the October 8, 2024, hearing, the Court should also quash the subpoena seeking to compel the testimony of Assistant U.S. Trustee, Millie Sall, given her legal role in the JW fee matter litigation. Again, JW introduced no evidence to rebut the strong presumption against deposing opposing counsel.

Date: October 15, 2024								Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Alicia Barcomb*

| | |
|---|---|
| RAMONA D. ELLIOTT | MILLIE APONTE SALL |
| Deputy Director/ | Assistant U.S. Trustee |
| General Counsel | Tex. Bar No. 01278050/Fed. ID No. 11271 |
| NAN ROBERTS EITEL | VIANEY GARZA |
| Associate General Counsel | Trial Attorney |
| Fed. ID No. 561266 | Tex. Bar No. 24083057/Fed. ID No. 1812278 |
| DANIELLE PHAM | ALICIA BARCOMB |
| Trial Attorney | Trial Attorney |
| Department of Justice | Tex. Bar No. 24106276/Fed ID No. 3456397 |
| Executive Office for | 515 Rusk, Suite 3516 |
| United States Trustees | Houston, Texas 77002 |
| Washington, D.C. 20530 | (713) 718-4650 – Telephone |
| (202) 307-1399 – Telephone | (713) 718-4670 – Fax |
| | Email: millie.sall@usdoj.gov |
| | vianey.garza@usdj.gov |
| | alicia.barcomb@usdoj.gov |

## CERTIFICATE OF SERVICE

I certify that on October 15, 2024 a copy of the foregoing *Brief Regarding Applicability of The United States Department of Justice's* Touhy *Regulations and The* Morgan *Doctrine* was served through ECF transmission.

By: */s/ Alicia Barcomb*
	Alicia Barcomb