**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**



| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| Professional Fee Matters Concerning the | § | |
| Jackson Walker Law Firm | § | Case No. 23-00645 (EVR) |
| | § | |
| | § | |

### DAVID R. JONES' EMERGENCY MOTION TO QUASH SUBPOENA

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**The subpoena subject to this motion requires production by October 31, 2024 at 5:00 p.m.  Accordingly, relief is requested not later than October 31, 2024 at 5:00 p.m. (Central Time). Counsel for Jones has met and conferred with counsel for the United States Trustee concerning scheduling.  *Subject to the Court's availability and preference, the parties respectfully request a remote hearing the week of October 21, 2024 (except for the morning of October 23, 2024, due to a scheduling conflict of the United States Trustee).***

**To The Honorable Eduardo V. Rodriguez,**
**Chief United States Bankruptcy Judge:**

David R. Jones ("Jones"), by and thorough his undersigned counsel, submits this motion to quash (the "Motion") pursuant to 12 U.S.C. § 3410 the Subpoena to Produce Documents (the "Subpoena") issued on October 8, 2024 by the United States Trustee (the "UST") to Bank of America, National Association ("BoA"). In support of the Motion, Jones submits the attached sworn declaration (the "Declaration").

## PRELIMINARY STATEMENT

1.      The UST has repeatedly stated with great conviction that these proceedings focus on Jackson Walker's disclosure:

> *This case is about disclosure, and that duty of disclosure belonged to Jackson Walker arising under Sections 327, 330, and Rule 2014….*
>
> *… I really want to focus the Court on the fact that what is relevant here is Jackson Walker's conduct in its failure to disclose….*
>
> *… Your Honor, I want to be very clear with the Court that this case is about Jackson Walker's disclosure, and that's why we're here today.*

Aug. 27, 2024 Tr. at 23:20-22; 27:24-28:1; 28:8-10.

2.      Notwithstanding the foregoing, the Subpoena seeks Jones' bank records for over six years. On its face, the Subpoena does not advance any analysis as to what Jackson Walker knew (or did not know) or what Jackson Walker did (or did not do).

3.      The Subpoena should be quashed pursuant to 12 U.S.C. § 3410 for at least two reasons. First, because the financial records sought from BoA are not relevant to the law enforcement inquiry stated by the government authority in its notice—*i.e.*, putative disgorgement of Court-approved fees awarded to Jackson Walker. Second, there has not been substantial compliance with the provisions of the Financial Right to Privacy Act (12 U.S.C. § 3401 *et seq.*) because the purpose of the Subpoena has not been stated with reasonable specificity.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This Motion is a core proceeding under 28 U.S.C. § 157(b).  Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The relief sought herein is authorized by 12 U.S.C. § 3410.

## BACKGROUND

5.      Jones was sworn in as a U.S. Bankruptcy Judge for the Southern District of Texas on September 30, 2011.  For more than 12 years, Jones served in that capacity until he voluntarily resigned in October 2023.

6.      In these consolidated proceedings, the UST seeks to vacate final orders awarding compensation to Jackson Walker pursuant to Rule 60(b)(6) (the "Miscellaneous Proceedings"). Jones is not a party to the Miscellaneous Proceedings.

7.      On July 3, 2024, the UST issued to Jones the *Cross-Notice of Deposition* and *Subpoena to Produce Documents, Information, or Objects* [ECF No. 164-1].  On September 19, 2024, the UST conducted a Court-supervised deposition of Jones pursuant to Court order and the *Guide to Judiciary Policy, Vol. 20, Ch. 8* [ECF Nos. 291, 292, 304].

8.      On October 8, 2024, the UST served Jones with a Notice to Customer pursuant to the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq*. in connection with the Subpoena (the "Notice to Customer").

9.      The Subpoena requests over six years of Jones' personal bank records and copies of specific checks and/or disbursements to unaffiliated third parties ("Specific Disbursements").

## RELIEF REQUESTED

10.     Jones respectfully requests that the Court enter an order quashing the UST Subpoena in its entirety.  In the alternative, Jones requests that any discovery be limited to the Specific Disbursements enumerated in the Subpoena.

## ARGUMENT

11.     In enacting the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq*. ("RFPA"), "Congress enacted a set of carefully tailored limitations on the agencies' power, designed 'to strike a balance between customers' right of privacy and the need of law enforcement agencies to obtain financial records pursuant to legitimate investigations.'" *Securities and Exchange Commission v. Jerry T. O'Brien, Inc*., 467 U.S. 735, 746 (1984) (quoting H. R. Rep. No. 95–1383, p. 33 (1978), U.S. Code Cong. & Admin. News 1978, pp. 9273, 9305).

12.     The procedures for obtaining financial records of a customer under the RFPA pursuant to a subpoena[1] are set forth in section 3407:

> A Government authority may obtain financial records under section 3402(4) of this title pursuant to judicial subp[o]ena *only if*—
>
> > (1) such subp[o]ena is authorized by law and *there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry*;
> >
> > (2) a copy of the subp[o]ena has been served upon the customer or mailed to his last known address on or before the date on which the subp[o]ena was served on the financial institution together with the following notice *which shall state with reasonable specificity the nature of the law enforcement inquiry*….

12 U.S.C. § 3407 (emphasis added).

13.     Section  3410(c) provides the bases for relief under the RFPA:

> … If the court finds that the applicant is the customer to whom the records sought by the Government authority pertain, and that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and *a reasonable belief that the records sought are relevant to that inquiry, or that there has not been substantial compliance with the*

---

[1]     Section 3405 of RFPA governs administrative subpoenas issued by governmental agencies, but it mirrors the language of section 3407 governing judicial subpoenas.  *See* 12 U.S.C. § 3405.

> *provisions of this chapter*, *it shall order the process quashed or shall enjoin the Government authority's formal written request.*

12 U.S.C. § 3410(c) (emphasis added).

14.     Under the RFPA, three potential grounds exist to quash:  "(1) the agency's inquiry is not a legitimate law enforcement inquiry or (2) the records requested are not relevant to the agency's inquiry or (3) the agency has not substantially complied with the RFPA."  *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd*., 878 F.2d 875, 882 (5th Cir. 1989).

## I.     The Subpoena Requests Documents That Are Irrelevant to These Proceedings

15.     Under RFPA, "A Government authority may obtain financial records under section 3402(4) of this title pursuant to judicial subp[o]ena *only if*—(1) such subp[o]ena is authorized by law and *there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry*." 12 U.S.C. § 3407 (emphasis added).

16.     RFPA section 3410(c) dictates that the court "shall order" the subpoena quashed when "there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry …."  12 U.S.C. § 3410(c).

17.     The UST's subpoena should be quashed because the UST cannot meet his burden to demonstrate the relevance of more than six years of Jones' bank records to the issue of Jackson Walker's knowledge and actions, which bear on the issue of putative disgorgement of Jackson Walker's professional fees.[2]

---

[2]     Relevance is measured by whether the sought information "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Courts quash subpoenas that seek irrelevant information because they necessarily exact an undue burden on the target.  *See, e.g., AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 997 (D.C. Cir. 2014) (reversing district court's denial of motion to quash subpoena because party did not "[seek] the information because of its relevance to the issues that might actually be litigated here") (cleaned up); *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2003) ("[C]ourts should not grant

18.     Here, the UST has not made any showing that his inquiries are anything other than, at best, an irrelevant fishing expedition (and, at worst, a disguised effort to further a pending criminal investigation into Jones without providing full faith and candor to this Court).  Both parties to these Miscellaneous Proceedings—the UST and Jackson Walker—agree that these proceedings concern what *Jackson Walker* knew or did not know and what actions *Jackson Walker* was required or not required to take with that putative knowledge.  Six years  of Jones' monthly bank statements will not answer those questions.

19.     In these proceedings, before this very Court, the UST has unequivocally and repeatedly stated that these proceedings focus solely on Jackson Walker's disclosure:

> This case is about disclosure, and that duty of disclosure belonged to Jackson Walker arising under Sections 327, 330, and Rule 2014….
>
> … I really want to focus the Court on the fact that what is relevant here is Jackson Walker's conduct in its failure to disclose….
>
> … Your Honor, I want to be very clear with the Court that this case is about Jackson Walker's disclosure, and that's why we're here today.
>
> Aug. 27, 2024 Tr. at 23:20-22; 27:24-28:1; 28:8-10.

20.     Indeed, the UST has at times redirected the focus from Jones to Jackson Walker, explaining:  "Jackson Walker's argument that it is not liable for Judge Jones's misconduct is a strawman.  It is Jackson Walker's misconduct in repeatedly failing to disclose the relationship

---

discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses.").  And parties are not permitted to "roam in shadow zones of relevancy and to explore matter which does not presently appear germane." *Evans v. Calise*, No. 92 CIV 8430 (PKL), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994) (internal quotation omitted).  Instead, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."  *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc*., No. 12-CV-080082-LHK PSG, 2012 WL 1980361, at *1 (N.D. Cal. June 1, 2012)  (citation omitted).

between its partner and Judge Jones that merits the denial of all fees and sanctions." Case No. 19-34508, ECF No. 2950 at ¶8.

21.     On this issue, Jackson Walker and the UST agree.  Jackson Walker has stated: "*There's no question that the case is about Jackson Walker's failure to disclose*, but the U.S. Trustee has to vacate the orders and show extraordinary circumstances that were unforeseeable at the time." *Id.* at 29:15-19.

22.     Thus, the Subpoena should be quashed as it seeks discovery of plainly irrelevant information—Jones' bank records.  *See In re iPhone/iPad Application Consumer Privacy Litig.*, No. 11-MD-2250-LHKPSG, 2012 WL 5897351, at *7 (N.D. Cal. Nov. 21, 2012) (denying plaintiffs' discovery where internal communications were "beyond the scope of [the plaintiffs'] claims").

23.     The RFPA's relevance requirement should be applied with greater force here.  As the Court is aware, it has been reported—and conceded by the UST—that the Department of Justice is conducting a criminal investigation into Jones.  *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (holding that "the trial judge in the civil proceeding [should not] ignore the effect discovery would have on a criminal proceeding that is pending or just about to be brought").  Of course, the UST is a civil arm of the same Department of Justice.  And, a "litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery …." *Id.*

24.     In view of the foregoing, the Subpoena should be quashed.

## II.     The Notice To Customer Did Not Comply With The RFPA

25.     The Subpoena should be quashed for lack of compliance with the RFPA.  The Notice to Customer offers one, vague statement that Jones's personal bank records are sought for the following purpose:  "the United States Trustee is pursuing professional employment and fee

relief in an action against Jackson Walker LLP."  That is the opposite of "reasonable specificity"; rather, the UST merely identifies the Miscellaneous Proceedings.  This falls far short of explaining the relevance of over six years of Jones' personal bank records to the UST's investigation into Jackson Walker fee matters.

26.     Because the UST has not substantially complied with 12 U.S.C. § 3407 (or 12 U.S.C.§ 3405), the Court should order the Subpoena quashed pursuant to 12 U.S.C. § 3410(c) for lack of compliance with the RFPA.

## III.     The Subpoena Presents Undue Burden and Should be Quashed

27.     Under the Federal Rules of Civil Procedure, to determine whether the Subpoena presents an undue burden, the Fifth Circuit considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted).  "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."  *Id*. (citation omitted).

28.     As noted above, the UST's subpoena should be quashed because it seeks irrelevant information, is overly broad, vague, burdensome, and not proportionate to the needs of the case.

29.     Moreover, the UST already sought and obtained discovery from Jones, requesting and obtaining documents regarding his personal and financial circumstances.  And, the UST also deposed Jones in a lengthy Court-supervised deposition, where 90% of the questions centered around issues of no relevance whatsoever to these Miscellaneous Proceedings, prying into the details of Jones's private and professional life reaching back decades and years before the Jackson

Walker fee issues arose.  All of the foregoing occurred without any reimbursement of costs or expenses.

30.     The UST's subpoena is overly burdensome and should be quashed.

**IV.     In the Alternative, The Court Should Limit the Subpoena**

31.     In the event the Court does not quash the Subpoena, the Court should limit the Subpoena to allow for production of only the Specific Disbursements requested by the UST.

<u>**CONCLUSION**</u>

Based on the above, Jones respectfully requests that the Court grant this Motion and quash the UST Subpoena or, in the alternative, limit the scope of the Subpoena to the Specific Disbursements.

Dated: October 16, 2024
        Houston, Texas

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Joanna D. Caytas*
Joanna D. Caytas
SBN 24127230
700 Louisiana Street, Suite 3900
Houston, Texas 77002
Telephone: (713) 221-7000
Email: joannacaytas@quinnemanuel.com

-and-

Benjamin I. Finestone (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Email: benjaminfinestone@quinnemanuel.com

*Counsel to David R. Jones*

**CERTIFICATE OF ACCURACY**

I certify, pursuant to Local Rule 9013-1(i), that the foregoing statements regarding the nature of the emergency set forth in the foregoing Motion are true and accurate to the best of my knowledge.

Dated: October 16, 2024

*/s/ Joanna D. Caytas*
Joanna D. Caytas

**CERTIFICATE OF CONFERENCE**

I certify, pursuant to Federal Rule of Civil Procedure 26(c), that counsel for David R. Jones met and conferred in good faith with counsel for the United States Trustee on October 15, 2024 in an attempt to narrow or satisfy the United States Trustee's discovery demands.

Dated: October 16, 2024

*/s/ Joanna D. Caytas*
Joanna D. Caytas

**CERTIFICATE OF SERVICE**

I certify that on October 16, 2024, a true and correct copy of the foregoing document was served through the Court's Electronic Case Filing system of the United States Bankruptcy Court for the Southern District of Texas and by email on the United States Trustee, as follows:

Laura Steele at Laura.Steele@usdoj.gov
Brian P. Thill at Brian.P.Thill@usdoj.gov
Vianey Garza at vianey.garza@usdoj.gov
Jennifer Toth at Jennifer.R.Toth@usdoj.gov

Dated: October 16, 2024

*/s/ Joanna D. Caytas*
Joanna D. Caytas