**EXHIBIT 1**

**NOTICE TO CUSTOMER**



U.S. Department of Justice

Office of the United States Trustee

*Southern District of Texas*

515 Rusk Street  (713) 718-4650
Suite 3516
Houston, TX 77002

October 8, 2024

*Via first-class mail and
email (benjaminfinestone@quinnemanuel.com)*

David R. Jones
c/o Attorney Benjamin I. Finestone
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

      Re: Professional Fee Matters Concerning the Jackson Walker Law Firm
      Case No. 23-00645 (EVR)

Dear Mr. Jones:

## NOTICE TO CUSTOMER

Records or information concerning your transactions which are held by the financial institution named in the attached subpoena are being sought by the United States Trustee Program, United States Department of Justice, in accordance with the Right to Financial Privacy Act of 1978 [12 U.S.C.A. § 3401 et seq.] for the following purpose: the United States Trustee is pursuing professional employment and fee relief in an action against Jackson Walker LLP.  If you desire that such records or information not be made available, you must:

    1. Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Government and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

    2. File the motion and statement by mailing or delivering them to the clerk of the Court.

    3. Serve the Government authority requesting the records by mailing or delivering a copy of your motion and statement to: Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002 or Vianey.Garza@usdoj.gov and Jennifer.R.Toth@usdoj.gov.

4. Be prepared to come to court and present your position in further detail.

5. You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of ten days from the date of service or fourteen days from the date of mailing of this notice, the records or information requested therein will be made available. These records may be transferred to other government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer.

I have also enclosed a consent and authorization for release and access to records to financial information and records pursuant to 12 U.S.C. § 3404. If you do not object to our request for records, you may sign this consent and return it to our office by mail or email to the addresses noted above.

**A COPY OF THE CORRESPONDING SUBPOENA IS ENCLOSED/ATTACHED.**

**A FORM MOTION AND SWORN STATEMENT IS ENCLOSED/ATTACHED.**

**A FORM CONSENT AND AUTHORIZATION FOR RELEASE AND ACCESS TO RECORDS TO FINANCIAL INFORMATION AND RECORDS PURSUANT TO 12 U.S.C. § 3404 IS ENCLOSED/ATTACHED.**

UNITED STATES TRUSTEE
Kevin M. Epstein

By: _____
Vianey Garza
Trial Attorney
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002
Vianey.Garza@usdoj.gov
(713) 718-4663

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FEE MATTERS CONCERNING THE JACKSON WALKER LAW FIRM | Case No. 23-00645 (EVR) |

**MOTION TO QUASH OR ENJOIN SUBPOENA / FED. R. BANKR. P. 2004 ORDER**

I, _____(name) hereby move the Court enter an order quashing or enjoining compliance with the attached subpoena / Fed. R. Bankr. P. 2004 Order (attach a copy of the subpoena or order). This motion is based on my declaration below.

**DECLARATION**

I, _____(Full Name), declare as follows:

1. I am a customer of the financial institution from which financial records pertaining to me have been sought.

2. My reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or the reasons why I believe there has not been substantial compliance with the provisions of the Financial Right to Privacy Act (11 U.S.C. § 3401 et seq.).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this ___ day of _____ (Date), at _____ (City and State)

_____
(SIGN AND WRITE YOUR NAME
AND CONTACT INFORMATION)

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of Texas _____

In re Professional Fee Matters Concerning the Jackson Walker Law Firm
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 23-00645 (EVR)

Chapter 11

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Bank of America, National Association
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Rider attached hereto

| PLACE   United States Trustee, 515 Rusk Street, Suite 3401, Houston, TX 77002 or Jennifer.R.Toth@usdoj.gov | DATE AND TIME  Thursday, October 31, 2024, by no later than 5:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|       |               |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 8, 2024

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

/s/ _____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Kevin M. Epstein, United States Trustee, who issues or requests this subpoena, are:
Vianey Garza, Trial Attorney, Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002, Vianey.Garza@usdoj.gov, (713) 718-4663

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# RIDER

### *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*
### Case No. 23-00645

## INSTRUCTIONS REGARDING COMPLIANCE

If information subject to this subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

A personal appearance and production of original responsive items at the time and location specified in the subpoena is not required if the person to whom this subpoena is directed produces to the issuer of this subpoena copies of responsive items prior to the date of production specified in the subpoena and the copies are accompanied by an affidavit or declaration under penalty of perjury of the custodian of records declaring that the subpoena has been fully complied with and the copies of the records are true and accurate copies of the originals. The copies and affidavit/declaration may be sent to the issuer of this subpoena by U.S. Mail or commercial delivery.

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein, and such document was, but is no longer in your possession, or subject to your control, or in existence, identify the document and indicate its status.

## ITEMS TO BE PRODUCED

Please provide us with copies of the following for DAVID R. JONES; D.O.B. ███████; current or former phone ███████; current, former, or additional addresses ███████████████████████████████████████

1. For all of his individual and joint deposit accounts (including but not limited to account numbers ███████ and ███████) from May 1, 2017, to October 31, 2023,

   a. Monthly statements, and

   b. Communications, notes, or documents reflecting designation or change of: contact information, delivery options, authorized signatories or users, payable on death or beneficiary designees, powers of attorney, trusted persons, or emergency contacts

2. Check number 12204 from Veritas Title Partners, L.P. in the amount of $250.00 dated 6/26/17 (deposit date unknown) and deposit slips, receipts, and verifications therefor; and

3. Wire or electronic payment or transfer authorizations and fronts and backs of checks for the following categories:

1

a. Wire to Veritas Title Partners, L.P. initiated 6/22/2017 in the amount of $972,587.77;

b. Check number 267 dated 5/10/2017 and drawn on account number ▇▇▇▇ in the amount of $10,000,

c. Check numbers 2521 and 2522 dated 5/15/2017 and 5/19/2017 and drawn on account number ▇▇▇▇ in the amounts of $16,261.51 and $363, respectively, and

d. Drawn on any responsive accounts in the full or approximately half amounts of (at or around the following respective dates): $11,187.27 (1/31/24), $10,313.41 (1/27/23), $9,972.61 (1/3/22), $10,604.62 (1/15/21), $10,714.07 (1/24/20), or $10,846.15 (2019 or 2018).

CONSENT AND AUTHORIZATION FOR RELEASE AND ACCESS TO RECORDS TO FINANCIAL INFORMATION AND RECORDS PURSUANT TO 12 U.S.C. § 3404, THE RIGHT TO FINANCIAL PRIVACY ACT

I, David R. Jones (D.O.B.: ▉▉▉▉▉▉), authorize any representative of the Office of the U.S. Trustee, U.S. Department of Justice, 515 Rusk Street, Suite 3401, Houston, TX 77002, and /or the Executive Office for U.S. Trustees, 20 Massachusetts Ave., N.W., Suite 8000, Washington, D.C. 20530, bearing this release or copy thereof, to obtain the following:

1. For all of his individual and joint deposit accounts (including but not limited to account numbers ▉▉▉▉▉ and ▉▉▉▉▉) from May 1, 2017, to October 31, 2023,

   a. Monthly statements, and

   b. Communications, notes, or documents reflecting designation or change of: contact information, delivery options, authorized signatories or users, payable on death or beneficiary designees, powers of attorney, trusted persons, or emergency contacts

2. Check number 12204 from Veritas Title Partners, L.P. in the amount of $250.00 dated 6/26/17 (deposit date unknown) and deposit slips, receipts, and verifications therefor; and

3. Wire or electronic payment or transfer authorizations and fronts and backs of checks for the following categories:

   a. Wire to Veritas Title Partners, L.P. initiated 6/22/2017 in the amount of $972,587.77;

   b. Check number 267 dated 5/10/2017 and drawn on account number ▉▉▉▉▉ in the amount of $10,000,

   c. Check numbers 2521 and 2522 dated 5/15/2017 and 5/19/2017 and drawn on account number ▉▉▉▉▉ in the amounts of $16,261.51 and $363, respectively, and

   d. Drawn on any responsive accounts in the full or approximately half amounts of (at or around the following respective dates): $11,187.27 (1/31/24), $10,313.41 (1/27/23), $9,972.61 (1/3/22), $10,604.62 (1/15/21), $10,714.07 (1/24/20), or $10,846.15 (2019 or 2018).

This consent and authorization shall apply to each of the financial institutions specifically listed on the attached Exhibit "A," as to which I am a named account holder and/or signatory or which I am informed was taken out under my name or social security number.

The purpose of this consent and authorization is to enable the Office of the United States Trustee to review my financial transaction in connection with the fulfillment of its bankruptcy oversight responsibilities.

   I have read the explanation of my rights which is attached to this form.

   I understand that the information released is for official use of the Office of the United States Trustee and may be disclosed to such third-parties as is necessary in the performance of the United States Trustee's official duties.

   I understand that I have a right to obtain copies of the records that are disclosed to the Office of the United States Trustee.

   I understand that this authorization may be revoked by me in writing at any time before my records are disclosed.

   This consent and authorization is not valid for more than three (3) month from the date of my signature.

   I authorize the Office of the United States Trustee to disclose this form, my social security number, account numbers, and other personal identification information in order to obtain information from the financial institutions listed on the attached Exhibit "A."


Date: _____, 2024           _____
                        David R. Jones

**EXHIBIT A**

ATTACHED TO CONSENT AND AUTHORIZATION FOR RELEASE AND ACCESS TO FINANCIAL INFORMATION AND RECORDS PURSUANT TO 11 U.S.C. § 3404, THE RIGHT TO PRIVACY ACT OF 1978

Bank of America, National Association
ATTN: Legal Order Processing
P.O. Box 15047
Wilmington, DE 19850-5047

UNITED STATES DEPARTMENT OF JUSTICE
Washington, D.C. 20530

STATEMENT OF CUSTOMER RIGHTS UNDER THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

Federal law protects the privacy of your financial records. Before banks, savings and loan associations, credit unions, credit card issuers or other financial institutions may give financial information about you to a Federal agency, certain procedures must be followed.

Consent to Financial Records

You may be asked to consent to make your financial records available to the Government. You may withhold your consent, and your consent is not required as a condition of doing business with any financial institution. If you give your consent, it can be revoked in writing at any time before your records are disclosed. Furthermore, any consent you give is effective for only three months, and your financial institution must keep a record of the instances in which it discloses your financial information.

Without Your Consent

Without your consent, a Federal agency that wants to see your financial records may do so ordinarily only by means of a lawful subpoena, summons, formal written request, or search warrant for that purpose.

Generally, the federal agency must give you advance notice of its request for your records explaining why the information is being sought and telling you how to object in court. The Federal agency must also send you copies of court documents to be prepared by you and instructions for filling them out. While these procedures will be kept as simple as possible, you may want to consult with an attorney before making a challenge to a Federal agency's request.

Exceptions

In some circumstances, a Federal agency may obtain financial information about you without advance notice or your consent. In most of these cases the Federal agency will be required to go to court to get permission to obtain your records without giving you notice beforehand. In these instances, the court will make the Government show that its investigation and request for your records are proper.

When the reason for the delay of notice no longer exists, you will usually be notified that your records were obtained.

Transfer of Information

Generally, a Federal agency which obtains your financial records is prohibited from transferring them to another Federal agency unless it certifies in writing that the transfer is proper and sends a notice to you that your records have been sent to another agency.

Penalties

If a Federal agency or financial institution violates the Right To Financial Privacy Act, you may sue for damages or to seek compliance with the law. If you win, you may be repaid your attorney's fees and costs.