IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) ) ) |
| PROFESSIONAL FEE MATTERS CONCERNING THE JACKSON WALKER LAW FIRM, | ) Case No. 23-mp-00645 ) ) ) ) ) |

**REORGANIZED DEBTORS' RESPONSE IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR WITHDRAWAL OF THE REFERENCE AND REFERRAL OF MOTION FOR RELIEF UNDER RULE 60(B)(6) AND RELATED MATTERS**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors," or "EXCO")[1] file their response (the "Response") in support of the *Motion for Withdrawal of the Reference and Referral of Motion for Relief Under Rule 60(b)(6) and Related Matters* (the "Withdrawal Motion") filed by the United States Trustee for Region 7 (the "U.S. Trustee") in *In re EXCO Resources, Inc., et al*, Case No. 18-30155 (the "EXCO Bankruptcy Case").[2] In support of the Response, the Reorganized Debtors respectfully state as follows:

---

[1] The Reorganized Debtors, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: EXCO Resources, Inc. (2779); EXCO GP Partners Old, LP (1262); EXCO Holdings (PA), Inc. (1745); EXCO Holding MLP, Inc. (1972); EXCO Land Company, LLC (9981); EXCO Midcontinent MLP, LLC (0557); EXCO Operating Company, LP (1261); EXCO Partners GP, LLC (1258); EXCO Partners OLP GP, LLC (1252); EXCO Production Company (PA), LLC (7701); EXCO Production Company (WV), LLC (7851); EXCO Resources (XA), LLC (7775); EXCO Services, Inc. (2747); Raider Marketing GP, LLC (6366); and Raider Marketing, LP (4295). The location of the Reorganized Debtors' service address is: 12377 Merit Drive, Suite 1700, Dallas, Texas 75251. An order was entered directing joint administration of the EXCO chapter 11 cases, designating *In re EXCO Resources, Inc.*, Case No. 18-30155, as the lead case. *In re EXCO Resources, Inc.*, Case No. 18-30155, Docket No. 18. All references and citations to the EXCO Bankruptcy shall hereinafter be cited as "EXCO ECF No."

[2] This Response is filed in the instant proceeding pursuant to the *Third Case Management Order*, which refers all matters related to the U.S. Trustee's Rule 60(b) Motions and Withdrawal Motions to Chief Bankruptcy Judge Eduardo V. Rodriguez in the Miscellaneous Proceeding, No. 23-00645, *In re Professional Fee Matters Concerning the Jackson Walker Law Firm* and directs all related pleadings to be filed therein. *See* ECF No. 465; EXCO ECF No. 2380.

**PRELIMINARY STATEMENT**[3]

1.  EXCO is one of the many aggrieved parties in this ever-spreading saga related to the undisclosed relationship among former Judge David R. Jones, Elizabeth Freeman, and Jackson Walker LLP ("Jackson Walker"). The EXCO Bankruptcy Case is a case in which Judge Jones, as the court-appointed mediator, and Jackson Walker, as co-counsel for the Official Unsecured Creditor's Committee (the "Committee") employed by EXCO's estates, had the affirmative obligation to disclose the intimate relationship between Judge Jones and Ms. Freeman, but did not do so.

2.  In October of 2023, the "secret" relationship between former Judge Jones and Ms. Freeman became public, triggering a flurry of attention among bankruptcy practitioners and other interested members of the public. As explained in the Withdrawal Motion, the U.S. Trustee initially took action in seventeen (17) cases—not including the EXCO Bankruptcy Case—that were touched by this scandal and filed Rule 60(b) Motions and Withdrawal Motions.

3.  As set forth below, EXCO filed a motion to reopen its case to disgorge Jackson Walker's professional fees for its failure to disclose and also sought to withdraw the reference and refer the case to Chief District Judge Alia Moses of the United States District Court of the Western District of Texas. However, once the Region 7 U.S. Trustee filed his own motion to reopen, and demonstrated a high level of commitment to prosecute the motion, EXCO decided to withdraw its motion to reopen and disgorge fees but left its motion to withdraw the reference pending based on its belief that it would be appropriate to have the matters heard outside of the District.

---

[3] Unless otherwise defined herein, all definitions shall have the same meaning as those defined in the Withdrawal Motion.

4. To date, the U.S. Trustee has now filed motions to disgorge and sanction Jackson Walker in thirty-three (33) bankruptcy cases, now including the EXCO Bankruptcy Case. Additionally, the U.S. Trustee has recently filed its Withdrawal Motions in the EXCO Bankruptcy Case as well as other affected cases, requesting the same relief as before—to withdraw this matter to the District Court and refer the matter to Chief District Judge Alia Moses consistent with the district court's August 8, 2024, order in *Professional Fee Matters Concerning the Jackson Walker Law Firm*, 4:23-CV-04787 (S.D. Tex.).

5. Indeed, as the number and breadth of percipient witnesses increase to include other judicial branch employees and draws even more national scrutiny, EXCO believes that it is in the best interest of this district and for all parties involved to have this case withdrawn to District Court and referred to Chief District Judge Alia Moses. To that end, EXCO submits this Response in support of the U.S. Trustee's Withdrawal Motion and further contends that any amounts recovered by the U.S. Trustee related to the EXCO Bankruptcy Case shall be distributed to EXCO pursuant to the terms of the confirmed Plan.

**RELEVANT PROCEDURAL HISTORY[4]**

6. On January 12, 2024, EXCO filed its *Motion to (i) Reopen the Lead Chapter 11 Case, (ii) Vacate Certain Orders Approving Jackson Walker Applications for Compensation and Reimbursement of Expenses Pursuant to Federal Rule 60(b), (iii) Disgorgement of Compensation and Expenses Awarded to Jackson Walker Relating back to July 18, 2018, and (iv) Granting Other Appropriate Relief* [EXCO ECF No. 2334] (the "Reopen/Rule 60(b) Motion"). EXCO ECF No. 2334.

---

[4] EXCO adopts and incorporates by reference the Procedural History and Statement of Facts in the Withdrawal Motion filed by the U.S. Trustee.

3

7. On January 30, 2024, EXCO filed its *Motion for Withdrawal of the Reference and Referral of Reorganized Debtors' Request for Orders (I) Vacating Certain Orders Pursuant to Federal Rule 60(b); (II) Disgorging Compensation and Expenses Awarded to Jackson Walker; and (III) Granting Other Appropriate Relief* [EXCO ECF No. 2336] (the "Motion to Withdraw the Reference").

8. On March 28, 2024, Judge Isgur conducted a status hearing, at which EXCO, with consent from Jackson Walker, withdrew its Reopen/Rule 60(b) Motion without prejudice, but abated consideration on the Motion to Withdraw the Reference, which still remains pending today. *See* Court Room Minutes on Mar. 28, 2024, EXCO ECF No. 2356.

9. The U.S. Trustee has also filed its own *Motion of the United States Trustee to Reopen Case* [EXCO ECF No. 2342] (the "Motion to Reopen") as well as a *Motion for (1) Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* [EXCO ECF No. 2358] (the "Rule 60(b) Motion").

10. Consistent with other cases, Jackson Walker filed its *Motion for Entry of an Order Requiring Any Party-in-Interest Who Asserts Standing or Indispensable Party Status to File a Notice Stating a Basis for Indispensable Party Status or Standing in Connection with Jackson Walker LLP Fee Matters* [EXCO ECF No. 2365] (the "Standing Motion").

11. By agreement between the U.S. Trustee and Jackson Walker regarding U.S. Trustee fees, the Rule 60(b) Motion and Standing Motion would be abated until further order by the Court. EXCO ECF No. 2368. To date, it is EXCO's understanding that the Standing Motion remains abated, and parties-in-interest are not yet required to file notices.

12. In September of 2024, Judge Isgur recused himself from presiding over any issues related to the non-disclosure by Jackson Walker, and those contested matters were transferred to the Judge Lopez. EXCO ECF No. 2375. Judge Lopez has since referred those matters to Chief Bankruptcy Judge Rodriguez, who is presiding over the instant proceeding. EXCO ECF No. 2380.

13. On October 7, 2024, the U.S. Trustee filed the instant Withdrawal Motion in sixteen (16) cases impacted by the failures to disclose, including the EXCO Bankruptcy Case. Accordingly, EXCO files this Response in support of the Withdrawal Motion and to further assert that any fees recovered in the EXCO Bankruptcy Case must be paid to the Reorganized Debtors in accordance with the confirmation order and confirmed plan. *See, e.g.,* EXCO ECF No. 2128, ¶¶ 119-120.

## **RESPONSE IN SUPPORT**

14. Section 157(d) of title 28 of the United State Code provides that the reference may be withdrawn for "cause." 28 U.S.C. § 157(d). The Fifth Circuit in *Holland American Insurance Co. v. Succession of Roy* articulated several principles for district courts to consider when evaluating "cause" under section 157(d), including, among others, (1) whether withdrawal would further uniformity in bankruptcy administration; (2) whether withdrawal would foster economical use of resources; and (3) whether withdrawal would withdrawal expedite the bankruptcy process. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985) (noting that considerations of judicial of economy should also bear on a decision as to whether a reference should be withdrawn for cause).

15. EXCO agrees with the U.S. Trustee that these factors weigh in favor of withdrawing the reference. These principles, however, are not the exclusive means for finding cause under section 157(d); they are only *general guidelines* for courts to use in their analysis. *Veldekens v.*

*GE HFS Holdings, Inc.*, 362 B.R. 762, 765 (S.D. Tex. 2007) (noting that the *Holland* factors are "only general principles that should guide the district court in determining whether to refer or withdraw the reference.").

16. To that end, in addition to the *Holland* factors, EXCO submits that the need to preserve the integrity of the Southern District of Texas as well as avoiding appearance of bias or impropriety weigh heavily in favor of withdrawing the reference and referring this matter to Judge Moses.

17. The ongoing discovery into this issue has only increased the importance and need for a neutral, out-of-district judge as members of the Southern District judiciary have become involved. *See* James Nani, *Ex-Bankruptcy Judge Case Manager Says He Knew of Lawyer Romance*, BLOOMBERG (Oct. 11, 2024 at 5:15 PM), https://news.bloomberglaw.com/bankruptcy-law/ex-bankruptcy-judge-case-manager-says-he-knew-of-lawyer-romance?utm_source=Email_Share. It does not restore public confidence, nor would is it fair to EXCO and the other affected parties, to have a bankruptcy judge adjudicate issues regarding its own (or former) staff and a former judicial colleague even if he believes he could do so impartially. "Real or not, partiality under these circumstances could be fairly perceived to be an issue." *United States v. Gordon*, 354 F. Supp. 2d 524, 528 (D. Del. 2005) (recusing himself from presiding over a case in which a fellow judge in the same district may be implicated because "one could reasonably believe that we four judges see each other regularly, that we have developed professional respect, appreciation, and friendship for one another, and that a natural empathy may be unavoidable in seeing a colleague's reputation and privacy threatened by embroilment in a criminal prosecution.").

18. Indeed, the ever widening and deepening breadth of this scandal has captured nationwide interest. *See, e.g.,* James Nani, *Jackson Walker Lawyers Spoke of Secret Judge Romance Texts Show,* BLOOMBERG (Oct. 8, 2024 at 9:14 PM), https://news.bloomberglaw.com/bankruptcy-law/jackson-walker-lawyers-spoke-of-secret-judge-romance-texts-show. This attention, however, has unfortunately caused national scrutiny to fall on the Southern District of Texas, thereby tarnishing the district's reputation and calling into question the integrity and impartiality of its presiding judges. Thus, it is important for the affected parties here, including Jackson Walker, to receive a final order by a court that cannot reasonably have its decision later be questioned on the basis of bias or impropriety by an aggrieved party or the public. And, the perception problem applies regardless of what a court in the same district might decide; too lenient a judgment confirms worst suspicions, while too harsh an outcome appears simply punitive based on animus.

19. As such, to avoid further reputational damage to the Southern District of Texas and the presiding judges and their staff, the district court should withdraw the reference and transfer the of matter to Chief District Judge Moses in the Western District Texas. *See Crown Leasing Corp. v. Johnson-Allen*, 70 B.R. 350, 352 (E.D. Pa. 1987) (declining to rule on the issues of judicial disqualification and finding that "the interests of efficient judicial administration" warrant withdrawing the reference). The public interest and appearance of impropriety, coupled with the principles enumerated in *Holland*, both together and separately, provide a sound basis for the District Court to find cause to withdraw the reference of the U.S. Trustee's 60(b) Motions.

20. Furthermore, EXCO submits that any fees recovered by the U.S. Trustee related to the EXCO Bankruptcy be distributed to EXCO in accordance with the plan and confirmation order.

WHEREFORE, for the reasons set forth herein and as stated by the U.S. Trustee, EXCO respectfully requests that the matters be withdrawn to the district court and transferred to Chief Judge Moses of the Western District of Texas.

Dated: October 16, 2024

Respectfully Submitted,

*/s/ John P. Melko*
**FOLEY & LARDNER LLP**
John P. Melko (TX 13919600)
Nora J. McGuffey (TX 24121000)
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-5011
Telephone: 713-276-5500
Email: jmelko@foley.com
           nora.mcguffey@foley.com

*Counsel for EXCO Resources, Inc. and affiliate Reorganized Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 16, 2024, a true and correct copy of the foregoing was served *via* CM/ECF to all parties authorized to receive electronic notice in this case.

*/s/ John P. Melko*
John P. Melko