# Exhibit 1

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of Texas

In re Professional Fee Matters Concerning the Jackson Walker Law Firm
_____
Debtor

Case No. 23-00645 (EVR)

*(Complete if issued in an adversary proceeding)*

Chapter _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: David Weinhoffer, as Liquidation Trustee of the Liquidation Trust
*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | Kane Russell Coleman Logan PC<br>ATTN: John J. Kane<br>901 Main St., Suite 5200<br>Dallas, TX 75202 | DATE AND TIME |
|---|---|---|

The deposition will be recorded by this method:
   Deposition by Written Questions

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
   See the attached **Exhibit A**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/18/2024

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Jackson Walker LLP**_____, who issues or requests this subpoena, are:
John J. Kane; 901 Main St., Suite 5200, Dallas, TX 75202; 214-777-4200; jkane@krcl.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                                    _____
                                                                                    *Server's signature*

                                                                    _____
                                                                                    *Printed name and title*

                                                                    _____
                                                                                    *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| SORRENTO THERAPEUTICS INC., *et al.*[1] | Case No. 23-90085 (CML) |
| Debtor. | (Jointly Administered) |

### JACKSON WALKER LLP'S REQUESTS FOR PRODUCTION PURSUANT TO SUBPOENA DUCES TECUM, AND DEPOSITION BY WRITTEN QUESTIONS TO DAVID WEINHOFFER AS TRUSTEE OF THE LIQUIDATION TRUST

Please take notice that, pursuant to Federal Rules of Civil Procedure 31 and 45, made applicable by Rules 7031 and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Jackson Walker LLP ("Jackson Walker") hereby serves the following Subpoena Duces Tecum and Deposition by Written Questions (the "Subpoena Requests" or "Requests") on David Weinhoffer, as Liquidation Trustee of the Liquidation Trust, in accordance with the Definitions and Instructions below, in connection with *Party in Interest, Timothy Culberson's, Emergency FRCP 60(b)(6) and Federal Rule of Bankruptcy Procedure 9014 Motion for Relief from All Orders Approving All Applications for all Professional Fees and Reimbursement Expenses as to Jackson Walker, LLP … and Motion to Disgourge [sic] Said Fees/Expenses and to Remove Professionals From This Matter* [Dkt. No. 1656] and all objections, responses, and related pleadings filed by Jackson Walker.

Jackson Walker requests that all documents and responses to the Subpoena Requests in the attached **Exhibit A** be produced to counsel for Jackson Walker, John Kane and Joseph Coleman, at Kane Russell Coleman Logan PC, 901 Main Street, Suite 5200, Dallas, Texas 75202, beginning immediately and by no later than **October 24, 2024, at 5:00 p.m.** (Central Time).

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

Please take further notice that Jackson Walker reserves all its rights under title 11 of the United States Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas, and any applicable law regarding the subject matter of these Subpoena Requests to amend, supplement, and/or modify **Exhibit 1** attached hereto, or to serve additional requests, including to clarify or question any responses.

DATED: October 18, 2024                                  Respectfully submitted,

                                                   **KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
    **Joseph M. Coleman**
    State Bar No. 0456610
    SDTX No. 16936
    **John J. Kane**
    State Bar No. 24066794
    SDTX No. 1069650
    **JaKayla J. DaBera**
    State Bar No. 24129114
    SDTX No. 3848760

901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email:  jcoleman@krcl.com
           jkane@krcl.com
           jdabera@krcl.com

**ATTORNEYS FOR JACKSON WALKER LLP**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was served upon Mr. Weinhoffer, as Liquidation Trustee of the Liquidation Trust, through his counsel of record Mark Shinderman by email on October 18, 2024, pursuant to an agreement to accept service of process via email. A copy was also served by email on Mr. Timothy Culberson.

By: */s/ John J. Kane*
John J. Kane

# EXHIBIT A

# DEFINITIONS

1. "<u>60(b) Motion</u>" shall mean the pleading titled *Party in Interest, Timothy Culberson's, Emergency FRCP 60(b)(6) and Federal Rule of Bankruptcy Procedure 9014 Motion for Relief from All Orders Approving All Applications for all Professional Fees and Reimbursement Expenses as to Jackson Walker, LLP … and Motion to Disgourge [sic] Said Fees/Expenses and to Remove Professionals From This Matter* [Dkt. No. 1656], with all Mr. Culberson's supplements, briefs, and supporting pleadings.

2. "<u>Advisor</u>" and or "<u>Advisors</u>" shall mean any current or former affiliates, agents, representatives, directors, officers, operators, employees, professionals, Persons, or entities working at the direction, control, or on behalf of the Debtors.

3. "<u>Affiliate</u>" shall have the meaning ascribed to it in 11 U.S.C. § 101(2).

4. "<u>Applicable Period</u>" means the Effective Date of the Plan, through the present.

5. "<u>And</u>" and "<u>or</u>" shall be construed conjunctively or disjunctively as necessary to make the Request in question inclusive, rather than exclusive.

6. "<u>Bankruptcy Case</u>" means the above styled jointly-administered bankruptcy case, No. 23-90085, pending before the Bankruptcy Court.

7. "<u>Bankruptcy Court</u>" means the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

8. "<u>Confirmation Order</u>" shall mean the *Corrected Order Approving Debtors' Disclosure Statement and Confirming Modified Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. under Chapter 11 of the Bankruptcy Code* [Dkt. No. 1652].

9. "<u>Contested Matter</u>" shall mean the contested matter arising from Mr. Culberson's 60(b) Motion.

10. "<u>Correspondence</u>" means all emails, letters, texts, and other written or recorded communications transmitted from one person or entity to another, and all related attachments. When a request seeks Correspondence to or from a party, such a request should be interpreted as also requesting Correspondence to or from any of its agents, officers, employees, representatives, consultants, principals, individuals, or entities acting on its behalf or at its request.

11. "<u>Debtor</u>" or "<u>Debtors</u>" means any of the debtors whose bankruptcy cases are jointly administered in the Bankruptcy Case.

12. "<u>Document</u>" is used in the broadest possible sense and includes, but is not limited to, all original and all non-identical copies of any writing or record of any type or description, including, but not limited to, the following items, and each draft thereof: writings, recordings, notes, photographs, financial statements, agreements, contracts, legal documents, Communications, e-mails, Correspondence, letters, statements, reports, envelopes, phone

messages, telephone logs, agendas, books, articles, receipts, purchase orders, sales orders, tape recordings, affidavits, opinions, notices, proposals, invoices, confirmations, telegrams, cables, memoranda, records, summaries of records, summaries of data, summaries of personal conversations or interviews, diaries, appointment books, appointment logs, desk calendars, pocket calendars, forecasts, statistical statements, accounts, work papers and related supporting documents, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, tapes, microfilms, charges, analytical records, minutes or records of meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, stenographic, handwritten or any other notes, projections, bank statements, checks (front and back), check stubs or receipts, checkbooks, canceled checks, invoice vouchers, electronically or magnetically recorded or stored data, data tapes and sheets or data processing cards or discs or any other computer-related data compilation, and any other written, recorded, printed, typed, photographed, transcribed, punched, taped, filmed, or electronically or graphically recorded documents or writings of whatever description however produced or reproduced, including but not limited to, any information contained in any computer although not yet printed, within your possession, custody or control or in the possession, custody or control of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other Person acting on your behalf.

13. "Effective Date" means the April 10, 2024, the Effective Date of the Plan.

14. "General Unsecured Claim" has the meaning assigned to it under the Plan.

15. "Holder of Claim" has the meaning assigned to it under the Plan.

16. "Holder of Equity Interests" has the meaning assigned to it under the Plan.

17. "Identify" means to state, to the extent known, the type of Document subject to the Request, along with its subject matter, the date of the Document, the author, the addressees, and recipients as applicable.

18. "Jackson Walker" means Jackson Walker LLP.

19. "Liquidation Trust" means the Sorrento Liquidation Trust established in accordance with the Plan, the Confirmation Order, and the Liquidation Trust Agreement.

20. "Liquidation Trust Agreement" means that certain Liquidation Trust Agreement filed as a Plan Supplement to the Plan at Dkt. No. 1596-1, in its final executed form, as amended or modified from time to time.

21. "Liquidation Trust Assets" has the meaning assigned to it under the Plan.

22. "Liquidation Trust Beneficiaries" has the meaning assigned to "Trust Beneficiaries" under the Liquidation Trust Agreement.

23. "Liquidation Trust Causes of Action" has the meaning assigned to it under the Plan.

24. "Liquidation Trust Recovery" has the meaning assigned to it under the Plan.

25. "Liquidation Trustee" has the meaning assigned to it under the Plan and shall mean David Weinhoffer in his capacity as Liquidation Trustee for the Liquidation Trust.

26. "Plan" means the plan approved pursuant to the Court's November 30, 2023 order confirming the Debtor's Modified Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. under Chapter 11 of the Bankruptcy Code [Dkt. 1562] (as subsequently modified at Dkt Nos. 2001 and 2093).

27. "Possession," "Custody," or "Control" used independently or conjunctively shall include constructive possession, whereby the party to whom the Request is directed has the right to compel the production of a matter or documents from a third party, through agency, authority, representation, or otherwise.

28. "Relate to" or "Related to" shall mean concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, supporting, or in any way pertinent to that certain subject.

29. "You" shall refer to the Liquidation Trustee in his capacity as Liquidation Trustee of the Liquidation Trust. Where applicable, You shall also refer to the Liquidation Trust.

30. "Writings" and "Recordings" shall refer to anything consisting of letters, words, numbers, or their equivalent, set down by handwriting, typing, printing, photographing, captured by mechanical or electronic recording, or any other form of data accumulation, production, reproduction, or compilation.

## INSTRUCTIONS FOR SUBPOENA REQUESTS AND DEPOSITION BY WRITTEN QUESTIONS

1. Applicable Period. Unless otherwise stated, all requests for Documents pertain to the Applicable Period.

2. Production of Documents. The obligation to produce Documents responsive to the Requests shall be continuing in nature, and a producing party is required to promptly produce all responsive Documents upon locating them, even if after initial production. Further, a responding party must not only produce Documents in its immediate Possession, but also within its Custody or Control, including without limitation all responsive Documents in the possession of the responding party's agents, employees, advisors, consultants, affiliates, or any other person or entity acting on its behalf.

3. Responses. Responding party must respond to each Request. If a responding party does not have Documents responsive to a particular Request, or if it is unable to produce responsive Documents, it must provide that disclosure in its response. If a responding party has some responsive Documents in its immediate Possession, but believes that additional responsive Documents not in its immediate Possession but that may be within its Custody or Control and subject to production at a later date, the responding party should make that disclosure in its response, produce promptly the Documents in its immediate possession, Identify the

    Documents in its Custody or Control, and disclose a date certain by which the responding party expects to produce the additional responsive Documents.

4. <u>Responses to Deposition by Written Questions</u>.  Responding party must respond to each question fully, in detail, and to the best of his ability, upon reasonable diligence into the subject matter of each question.  If a question calls for speculation, and responding party responds that a question is unanswerable with certainty on account of speculation, responding party shall explain the variables, unknowns, or other issues giving rise to speculation or a lack of certainty, and shall take reasonable efforts to provide a thorough response to the question. Responding party may respond to the questions in the form of a declaration that answers each question.  Responding party shall remain obligated to supplement or amend its responses upon the discovery of new information or occurrence of acts or omissions if such new information or acts or omissions affects the answer the responding party provided in response to any question.

5. <u>Objections</u>.  If a responding party has an objection to any Request, it shall state its objection with specificity and shall avoid the use of boilerplate language in its objection in accordance with applicable rules of procedure.  Where an undefined term is used in a Request, the responding party shall apply the definition to that term as used in common business parlance.

6. <u>Privilege</u>.  Where a responding party asserts a claim of privilege in objecting to the production of any Document and a Document called for by these Requests is withheld on the basis of such assertion, the objecting party shall identify the nature of the privilege that is being claimed and, if the privilege is governed by state law, indicate the state's privilege being invoked. In addition, the objecting party shall provide the following information with respect to any Document so withheld: (i) the type of Document, e.g. letter or memorandum; (ii) the general subject matter of the Document; (iii) the date of the Document; (iv) such other information as is sufficient to identify the Document for a subpoena duces tecum, including, where appropriate, the author of the Document, the addressees of the Document, and any other recipients shown in the Document, and, where not apparent, the relationship of the author, addresses, and recipients to each other.

7. <u>Lost or Destroyed Documents</u>.  If a requested Document is lost, destroyed, discarded, or otherwise disposed of, a responding party shall Identify the Document to the best of its knowledge by disclosing, in writing: (i) its author or preparer; (ii) all persons to whom it has been distributed or shown; (iii) its date; (iv) its subject matter; (v) attachments or appendices thereto; (vi) the date, manner, and reason for destruction or other disposition; (vii) the person authorizing its destruction or other disposition; (viii) the Request or Requests to which the Document is responsive.

8. <u>ESI and Electronic Production</u>.  Responding parties shall produce all responsive Documents as they are kept in the usual course of business, and shall organize them to correspond with the requests to which they are responsive.  With respect to Electronically Stored Information ("<u>ESI</u>"), corresponding metadata shall be produced to the extent that the requested metadata exists and can be extracted using standard processing tools.  With respect to the production of ESI, responding parties shall confer with the Jackson Walker's counsel to develop parameters, including custodians and search terms, to identify and produce responsive Documents.

9. <u>Construction</u>.  Defined terms have the meanings provided in the above Definitions regardless of whether such terms are capitalized, unless otherwise expressly noted.  Use of the words "includes," "including," or "such as" are not limiting, such that, for example, use of the word "including" shall be construed as "including without limitation" in each instance.  Whenever appropriate, the singular form of a word should be interpreted as plural, and the plural as singular.

## DEPOSITION BY WRITTEN QUESTIONS

**QUESTION 1:**   State your full name

**QUESTION 2:**   Please state by whom you are employed, your age, and whether you have ever been convicted of a crime of moral turpitude or subject to any professional disciplinary action.

**QUESTION 3:**   Please confirm that you are the Liquidation Trustee of the Liquidation Trust.

**QUESTION 4:**   In your role as Liquidation Trustee, are you aware of what constitutes the Liquidation Trust Assets?

**QUESTION 5:**   What are the Liquidation Trust Assets?

**QUESTION 6:**   Of what types of assets do the Liquidation Trust Assets consist?  For instance, do the Liquidation Trust Assets consist of categories of assets, like cash, interests in public or private entities, causes of action, payment intangibles, or other types of assets?

**QUESTION 7:**   Please identify, with detail, what assets make up the Liquidation Trust Assets?

**QUESTION 8:**   Please identify the value of each Liquidation Trust Asset and your basis for each value.  Where you believe value is speculative, please explain why and the extent to which value is speculative.

**QUESTION 9:**   Please identify the likely recovery to the Liquidation Trust from each Liquidation Trust Asset where the value of the Liquidation Trust Asset differs from the likely recovery to the Liquidation Trust from the monetization of such asset, and please explain why (such as costs of recovery) the Liquidation Trust's recovery from such asset may be more or less than its value.   If the value is unknown or otherwise is not susceptible to a range or estimate, state why.

**QUESTION 10:**   To the extent not addressed in your responses to Questions 8 and 9, please identify each Liquidation Trust Cause of Action, or where not reasonably practicable, categories of Liquidation Trust Causes of Action (like director and

officer liability claims, commercial tort claims, avoidance actions), and the Liquidation Trust's likely recovery from each Liquidation Trust Cause of Action or each category of Liquidation Trust Causes of Action. If the value is unknown or otherwise is not susceptible to a range of values or estimates, state why.

**QUESTION 11:** Please provide your best estimate of how long it will take to liquidate or monetize the Liquidation Trust Assets, why you believe it will take that long, and what factors may contribute to the timing of completion.

**QUESTION 12:** Who are the Liquidation Trust's beneficiaries?

**QUESTION 13:** If all Holders of allowed General Unsecured Claims are paid in full, then do Holders of Interests become beneficiaries of the Liquidation Trust?

**QUESTION 14:** What is the gross amount of General Unsecured Claims in the Debtors' Cases?

**QUESTION 15:** Is it the Liquidation Trust's responsibility to reconcile and administer the General Unsecured Claims?

**QUESTION 16:** Does the Liquidation Trust anticipate objecting to certain of the General Unsecured Claims, and if so, what is a reasonable estimate of the likely amount of allowed General Unsecured Claims for the purpose of administering the Liquidation Trust?

**QUESTION 17:** What factors did the Liquidation Trustee consider when determining the reasonable estimate of the likely amount of allowed General Unsecured Claims for the purpose of administering the Liquidation Trust?

**QUESTION 18:** What costs and expenses does the Liquidation Trust reasonably expect to incur during its reconciliation and administration of General Unsecured Claims?

**QUESTION 19:** How long does the Liquidation Trustee reasonably expect it will take to reconcile and administer the General Unsecured Claims?

**QUESTION 20:** What must happen for the Liquidation Trust Assets to yield sufficient funds for the Liquidation Trust to pay, in full, all allowed General Unsecured Claims?

**QUESTION 21:** Generally speaking, how speculative is that outcome, and what factors must the Liquidation Trustee consider when answering Question 20?

**QUESTION 22:** How much cash does the Liquidation Trust currently have?

**QUESTION 23:** On June 10, 2024, Jackson Walker filed its final fee application [Dkt. No. 2259] seeking allowance and payment, on a final basis of professional fees in the aggregate amount of $2,468,826.50. If Jackson Walker was denied those fees, or forced to repay the $1,160,194.88 (of the $2,468,826.50) it was previously awarded in prior applications, what is your understanding of where that money would go, to whom would the Liquidation Trust distribute those funds if the funds went to the Liquidation Trust, and if they did, when would the Liquidation Trust be reasonably expected to make such distributions?

**QUESTION 24:** Would a $2,468,826.50, or a $1,160,194.88 influx of funds to the Liquidation Trust be likely to have any material effect on pro-rata distributions made to Holders of Allowed General Unsecured Claims who are Liquidation Trust Beneficiaries?

**QUESTION 25:** Would those same potential influxes of funds to the Liquidation Trust (as set forth in Question 25) be likely to have any material effect on pro-rata distributions made to Holders of Allowed Interest who are Liquidation Trust Beneficiaries in the event all Allowed General Unsecured Claims have been paid in full?

**QUESTION 26:** Confirm it is true that: a) the Liquidation Trustee has exclusive authority to act on behalf of the Liquidation Trust Beneficiaries; and b) the Liquidation Trustee has the exclusive authority to bring claims or causes of action against Jackson Walker for the benefit of the Liquidation Trust and the Liquidation Trust Beneficiaries.

**QUESTION 27:** Does the Liquidation Trustee believe that as of the date the Liquidation Trustee responds to the Subpoena Requests, and for the foreseeable future, the likelihood of a distribution to Holders of Equity Interests who are Liquidation Trust Beneficiaries is: a) concrete; b) can be particularized; c) will actually occur; d) is imminent; and/or e) will be or would be fairly traceable to a reduction in Jackson Walker's allowed fees and expenses?

## **SUBPOENA REQUESTS FOR PRODUCTION**

**REQUEST 1:** Produce all non-privileged Documents You relied on when answering Questions 1-25 (including all sub-parts).

**REQUEST 2:** To the extent You have not already, produce all Documents evidencing the value of any Liquidation Trust Asset.

**REQUEST 3:** To the extent You have not already, produce all Documents evidencing the collective value of the Liquidation Trust Assets.

**REQUEST 4:** To the extent You have not already, produce all financial reporting related to any Liquidation Trust Assets.

**REQUEST 5:** To the extent You have not already, produce all appraisals, broker opinions of value, estimates of value provided by any third party, balance sheets, financial statements, tax returns, public disclosures or filings, or any similar Documents way pertaining to the value or valuation of Liquidation Trust Assets.

**REQUEST 6:** Produce Documents affecting the Liquidation Trust's ability to liquidate or otherwise monetize any Liquidation Trust Assets, including any contracts prohibiting or restricting sales or trades.

**REQUEST 7:** To the extent You have not already, produce all Documents evidencing the total amount of:

  a) asserted General Unsecured Claims;

  b) General Unsecured Claims after the Liquidating Trustee takes into account late-filed claims;

  c) estimates, ranges and/or working assumptions concerning the total amount of General Unsecured Claims; and

  d) asserted Interests.