IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**Professional Fee Matters Concerning the Jackson Walker Law Firm** | Case No. 23-00645 |

**UNITED STATES TRUSTEE'S VERIFIED RESPONSE TO DAVID R. JONES'S EMERGENCY MOTION TO QUASH SUBPOENA**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kevin Epstein, the United States Trustee for Region 7 (the "**United States Trustee**"),[1] by and through his undersigned counsel, responds to David R. Jones's ("**Jones**") "emergency motion to quash" [ECF No. 478] (the "**Motion**") as follows:

## BACKGROUND

1. The United States Trustee issued a subpoena to Bank of America (the "**Subpoena**") and pursuant to the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.*, the United States Trustee provided Jones with a challenge package. 12 U.S.C. § 3407. A copy of the cover letter to Bank of America and the Subpoena is attached as Exhibit A and a copy of the challenge package sent to Jones is attached as Exhibit B. Attached as Exhibit C is the declaration of Jennifer R. Toth, Auditor, concerning the documents mailed on October 8, 2024, and attached as Exhibits A and B.

---

[1] The United States Trustee is a component of the United States Department of Justice. 28 U.S.C. § 501 *et seq*. The United States Trustee is charged with the administration of bankruptcy cases, 28 U.S.C. § 586(a), and has standing to raise and be heard on any issue in a bankruptcy case or proceeding. 11 U.S.C. § 307.

2. The Right to Financial Privacy Act provides that "[Bank of America] shall not release the financial records of [Jones] *until* the [United States Trustee] certifies in writing to the financial institution that it has complied with the applicable provisions of this chapter." 12 U.S.C. § 3403(b) (emphasis added). Jones has filed the Motion and, therefore, the United States Trustee cannot provide Bank of America with a written certification until after this Court rules under 12 U.S.C. § 3410.

3. "The challenge procedures [set forth in the Right to Financial Privacy Act] constitute the sole judicial remedy available to a customer [Jones] to oppose disclosure of financial records pursuant to [the Right to Financial Privacy Act]." 12 U.S.C. § 3410(e).

4. When the proponent of a motion to quash is the customer of the bank, the grounds to quash are:

   a. "there is not a demonstrable reason to believe that the [United States Trustee's] inquiry is legitimate"; and

   b. "there is not . . . a reasonable belief that the records sought are relevant to that inquiry"; or

   c. "that there has not been substantial compliance with the provisions of [the Right to Financial Privacy Act.]"

12 U.S.C. § 3410(c).

5. Jones does not (and could not) contest the legitimacy of the United States Trustee's inquiry.

6. Jones does challenge whether the records requested are relevant to such legitimate inquiry and whether the United States Trustee substantially complied with the Right to Financial Privacy Act. Jones also makes unsupported and conclusory arguments that the Subpoena is unduly burdensome or should be limited.

**ARGUMENT**

A.   **The Records Requested Are Relevant.**

7.   In this matter, beginning on November 2 and 3, 2023, and continuing thereafter, the United States Trustee filed substantially similar motions seeking relief from judgment under Rule 60(b)(6) (the "**Rule 60 Motions**") with respect to Jackson Walker LLP's ("**Jackson Walker**") retention and compensation applications in 26 cases where former Jones presided and in six cases that Jones mediated; in one case that Jones mediated, the United States Trustee filed an objection to Jackson Walker's pending final fee application and alleged the same misconduct and remedy (the "**Affected Cases**"). The United States Trustee subsequently filed amended Rule 60 Motions.[2]

8.   The amended Rule 60 Motions in the cases over which Jones presided assert that the orders approving Jackson Walker's employment and fees should be vacated because, among other things, Jones was disqualified from entering such orders by, for example and not in limitation, 28 U.S.C. § 455(a), 28 U.S.C. § 455(b), Fed. R. Bankr. P. 5002, and Fed. R. Bankr. P. 5004. Central to the analysis under those statutory provisions and rules are the nature and extent of the relationships between Jones and Elizabth C. Freeman ("**Freeman**"), a former partner at Jackson Walker. Section 455(a) of title 28, for example, "establish[es] an objective test so that 'disqualification should follow if the reasonable man, were he to *know all the circumstances*, would harbor doubts about the judge's impartiality.'" *Health Servs. Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800 (5th Cir. 1986) (emphasis added) *aff'd*, 486 U.S. 847 (1988).

---

[2] *See, e.g.*, *In re Neiman Marcus Group LTD LLC*, Case No. 20-32519, ECF No. 3224 (Bankr. S.D. Tex. Feb. 29. 2024).

9. The extent to which Jones and Freeman were financially entangled or shared expenses, including but not limited to household expenses, is probative of the nature of their relationship and whether 28 U.S.C. § 455(a), 28 U.S.C. § 455(b), Fed. R. Bankr. P. 5002, and Fed. R. Bankr. P. 5004 prohibited Jones from entering orders approving Jackson Walker's employment and fees.

10. The records sought by the Subpoena are probative of the nature of the relationship between Freeman and Jones and of the extent to which Jones and Freeman were financially entangled or shared expenses. When deposed and asked, "[d]id you discuss [with Jackson Walker's counsel at the July 19, 2024, interview] your financial relationship with Ms. Freeman[,]" Jones responded, "[t]here isn't one, but I'll decline to answer." Exhibit D[3] at 42:2–4.[4] Further, Jones testified, "[j]ust me" when asked, "[w]ho paid for expenses related to [the house Freeman and Jones jointly own] . . . ." *Id.* at 187:11–13. And in response to the subpoena issued to him and attached as Exhibit E, Jones produced just 51 pages of documents of which 46 pages were the sale contract and other documents related to the purchase of the home he jointly owns with Freeman (many of which were illegible). In response to a request for "documents related to any expenses that [Jones] and Freeman either (a) shared or (b) paid on behalf of the other, in whole or in part, at any time prior to October 7, 2023, including . . . household or improvements or any other household expenses[,]" Jones responded, "[s]ubject to and without waiver of the above objections, Jones

---

[3] Pin cites for exhibits that are partial transcripts are to the page and line numbers as originally numbered in the partial transcripts.

[4] At the Court's instruction, "decline to answer" was an assertion of the Fifth Amendment. Exhibit D at 31:25–32:2.

responds that after a reasonable search he is not presently aware of any documents responsive to this request[.]"

11. The United States Trustee asserts that Freeman and Jones began living together in his former house at least as of 2015. Exhibit F at 134:15–138:15. They purchased their current residence on Rolla Street, which they jointly own and closed on in June 2017, and they have lived there together continuously since acquiring it. *Id.* at 138:16–146:13. Additionally, Jones owns a house on Ridge Lane. Exhibit D at 31:5–8, 32:5–18; Exhibit F at 40:20–25, 51:7–18

12. Matthew Cavenaugh, a partner at Jackson Walker, testified that Freeman said the house she and Jones purchased in June 2017 was her house, that the survivorship interest was an "estate planning vehicle," and that Jones did not live there or have a financial interest in the house. Exhibit G at 129:18–130:3, 183:15–184:8, 312:4–22, 334:1–13. Thus, obtaining the bank records are necessary here because of the inconsistent nature of the testimony obtained in this case.

13. The records sought by the United States Trustee relate to the time surrounding when Freeman and Jones purchased a house together in 2017 and for the time thereafter in which the United States Trustee asserts they lived together (and for the time in which Freeman was a partner at Jackson Walker but no one—not Jackson Walker, not Freeman, and not Jones—disclosed her relationship with Jones). The records sought are probative of the nature of the relationship between Freeman and Jones and of the extent to which Jones and Freeman were financially entangled or shared expenses.

14. As the Court recalls, Jones invoked his Fifth Amendment right not to incriminate himself multiple times at his deposition, including questions regarding the financial relationship between Freeman and him. *See, e.g.*, Exhibit D at 42:10–13. Bank statements, accompanied by a certification of the custodian of records, will give the United States Trustee admissible evidence

regarding the extent to which Jones and Freeman were financially entangled or shared expenses. The United States Trustee is entitled to obtain competent evidence to negate possible arguments that Jackson Walker might make concerning the nature of the relationship between Freeman and Jones.

15. The United States Trustee previously issued a subpoena for Freeman's bank records, which subpoena was substantially similar in scope to the Subpoena, and she moved to quash the subpoena. *Compare* Exhibit A (subpoena to Jones's bank) *with* Exhibit H (subpoena to Freeman's bank). In denying Freeman's motion to quash, the Court ruled that:

> Additionally, to determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed[.] "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." In short, United States Trustee's subpoena is not overbroad, and the Court finds it is proportionate to the needs of the case.

ECF No. 357 (internal footnote omitted).

16. Bank records obtained from the subpoena issued to Freeman's bank show that she paid for expenses associated with *not just* the house she jointly owns with Jones *but also* the Ridge Lane house that Jones owns individually. Examples of such payments are attached as Exhibit I.

17. Jones is the other half of the relationship with Freeman, and the records sought from Bank of America will provide admissible evidence that is probative of the nature and extent of the financial relationship between Jones and Freeman. The Court should find that the documents sought are relevant just as the Court found that the documents sought from Freeman's bank were relevant. *See* ECF No. 357.

**B.     The U.S. Trustee Substantially Complied with The Right to Financial Privacy Act.**

18.     Jones does not make a serious attempt, and does not cite any case, to explain how the United States Trustee failed to "state with reasonable specificity the nature of the law enforcement inquiry." *See* 12 U.S.C. § 3407(2).  Rather, Jones argues that the nature of the law enforcement inquiry set forth in the customer notice fails to explain the relevance of the records sought.  Motion at ¶ 25.  However, a customer notice is *not* required to explain the relevance of records sought.  12 U.S.C. § 3407(2).  The notice is only required to "state with reasonable specificity the nature of the law enforcement inquiry." *See id.*

19.     Here, the notice provided to Jones stated with reasonable specificity the nature of the law enforcement inquiry.  Had it not, Jones would have been unable to spend pages of the Motion parsing the amended Rule 60 Motions.  The customer notice amply provided Jones with notice of the nature of the law enforcement inquiry, and that is all the notice was required to do. 12 U.S.C. § 3407(2); *see, e.g.*, *Nicksolat v. U.S. Dep't of Trans.*, 277 F. Supp. 3d 122, 126, 129 (D.D.C. 2017) (holding that "[t]o determine if [she] received income from June 2012 to present, from any sources while accepting workers compensation benefits" satisfied the Right to Financial Privacy Act and stating "Nicksolat is mistaken to argue that DOT-OIG needed to do anything more in order to be in 'substantial compliance' with its notice obligations."); *Breakey v. Inspector Gen. of the U.S. Dep't of Agric.*, 836 F. Supp. 422, 426–27 (E.D. Mich. 1993) (finding that money "deposited into the RRH project accounts as required by FmHA regulations or whether they were deposited directly into MRD operating accounts" as well as the pleadings filed provided "sufficient specificity as to the government's law enforcement inquiry").

20.     Further, even if the customer notice provided to Jones had not given him notice of the United States Trustee's legitimate inquiry, he clearly has the amended Rule 60 Motions and,

thus, has received adequate notice of the United States Trustee's legitimate inquiry. *Rodriguez v. Fed. Sav. & Loan Ins. Corp.*, 712 F. Supp. 159, 162 (N.D. Cal. 1989) (holding that even if a customer notice failed to give adequate notice, the "papers filed in this proceeding" provided the customer with adequate notice.).

21. The Court should find that the United States Trustee has substantially complied with the Right to Financial Privacy Act.

C. **No Other Cause Exists to Quash or Limit the Subpoena.**

22. As previously stated, Jones's sole remedy is set forth in 12 U.S.C. § 3410(e) and the sole bases for quashing the Subpoena are set forth in 12 U.S.C. § 3410(c).

23. The Court has previously held that a substantially similar subpoena to Freeman was not overbroad nor disproportionate to the needs of the case. *See* Exhibit H; ECF No. 357 at 2. Jones's conclusory and unsupported argument that the Subpoena is overly broad and disproportionate to the needs of the case is meritless.

24. "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that 'the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

25. To the extent Jones seeks a protective order pursuant to Fed. R. Civ. P. 26(c) and such relief could be granted to him, he had the burden, and the conclusory statements made in the Motion fail to satisfy that burden. *See id.*

26. Further, under Fed. R. Civ. P. 26(c), a "judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other

party. Courts also weigh relevant public interests in this analysis." *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (quotation and citations omitted).

27. Here, the Subpoena is directed to Bank of America. There is no burden on Jones. He will incur no cost complying with the Subpoena. The probative value of the information, in contrast, is high—the information will shed additional light on the nature and extent to which Jones and Freeman commingled their living expenses and other finances.

28. The issue of the secret relationship between Jones and Freeman demands that relevant information be afforded to the United States Trustee so that probative evidence may be introduced at trial and public confidence in the impartiality of the bankruptcy system can be repaired. The public interest in all relevant facts being known is exceedingly high.

29. Pursuant to 28 U.S.C. § 1746, I, the undersigned, declare under penalty of perjury that the factual assertions set forth above are true and correct.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Motion.

[Signature Page Follows]

Date: October 24, 2024                                  Respectfully Submitted,

                                                        KEVIN M. EPSTEIN
                                                        UNITED STATES TRUSTEE
                                                        REGION 7, SOUTHERN AND WESTERN
                                                        DISTRICTS OF TEXAS

                                                        By: */s/ Alicia Barcomb*
RAMONA D. ELLIOTT                                       MILLIE APONTE SALL
Deputy Director/                                        Assistant U.S. Trustee
General Counsel                                         Tex. Bar No. 01278050/Fed. ID No. 11271
NAN ROBERTS EITEL                                       VIANEY GARZA
Associate General Counsel                               Trial Attorney
Fed. ID No. 561266                                      Tex. Bar No. 24083057/Fed. ID No. 1812278
DANIELLE PHAM                                           ALICIA BARCOMB
Trial Attorney                                          Trial Attorney
Department of Justice                                   Tex. Bar No. 24106276/Fed ID No. 3456397
Executive Office for                                    515 Rusk, Suite 3516
United States Trustees                                  Houston, Texas 77002
Washington, D.C. 20530                                  (713) 718-4650 – Telephone
(202) 307-1399 – Telephone                              (713) 718-4670 – Fax
                                                        Email: millie.sall@usdoj.gov
                                                               vianey.garza@usdj.gov
                                                               alicia.barcomb@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2024 a copy of the foregoing was served on the parties listed in the attached service list by ECF transmission.

                                                        By: */s/ Alicia Barcomb*
                                                             Alicia Barcomb