```
1              UNITED STATES BANKRUPTCY COURT
2                SOUTHERN DISTRICT OF TEXAS
3
4    - - - - - - - - - - - - - - -
5    IN RE:                         )
6    PROFESSIONAL FEE MATTERS       ) CASE NO.
7    CONCERNING JACKSON WALKER      ) 23-00645 (EVR)
8    LAW FIRM,                      ) CHAPTER 11
9         Debtor.                   )
10   - - - - - - - - - - - - - - -
11
12
13
14              DEPOSITION OF DAVID R. JONES
15              THURSDAY, SEPTEMBER 19, 2024
16
17
18
19
21           BEHMKE REPORTING AND VIDEO SERVICES, INC.
22                BY:  LAURIE CARLISLE, CSR NO. 2205
23                  550 CALIFORNIA STREET, SUITE 820
24                  SAN FRANCISCO, CALIFORNIA  94104
25                             (415) 597-5600
```

```
 1
 2
 3
 4
 5
 6            Deposition of DAVID R. JONES, taken on
 7   behalf of United States Trustee at the Federal
 8   Courthouse at 515 Rusk Street, Courtroom 8B, Houston,
 9   Texas, commencing at 9:02 A.M., THURSDAY, SEPTEMBER 19,
10   2024, before Laurie Carlisle, Certified Shorthand
11   Reporter No. 2205, pursuant to Subpoena.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   what you just said?
 2              He's asking to preserve the objections
 3   rather than asserting the objections under the Rules.
 4              MS. STEELE:  Your Honor, I think our
 5   preference would be for Mr. Jones to assert the
 6   privilege to each question.  Is that the question?
 7              JUDGE RODRIGUEZ:  No.
 8              MR. FINESTONE:  That's going to happen,
 9   Counselor.  In a normal deposition we don't have the
10   benefit of His Honor sitting here prepared to make
11   evidentiary rulings.  I would object to form and
12   preserve and reserve all other objections for a future
13   date and time.  And I'm asking whether we have your
14   agreement that it's going to proceed the same way.
15              MS. STEELE:  That's fine, Your Honor.
16   We can agree to that.  Thank you.
17              MR. FINESTONE:  One final procedural
18   point, Your Honor.
19              Perhaps in lawyerly fashion, I
20   described the rights that I anticipate my client will
21   assert today.  I'd like for my client to be able --
22   almost like a defined term in a corporate document,
23   I'd like for my client to simply be able to say, "I'm
24   declining to answer that" and for Your Honor and for
25   the record to be clear, when my client says he's
```

```
 1   declining to answer the question, the rights that he's
 2   asserting are the Fifth Amendment rights under the
 3   Constitution and the analogous rights under the Texas
 4   Constitution.
 5              MS. STEELE:  Your Honor, I'm okay with
 6   the shorthand version of that, but I think there needs
 7   to be a clear record that the witness is indeed
 8   asserting the Fifth Amendment and any Texas
 9   Constitution --
10              JUDGE RODRIGUEZ:  We'll get that on the
11   record.  That's fine.
12              Let's get started.  Call your first
13   witness.
14              MS. STEELE:  Thank you, Your Honor.  I
15   would call Mr. David R. Jones to the stand, please.
16                    DAVID R. JONES,
17   having been first duly sworn, testified as follows:
18              JUDGE RODRIGUEZ:  Ms. Steele, your
19   witness.
20   EXAMINATION BY MS. STEELE
21      Q.   Good morning, Mr. Jones.  My name is Laura
22   Steele.  I'm a trial attorney with the United States
23   Department of Justice, U.S. Trustee Program.  Thank
24   you for being here this morning, Mr. Jones.
25              Could you please state your full name
```

```
 1   for the record?
 2        A.    David Ronald Jones.
 3        Q.    What is your current residence?
 4        A.    I don't know how to answer that.
 5        Q.    Where do you live?
 6        A.    I have two homes.
 7        Q.    What are the addresses of your two homes?
 8        A.    ▇ Rolla.  ▇ Ridge Lane.
 9        Q.    And where do you spend the majority of your
10   time living?
11        A.    I couldn't do that.  That would be a guess.
12        Q.    Where do you claim your homestead exemption?
13        A.    ▇ Ridge Lane.
14        Q.    Does anyone reside with you at ▇ Ridge
15   Lane?
16              THE WITNESS:  Judge, how do you want to
17   do the shorthand?
18              JUDGE RODRIGUEZ:  I haven't heard any
19   objections.
20              THE WITNESS:  I'm declining to answer
21   the question based upon the rights and privileges
22   granted to me under the United States Constitution as
23   well as the Texas Constitution.  Do you want me to
24   repeat that each and every time or --
25              JUDGE RODRIGUEZ:  We can make that a
```

```
 1   defined, just "decline to answer" asserting your
 2   rights under the Fifth amendment.
 3               THE WITNESS:  All right.
 4   BY MS. STEELE:
 5       Q.   Mr. Jones, does anyone reside with you at
 6   the Rolla Street property?
 7       A.   I decline to answer.
 8       Q.   Are you the only owner of ▮ Ridge Lane?
 9       A.   I decline to answer.
10       Q.   Are you the only owner of the Rolla Street
11   property?
12       A.   I decline to answer.
13       Q.   How long have you lived at the ▮ Ridge
14   Lane property?
15       A.   I decline to answer.
16       Q.   How long have you lived at the Rolla
17   property?
18       A.   I decline to answer.
19       Q.   Do you own any other properties other than
20   the two properties that we've discussed this morning
21   so far?
22       A.   I decline to answer.
23       Q.   Mr. Jones, what is your highest level of
24   education?
25       A.   I decline to answer.
```

```
 1        A.   I decline to answer.
 2        Q.   Did you discuss your financial relationship
 3   with Ms. Freeman?
 4        A.   There isn't one, but I'll decline to answer.
 5        Q.   Is your counsel making nods to you as to how
 6   to answer currently?
 7        A.   No.  He just wiped his eyes.
 8        Q.   I'm sorry.  I'm at a disadvantage.  I can't
 9   see what's happening, so I just wanted to understand.
10             So, Mr. Jones, you were in a financial
11   relationship with Ms. Freeman or you were not in a
12   financial relationship with Ms. Freeman?
13        A.   I'm going to decline to answer.
14        Q.   Did you discuss your joint home ownership
15   with Ms. Freeman?
16        A.   I decline to answer.
17        Q.   The U.S. Trustee also requested deposition
18   testimony from you regarding Ms. Freeman's presence at
19   or involvement in any mediation conducted by yourself
20   in any of the cases listed on United States Trustee
21   Exhibit 6 to the motion for relief from judgment.
22             Did you discuss Ms. Freeman's presence
23   at or involvement in any mediation that you conducted?
24             JUDGE RODRIGUEZ:  Hold on just a
25   moment.  This is one of the ones that fall under the
```

```
 1                  Did Ms. Freeman understand that she
 2     would also live at the Rolla house when you purchased
 3     it?
 4          A.   I have no idea what Ms. Freeman thought or
 5     believed.
 6          Q.   When did she move her things into the house?
 7          A.   At some point.
 8          Q.   And did her children also move their things
 9     into the house?
10          A.   At some point.
11          Q.   Who paid for expenses related to the
12     property?  So, for example, utilities.
13          A.   Just me.
14          Q.   What about real estate taxes?
15          A.   Well, you've already done that.  I paid '17,
16     '18, '19, '20, and then she paid a portion of '21 and
17     '22, I think is what -- I may have the numbers wrong,
18     but there are two years where she paid either the
19     county or the school district.
20          Q.   You pay all the utilities on the property?
21          A.   I do.
22          Q.   What about internet bill?
23          A.   It's mine.
24          Q.   And Ms. Freeman can use the internet in the
25     home?
```

```
 1   STATE OF TEXAS      )
 2                       ) ss.
 3   COUNTY OF HARRIS    )
 4
 5       I, the undersigned Certified Shorthand Reporter in
 6   and for the State of Texas, certify that the facts
 7   stated in the foregoing pages are true and correct.
 8       I further certify that I am neither attorney or
 9   counsel for, related to, nor employed by any parties
10   to the action in which this testimony is taken and,
11   further, that I am not a relative or employee of any
12   counsel employed by the parties hereto or financially
13   interested in the action.
14       SUBSCRIBED AND SWORN TO under my hand and seal of
15   office on this the 23rd day of September, 2024.
16   Reading and signing was:
17   _x_ requested ___ waived ___ not requested
18
19
20            [signature: Laurie Carlisle]
21
22            LAURIE CARLISLE, CSR NO. 2205
23            STATE OF TEXAS
24
25
```