UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Professional Fee Matters Concerning the Jackson Walker Law Firm | Case No. 23-645 |

### UNITED STATES TRUSTEE'S NOTICE OF SUGGESTED PROCEDURE FOR ADJUDICATING THE MOTIONS TO VACATE ORDERS AND FOR SANCTIONS

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE

Kevin M. Epstein, the United States Trustee for the Southern District of Texas ("U.S. Trustee"), files this *Notice of Suggested Procedure for Adjudicating the Motions to Vacate Orders and for Sanctions* ("Notice") as required by the Court at the Scheduling Conference held on October 15, 2024, and clarified at the Status Conference held on October 21, 2024.[1]

1.  All discovery in these cases concludes November 15, 2024. Shortly thereafter, the U.S. Trustee will be prepared to put on his case about why Jackson Walker LLP ("Jackson Walker") should have its employment and compensation orders vacated or denied in 33 bankruptcy cases and why Jackson Walker should return all fees received as a sanction for its misconduct. Parsing the relief that the U.S. Trustee seeks by compelling dispositive motions will unnecessarily duplicate and delay resolution of these matters. Rather, applying all the law to all the facts, in one trial, will be the most efficient way to adjudicate these matters and satisfies what Jackson Walker

---

[1] The parties have conferred on numerous occasions regarding the questions raised at the October 15, 2024, scheduling conference. The parties jointly agree that the Court should not answer "whether the Final Order Allowing Compensation and Reimbursement of Expenses for Jackson Walker LLP should be vacated" without receiving evidence and making factual determinations. The parties submit their own notices to explain the rationale for this conclusion from their respective perspectives.

1

has said that it wanted all along: to have the issues related to a "widely publicized" relationship "tried once." *See* Tr. at 16:13–25, *In re Neiman Marcus Group LTD LLC*, Case No. 20-32519 (Bankr. S.D. Tex. Jan. 16, 2024).

2. First, the U.S. Trustee agrees with the Court that these matters should be resolved expeditiously. The "quickest path forward" is to consolidate all issues raised in the U.S. Trustee's Motions to Vacate Orders and for Sanctions for trial before one judge,[2] which is a position consistently taken by the U.S. Trustee since he first sought relief against Jackson Walker in November 2023.[3] Bankruptcy Rule 7042(a) expressly provides for consolidating actions before the court that "involve a common question of law or fact." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 n.6 (5th Cir. 1984) (using Rule 42(a) to expedite trial and eliminate unnecessary repetition and confusion). A court has broad discretion in determining if consolidation is practical. *Morrison v. Amway Corp.*, 186 F.R.D. 401, 402 (S.D. Tex. 1998) ("The Court has broad discretion

---

[2] The term "Motions to Vacate Orders and for Sanctions" as used herein collectively refers to the U.S. Trustee's **(A)** *Amended and Supplemental Motion for (1) Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* filed in 17 cases; **(B)** *Motion for (1) Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* filed in 9 cases; **(C)** *Motion for (1) Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* filed in 5 cases; **(D)** *Motion (1) to Vacate the Fee Orders Approving the Interim Compensation Applications of Jackson Walker LLP, (2) For Sanctions, and (3) Related Relief* and *Objection to Jackson Walker's Third Interim and Final Fee Application as Co-Counsel to the Debtors and Debtors in Possession* filed in Case No. 22-90035; and **(E)** *Opposition to Jackson Walker's Final Fee Application as Co-Counsel to the Debtors and Motion for Sanctions and Related Relief* filed in Case No. 22-90032.

[3] In support of the U.S. Trustee's position that these cases should be consolidated for trial before one court, the U.S. Trustee filed motions to withdraw the reference in each of the 33 cases in which he seeks relief against Jackson Walker. Those motions remain pending with the district court. It is premature to adjudicate any issues raised by the Motions to Vacate Orders and for Sanctions absent an order from the district court resolving the withdrawal motions.

to decide whether consolidation is desirable under Rule 42(a) and may even consolidate cases *sua sponte*."). Here, the information about Jackson Walker's conduct spanning close to five years relates to all the relief sought by the U.S. Trustee and to Jackson Walker's defenses to same.[4]

3. Second, the U.S. Trustee further agrees with the Court that there might be legal issues within a subset of the 33 cases that are "ripe" for adjudication by dispositive motion. But there are multiple legal theories for which the U.S. Trustee contends Jackson Walker should be held accountable for its misconduct. For example, even if the Court determined not to vacate the compensation orders under Bankruptcy Rule 2014—a rule that requires, among other things, disclosure of all connections when seeking employment in a bankruptcy case—that limited determination alone would not preclude vacating either the compensation or employment orders or granting other relief on other bases alleged in the Motions to Vacate Orders and for Sanctions. For this reason, the U.S. Trustee respectfully submits that consolidation of the entirety of the Motions to Vacate Orders and for Sanctions into one trial on the merits promotes efficiency, expediency, and judicial economy.

4. The following chart identifies each case in which the U.S. Trustee filed a Motion to Vacate Orders and for Sanctions:[5]

---

[4] Consolidation would be used for any remaining pre-trial proceedings and trial; the U.S. Trustee does not request consolidation of judgments or rights to appeal.

[5] The U.S. Trustee is aware that the relief sought in *HONX, Inc.* and *GWG Holdings, Inc.* was not transferred to this Court. Those cases are included in the chart to further demonstrate why a dispositive motion related to vacatur of the compensation orders is not efficient and the necessity of one trial before a single judge to develop all supporting evidence.

| Case | Relief Requested by U.S. Trustee | Summary of Legal Authority Relied Upon to Support Requested Relief |
|---|---|---|
| Case No. 18-35672, *Westmoreland Coal Company* and 25 additional cases[6] | Vacatur of employment and final compensation orders and sanctions | <ul><li>28 U.S.C. § 455</li><li>11 U.S.C. §§ 105 (a), 327, 328(c), 330</li><li>Bankruptcy Rules 2014, 5002, 5004</li><li>TDR 3.03, 4.01, 5.01, 8.04(a)(6)</li></ul> |
| Case No. 19-34508, *Sanchez Energy Corporation*; Case No. 22-90129, *Altera Infrastructure Project Services LLC*; and Case No. 23-90055, *Auto Plus Auto Sales LLC* | Vacatur of final compensation orders and sanctions | <ul><li>28 U.S.C. § 455</li><li>11 U.S.C. §§ 105(a), 327, 328(c), 330</li><li>Bankruptcy Rules 2014, 5002</li><li>Local Rule 16.4.I(2)</li><li>TDR 3.03, 4.01, 5.01, 8.04(a)(6)</li></ul> |
| Case No. 22-90032, *GWG Holdings, Inc.* | Denial of final fee application and sanctions | <ul><li>28 U.S.C. § 455</li><li>11 U.S.C. §§ 105(a), 327, 328(c), 330</li><li>Bankruptcy Rules 2014, 5002</li><li>Local Rule 16.4.I(2)</li><li>TDR 3.03, 4.01, 5.01, 8.04(a)(6)</li></ul> |
| Case No. 22-90035, *HONX, Inc.* | Vacatur of interim compensation orders, denial of final fee application, and sanctions | <ul><li>28 U.S.C. § 455</li><li>11 U.S.C. §§ 105(a), 327, 328(c), 330</li><li>Bankruptcy Rules 2014, 5002</li></ul> |

---

[6] Case No. 20-20184, *J. C. Penney Direct Marketing Services, LLC*; Case No. 20-32021, *Whiting Petroleum Corporation*; Case No. 20-32519, *Neiman Marcus Group LTD LLC*; Case No. 20-32564, *Stage Stores, Inc.*; Case No. 20-33239, *Chesapeake Exploration, LLC*; Case No. 20-33302, *Covia Finance Company, LLC*; Case No. 20-34758, *Tug Robert J. Bouchard Corporation*; Case No. 20-35561, *Mule Sky LLC*; Case No. 20-35740, *Seadrill Partners LLC*; Case No. 21-30427, *Seadrill Limited*; Case No. 21-30936, *Brilliant Energy, LLC*; Case No. 21-31861, *Katerra, Inc.*; Case No. 21-90002, *Basic Energy Services, Inc.*; Case No. 21-90054, *Strike LLC*; Case No. 22-50009, *4E Brands Northamerica LLC*; Case No. 22-90018, *Sungard AS New Holdings, LLC*; Case No. 22-90126, *La Forta – Gestao e Investmentos*; Case No. 20-30336, *McDermott International, Inc.*; Case No. 22-90002, *Seadrill Member LLC*; Case No. 20-34500, *iQor Holdings Inc.*; Case No. 20-33812, *Denbury Holdings, Inc.*; Case No. 20-32680, *Energy Services Puerto Rico, LLC*, Case No. 20-31886, *Sheridan Production Partners I-A, L.P.*; Case No. 19-32112, *Jones Energy, Inc.*; Case No. 20-50082, *Volusion, LLC*.

| Case | Relief Requested by U.S. Trustee | Summary of Legal Authority Relied Upon to Support Requested Relief |
|---|---|---|
| | | - Local Rule 16.4.I(2)<br>- TDR 3.03, 4.01, 5.01, 8.04(a)(6) |
| Case No. 18-30155, *EXCO Resources, Inc.* | Vacatur of final compensation orders and sanctions | - 28 U.S.C. § 455<br>- 11 U.S.C. §§ 327, 328(c), 330, 1103<br>- Bankruptcy Rules 2014, 5002<br>- Local Rule 16.4.I(2)<br>- TDR 3.03, 5.01, 8.04(a)(6) |
| Case No. 20-33916, *TMW Merchants LLC* | Vacatur of final compensation orders and sanctions | - 28 U.S.C. § 455<br>- 11 U.S.C. § 327, 328(c), 330<br>- Bankruptcy Rules 2014, 5002<br>- Local Rule 16.4.I(2)<br>- TDR 3.03, 5.01, 8.04(a)(6) |

5.  Although the U.S. Trustee agrees with the Court that Jackson Walker had (and continued to have) an absolute duty to disclose the relationship between its former partner and former Judge Jones, as the chart above indicates, only reviewing orders awarding compensation to Jackson Walker under Bankruptcy Rule 2014 and no other law deprives the Court of a full analysis of the misconduct that occurred in each case and ignores the Court's inherent authority to sanction Jackson Walker for such conduct. *See, e.g.*, Motions to Vacate Orders and for Sanctions, *Neiman Marcus Group LTD LLC*, Case No 20-32519, ECF No. 3224 ¶¶ 135–39 (Bankr. S.D. Tex. Feb. 29, 2024). And if the Court were to determine that Jackson Walker did not have a duty under Bankruptcy Rule 2014 to disclose the relationship, that decision would not affect, much less determine, the remaining legal theories posited by the U.S. Trustee to require Jackson Walker to return all fees paid to it.

6. For example, even if Jackson Walker were not obligated to disclose the relationship under Bankruptcy Rule 2014 (which the U.S. Trustee disputes), the retention and compensation orders should nevertheless be vacated in "presided cases" because, under 28 U.S.C. § 455 and Bankruptcy Rules 5002 and 5004, former Judge Jones should never have entered those orders in the first place. Likewise, Local Rule 16.4.I(2) further instructs that the compensation orders should be vacated in mediated cases. Limiting this Court's consideration to Bankruptcy Rule 2014 to determine whether the compensation orders should be vacated would yield an incomplete analysis.

7. Moreover, based on the Court's comments at the October 15 Scheduling Conference, it is not clear what effect this Court's decision on vacatur of the compensation orders for Jackson Walker's failure to disclose the relationship under Bankruptcy Rule 2014 will have on the remaining relief sought by the U.S. Trustee in his Motions to Vacate Orders and for Sanctions. The Court suggested that if it found that Jackson Walker had no legal obligation to disclose the relationship, or amend its disclosures, there might be nothing more to decide. Again, however, that suggestion does not acknowledge that there are other legal frameworks that support vacatur of both the *employment and* compensation orders *and the imposition of sanctions* as detailed in the Motions to Vacate Orders and for Sanctions.[7]

8. Finally, the U.S. Trustee and Jackson Walker agree that there are issues of fact in resolving the U.S. Trustee's motions. The parties have fully briefed this case with a motion, opposition, reply, and sur-reply. Now, for the purpose of efficiency, transparency, and uniformity

---

[7] Vacatur of the employment and compensation orders is not the only remedy available to address Jackson Walker's misconduct. Exercising its inherent authority, the Court could order non-monetary sanctions such as admonishment, additional disciplinary referrals, or requiring attorneys to take ethics CLE. *See* Order, ECF No. 267 (requiring former Judge Jones to complete 7.5 hours of ethics-related CLE).

it is time for a full trial on the merits before one judge who can determine the facts and apply the law to finally resolve all the issues raised in the motions.

Date: October 24, 2024

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Alicia Barcomb*

| | |
|---|---|
| RAMONA D. ELLIOTT | MILLIE APONTE SALL |
| Deputy Director/ | Assistant U.S. Trustee |
| General Counsel | Tex. Bar No. 01278050/Fed. ID No. 11271 |
| NAN ROBERTS EITEL | VIANEY GARZA |
| Associate General Counsel | Trial Attorney |
| Fed. ID No. 561266 | Tex. Bar No. 24083057/Fed. ID No. 1812278 |
| DANIELLE PHAM | ALICIA BARCOMB |
| Trial Attorney | Trial Attorney |
| Department of Justice | Tex. Bar No. 24106276/Fed ID No. 3456397 |
| Executive Office for | 515 Rusk, Suite 3516 |
| United States Trustees | Houston, Texas 77002 |
| Washington, D.C. 20530 | (713) 718-4650 – Telephone |
| (202) 307-1399 – Telephone | (713) 718-4670 – Fax |
| | Email: millie.sall@usdoj.gov |
| | vianey.garza@usdj.gov |
| | alicia.barcomb@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means for CM/ECF system users on October 24, 2024.

*/s/ Alicia Barcomb*
Alicia Barcomb, Trial Attorney