IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> PROFESSIONAL FEE MATTERS § <br> CONCERNING THE JACKSON § <br> WALKER LAW FIRM § <br> § | Case No. 23-00645 |

## JACKSON WALKER'S NOTICE
## REGARDING DISPOSITIVE MOTIONS

Jackson Walker LLP ("JW"), by and through its counsel, hereby files this notice in response to the Court's questions at the October 15, 2024 scheduling conference.

### JOINT STATEMENT

JW has conferred with the U.S. Trustee on numerous occasions regarding the questions raised at the October 15, 2024 scheduling conference. The parties jointly agree that the Court cannot answer "whether the Final Order Allowing Compensation and Reimbursement of Expenses for Jackson Walker LLP should be vacated" in the Affected Cases[1] without receiving evidence and making factual determinations. The parties submit their own notices to explain the rationale for this conclusion from their respective perspectives.

### STATEMENT BY JW

JW submits that this Court can determine, as a matter of law, the question of whether or not Bankruptcy Rule 2014 requires disclosure of a professional's connections with judges and/or mediators. The answer to that legal question, however—regardless of the answer—is not dispositive of the ultimate issue of whether vacatur of any of JW's fee orders is warranted.

---

[1] The term "Affected Cases" shall have the meaning ascribed to it in the Court's October 9, 2024 *Order for Scheduling Conference* [Dkt. No. 422].

For example, if the answer is "no", then the balance of the U.S. Trustee's legal theories raised in his Rule 60 motions remain, which also require evidence and factual determinations and would ultimately need to be addressed prior to ruling on the vacatur issue.

If the answer is "yes", the Court must then consider facts and evidence to determine whether a Rule 2014 violation occurred at any given time in any Affected Case, particularly given that JW's knowledge (or lack thereof) of the extent and nature of the relationship between Ms. Freeman and former Judge Jones may or may not have warranted disclosure under Rule 2014. Further, if the Court determines that disclosure was warranted, the Court must also consider facts and evidence because a Rule 2014 violation does not result in an automatic denial of a fee application or vacatur of an order granting a fee application. *See Matter of Memory Lane Assisted Living of Bowdon LLC*, No. BR 15-10373-WHD, 2017 WL 3475663, at *4 (Bankr. N.D. Ga. Aug. 11, 2017) ("Importantly, violating Rule 2014 does not mean an automatic denial of the application. If a party violates Rule 2014, 'each Court has an independent duty to fashion the appropriate remedy on a case-by-case basis. . . . There is no simple test to apply.'") (quoting *Matter of Hutch Holdings, Inc.*, 532 B.R. 866, 881 (Bankr. S.D. Ga. 2015).

JW submits that the Court is required to make additional fact findings prior to vacating any orders—for example, the severity of the violation, the reason for the violation, whether the violation was intentional or inadvertent, and other factors. *See In re Am. Int'l Refinery, Inc.*, 436 B.R. 364, 380 (Bankr. W.D. La. 2010), aff'd sub nom. *Waldron v. Adams & Reese, LLP*, No. 2:11-CV-074, 2011 WL 1636938 (W.D. La. Apr. 28, 2011), *aff'd sub nom. In re Am. Int'l Refinery, Inc.*, 676 F.3d 455 (5th Cir. 2012) (finding a Rule 2014(a) violation and, applying various factors based on the circumstances, sanctioning in the amount of 20% of the total fees awarded, rather than total disgorgement); *In re Kendavis Indus. Int'l, Inc.*, 91 B.R. 742, 762 (Bankr. N.D. Tex.

2

1988) (considering the factual circumstances and finding that "it would be inequitable to disallow [the firm's] fees in their entirety, because [the firm] plainly committed a great deal of time and labor to these cases").

Further, in order for the Court to determine whether any final fee orders should be vacated under Rule 60(b)(6) (which is the entire premise upon which the U.S. Trustee's relief is based), the Court must consider whether extraordinary circumstances exist and whether the final fee orders were manifestly unjust at the time they were entered—a necessarily factual question that cannot be determined as a matter of law. *See Gonazles v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."); *In re Vanguard Nat. Res., LLC*, No. 17-30560, 2021 WL 220697, at *25 (Bankr. S.D. Tex. Jan. 21, 2021) (noting that the Supreme Court has "caution[ed] that [Rule 60(b)(6) should only be applied in 'extraordinary circumstances.'"); *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004) ("Rule 60(b) relief will be afforded only in 'unique circumstances.' . . . [T]hese 'circumstances' must necessarily be evaluated on a case-by-case basis.") (citations and internal quotation marks omitted); *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) ("The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.") (quotation omitted); *In re Calloway*, No. 11-8059, 2012 WL 1003559, at *4 (B.A.P. 6th Cir. Mar. 27, 2012) (same).

In light of the above, JW submits that even if the answer to the above-posed legal question is "yes", consideration of a multitude of facts regarding, among others, the nature and extent of Ms. Freeman's relationship with former Judge Jones at any given time throughout each of the

Affected Cases, JW's knowledge or lack of knowledge at various points in time as to the nature and extent of that relationship, JW's actions taken at any particular time, and the facts and circumstances of each case (*i.e.*, a pre-packaged case versus a case former Judge Jones only mediated versus cases that former Judge Jones presided over) are all relevant facts and circumstances that must be considered in determining the ultimate question of whether the U.S. Trustee can establish extraordinary circumstances such that vacatur is warranted.

Accordingly, JW does not believe that the question of "whether the Final Order Allowing Compensation and Reimbursement of Expenses for Jackson Walker LLP should be vacated" can be answered on a strictly legal basis.

[*Reminder of Page Intentionally Left Blank*]

Respectfully submitted,

| | |
|---|---|
| **NORTON ROSE FULBRIGHT US LLP**<br><br>By: */s/ Jason L. Boland*<br>Jason L. Boland (SBT 24040542)<br>William R. Greendyke (SBT 08390450)<br>Julie Goodrich Harrison (SBT 24092434)<br>Maria Mokrzycka (SBT 24119994)<br>1550 Lamar Street, Suite 2000<br>Houston, Texas 77010<br>Telephone: (713) 651-5151<br>jason.boland@nortonrosefulbright.com<br>william.greendyke@nortonrosefulbright.com<br>julie.harrison@nortonrosefulbright.com<br>maria.mokrzycka@nortonrosefulbright.com<br><br>Paul Trahan (SBT 24003075)<br>98 San Jacinto Blvd., Suite 1100<br>Austin, Texas 78701<br>Telephone: (512) 474-5201<br>paul.trahan@nortonrosefulbright.com<br><br>-and-<br><br>**RUSTY HARDIN & ASSOCIATES, LLP**<br><br>Russell Hardin, Jr. (SBT 08972800)<br>Leah M. Graham (SBT 24073454)<br>Emily Smith (SBT 24083876)<br>5 Houston Center<br>1401 McKinney, Suite 2250<br>Houston, Texas 77010<br>Telephone: (713) 652-9000<br>rhardin@rustyhardin.com<br>lgraham@rustyhardin.com<br>esmith@rustyhardin.com<br><br>*Counsel for Jackson Walker LLP* | |