United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 25, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-645** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |

### ORDER
*Resolving ECF No. 478*

On October 8, 2024, Mr. Kevin M. Epstein, the United States Trustee Region 7, Southern and Western Districts of Texas (the "*United States Trustee*") served a "Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (or Adversary Proceeding)" (the *Subpoena*") on Bank of America, National Association. [1]

Pending before the Court is a single matter self-styled as "David R. Jones' Emergency Motion To Quash Subpoena"[2] filed by David R. Jones on October 16, 2024. On October 17, 2024, this Court issued an Order pursuant to 12 U.S.C. § 3410(a), finding that David R. Jones had timely filed his Motion to Quash, and instructed the United States Trustee to file a sworn response pursuant to 12 U.S.C. § 3410(b) by October 24, 2024.[3] On October 24, 2024, the United States Trustee filed his "United States Trustee's Verified Response To David R. Jones's Emergency Motion To Quash Subpoena"[4]. Without the need of a hearing the Court issues the instant order.

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[5] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) this proceeding involves primarily core matters as it "concern[s] the administration of various estates."[6] Furthermore, this Court may only hear a case in which venue is proper.[7] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The instant proceeding commenced in the Southern District of Texas and is presently pending in this Court and therefore, venue of this adversary proceeding is proper.

---

[1] ECF No. 478-2.

[2] ECF No. 478.

[3] ECF No. 481.

[4] ECF No. 503.

[5] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[6] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

[7] 28 U.S.C. § 1408.

The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[8] Thus, this Court wields the constitutional authority to enter a final order here.

To determine whether a subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed (the "*Fifth Circuit Factors*"). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."[9] The Court has reviewed and considered the Fifth Circuit Factors and in short, the United States Trustee's subpoena is not overbroad, and the Court finds it is proportionate to the needs of the case. Accordingly, it is therefore

**ORDERED**: that

1. "David R. Jones' Emergency Motion To Quash Subpoena"[10] filed by David R. Jones on October 16, 2024 is DENIED.

2. The United States Trustee is to ensure that the production and delivery of any and all documents subject to its subpoena arrive at its facility in a secure fashion, failure of which may be cause for this Court to issue further orders.

3. No later than **November 1, 2024**, Bank of America, National Association must fulfill all outstanding compliance with the United States Trustee's Subpoena dated October 8, 2024 and limited to the specific requested items to be produced as enumerated in the Subpoena.

SIGNED October 25, 2024

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[8] See, e.g., *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[9] *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted).

[10] ECF No. 478.