United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 29, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 23-645 |
| Professional Fee Matters Concerning the § | |
| Jackson Walker Law Firm § | |

### THIRD AMENDED COMPREHENSIVE SCHEDULING, PRE-TRIAL & TRIAL ORDER

A pretrial scheduling conference was held on **Tuesday, October 29, 2024.** Under authority of Fed. R. Bankr. P. 7016 and Fed. R. Civ. P. 16, it is hereby:

**ORDERED**: that

1. The instant Third Amended Comprehensive Scheduling, Pre-Trial & Trial Order shall apply to the following "United States Trustee's Motion For (1) Relief From Judgment Pursuant To Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving The Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief" in sixteen (16) contested matters[1]; and the "United States Trustee's Amended and Supplemental Motion For (1) Relief From Judgment Pursuant To Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving The Retention and Compensation Applications of Jackson Walker LLP, (herein "*Jackson Walker*") (2) Sanctions, and (3) Related Relief" in sixteen (16)[2] contested matters for a total of thirty-two (32) contested matters, ("the "*Rule 60 Motions*"), (together the "*Affected Cases*").

2. The trial dates and scheduling orders pertaining to the Rule 60 Motions subject to this Court's proceeding in Case No. 23-645, *In re Professional Fee Matters Concerning the Jackson Walker Law Firm* (the "*Miscellaneous Proceeding*") in all of the Affected Cases are hereby

---

[1] *See* 18-30155 EXCO Resources, Inc., ECF No 2358; 19-32112 Jones Energy, Inc., ECF No. 282; 19-34508 Sanchez Energy Corporation, ECF No. 2930; 20-30336 McDermott International, Inc., ECF No. 1141; 20-31886 Sheridan Production Partners, I-A, LP., ECF No. 10; 20-32680 Energy Services Puerto Rico, LLC, ECF No. 13; 20-33233 Chesapeake Energy Corporation, ECF No. 4514; 20-33295 Covia Holdings Corporation, ECF No. 1477; 20-33812 Denbury Holdings, Inc., ECF No. 14; 20-33916 TMW Merchants LLC, ECF No. 255; 20-34500 IQor Holdings Inc., ECF No. 326; 20-50082 Volusion, LLC, ECF No. 337; 22-90002 Seadrill Member LLC, ECF No. 11; 22-90126 LaForta - Gestao E Investmentos, ECF No. 311; 22-90129 Altera Infrastructure Project Services LLC, ECF No. 96; 23-90055 Auto Plus Auto Sales, LLC, ECF No. 50.

[2] *See* 18-35672 Westmoreland Coal Company, ECF No. 3377; 20-20184 JC Penney Company Direct Marketing Services LLC, ECF No. 1351; 20-32021 Whiting Petroleum Corporation, ECF No. 1465; 20-32519 Neiman Marcus Group LTD LLC, ECF No. 3224; 20-32564 Stage Stores, Inc., ECF No. 1241; 20-33302 Covia Finance Company, LLC, ECF No. 235; 20-34758 Tug Robert J. Bouchard Corporation, ECF No. 381; 20-35561 Mule Sky LLC, ECF No. 1089; 20-35740 Seadrill Partners LLC, ECF No. 877; 21-30427 Seadrill Limited, ECF No. 1621; 21-30936 Brilliant Energy, LLC, ECF No. 284; 21-31861 Katerra Inc., ECF No. 2093; 21-90002 Basic Energy Services Inc., ECF No. 1791; 21- 90054 Strike, LLC., ECF No. 1540; 22-50009 4E Brands Northamerica LLC., ECF No. 645; 22-90018 Sungard AS New Holdings, LLC. ECF No. 1043.

CANCELLED.

3. The September 20, 2024 "Order Allowing Motions For Summary Judgment" in Case No. 22-90129, Altera Infrastructure Project Services LLC, ECF No. 134 is VACATED.

4. Paragraphs one (1) through and including two (2) of the Court's August 7, 2024 Amended Comprehensive Scheduling, Pre-Trial & Trial Order[3] remain unchanged.

5. Pursuant to Rule 42(b)[4], all contested matters subject to this Order, other than disqualification under 28 U.S.C. § 455[5]; and return of all fees and expenses[6], shall be tried on the merits to the Court. The matters of disqualification under 28 U.S.C. § 455[7]; and return of all fees and expenses[8] are ABATED pending further orders of the Court. The matter of the return of all fees and expenses in 21-30936 Brilliant Energy, LLC[9] , however, will proceed to trial.

6. **Wednesday, October 30, 2024,** rebuttal expert reports must be served.

7. **Friday, November 1, 2024,** ("*Close of Fact Discovery*") all discovery in this case will close, meaning that Parties must have fulfilled all outstanding requests before Close of Fact Discovery in that Parties must not make requests that cannot be completed before Close of Fact Discovery.

8. **Friday, November 8, 2024**  the deposition of Mr. Stephen Statham must be completed.

9. **Friday, November 15, 2024,** depositions of any of the United States Trustee's experts must be completed.

10. **Wednesday, December 11, 2024,** depositions of any of Jackson Walker's experts must be completed.

11. **Monday, November 18, 2024,** Counsel must meet face to face in a substantive, good faith effort to resolve the Rule 60 Motions amicably. Therefore, trial counsel (lead counsel) are required to attend this meeting in person or virtually.

12. **Tuesday, November 19, 2024** briefing on the 28 U.S.C. § 455 matter is due. On November 20, 2024 the Court will take the matter under advisement and issue a ruling on whether the 28 U.S.C. § 455 should proceed to trial in the Brilliant Energy case only.

---

[3] ECF No. 249.
[4] Federal Rule of Civil Procedure 42(b) and Bankruptcy Rule of Procedure 7042 ("[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.
[5] *See e.g.* 18-35672, ECF No. 3377, at 17-23, ¶ A.
[6] *See Id.* at 47-54, ¶ G.
[7] *See Id. at* 17-23, ¶ A.
[8] *See Id.* at 47-54, ¶ G.
[9] ECF No. 284.

13. **Friday, November 22, 2024,** the United States Trustee and Jackson Walker may submit an agreed written consent order designating their own mediator and agreement to attend a mediation of this Miscellaneous Proceeding in good faith. If no such request is made by this date, and absent good cause shown beyond the control of the lawyers and/or Parties and only in very limited circumstances the Parties may not thereafter seek mediation in this Miscellaneous Proceeding. Instead, the parties should prepare for a trial on the merits.

14. **Monday, December 2, 2024,** all Dispositive Motions, if any, are due.

15. **Tuesday, December 31, 2024,** responses, if any, are due.

16. **Thursday, January 30, 2025**, Daubert motions and challenges to or motion to exclude expert witnesses, if any must be filed. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

17. **Thursday, February 27, 2025,** Initial Witness and Exhibit Lists must be exchanged. Copies of the exhibits must be attached to the Witness & Exhibit List and filed in compliance with General Order 2021-5.

18. **Thursday, March 13, 2025,** the Parties must jointly prepare and file a proposed form of pretrial order. The proposed form of order must be signed by counsel for all Parties and must provide the following:
    a. a statement as to jurisdiction;
    b. a joint stipulation of:
       i. facts in ascending order by date and citations to the record and/or exhibits;
       ii. exhibits;
       iii. time needed for trial;
    c. proposed findings of fact and conclusions of law;
    d. for each party, separately file a Witness and Exhibit List along with exhibits to be used at trial and which must include:
       i. a list of depositions, if any, to be used at trial for purposes other than potential impeachment with identification of specific pages and lines proposed to be published to the Court;
       ii. designation of witnesses to be presented by deposition;
       iii. compliance with General Order 2021-5;
    e. Certificate of conference along with signatures of all counsel;

19. **Tuesday, March 18, 2025, at 9:00 a.m. (Central Standard Time)** a Pre-Trial Conference will be held at the United States Bankruptcy Court, Bob Casey Federal Building, Courtroom No. 8B, 515 Rusk Ave. Houston Texas 77002. Attendance by all Parties is required, either in person (if not represented by counsel) or by an attorney who has authority to bind the Party. Each Party must have a representative present with full settlement authority.

20. Pursuant to Bankruptcy General Order 2021-05 and Bankruptcy Local Rule 9017-1, parties may either appear electronically or in person unless otherwise ordered by this Court.

21. To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at **832-917-1510,** conference room number 999276 **and** (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez. **Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically. One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.**

22. **Monday, April 7, 2025,** Supplemental Witness and Exhibit Lists, if any, must be exchanged. Copies of the exhibits must be attached to the Witness & Exhibit List and filed in compliance with General Order 2021-5. Additionally, the parties must supplement the joint pre-trial order to accommodate the supplemental witness and exhibit list.

23. An in person trial in this Miscellaneous Proceeding shall commence on **Monday, April 21, 2025 at 1:30 p.m. Central Standard Time**).

24. Changes to this Scheduling Order may only be made by further order of the Court. A motion to extend any deadline and/or alter any hearing date will only be granted for good cause shown beyond the control of the lawyers and/or Parties and only in very limited circumstances.

SIGNED October 29, 2024

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge