## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 23-645** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |
| | § | |

### U.S. TRUSTEE'S EXPEDITED SECOND MOTION TO COMPEL
### PRODUCTION OF DOCUMENTATION FROM JACKSON WALKER LLP

---

**This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Expedited relief has been requested.  If the Court considers the motion on an expedited basis, then you will have less than 21 days to answer.  If you object to the requested relief or if you believe that the expedited consideration is not warranted, you should file an immediate response.**

*Relief is requested on or before November 15, 2024.*

---

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kevin Epstein, the United States Trustee for Region 7 ("U.S. Trustee"), by his undersigned

counsel, moves for an order compelling Jackson Walker LLP ("Jackson Walker") to produce a

copy of: (1) the documents between Jackson Walker and its public relations and communications

1

firms regarding the Relationship[1] between its former partner Elizabeth Freeman ("Freeman") and former Judge Jones ("Jones"), and (2) certain sections of Jackson Walker's Attorney Sourcebook in effect at any time between and including January 1, 2018, and October 6, 2023.  In support of this Motion, the U.S. Trustee states:

## SUMMARY OF MOTION

The U.S. Trustee has timely complied with his discovery obligations during this proceeding.  After at least one prior motion to compel, *see* ECF No. 495, judicial intervention is again required to compel Jackson Walker to comply with the U.S. Trustee's written discovery requests in this matter.  The communications between Jackson Walker and the public relations or communications firms it hired and select information and excerpts from Jackson Walker's Attorney Sourcebook are relevant and proportional to the needs of this case. These documents are neither privileged, nor work product.  For the reasons that follow, the Court should compel Jackson Walker to comply with the U.S. Trustee's reasonable discovery requests and grant any other relief the Court deems just or necessary.

## RELEVANT FACTS

**A.     The U.S. Trustee attempted to timely obtain documents from Jackson Walker through discovery.**

1.      The Court ordered that all discovery in this case will close November 1, 2024.  ECF Nos. 249, ¶ 4 & 516, ¶ 7.

---

[1] As defined in the U.S. Trustee's Third Request for Production of Documents, this means the way in which Elizabeth C. Freeman and former Judge David R. Jones were connected, whether intimate, financial, fiduciary, cohabitating, romantic or sexual.

2.      On September 30, the U.S. Trustee served Jackson Walker with a Third Request

for Production of Documents ("Third RFP").  Steele Decl., Ex. 1.

3.      The U.S. Trustee's Third RFP requested, among other things:

**REQUEST NO. 61:** Documents between Jackson Walker and any public relations and/or communications firm discussing, analyzing, or referring to the Relationship.

("PR Request");

**REQUEST NO. 65:** Documents evidencing the effective dates of Jackson Walker's Attorney Sourcebook's version history during the Applicable Period.

and;

**REQUEST NO. 66:** Jackson Walker's Attorney Sourcebook version 9 sections: II(A-C), (E-F), and (I); IV(O & (U); and XX, and all corresponding sections if the Attorney Sourcebook was updated during the Applicable Period.

(collectively, "Sourcebook Request").  *Id.*, Ex. 1.

4.      On October 1, 2024, Jackson Walker, for the first time, provided the U.S. Trustee

with text messages[2] confirming Jackson Walker hired both Androvett ("Androvett") and LeMaster

("LeMaster") as public relations consultants no later than March 11, 2021.  *Id.*, Ex. 2; *see also,*

*e.g.*, https://www.androvett.com/ (last visited Nov. 1, 2024); https://lemastergroup.com/ (last

visited Nov. 1, 2024).  The text messages indicate that the firms were hired because of Freeman's

admission to Jackson Walker's management and other agents that she had been in an intimate

relationship with Jones.

---

[2] Although Jackson Walker initially designated these text messages "Confidential," they are no longer designated as such.

5.     After the close of business on October 30, 2024, Jackson Walker served the U.S. Trustee with a copy of its Responses and Objections to the Third RFP (collectively, "JW's Responses").  Steele Decl., Ex. 5 at 1–2.

6.     Among other things, JW's Responses state,

**REQUEST NO. 61:** Documents between Jackson Walker and any public relations and/or communications firm discussing, analyzing, or referring to the Relationship.

**OBJECTIONS:** JW objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine and/or mediation privileges.

> **RESPONSE:** No responsive non-privileged Documents exist.

. . .

**REQUEST NO. 65: Documents evidencing the effective dates of Jackson Walker's Attorney Sourcebook's version history during the Applicable Period.**

**OBJECTIONS:** JW objects to this Request because it is vague, overly broad, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). JW objects to the Request as vague because it is unclear what is meant by the phrase "the effective dates of Jackson Walker's Attorney Sourcebook's version history." The Request is also overbroad and seeks irrelevant information because the version history of the JW Attorney Sourcebook is entirely irrelevant to the claims and defenses asserted in these proceedings.

**RESPONSE:** For the reasons stated above, JW will not produce Documents responsive to this Request.

**REQUEST NO. 66: Jackson Walker's Attorney Sourcebook version 9 sections: II(A-C), (E-F), and (I); IV(O) & (U); and XX, and all corresponding sections if the Attorney Sourcebook was updated during the Applicable Period.**

**OBJECTIONS:** JW objects to this Request because it seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request is objectionable

because Attorney Sourcebook sections II(A-C) and II(E-F), which discuss the roles of various JW firm committees, and II(I), which addresses only the roles of senior partner and partner emeritus, are entirely unrelated to the claims and defenses asserted. Similarly, Section IV(U), which is JW's anti-bribery policy, is entirely unrelated to any of the issues in these actions. Likewise, Attorney Sourcebook section IV(O) and XX do not contain relevant information.

**RESPONSE:** For the reasons stated above, JW will not produce Documents responsive to this Request.

*Id.*, Ex. 6.

7.      None of the privilege logs the U.S. Trustee received from Jackson Walker in this case reference any communications with either Androvett or LeMaster.  *Id.*, ¶ 11.  Considering prior discovery requests issued by the U.S. Trustee to which Jackson stated it was withholding documents on the basis of privilege, it appears that such documents should have been included on a privilege log as early as June 2024:

> 8.    Documents relating to the Relationship, including but not limited to:
>
>> a.   Documents relating to Jackson Walker's receipt of information regarding the Relationship;
>> b.   Documents relating to any investigations and/or inquiries;
>> c.   The anonymous letter referred to in the Preliminary Response and all documents relating to it;
>> d.   Documents between Jackson Walker and Kirkland directly or indirectly mentioning or addressing the Relationship, including in the Van Deelen Litigation;
>> e.   Documents relating to the disclosure or lack of disclosure of the Relationship to any third parties or persons;
>> f.   All internal communications within Jackson Walker relating to the Relationship; and
>> g.   Documents relating to any decisions or actions taken as a result of the Relationship.

> 32.   Documents relating to Jackson Walker's decision whether to disclose the Relationship in the Relevant Cases.

> 33.   Documents relating to Jackson Walker's decision whether to disclose the Relationship in the Van Deelen Litigation.

*Id.*, Ex. 3.   Additionally, in response to the U.S. Trustee's First Request for Production of Documents No. 30—"Documents relating to whether any Person at Jackson Walker was aware of

the Relationship"—Jackson Walker, among other things, "object[ed] to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine." Jackson Walker indicated it intended to limit its production to the time period between January 1, 2018, and October 6, 2023, and then responded, "Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request as narrowed above.  At this time, JW has not otherwise withheld documents based on the objections asserted above but maintains its ability to do so with future productions and amendments to these responses." *Id.*, Ex. 4.

8.     Within a half an hour of receiving JW's Responses, counsel for the U.S. Trustee notified counsel for Jackson Walker that "the UST does not consent to any rolling production to his third RFP." *Id*., Ex. 5 at 1 (emphasis removed).

9.     Just before Noon the following day, November 1, 2024, the U.S. Trustee for the first time received a copy of the actual documents responsive to the Third RFP ("JW Production"). *Id*., Ex. 7.

10.     The JW Production did not include any documents responsive to the PR Request. *Id*., ¶ 18 & Ex. 6.

11.     The JW Production did not include any documents responsive to the Sourcebook Request.  *Id*.

**B.     The U.S. Trustee attempted to meet and confer with Jackson Walker prior to filing this motion and within the time permitted by discovery.**

12.     Within four minutes of receipt of the documents referenced in the preceding paragraph, and in anticipation of a pre-existing 1:00 p.m. meet and confer between the parties for a different issue that day ("Meet and Confer Meeting"), counsel for the U.S. Trustee provided

email notice to nine of Jackson Walker's attorneys that the U.S. Trustee added the following to the parties' agenda that day: "JW tardy production of documents". *Id.*, Ex. 8.

13. On more than one occasion during this litigation, the parties have added other topic items to their already-existing meet and confer agendas. *Id.*, ¶ 12.

14. At least six attorneys from two separate firms attended the Meet and Confer Meeting for Jackson Walker. *Id.*, ¶ 13.

15. At the Meet and Confer Meeting, counsel for the U.S. Trustee confirmed that today, November 1, was identified by the Court as the "Close of Discovery" and attempted to meet and confer with Jackson Walker's attorneys regarding the Third RFP and the JW Production. *Id.*, ¶ 14.

16. Jackson Walker's attorneys refused to confer regarding the Third RFP and the JW Production. Instead, they offered to postpone discussions until after the "Close of Discovery." *Id.*, ¶ 15.

17. The U.S. Trustee attempted in good faith to meet and confer with Jackson Walker. *Id.*, ¶ 14.

18. As of the time of the filing of this motion, no further response has been received by the U.S. Trustee from Jackson Walker to the Third RFP. *Id.*, ¶ 18.

## ARGUMENT

### I. Legal standards.

#### A. General discovery standards.

19. The threshold for what is relevant and discoverable is broadly construed and is a lesser relevance threshold than that for admissibility of evidence at trial:

> the threshold for relevance at the discovery stage is lower than at the trial stage. . . . [R]elevance is construed broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be

> in the case. . . . [W]here relevance is in doubt, Rule 26(b)(1) indicates that the court should be permissive in allowing discovery. . . . Put simply, a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party.

*Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 & n.5 (S.D. Tex. 2011) (cleaned up and quotations omitted).

20.      Because Rule 60(b) "is remedial and should be liberally construed," *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978), discovery relief requested by the Rule 60 moving party should also be liberally construed.  *See U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 468 (5th Cir. 2015) (taking notice of statute's remedial nature and therefore construing its provisions broadly to effectuate that purpose), *aff'd sub nom. State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 580 U.S. 26 (2016).

B.  Work product, attorney-client, and mediation privileges.

21.      When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must not only expressly make the claim, but also,

> describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A)(ii).

22.      The burden of demonstrating that a communication or document is protected rests with the party attempting to withhold it.  *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982), *cert. denied*, 466 U.S. 944 (1984) (attorney-client privilege); *Hodges, Grant & Kaufmann v. IRS,* 768 F.2d 719, 721 (5th Cir. 1985) (work product).

23.     "A privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to test the merits of the privilege claim." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quotation and citation omitted).

24.     The attorney-client privilege is valid only when the party "prove[s]: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) (emphasis in original).

25.     A party claiming work product must show that the materials,

(1) are documents or tangible things; (2) were prepared in anticipation of litigation or for trial; (3) were prepared by an attorney or an attorney's representative; and (4) contain mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party.

*In re Roman Cath. Church of the Archdiocese of New Orleans*, No. 20-10846, 2024 WL 87499, at *6 (Bankr. E.D. La. Jan. 5, 2024).

26.     The work product doctrine is not an umbrella that shades all materials prepared by a lawyer. *El Paso Co.*, 682 F.2d at 542.  The work product doctrine focuses only on "documents and tangible things" prepared in anticipation of litigation.  *Id.*  A party's claim for work product is overridden if the opposing party shows it has substantial need for the materials and cannot obtain their substantial equivalent by other means without undue hardship.   Fed. R. Civ. P. 26(b)(3)(A)(ii).

27.     The federal mediation privilege is limited to communications "to the mediator" or between parties "during the mediation." *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180 (C.D. Cal. 1998), *aff'd*, 216 F.3d 1082 (9th Cir. 2000).  Subsequent

communications "are not protected even if they include information initially disclosed in the mediation." *Folb*, 16 F. Supp. 2d at 1180.  The purpose of a mediation privilege is to protect confidentiality and trust "between disputants." *Id.* at 1171.

II.     **The documents requested by the U.S. Trustee in the PR Request are not privileged or work product and should be compelled from Jackson Walker.**

A.   <u>PR Request</u>

28.     Jackson Walker asserts that documents responsive to the PR Request are protected by the attorney-client privilege, work product, or mediation privilege. *See supra*, Relevant Facts.

29.     Because Jackson Walker failed to produce a privilege log referencing any communications with Androvett or LeMaster, Jackson Walker failed to establish one of the elements to properly assert privilege under Fed. R. Civ. P. 26(b)(5)(A)(ii).

30.     Regardless, in this instance Androvett and LeMaster are the alleged providers of services, and Jackson Walker is the client, not the attorney.  Just because a public relations communication—whether between Jackson Walker, any of its attorneys, and either Androvett and/or LeMaster—included an attorney, does not make it privileged. *Roman Cath. Church*, 2024 WL 87499, at \*6.  Unlike other attorney-client privileged communications, communications made to a public relations or communications firm are made for the express purpose of providing information to the <u>public</u>.

31.     Next, because Jackson Walker has not described what it may claim is work product—for example, statistics, presentations, or draft press releases—Jackson Walker makes it impossible to determine whether the U.S. Trustee has substantial need or whether the materials or their substantial equivalent may be obtained by other means without undue hardship. *Cf. Abrahamsen v. Trans-State Express, Inc.*, 92 F.3d 425, 428–29 (6th Cir. 1996) ("Our system of

10

discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case."). Regardless, "As a general matter, public relations activities, even if they bear on anticipated litigation, fall outside the ambit of the work product doctrine." *Roman Cath. Church*, 2024 WL 87499, at *7.

32.     Finally, it is difficult to imagine how communications with a public relations firm regarding the Relationship could be covered by the mediation privilege, considering the low probability that such a firm communicated with either the mediator or other mediation parties during the mediation regarding the Relationship.

33.     Because Jackson Walker fails to carry its burden of establishing protected privileged communications or work product, Jackson Walker should be compelled to comply with the U.S. Trustee's PR Request.

B.  Sourcebook Request

34.     Jackson Walker objects to one or both of the Sourcebook Requests because they are vague, overly broad, irrelevant, and not proportional to discovery in this case. *See supra*, Relevant Facts.

35.     The U.S. Trustee's Sourcebook Request for documentation reflecting "the effective dates of Jackson Walker's Attorney Sourcebook's version history during the Applicable Period" between January 1, 2018, through October 6, 2023, is clear, understandable, and subject to a single inevitable interpretation.

36.     Jackson Walker's Attorney Sourcebook consists of not less than twenty-two headings and 163 pages. Steele Decl., ¶ 16.

37.     With the Sourcebook Request, the U.S. Trustee seeks production of only certain portions of three of those headings and approximately 10 pages of Jackson Walker's Attorney Sourcebook. *Compare id.*, Ex. 1, *with id.*, ¶ 16.

38.     This litigation presents a matter of national importance bearing on not just the integrity of the bankruptcy system, but also the judicial system as a whole.  Tens of millions of dollars are at stake.  *See, e.g.*, *In re Westmoreland Coal Company*, Case No. 18-35672, ECF No. 3377 (Bankr. S.D. Tex. Feb. 29, 2024).

39.     The U.S. Trustee's Sourcebook Request is narrowly tailored, eminently reasonable, and proportional to the needs of this case.

40.     The documents sought by the U.S. Trustee in the Sourcebook Request are relevant.

41.     The table of contents reflects that Jackson Walker's Attorney Sourcebook sets forth terms and details that, by definition, presumably apply to every attorney, explain the types and functions of its management and practice groups, how its attorneys are compensated, how (not whether) and who at the firm manages professional responsibility, delineates attorney classes, regulates how electronic data and hardware are used, speaks to how the firm may manage bribery and corruption claims, and confirms records retention policies.  *See* Steele Decl., ¶ 16.[3]

42.     The issues presented by this litigation include but are not limited to: which attorneys at Jackson Walker were required to do what and when (whether in the Bankruptcy Court or with Jackson Walker's management, practice groups, or otherwise), *see, e.g.*, *In re Westmoreland Coal Company*, Case No. 18-35672, ECF No. 3377 (Bankr. S.D. Tex. Feb. 29, 2024); what records the

---

[3] Jackson Walker claims the redacted portions, table of contents, and cover page to its Sourcebook are Confidential under this Court's Protective Order.

U.S. Trustee should reasonably expect to have been produced in discovery (and whether spoilation occurred); and the financial compensation received by Jackson Walker through the actions or inaction of its attorneys, *see id.*

43.     The U.S. Trustee's Sourcebook Request satisfies the low threshold for relevance required by Fed. R. Civ. P. 26.

44.     Jackson Walker should be compelled to comply with the U.S. Trustee's Sourcebook Request.

## BASIS FOR EXPEDITED RELIEF

On August 7, 2024, the Court entered an *Amended Comprehensive Scheduling, Pre-Trial & Trial Order* ("Scheduling Order").  ECF No. 249.  The Scheduling Order identifies November 1, 2024, as the "Close of Discovery."  The U.S. Trustee timely served the Third RFP on September 30, 2024.  JW's Responses were not received until after the close of business on October 30, 2024.  The JW Production was not received until midday on November 1.

When determining whether a motion to compel has been timely filed, "most courts look to the discovery deadline and not the motion-filing deadline." *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 661 (S.D. Tex. 2009); *see also Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 397–98 (N.D. Tex. 2006).  The U.S. Trustee timely files this motion to comply with the Close of Discovery.  And, the U.S. Trustee is entitled to documents responsive to the PR Request and Sourcebook Request "as early as possible." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) (cleaned up and quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).

The U.S. Trustee acted with diligence and good faith, and Jackson Walker continues to proceed on its preferred timeline instead of the schedules ordered by this Court and in accordance

with applicable law.  Expedited consideration is necessary to allow for the following: (1) a hearing on this motion, (2) sufficient time for the Court to enter an order on this motion, and (3) actual receipt of the documents requested by the U.S. Trustee, all before deposing Jackson Walker's expert witness during the first week of December.[4]  The U.S. Trustee therefore respectfully requests consideration of this motion on or before November 15, 2024.

WHEREFORE, the U.S. Trustee respectfully requests that the Court grant this motion, hear this motion on an expedited basis, compel Jackson Walker to comply with the PR Request and Sourcebook Request, and enter any other relief the Court deems just or appropriate in law or equity.

Date: November 1, 2024                Respectfully Submitted,

                                      KEVIN M. EPSTEIN
                                      UNITED STATES TRUSTEE
                                      REGION 7, SOUTHERN AND WESTERN
                                      DISTRICTS OF TEXAS

                                      By: */s/ Alicia Barcomb*
                                      MILLIE APONTE SALL
                                      Assistant U.S. Trustee
                                      Tex. Bar No. 01278050/Fed. ID No. 11271
                                      VIANEY GARZA
                                      Trial Attorney
                                      Tex. Bar No. 24083057/Fed. ID No. 1812278
                                      ALICIA BARCOMB
                                      Trial Attorney
                                      Tex. Bar No. 24106276/Fed ID No. 3456397
                                      515 Rusk, Suite 3516
                                      Houston, Texas 77002
                                      (713) 718-4650 – Telephone
                                      (713) 718-4670 – Fax
                                      Email: millie.sall@usdoj.gov
                                              vianey.garza@usdj.gov
                                              alicia.barcomb@usdoj.gov

---

[4] There are also two federal holidays in November.  *See* https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=2024 (last visited Nov. 1, 2024).

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic means for CM/ECF system users on November 1, 2024.

*/s/ Alicia Barcomb*
Alicia Barcomb, Trial Attorney

## **CERTIFICATE OF ACCURACY**

I certify that the facts set forth in the *United States Trustee's Expedited Second Motion to Compel Production of Documentation from Jackson Walker LLP* are true and correct to the best of my knowledge.

*/s/ Alicia Barcomb*
Alicia Barcomb, Trial Attorney

15