## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 23-645** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |
| | § | |

### CORRECTED DECLARATION OF LAURA D. STEELE IN SUPPORT OF UNITED STATES TRUSTEE'S EXPEDITED SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTATION FROM JACKSON WALKER LLP[1]

1.      I am member of the State Bar of Wisconsin and admitted to practice before the United States Bankruptcy Court for the Southern District of Texas. I am a trial attorney with Office of the United States Trustee ("U.S. Trustee"). I submit this declaration in support of the U.S. Trustee's Expedited Second Motion to Compel Production of Documentation from Jackson Walker LLP.

2.      I am an attorney for the U.S. Trustee in this matter and have access to discovery files and communications for this matter as they are regularly maintained in the U.S. Trustee's records by a person with personal knowledge at the time they are made.

3.      Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the U.S. Trustee's Third Request for Production of Documents to Jackson Walker LLP ("Third RFP"), which was electronically served on counsel for Jackson Walker LLP ("Jackson Walker") on September 30, 2024.

---

[1] After filing the Steele Declaration on November 1, 2024, it was discovered that, when Exhibit 1 was combined with the declaration, a signature and exhibit stamp were removed from the document. The U.S. Trustee files this corrected declaration with all exhibits attached as they were intended to appear. There are no substantive changes to any facts declared herein.

4.      Attached hereto as <u>Exhibit 2</u> is a true and correct[2] copy of documentation received from Jackson Walker on October 1, 2024.

5.      Attached hereto as <u>Exhibit 3</u> is a true and correct copy of the U.S. Trustee's First Request for Production of Documents to Jackson Walker LLP, which was served on counsel for Jackson Walker on May 15, 2024.

6.      Attached hereto as <u>Exhibit 4</u> is a true and correct copy of Jackson Walker LLP's Responses and Objections to the U.S. Trustee's First Request for Production of Documents which was received by the U.S. Trustee on the date indicated thereon.

7.      Attached hereto as <u>Exhibit 5</u> is a true and correct copy of email correspondence between counsel for the U.S. Trustee and Jackson Walker which I sent or received.

8.      Attached hereto as <u>Exhibit 6</u> is a true and correct copy of Jackson Walker LLP's Responses and Objections to the U.S. Trustee's Third RFP which was received by the U.S. Trustee on the date indicated thereon.

9.      Attached hereto as <u>Exhibit 7</u> is a true and correct copy of email correspondence I received from counsel for Jackson Walker at the time and on the date first indicated thereon.

10.     Attached hereto as <u>Exhibit 8</u> is a true and correct copy of an updated electronic calendar invitation that I sent to counsel for Jackson Walker at the time and on the date first indicated thereon.

11.     During the course of this proceeding, the U.S. Trustee has received several privilege logs from Jackson Walker.  None of the privilege logs received by the U.S. Trustee from Jackson

---

[2] The phone numbers have since been redacted by the U.S. Trustee, and this documentation is no longer designated as confidential by Jackson Walker.

Walker reference any communications with individuals or companies bearing the names Androvett or LeMaster.

12.     Counsel for the parties regularly meet and confer regarding various predetermined issues in this proceeding.  On more than one occasion during this litigation, the parties have added other issues to their already-existing meet and confer topic agendas.

13.     At 1:00 p.m. Central on November 1, 2024 ("Meet and Confer Meeting"), I and multiple other attorneys for the U.S. Trustee met and conferred with at least six attorneys from two separate law firms representing Jackson Walker regarding Jackson Walker's confidential designation of various documents produced in discovery.

14.     At the Meet and Confer Meeting, I and counsel for the U.S. Trustee confirmed with counsel for Jackson Walker that today, November 1, was identified by the Court as the "Close of Discovery" and attempted to meet and confer in good faith with Jackson Walker's counsel regarding the Third RFP.

15.     Jackson Walker's attorneys refused to confer regarding the Third RFP at the Meet and Confer Meeting.  Instead, they offered to meet after the "Close of Discovery."

16.     During the course of this litigation, Jackson Walker produced a table of contents for its Attorney Sourcebook.  The table of contents confirms that Jackson Walker's Attorney Sourcebook consists of not less than twenty-two headings and 163 pages.  The table of contents contains topics including but not limited to practice groups, compensation, professional responsibility, attorney classes, electronic data and hardware use, anti-bribery and corruption, and records retention.

17.    One or more witnesses from Jackson Walker have testified at depositions in this proceeding that one or more Jackson Walker attorney communications since January 1, 2018, may have been lost.

18.    As of the time of the filing of this Declaration, the U.S. Trustee has received no documentation from Jackson Walker in response to Request 61 ("PR Request") or Requests 65 or 66 (collectively, "Sourcebook Request") of the U.S. Trustee's Third RFP.

19.    In these cases, the parties have amicably resolved many issues but have been unable to resolve the U.S. Trustee's PR Request and Sourcebook Request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: November 4, 2024                                Respectfully Submitted,

LAURA
STEELE

Digitally signed
by LAURA STEELE
Date: 2024.11.04
09:25:38 -06'00'

Laura D. Steele



EXHIBIT
1

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re:

Professional Fee Matters Concerning the
Jackson Walker Law Firm

Case No. 23-645

### UNITED STATES TRUSTEE'S THIRD REQUEST FOR
### PRODUCTION OF DOCUMENTS TO JACKSON WALKER LLP

**To**:   **Jackson Walker LLP, the Respondent, through Paul Trahan, its counsel**

Kevin Epstein, United States Trustee for Region 7 ("**United States Trustee**"), pursuant

to Rule 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule

7034 of the Federal Rules of Bankruptcy Procedure, requests that Jackson Walker LLP

("**Respondent**") produce copies of the documents or other physical objects identified below

(collectively, the "**Requests**") in native format  and PDF via email to Jennifer.R.Toth@usdoj.gov

within not more than thirty (30) days after service of this Third Request.

### INSTRUCTIONS

A.      If a document is no longer in possession or subject to the control of Respondent,
state when such document was most recently in the possession of or subject to Respondent's
control and what disposition was made of it.  If documents have been destroyed, please identify
when they were destroyed, the person who destroyed them, the person who directed that they be
destroyed, the reason(s) for such action and any communications or documents which relate or
refer to the destruction of the documents.

B.      Unless otherwise indicated, the period covered by these Requests is the Applicable
Period.

C.      These Requests shall be deemed to be continuing, and any additional information
relating in any way to these Requests or Respondent's original answers that is acquired subsequent
to the date of responding to these Requests, up to and including the time of any evidentiary hearing

1

or trial, shall be furnished to the United States Trustee as required by Federal Rule of Civil Procedure 26(e), as incorporated by Federal Rule of Bankruptcy Procedure 7026(e).

        D.      All documents that respond, in whole or in part, to any part or clause of any these Requests shall be produced in their entirety, including all attachments and enclosures.  Only one copy of each responsive document need be produced.

        E.      For any document withheld under a claim of privilege, submit a sworn or certified statement in which Respondent identifies the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of these Requests to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

        F.      The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter shall include each of the other genders.

## <u>DEFINITIONS</u>

"**Applicable Period**" means January 1, 2018, through October 6, 2023.

"**Compensation**" means any base salary, wages, incentives, raises, benefits, perquisites, stock options (or other investment options), and bonuses (including annual, signing, discretionary, retention, referral or profit-sharing).

"**Document**" or "**Documents**" means and is intended to have the broadest possible meaning and includes any writings whatsoever, electronic transmissions, e-mails and attachments thereto, drawings, reports, records, notes, instructions, memoranda, drafts (whether or not they resulted in a final document), communications (including internal), correspondence, contracts, letters, graphs, charts, photographs, filings, forms, journals, ledgers, letters, lists, minutes, notations, notes, opinions, orders, pamphlets, papers, publications, receipts, summaries, screenshots, social media posts, telegrams, telephone records, text messages, video recordings, voicemail messages and billing statements (including drafts).

"**Freeman**" means Elizabeth C. Freeman, a former partner at Jackson Walker.

"**Jackson Walker**" means Jackson Walker LLP and each past and present officer, director, partner, associate, employee, independent contractor, or agent.

"**Person**" and "**persons**" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity.

"**Relationship**" means the way in which Elizabeth C. Freeman and former Judge David R. Jones were connected, whether intimate, financial, fiduciary, cohabitating, romantic or sexual.

"**Relevant Cases**" means (i) each case listed on Exhibit 6 to the United States Trustee's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses filed in this case, and (ii) any cases in which both Jackson Walker and the Law Office of Liz Freeman worked, including *In re Venator Materials PLC* (Case No. 23-90301), *In re Diebold Nixdorf Dutch Holding B.V.* (Case No. 23-90729), *In re Sorrento Therapeutics, Inc.* (Case No. 23- 90085), *In re Candy Club LLC* (Case No. 23-60048), and *In re QualTek Services Inc.* (Case No. 23-90584), each filed in the Bankruptcy Court for the Southern District of Texas (Houston Division). For the avoidance of doubt, each listed case includes all cases involving affiliated and related debtors.

## **DOCUMENTS TO BE PRODUCED**

**REQUEST NO. 60:** With respect to Jackson Walker's email groups during the Applicable Period:

    a. Documents evidencing or discussing persons added to the email groups for the Relevant Cases during the Applicable Period;

    b. Documents evidencing or discussing persons removed from the email groups for the Relevant Cases during the Applicable Period;

    c. Documents evidencing or discussing persons added to the "JWDebtorTeam" email group during the Applicable Period; and

    d. Documents relating evidencing or discussing persons removed to the "JWDebtorTeam" email group during the Applicable Period.

**REQUEST NO. 61:** Documents between Jackson Walker and any public relations and/or communications firm discussing, analyzing, or referring to the Relationship.

**REQUEST NO. 62:** Documents constituting or comprising Jackson Walker's policies and/or procedures regarding monitoring activity on Jackson Walker's email system.

**REQUEST NO. 63:** Documents evidencing or discussing persons who had access to Freeman's Jackson Walker email account during the Applicable Period.

**REQUEST NO. 64:** Documents evidencing when Freeman's Jackson Walker email account was closed/terminated.

**REQUEST NO. 65:** Documents evidencing the effective dates of Jackson Walker's Attorney Sourcebook's version history during the Applicable Period.

**REQUEST NO. 66:** Jackson Walker's Attorney Sourcebook version 9 sections: II(A-C), (E-F), and (I); IV(O & (U); and XX, and all corresponding sections if the Attorney Sourcebook was updated during the Applicable Period.

**REQUEST NO. 67:** Documents constituting or comprising the office layout seating chart for Jackson Walker's Houston office during the Applicable Period, and all amended seating charts during this period.

**REQUEST NO. 68:** Documents constituting, comprising, or discussing expense reports or requests for reimbursement from Freeman submitted to Jackson Walker, whether or not the expense was related to a case during the Applicable Period.

**REQUEST NO. 69:** Documents constituting, comprising, or discussing how Jackson Walker computed Freeman's salary, draws, and bonuses during the Applicable Period.

**REQUEST NO. 70:**  Provide the list of potential parties in interest produced to Jackson Walker in the Relevant Cases.  These are the lists provided by lead counsel or financial advisors for purposes of performing conflicts checks.

**REQUEST NO. 71**:  Any partnership agreement(s) or governing document(s) that controlled Jackson Walker as of January 1, 2018.

**REQUEST NO. 72**:  Any amended partnership agreement(s) or governing document(s) that controlled Jackson Walker that were enacted between January 1, 2018, and December 31, 2022.

**REQUEST NO. 73**:  If different from Request Nos. 71 and 72, any other documents that governed the relationship between Jackson Walker and its income partners or equity partners in effect between January 1, 2018, and December 31, 2022, including documents that established such partners' authority to bind Jackson Walker.

**REQUEST NO. 74**:  Any documents showing Jackson Walker's approval or consent of Freeman's admission as an income partner.

**REQUEST NO. 75**:  The agreement between Jackson Walker and Freeman admitting Freeman as an income partner and any related documents.

**REQUEST NO. 76**:  Any documents showing Jackson Walker's approval or consent of Freeman's admission as an equity partner and any related documents.

**REQUEST NO. 77**:  The agreement between Jackson Walker and Freeman admitting Freeman as an equity partner and any related documents.

**REQUEST NO. 78**:  Any document explaining Freemans' compensation structure, including, but not limited to, Freeman's annual salary, how she would be compensated based on originations, and how she would be compensated based on the Bankruptcy Practice Group's performance, and how she might share in Jackson Walker's overall profits.

**REQUEST NO. 79**:  Any documents you contend show that the United States Trustee had actual knowledge of the Relationship prior to October 6, 2023.

*[signature follows]*

Date: September 30, 2024.

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

LAURA STEELE  Digitally signed by LAURA STEELE
Date: 2024.09.30 17:32:06 -05'00'

By: _____
Laura D. Steele, Trial Attorney
Wisconsin Bar No. 1065702
Office of the United States Trustee
517 E. Wisconsin Ave., Suite 430
Milwaukee, Wisconsin 53202
(414) 297-4499 - Telephone
Email: Laura.Steele@usdoj.gov

6

EXHIBIT **2**

>>>>> **Matthew Cavenaugh** < ▮▮▮▮ >                              ► 3/11/2021, 11:34 AM
>>>>> IMG_3905.gif
MC    https://p21-
      content.icloud.com/M550D8ACDB82CF05F5934A5901AD2DE2CE92B60493AFA5B1CDD60AE3489350C2A.C01USN0
      0

      Receipts • Veronica Polnick < ▮▮▮▮ > [R:3/11/2021, 11:34 AM]

>>>>> **Matthew Cavenaugh** < ▮▮▮▮ >                              ► 3/11/2021, 11:34 AM
>>>>> NICE.  So we were asking the right questions, huh?
MC
      Receipts • Veronica Polnick < ▮▮▮▮ > [R:3/11/2021, 11:34 AM]

>>>>> **Veronica Polnick** < ▮▮▮▮ >                              ◄ 3/11/2021, 11:34 AM
>>>>> Yup
VP

>>>>> **Veronica Polnick** < ▮▮▮▮ >                              ◄ 3/11/2021, 2:15 PM
>>>>> Yeah Matt start us off
VP

>>>>> **Veronica Polnick** < ▮▮▮▮ >                              ◄ 3/11/2021, 2:15 PM
>>>>> Anything new?
VP

>>>>> **Veronica Polnick** < ▮▮▮▮ >                              ◄ 3/11/2021, 2:53 PM
>>>>> Have we considered hiring a PR firm?
VP

>>>>> **Matthew Cavenaugh** < ▮▮▮▮ >                              ► 3/11/2021, 2:53 PM
>>>>> We have. And we did
MC
      Receipts • Veronica Polnick < ▮▮▮▮ > [R:3/11/2021, 2:53 PM]

>>>>> **Veronica Polnick** < ▮▮▮▮ >                              ◄ 3/11/2021, 2:53 PM
>>>>> Oh great
VP

>>>>> **Veronica Polnick** < ▮▮▮▮ >                              ◄ 3/11/2021, 2:53 PM
>>>>> Who did we hire?
VP

>>>>> **Matthew Cavenaugh** < ▮▮▮▮ >                              ► 3/11/2021, 2:53 PM
>>>>> Androvett
MC
      Receipts • Veronica Polnick < ▮▮▮▮ > [R:3/11/2021, 2:53 PM]

>>>>> **Veronica Polnick** < ▮▮▮▮ >                              ◄ 3/11/2021, 2:53 PM
>>>>> Very cool
VP

>>>>> **Matthew Cavenaugh** < ▮▮▮▮ >                              ► 3/11/2021, 2:53 PM
>>>>> And Lisa lemaster
MC
      Receipts • Veronica Polnick < ▮▮▮▮ > [R:3/11/2021, 2:53 PM]

>>>>> **Veronica Polnick** < ▮▮▮▮ >                              ◄ 3/11/2021, 2:54 PM
>>>>>
VP

      File **"c2f61f01-ea0d-4aa8-aee2-86bc363799f4.gif"** is missing.
      Image: ~_Library_SMS_Attachments_f1_01_at_0_6188E39D-261C-44A0-AEE1-AF171DECD00D_567AA0A8-6118-
      4378-8E8F-30AAB621BD4F.gif

>>>>> **Veronica Polnick** < ▮▮▮▮ >                              ◄ 3/11/2021, 2:54 PM
>>>>> 567AA0A8-6118-4378-8E8F-30AAB621BD4F.gif

VP    https://p27-
      content.icloud.com/M3AF91A17122B807DD37F46EB364AE71F8ADA73245841EE1D81776B404CB777B4.C01USN00

| | | | |
|---|---|---|---|
| >>>>> | **Veronica Polnick** <■■■■■■> | ◄ 3/11/2021, 2:54 PM | |
| >>>>> | That's great. Does Liz know? | | |
| VP | | | |
| >>>>> | **Matthew Cavenaugh** <■■■■■> | ► 3/11/2021, 2:58 PM | |
| >>>>> | No | | |
| MC | | | |
| | Receipts • Veronica Polnick <■■■■■■ [R:3/11/2021, 2:59 PM] | | |
| >>>>> | **Veronica Polnick** <■■■■■> | ◄ 3/11/2021, 2:59 PM | |
| >>>>> | Ok | | |
| VP | | | |
| >>>>> | **Veronica Polnick** <■■■■■ | ◄ 3/11/2021, 2:59 PM | |
| >>>>> | Vault: activated | | |
| VP | | | |
| >>>>> | **Veronica Polnick** <■■■■■> | ◄ 3/11/2021, 2:59 PM | |
| >>>>> | ...again | | |
| VP | | | |
| >>>>> | **Veronica Polnick** <■■■■■ | ◄ 3/11/2021, 4:14 PM | |
| >>>>> | Welp Ciara saw the van deelen stuff | | |
| VP | | | |

Confidential

**EXHIBIT**

**3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Professional Fee Matters Concerning the**<br>**Jackson Walker Law Firm** | **Case No. 23-645** |

**UNITED STATES TRUSTEE'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO JACKSON WALKER LLP**

**To**:     **Jackson Walker LLP, the Respondent, through Paul Trahan, its counsel**

Kevin Epstein, United States Trustee for Region 7 ("**United States Trustee**"), pursuant

to Rule 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule

7034 of the Federal Rules of Bankruptcy Procedure, requests that Jackson Walker LLP

("**Respondent**") produce copies of the documents or other physical objects identified below

(collectively, the "**Requests**") in native format via email to Jennifer.R.Toth@usdoj.gov within

not more than thirty (30) days after service of this Request.

**INSTRUCTIONS**

A.      If a document is no longer in possession or subject to the control of Respondent,
state when such document was most recently in the possession of or subject to Respondent's
control and what disposition was made of it. If documents have been destroyed, please identify
when they were destroyed, the person who destroyed them, the person who directed that they be
destroyed, the reason(s) for such action and any communications or documents which relate or
refer to the destruction of the documents.

B.      Unless otherwise indicated, the period covered by these Requests is the Applicable
Period.

C.      These Requests shall be deemed to be continuing, and any additional information
relating in any way to these Requests or Respondent's original answers that is acquired
subsequent to the date of responding to these Requests, up to and including the time of any

1

evidentiary hearing or trial, shall be furnished to the United States Trustee as required by Federal Rule of Civil Procedure 26(e), as incorporated by Federal Rule of Bankruptcy Procedure 7026(e).

      D.     All documents that respond, in whole or in part, to any part or clause of any these Requests shall be produced in their entirety, including all attachments and enclosures. Only one copy of each responsive document need be produced.

      E.     For any document withheld under a claim of privilege, submit a sworn or certified statement in which Respondent identifies the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of these Requests to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

## DEFINITIONS

"**All**" means all information, documents, or communications, whether in paper, electronic or other form, that is in the actual or constructive possession of Jackson Walker, its partners, fiduciaries, accountants, or bookkeepers.

"**Applicable Period**" means January 1, 2018, through May 15, 2024.

"**Bankruptcy Court**" means the Bankruptcy Court for the Southern District of Texas and each past and present employee, courtroom deputy, case manager, law clerk, independent contractor, agent, and each representative of such entity or individual.

"**Compensation**" means any base salary, wages, incentives, raises, benefits, perquisites, stock options (or other investment options), and bonuses (including annual, signing, discretionary, retention, referral or profit-sharing).

"**Document**" or "**Documents**" means and is intended to have the broadest possible meaning and includes any writings whatsoever, electronic transmissions, e-mails and attachments thereto, drawings, reports, records, notes, instructions, memoranda, drafts (whether or not they resulted in a final document), communications (including internal), correspondence, contracts, letters, graphs, charts, photographs, filings, forms, journals, ledgers, letters, lists, minutes, notations, notes, opinions, orders, pamphlets, papers, publications, receipts, summaries, screenshots, social media posts, telegrams, telephone records, text messages, video recordings, voicemail messages and billing statements (including drafts).

"**Freeman**" means Elizabeth Freeman, a former partner at Jackson Walker and each past and present agent, representative, attorney, expert, insurer, executor, administrator, or anyone acting on her behalf.

"**Law Office of Liz Freeman**" means The Law Office of Liz Freeman, PLLC, and each past and present officer, director, partner, associate, employee, independent contractor, agent,

2

servant, and each representative of each such entity or individual, and each past and present attorney of each such entity or individual.

"**Holland & Knight**" means Holland & Knight LLP and each past and present officer, director, partner, associate, employee, independent contractor, agent, servant, and each representative of each such entity or individual, and each past and present attorney of each such entity or individual.

"**Jackson Walker**" means Jackson Walker LLP and each past and present officer, director, partner, associate, employee, independent contractor, agent, servant, and each representative of each such entity or individual, and each past and present attorney of each such entity or individual.

"**Judge Jones**" means David R. Jones formerly a bankruptcy judge for the Southern District of Texas.

"**Judicial Disqualification Matter Letter**" means that certain letter attached as exhibit 1 to the Preliminary Response.

"**Kirkendall**" means Tom Kirkendall and each past and present agent, representative, attorney, expert, insurer, executor, administrator, or anyone acting on his behalf.

"**Kirkland**" means Kirkland & Ellis LLP and each past and present officer, director, partner, associate, employee, independent contractor, agent, servant, and each representative of each such entity or individual, and each past and present attorney of each such entity or individual.

"**Person**" and "**persons**" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity.

"**Preliminary Response**" means that certain Preliminary Response of Jackson Walker LLP to Recent Filings by the Office of the United States Trustee filed on or about November 13, 2023.

"**Relate(s) to**" or "**relating to**" means constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, bearing upon, dealing with or in any way pertaining to.

"**Relationship**" means any personal relationship between Freeman and Judge Jones, including intimate, financial, fiduciary, cohabitating, romantic or sexual.

"**Relevant Cases**" means (i) each case listed on Exhibit 6 to the United States Trustee's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses filed in this case, and (ii) any cases in which both Jackson Walker and the Law Office of Liz Freeman worked, including *In re Venator Materials PLC* (Case No. 23-90301), *In re Diebold Nixdorf Dutch Holding B.V.* (Case No. 23-90729), *In re Sorrento Therapeutics, Inc.* (Case No. 23- 90085), *In re Candy Club LLC* (Case No. 23-60048),

and *In re QualTek Services Inc.* (Case No. 23-90584), each filed in the Bankruptcy Court for the Southern District of Texas (Houston Division). For the avoidance of doubt, each listed case includes all cases involving affiliated and related debtors.

"**Van Deelen Litigation**" means the Adversary Proceeding known as *Michael Van Deelen v. David Dickson, et al.,* Case No. 20-03309 filed in the Bankruptcy Court for the Southern District of Texas (Houston Division) and the Civil Case known as *Michael Van Deelen v. David R. Jones, et al.,* No. 4:23-cv-03729, filed in the United States District Court for the Southern District of Texas (Houston Division).

## **DOCUMENTS TO BE PRODUCED**

1.      Jackson Walker's policies and procedures regarding conflict checks and/or disclosing connections for any new and existing matters.

2.      Documents relating to all Compensation Jackson Walker paid to Freeman.

3.      Jackson Walker's billing statements, pre-billing statements, drafts of billing statements or write-offs in any form for any case, administrative proceeding, mediation, or other legal matter in which Freeman either worked, consulted, or provided any support.

4.      Documents relating to Jackson Walker's ethical policies and procedures, including training on legal ethics and reporting of its employees' and partners' non-compliance with ethical rules to the appropriate court, state bar, insurance carriers and disciplinary authorities.

5.      Documents relating to any conflict or connection checks conducted in the Relevant Cases, including the results.

6.      Jackson Walker's organizational chart.

7.      All disclosure materials that all potential mediators provided to Jackson Walker in the Relevant Cases.

8.      Documents relating to the Relationship, including but not limited to:

     a.   Documents relating to Jackson Walker's receipt of information regarding the Relationship;
     b.   Documents relating to any investigations and/or inquiries;
     c.   The anonymous letter referred to in the Preliminary Response and all documents relating to it;
     d.   Documents between Jackson Walker and Kirkland directly or indirectly mentioning or addressing the Relationship, including in the Van Deelen Litigation;
     e.   Documents relating to the disclosure or lack of disclosure of the Relationship to any third parties or persons;
     f.   All internal communications within Jackson Walker relating to the Relationship; and
     g.   Documents relating to any decisions or actions taken as a result of the Relationship.

9.      All communications between Freeman or the Law Office of Liz Freeman and Jackson Walker relating to the Relationship.

10.     All expense reports or requests for reimbursement from Freeman or the Law Office of Liz Freeman submitted to Jackson Walker related to the Relevant Cases.

11.     Documents relating to the recruitment and hiring of Freeman by Jackson Walker.

12.     Documents relating to any Compensation that Jackson Walker offered to Freeman.

13.     Documents relating to the promotion of Freeman to equity partner at Jackson Walker.

14.     Documents relating to Freeman's separation from Jackson Walker, including any documents related to the decision to do so.

15.     All separation or severance documents between Jackson Walker, Freeman and/or the Law Office of Liz Freeman, including the confidential separation agreement.

16.     All agreements whether formal or informal between Jackson Walker, Freeman and/or the Law Office of Liz Freeman and any documents related to those agreements.

17.     Documents relating to all funds paid or monies owed by Jackson Walker to Freeman or the Law Office of Liz Freeman.

18.     Jackson Walker's bylaws.

19.     Jackson Walker's minutes, recordings, summaries, or reports of meetings, whether formal or informal, of the members of Jackon Walker and of each committee or subgroup in which Freeman or the Relationship was mentioned or discussed.

20.     Freeman's personnel file, including documents relating to all health, transportation, dental, retirement, life insurance, disability insurance or any other benefits offered to Freeman in connection with her association with Jackson Walker.

21.     Freeman's performance reviews and all other formal or informal evaluations of Freeman's performance.

22.     Documents between Jackson Walker and any insurance carrier relating to the Relationship.

23.     All social media posts mentioning, portraying, or involving Freeman.

24.     All promotional materials prepared by or at the request of Jackson Walker that referenced, featured, described, or mentioned Freeman in any way, whether privately or publicly disseminated.

25.     All publications authored in whole or in part by Freeman.

26.     Documents relating to Freeman's speaking engagements, including conference brochures, panel descriptions and agendas.

27.     The Lateral Partner Questionnaire referenced in the Preliminary Response.

28.     Documents reflecting Freeman's residences.

29.     Documents reflecting any real property purchased or owned by Freeman.

30.     Documents relating to whether any Person at Jackson Walker was aware of the Relationship.

31.     Documents relating to any bar referrals or judicial conduct complaints made by Jackson Walker involving the Relationship.

32.     Documents relating to Jackson Walker's decision whether to disclose the Relationship in the Relevant Cases.

33.     Documents relating to Jackson Walker's decision whether to disclose the Relationship in the Van Deelen Litigation.

34.     Documents relating to all investigators, experts, consultants, attorneys, legal professionals, or law firms regarding any issues related to the Relationship.

35.     Documents between Jackson Walker and Holland & Knight relating to the Relationship, including but not limited to the final version of the Judicial Disqualification Matter Letter and any responses to that Letter from Holland & Knight.

36.     Documents between Jackson Walker and Kirkland relating to the Relationship.

37.     Documents filed under seal in the Van Deelen Litigation.

38.     To the extent Jackson Walker relied upon advice of counsel or other professional(s) to determine disclosure of the Relationship was not necessary in matters associated with Judge Jones, as the Bankruptcy Judge or mediator, documents on which Jackson Walker's decisions were based.

39.     Documents relating to Kirkendall's communications with Jackson Walker and/or Holland & Knight regarding the Relationship.

40.     Documents relating to the Judicial Disqualification Matter Letter and all notes, correspondence and documents relating to it.

41.     Documents reviewed or relied on by Jackson Walker in answering the United States Trustee's First Set of Interrogatories to Jackson Walker LLP.

42.    In connection with any of the Relevant Cases, all communications between Jackson Walker and any mediator or potential mediator.

43.    In connection with any of the Relevant Cases, Jackson Walker's billing statements, pre-billing statements, drafts of billing statements or write-offs for any time entries related to any mediations.

44.    In connection with *In re GWG Holdings, Inc.,* Case No. 22-90032, the settlement statement, settlement term sheet or similar document memorializing any agreement reached in connection with any mediation.

45.    In connection with *In re GWG Holdings, Inc.,* Case No. 22-90032, documents related to the selection of any wind-down trustee.

46.    In connection with *In re GWG Holdings, Inc.,* Case No. 22-90032, documents related to the selection and appointment of Freeman as the wind-down trustee.

47.    Documents related to any social activities Jackson Walker attended during the mediation with Judge Jones, including any payments made on behalf of Judge Jones by Jackson Walker.

48.    *Ex Parte* communications between Jackson Walker and Judge Jones.

49.    *Ex Parte* communications between Jackson Walker and the Bankruptcy Court relating to the Relevant Cases.

Date: May 15, 2024                                   Respectfully Submitted,

                                                     KEVIN M. EPSTEIN
                                                     UNITED STATES TRUSTEE
                                                     REGION 7, SOUTHERN AND WESTERN
                                                     DISTRICTS OF TEXAS

                                                     By: _____
                                                         Millie Aponte Sall
                                                         Assistant U.S. Trustee
                                                         Tex. Bar No. 01278050/Fed. ID No. 11271
                                                         515 Rusk, Suite 3516
                                                         Houston, Texas 77002
                                                         (713) 718-4650 – Telephone
                                                         (713) 718-4670 – Fax
                                                         Email: millie.sall@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

EXHIBIT
**4**

In re:

**Professional Fee Matters Concerning the
Jackson Walker Law Firm**

Case No. 23-00645 (EVR)

### JACKSON WALKER LLP'S RESPONSES AND OBJECTIONS TO THE
### U.S. TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Kevin M. Epstein, United States Trustee for Region 7, by and through his counsel of record, Laura Steele, Pat S. Layng, Millie Aponte Sall, Aubrey L. Thomas, Vianey Garza, and Alicia Barcomb, 515 Rusk, Suite 3516, Houston, Texas 77002.

Respondent, Jackson Walker LLP ("JW"), pursuant to Fed. R. Civ. P. 34 and Fed. R. Bankr. P. 7034, submits the following Responses and Objections to the U.S. Trustee's First Request for Production[1] and states as follows:

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      JW objects to the U.S. Trustee's demand that documents be produced in native format. JW will produce documents in standard TIFF format with accompanying text extraction, searchable OCR, and metadata in a Concordance load file. JW will produce Excel, PowerPoint, audio, audiovisual, and video files in their native format. All Documents and Communications will be produced with sufficient metadata to convey where these items begin and end (including attachments), the original file name, and the original timestamps and attributes, including the following metadata fields: "BEGBATES," "ENDBATES," "BEGATTACH," "ENDATTACH,"

---

[1] The deadline to respond and object to these Requests was extended by agreement with the U.S. Trustee to June 24, 2024.

"to," "from," "cc," "bcc," "subject," "custodian," "creation date," "last modified," "date sent," "time sent," and "MD5HASH."

2.  JW objects to Instruction E because it purports to require a sworn or certified privilege log, which exceeds Jackson Walker's obligations under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

3.  JW objects to Instruction A, which purports to require JW to create documents—a list identifying any destroyed documents and other information pertaining to such document's destruction. Instructing to create such a list exceeds the bounds of Fed. R. Civ. Proc. 34(a), under which a party is required to produce documents, not create lists.

4.  JW objects to the definition of "Freeman" as overbroad, unduly burdensome, and not proportional to the needs of this case in that it includes "each past and present agent, representative, attorney, expert, insurer, executor, administrator of Elizabeth Freeman, or anyone acting on her behalf" and therefore seeks information that is neither relevant to the claims or defenses nor proportional to the needs of the case. JW further objects to this definition because it includes entities and persons outside JW's legal or practical control. JW will only provide documents responsive to a Request if that information is in JW's possession, custody, or control.

5.  JW objects to the definition of "Holland and Knight" as overbroad, unduly burdensome, and not proportional to the needs of these proceedings in that it includes "each past and present officer, director, attorney, partner, associate, employee, independent contractor, agent, servant, and each representative of such entity or individual" and therefore seeks information that is neither relevant to the claims or defenses nor proportional to the needs of these proceedings. JW further objects to this definition because it includes entities and persons outside JW's legal or

practical control. JW will only provide documents responsive to a Request if that information is in JW's possession, custody, or control.

6.      JW objects to the definition of "Jackson Walker" on the grounds that the definition includes JW's attorneys and, therefore, improperly seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges or immunities. JW further objects to this definition as unduly burdensome because it requires JW to have an unreasonably detailed and perfect knowledge of "each" of the "independent contractors," "agents," and "servants" of JW. JW objects to this definition to the extent that it would require JW to provide documents from entities or persons outside JW's legal or practical control.

7.      JW objects to the definition of "Kirkland" as overbroad, unduly burdensome, and not proportional to the needs of these proceedings in that it includes "each past and present officer, director, attorney, partner, associate, employee, independent contractor, agent, servant, and each representative of such entity or individual" and therefore seeks information that is neither relevant to the claims or defenses nor proportional to the needs of these proceedings. JW further objects to this definition because it includes entities and persons outside JW's legal or practical control. JW will only provide documents responsive to a Request if that information is in JW's possession, custody, or control.

8.      JW objects to the definition of "Relationship" as overly broad because it encompasses any personal relationship between Ms. Freeman and former Judge David R. Jones, regardless of whether the U.S. Trustee contends it would have required disclosure under the Bankruptcy Code or any other applicable rules. JW will interpret "Relationship" to mean a relationship between Ms. Freeman and former Judge Jones that was intimate, financial, fiduciary, cohabitating, romantic, or sexual.

9.       JW objects to the definition of "Relevant Cases" to the extent it includes cases in which the U.S. Trustee is not seeking relief. This includes *In re Venator Materials PLC* (Case No. 23-90301), *In re Diebold Nixdorf Dutch Holding B.V.* (Case No. 23-90729), *In re Sorrento Therapeutics, Inc.* (Case No. 23- 90085), *In re Candy Club LLC* (Case No. 23-60048), and *In re QualTek Services Inc.* (Case No. 23-90584). JW will limit the definition of "Relevant Cases" to each case listed on Exhibit 6 to the U.S. Trustee's *Amended and Supplemental Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(B)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* filed in the Relevant Cases.

## RESPONSES AND OBJECTIONS TO REQUESTS

JW specifically responds and objects to the Requests as follows:

**REQUEST NO. 1:   Jackson Walker's policies and procedures regarding conflict checks and/or disclosing connections for any new and existing matters.**

**OBJECTIONS:** JW objects to this Request given that the phrase "policies and procedures" is vague and ambiguous.

**RESPONSE:** Subject to the above, Jackson Walker will produce the portions of the Jackson Walker Attorney Sourcebook that cover conflict policies. Jackson Walker does not have any written policies relating to disclosing connections. At this time, JW has not withheld documents based on the objection asserted above, but maintains its ability to do so with future productions and amendments to these responses.

**REQUEST NO. 2:    Documents relating to all Compensation paid to Freeman by Jackson Walker.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, vague, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1).

**RESPONSE:** Subject to the above, JW will produce responsive, non-privileged documents sufficient to show the amounts Ms. Freeman was compensated while a partner at JW. At this time, JW has not withheld documents based on the objection asserted above, but maintains its ability to do so with future productions and amendments to these responses. Note, however, JW is withholding responsive confidential information that it will produce subject to a protective order.

**REQUEST NO. 3:    Jackson Walker's billing statements, pre-billing statements, drafts of billing statements or write-offs in any form for any case, administrative proceeding, mediation, or other legal matter in which Freeman either worked, consulted, or provided any support.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is objectionable because it seeks documents relating to all billing statements in any way involving Freeman regardless of whether the matters in question were pending before, mediated by, or in any other way related to Judge Jones and regardless of whether or not they relate to any Relevant Case. JW further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine and/or mediation privileges.  JW further objects to the phrase "any support" as vague. JW also objects to this Request to the extent that such information is part of and included

in JW's fee applications and fee statements, which are equally accessible to the U.S. Trustee and publicly available.

**RESPONSE:** Subject to the above, JW will produce responsive, non-privileged documents or non-privileged portions of documents reflecting hours billed by Ms. Freeman in the Relevant Cases, as limited by JW in its objections to the definitions and instructions. JW will also produce responsive, non-privileged documents or non-privileged portions of documents reflecting any hours billed by Ms. Freeman in the Relevant Cases (as limited by JW in its objections to the definitions and instructions) that were written off or not ultimately charged to the client. JW has not otherwise withheld documents based on the objection asserted above, but maintains its ability to do so with future productions and amendments to these responses. Note, however, JW is withholding responsive confidential information that it will produce subject to a protective order.

**REQUEST NO. 4: Documents relating to Jackson Walker's ethical policies and procedures, including training on legal ethics and reporting of its employees' and partners' non-compliance with ethical rules to the appropriate court, state bar, insurance carriers and disciplinary authorities.**

**RESPONSE:** In addition to the Texas Disciplinary Rules of Professional Conduct, which are publicly available, JW will produce responsive, non-privileged documents or non-privileged portions of documents reflecting JW's ethics policies and procedures.

**REQUEST NO. 5:  Documents relating to any conflict or connection checks conducted in the Relevant Cases, including the results.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, vague, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is objectionable because it seeks documents relating to "any conflict or connection checks conducted in the Relevant Cases" regardless of whether the "conflict or connection check" in question

included former Judge Jones. JW further objects to the phrase "connection check" as vague and ambiguous. JW also objects to this Request because connection results are publicly available as they are included in JW's retention applications, and any related supplemental disclosures filed in the Relevant Cases. JW further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine and/or mediation privileges, or would have JW disclose confidential client information in violation of Texas Disciplinary Rule of Professional Conduct 1.05.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, relating to any conflict or connection checks conducted in the Relevant Cases, as limited by JW in its objections to the definitions and instructions. At this time, JW has not otherwise withheld documents based on the objection asserted above, but maintains its ability to do so with future productions and amendments to these responses. Note, however, JW is withholding responsive confidential information that it will produce subject to a protective order.

**REQUEST NO. 6:    Jackson Walker's organizational chart.**

**RESPONSE:** JW has no responsive documents.

**REQUEST NO. 7:    All disclosure materials prepared by all potential mediators provided to Jackson Walker in the Relevant Cases.**

**OBJECTIONS:** Jackson Walker objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is

objectionable because, as propounded, it seeks all disclosure materials prepared by ***any potential mediator*** that has been provided to JW in the Relevant Cases since January 1, 2018.

**RESPONSE:** Subject to the above, Jackson Walker will produce responsive, non-privileged disclosure materials, if any exist, provided to JW and prepared by former Judge Jones in his capacity as mediator on any of the Relevant Cases, as limited by JW in its objections to the definitions and instructions. At this time, JW has not otherwise withheld documents based on the objection asserted above, but maintains its ability to do so with future productions and amendments to these responses.

**REQUEST NO. 8:**   **Documents relating to the Relationship, including but not limited to:**
   a. **Documents relating to Jackson Walker's receipt of information regarding the Relationship;**
   b. **Documents relating to any investigations and/or inquiries;**
   c. **The anonymous letter referred to in the Preliminary Response and all documents relating to it;**
   d. **Documents between Jackson Walker and Kirkland directly or indirectly mentioning or addressing the Relationship, including in the Van Deelen Litigation;**
   e. **Documents relating to the disclosure or lack of disclosure of the Relationship to any third parties or persons;**
   f. **All internal communications within Jackson Walker relating to the Relationship; and**
   g. **Documents relating to any decisions or actions taken as a result of the Relationship.**

**OBJECTIONS:** JW objects to this Request because it is vague, overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Additionally, the Request, and each subpart, is overbroad and unduly burdensome because it seeks all documents in any way relating to the Relationship, which, as defined by the U.S. Trustee, is overly broad, as it encompasses mere friendship. As noted in its objections to the definitions and instructions, JW will interpret "Relationship" to mean a relationship between Ms. Freeman and former Judge Jones that was

intimate, financial, fiduciary, cohabiting, romantic, or sexual. JW objects to this Request as vague and ambiguous to the extent it seeks documents "indirectly mentioning or addressing the Relationship." JW further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine and/or mediation privileges. JW also objects to this Request to the extent that such information is part of and included in filings made in the Relevant Cases, which are equally accessible to the U.S. Trustee and publicly available.

JW objects to Request 8(a) because, as written, it seeks documents relating to JW's receipt of information relating to the Relationship at any point between January 1, 2018, and May 15, 2024. Given that the Relationship made national news in October of 2023, Request 8(a) conceivably encompasses any news alerts received by any person at Jackson Walker from that point forward. Accordingly, JW will limit the time frame for this Request to January 1, 2018 through October 6, 2023.

JW objects to Request 8(c), which is vague and ambiguous in its use of "it" at the sentence end as it is unclear whether "it" refers to the anonymous letter or the Relationship.

JW objects to Request 8(g) which is unduly burdensome and overly broad in that it seeks documents relating to "any decision or actions taken as a result of the Relationship." Request 8(g) exceeds the bounds of responsive materials that are relevant to any claim or defense in this litigation. Jackson Walker will produce material in response to 8(g) that relates to "any decision or actions taken as a result of the Relationship pertaining to the Relevant Cases, Ms. Freeman's employment with Jackson Walker, or Jackson Walker's interactions with Judge Jones or the Bankruptcy Court for the Relevant Cases." "Relevant Cases" will be limited as noted by JW in its objections to the definitions and instructions.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request. JW is withholding privileged materials responsive to this Request. JW is withholding documents based on its objections as noted above.

**REQUEST NO. 9:   All communications between Freeman or the Law Office of Liz Freeman and Jackson Walker relating to the Relationship.**

**OBJECTIONS:** JW objects to this Request as duplicative of Request No. 8. JW incorporates herein by reference its responses and objections raised in its response to that Request.

**RESPONSE:** Subject to the above, JW will produce non-privileged communications between Freeman and Jackson Walker, if any, relating to the Relationship, as limited by JW in its objections to the definitions and instructions. At this time, JW has not otherwise withheld documents based on the objection asserted above, but maintains its ability to do so with future productions and amendments to these responses.

**REQUEST NO. 10:   All expense reports or requests for reimbursement from Freeman or the Law Office of Liz Freeman submitted to Jackson Walker related to the Relevant Cases.**

**OBJECTIONS:** JW objects to this Request because it is overbroad and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request is overbroad and unduly burdensome because, as written, it seeks the production of all expense reports submitted by Ms. Freeman regardless of whether they were ultimately charged to the client.

**RESPONSE:** Subject to the above, and to the extent responsive documents exist, JW will produce expense reports or requests for reimbursement Ms. Freeman submitted to JW relating to the Relevant Cases, as limited by Jackson Walker as noted above in its objections to the definitions and instructions. At this time, JW has not otherwise withheld documents based on the objection

asserted above, but maintains its ability to do so with future productions and amendments to these responses.

**REQUEST NO. 11: Documents relating to the recruitment and hiring of Freeman by Jackson Walker.**

**OBJECTIONS:** JW objects to this Request as overbroad because it seeks all documents in any way relating to Ms. Freeman's hiring by JW over six years ago, regardless of whether such documents relate in any way to former Judge Jones or the Relationship.

**RESPONSE:** JW will produce the offer letter sent to Ms. Freeman, the Lateral Partner Questionnaire, and any notes or written feedback relating to interviews of Ms. Freeman conducted as part of the hiring process. At this time, JW has not withheld documents based on the objection asserted above, but maintains its ability to do so with future productions and amendments to these responses. Note, however, JW is withholding responsive confidential information that it will produce subject to a protective order.

**REQUEST NO. 12: Documents relating to any Compensation that Jackson Walker offered to Freeman.**

**OBJECTIONS:** JW objects to this Request as overbroad because it seeks all documents in any way relating to compensation "offered" to Ms. Freeman, regardless of whether they concern former Judge Jones or the Relationship. JW further objects to this Request as duplicative of Request No. 2. JW incorporates herein by reference its responses and objections raised in its response to that Request. JW objects to this Request as vague and ambiguous with respect to the term "offered."

**RESPONSE:** Subject to the above, JW will produce responsive, non-privileged documents sufficient to show the amounts Ms. Freeman was compensated while a partner at JW. At this time, JW has not withheld documents based on the objection asserted above, but maintains

its ability to do so with future productions and amendments to these responses. Note, however, JW is withholding responsive confidential information that it will produce subject to a protective order.

**REQUEST NO. 13: Documents relating to promotion of Freeman to equity partner at Jackson Walker.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is overbroad and unduly burdensome because it seeks all documents relating to Ms. Freeman's promotion to equity partner regardless of their relevance (or lack thereof) to the U.S. Trustee's allegations raised in the Relevant Cases.

**RESPONSE:** Subject to the above, JW will produce the equity partner memorandum announcing Ms. Freeman's promotion to equity partner. JW is withholding production of this memorandum until the parties reach agreement about a protective order in this case and this document, which contains confidential personnel and business information, can be designated as confidential.

**REQUEST NO. 14: Documents relating to Freeman's separation from Jackson Walker, including any documents related to the decision to do so.**

**OBJECTIONS:** JW objects to this Request as overbroad because it seeks all documents in any way relating to Ms. Freeman's separation from Jackson Walker, regardless of whether they have any bearing on the Relationship or former Judge Jones. JW further objects to this Request as overbroad to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine.

**RESPONSE:** Subject to the above, JW will produce its confidential separation agreement with Ms. Freeman, and any responsive, non-privileged documents on the subject of Ms. Freeman's

withdrawal from the firm. Note, however, that JW is withholding production of this separation agreement until the parties reach agreement about a protective order in this case and this document, which contains confidential personnel and business information, can be designated as confidential. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 15: All separation or severance documents between Jackson Walker, Freeman, and/or the Law Office of Liz Freeman, including the confidential separation agreement.**

**OBJECTIONS:** JW objects to this Request as duplicative of Request No. 14. JW incorporates herein by reference its responses and objections raised in its response to that Request. JW objects to this Request as vague and ambiguous in its use of the term "severance documents." JW objects to this Request as vague and ambiguous to the extent it seeks "severance documents between Jackson Walker . . . and/or the Law Office of Liz Freeman," which was never an employee of JW and at no point separated from JW. JW further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine.

**RESPONSE:** Subject to the above, JW will produce its confidential separation agreement with Ms. Freeman. Note, however, that JW is withholding production of this separation agreement until the parties reach agreement about a protective order in this case and this document, which contains confidential personnel and business information, can be designated as confidential. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 16: All agreements whether formal or informal between Jackson Walker, Freeman and/or the Law Office of Liz Freeman and any documents related to those agreements.**

**OBJECTIONS:** JW objects to this Request because it is vague, overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request is

objectionable because it demands all agreements of any type between Freeman and JW, regardless of whether they in any way concern the Relevant Cases or relate to the U.S. Trustee's allegations in these proceedings. JW further objects to this Request as vague and ambiguous as to the phrases "informal agreements" and "documents related to those agreements." JW also objects to this Request to the extent that any such information is part of and included in filings made in the Relevant Cases, which are equally accessible to the U.S. Trustee and publicly available. JW further objects to this Request as overbroad to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, relating to the Relevant Cases, as limited by Jackson Walker in its objections to the definitions and instructions. JW is withholding privileged material responsive to this Request. Note also that JW is withholding responsive confidential information that it will produce subject to a protective order.

**REQUEST NO. 17: Documents relating to all funds paid or monies owed by Jackson Walker to Freeman or the Law Office of Liz Freeman.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request is objectionable because it seeks production of documents relating to any funds paid by JW to Ms. Freeman, regardless of whether the monies related to any of the Relevant Cases. JW also objects to this Request to the extent that any such information is part of and included in filings made in the Relevant Cases, which are equally accessible to the U.S. Trustee and publicly available.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, relating to the Relevant Cases, as limited by Jackson Walker in its objections to the definitions and

instructions. At this time, JW has not withheld documents based on the objection asserted above, but maintains its ability to do so with future productions and amendments to these responses. Note, however, JW is withholding responsive confidential information that it will produce subject to a protective order.

**REQUEST NO. 18:  Jackson Walker's bylaws.**

**RESPONSE:** No responsive documents exist. JW is a limited liability partnership and does not have bylaws.

**REQUEST NO. 19: Jackson Walker's minutes, recordings, summaries, or reports of meetings, whether formal or informal, of the members of Jackson Walker and of each committee or subgroup in which Freeman or the Relationship was mentioned or discussed**.

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is overbroad and unduly burdensome because it purports to require the production, among other things, of all minutes or reports of any meetings involving anyone at JW in which Ms. Freeman "was mentioned or discussed" irrespective of whether such relate to the Relationship or former Judge Jones. JW objects to this Request as vague and ambiguous in its use of the term "informal" to modify "minutes, recordings, summaries, or reports of meetings." JW objects to the phrase "committee or subgroup" as vague and ambiguous. JW further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine.

**RESPONSE:** Subject to the above, JW will produce responsive, non-privileged documents, if any, wherein the Relationship (as limited by JW in its objections to the definitions and instructions) was mentioned or discussed. At this time, JW has not withheld documents based

on the objection asserted above, but maintains its ability to do so with future productions and amendments to these responses.

**REQUEST NO. 20:  Freeman's personnel file, including documents relating to all health, transportation, dental, retirement, life insurance, disability insurance or any other benefits offered to Freeman in connection with her association with Jackson Walker.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is overbroad and unduly burdensome because it seeks documents relating to Ms. Freeman's private health information and insurance information, which is entirely irrelevant to the claims or defenses at issue in this proceeding. Similarly, the request seeks information pertaining to other benefits such as dental, life, and disability insurance, none of which have any relevance to the Responsive Cases or the Relationship. Such insurance information is also irrelevant to any party's claim or defense and not proportional to the needs of these proceedings. Such information is also likely prohibited from disclosure by state and federal medical privacy laws, including the Health Insurance Portability and Accountability Act and the Texas Medical Privacy Act.

**RESPONSE:** JW will not produce any responsive documents until after a meet and confer to narrow the scope of this Request.

**REQUEST NO. 21:  Freeman's performance reviews and all other formal or informal evaluations of Freeman's performance.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, vague, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request is

objectionable because it seeks all "informal evaluations" of Ms. Freeman's performance, without regard to whether they concern the Relationship or in any way relate to the U.S. Trustee's allegations raised in the Relevant Cases. Similarly, the term "informal evaluations" is vague, undefined, and ambiguous.

**RESPONSE:** Subject to the above, JW will produce Ms. Freeman's self-evaluations, performance reviews, and, to the extent any exist, minutes of compensation committee meetings, wherein JW discussed Ms. Freeman's performance. At this time, JW has not otherwise withheld documents based on the objection asserted above, but maintains its ability to do so with future productions and amendments to these responses. Note, however, JW is withholding responsive confidential information that it will produce subject to a protective order.

**REQUEST NO. 22: Documents between Jackson Walker and any insurance carrier relating to the Relationship.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is overbroad and unduly burdensome because it seeks communications between JW and its insurance carriers, and such communications are entirely irrelevant to the claims or defenses at issue in this proceeding. JW further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine and/or mediation privileges.

**RESPONSE:** JW will not produce any responsive documents until after a meet and confer to discuss this Request.

**REQUEST NO. 23:  All social media posts mentioning, portraying, or involving Freeman.**

**OBJECTIONS:** JW objects to this Request because it is vague, overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). The demand for "social media posts . . . portraying . . . Freeman" is also vague and ambiguous that JW cannot determine with sufficient precision the nature of the documents requested. In addition, the Request is overbroad and unduly burdensome because it seeks all social media posts (regardless, it seems, of whether they were posted by an account associated with or controlled by JW) that in any way involve Ms. Freeman. This is plainly irrelevant to the claims and defenses at issue in these proceedings. JW also objects to this Request to the extent that any such social media posts are publicly available and equally accessible to the U.S. Trustee.

**RESPONSE:** Jackson Walker will not produce responsive materials until after a meet and confer to discuss the scope of this Request.

**REQUEST NO. 24:  All promotional materials prepared by or at the request of Jackson Walker that referenced, featured, described, or mentioned Freeman in any way, whether privately or publicly disseminated.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is objectionable because it seeks all "promotional materials" prepared over the last six years that involve Ms. Freeman in any way, regardless of whether they relate in any way to former Judge Jones, the Relationship, or to the claims and defenses at issue in these proceedings. JW also objects to this Request to the extent

that such information is publicly available and equally accessible to the U.S. Trustee. JW objects to the Request because the term "promotional materials" is also vague and ambiguous.

**RESPONSE:** Jackson Walker will not produce responsive materials until after a meet and confer to discuss the scope of this Request.

**REQUEST NO. 25:  All publications authored in whole or in part by Freeman**.

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is objectionable because it seeks all publications authored in any part by Ms. Freeman, regardless of whether they relate in any way to former Judge Jones, the Relationship, or to the claims and defenses at issue in these proceedings. JW also objects to this Request to the extent that such information is publicly available and equally accessible to the U.S. Trustee.

**RESPONSE:** JW will not produce responsive materials until after a meet and confer to discuss the scope of this Request.

**REQUEST NO. 26: Documents relating to Freeman's speaking engagements, including conference brochures, panel descriptions and agendas.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is objectionable because it seeks all documents that relate in any way to any speaking engagement Ms. Freeman may have had since January 1, 2018, regardless of whether the speaking engagement was in her capacity as a partner at JW or related in any way to former Judge Jones, the Relationship, or to the claims and

defenses at issue in these proceedings. JW also objects to this Request to the extent that such information is publicly available and equally accessible to the U.S. Trustee.

**RESPONSE:** JW will not produce responsive materials until after a meet and confer to discuss the scope of this Request.

**REQUEST NO. 27: The Lateral Partner Questionnaire referenced in the Preliminary Response.**

**RESPONSE:** JW will produce a copy of Ms. Freeman's Lateral Partner Questionnaire subject to a protective order.

**REQUEST NO. 28:  Documents reflecting Freeman's residences.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). JW further objects to this Request on the grounds that it seeks information that is more readily available to the U.S. Trustee or is otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive. JW further objects to this Request because it seeks information that is publicly available. JW objects to this Request as vague and ambiguous in its use of the phrase "reflecting Freeman's residences."

**RESPONSE:** Subject to the above, JW will produce documents wherein Freeman informs JW of her home address(es). JW will withhold documents based on the objections asserted above.

**REQUEST NO. 29: Documents reflecting any real property purchased or owned by Freeman.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). JW further objects to this Request as duplicative of

Request No. 28. JW incorporates herein by reference its responses and objections raised in its response to that Request.

**RESPONSE:** JW will not produce responsive materials until after a meet and confer to discuss the scope of this Request.

**REQUEST NO. 30: Documents relating to whether any Person at Jackson Walker was aware of the Relationship.**

**OBJECTIONS:** JW objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. JW further objects to this Request because it is overbroad and unduly burdensome. Specifically, the Request is overbroad and unduly burdensome because it seeks all documents relating to whether any person "at Jackson Walker" was aware of the Relationship at any point between January 1, 2018 and May 15, 2024. Given that the Relationship made national news in October of 2023, the Request presumably encompasses all employees of JW as of October of 2023. Accordingly, JW will limit the time frame for this Request to January 1, 2018 through October 6, 2023.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request as narrowed above. At this time, JW has not otherwise withheld documents based on the objections asserted above, but maintains its ability to do so with future productions and amendments to these responses.

**REQUEST NO. 31: Documents regarding any bar referrals or judicial conduct complaints made by Jackson Walker involving the Relationship.**

**RESPONSE:** JW has no responsive documents.

**REQUEST NO. 32: Documents relating to Jackson Walker's decision whether to disclose the Relationship in the Relevant Cases.**

**OBJECTIONS:** JW objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. JW further objects to this Request

because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). JW objects to the U.S. Trustee's definition of "Relevant Cases" as noted in its objections to the definitions and instructions. JW will limit "Relevant Cases" as noted above in its objections to the definitions and instructions. JW further objects to this Request to the extent it mischaracterizes the factual record and presupposes JW's knowledge of the Relationship and obligation to disclose connections with the judiciary.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request, as limited by Jackson Walker as noted in its objections to the definitions and instructions. JW is withholding privileged documents responsive to this Request. JW has not otherwise withheld documents based on the objection asserted above, but maintains its ability to do so with future productions and amendments to these responses.

**REQUEST NO. 33: Documents relating to Jackson Walker's decision whether to disclose the Relationship in the Van Deelen Litigation.**

**OBJECTIONS:** JW objects to this Request as duplicative of Request No. 32. JW incorporates herein by reference its responses and objections raised in its response to that Request. JW objects to this Request because it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. JW further objects to this Request to the extent it mischaracterizes the facts with respect to the Van Deelen Litigation and presupposes Jackson Walker's knowledge of the Relationship and obligation to disclose connections with the judiciary. JW also objects to this Request because it mischaracterizes the facts in ignoring that Jackson Walker promptly brought Mr. Van Deelen's allegations to the court's attention.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request. JW is withholding privileged documents responsive to this Request. JW has not otherwise withheld documents based on the objections asserted above, but maintains its ability to do so with future productions and amendments to these responses.

**REQUEST NO. 34:   Documents relating to all investigators, experts, consultants, attorneys, legal professionals, or law firms regarding any issues related to the Relationship.**

**OBJECTIONS:** JW objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. JW further objects to this Request because it is vague, overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). JW further objects to this Request on the grounds that the request for "[d]ocuments relating to all . . . attorneys . . . regarding any issues related to the relationship" is so vague and ambiguous that JW cannot determine with sufficient precision the nature of the documents requested.

**RESPONSE:** JW will not produce responsive materials until after a meet and confer to discuss the scope of this Request.

**REQUEST NO. 35:   Documents between Jackson Walker and Holland & Knight relating to the Relationship, including but not limited to the final version of the Judicial Disqualification Matter Letter and any responses to that Letter from Holland & Knight**.

**OBJECTIONS:**  JW objects to this Request because it seeks documents protected by the attorney-client privilege and/or the work-product doctrine.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 36: Documents between Jackson Walker and Kirkland relating to the Relationship.**

 **OBJECTIONS:** JW objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine.

 **RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 37: Documents filed under seal in the Van Deelen Litigation.**

 **OBJECTIONS:** JW objects to this Request on the grounds that it seeks information that is as readily available to the U.S. Trustee or is otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive.

 **RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request. JW is withholding privileged materials responsive to this Request. Note, also, that JW is withholding responsive confidential information that it will produce subject to a protective order.

**REQUEST NO. 38: To the extent Jackson Walker relied upon advice of counsel or other professional(s) to determine disclosure of the Relationship was not necessary in matters associated with Judge Jones, as the Bankruptcy Judge or mediator, documents on which Jackson Walker's decisions were based.**

 **RESPONSE:** As JW is not asserting an advice-of-counsel defense, there are no responsive documents.

**REQUEST NO. 39: Documents relating to Kirkendall's communications with Jackson Walker and/or Holland & Knight regarding the Relationship.**

 **OBJECTIONS:** JW objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine.

 **RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 40:  Documents relating to the Judicial Disqualification Matter Letter and all notes, correspondence and documents relating to it.**

**OBJECTIONS:** JW objects to this Request because it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. Jackson Walker further objects to this Request as duplicative of Request No. 35.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 41:  Documents reviewed or relied on by Jackson Walker in answering the United States Trustee's First Set of Interrogatories to Jackson Walker LLP.**

**OBJECTIONS:** JW objects to this Request because it seeks documents protected by the attorney-client privilege and/or the work-product doctrine.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 42:  In connection with any of the Relevant Cases, all communications between Jackson Walker and any mediator or potential mediator.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is objectionable because, as propounded, it seeks all communications between Jackson Walker and ***any mediator or potential mediator*** since January 1, 2018, without regard to the mediator's identity. JW further objects to this Request because it seeks documents protected by the mediation or ADR privilege.

**RESPONSE:** Subject to the above, JW will produce responsive, non-privileged documents (to the extent any such documents exist) that relate to former Judge Jones in his capacity

as mediator in the Relevant Cases. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 43:  In connection with any of the Relevant Cases, Jackson Walker's billing statements, pre-billing statements, drafts of billing statements or write-offs for any time entries related to any mediations.**

**OBJECTIONS:** JW objects to this Request as duplicative of Request No. 3. JW incorporates herein by reference its responses and objections raised in its response to that Request. JW further objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is objectionable because it seeks all of JW's billing statements in any of the Relevant Cases, regardless of whether they reflect time billed by Ms. Freeman and regardless of whether Ms. Freeman had any role or involvement. JW further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. JW also objects to this Request to the extent that such information is part of and included in Jackson Walker's fee applications and fee statements, which are equally accessible to the U.S. Trustee and publicly available.

**RESPONSE:** Subject to the above, JW will produce responsive, non-privileged documents reflecting Ms. Freeman's time billed or written off in any mediation conducted by former Judge Jones in any of the Relevant cases, as narrowed by JW as noted in its objections to the definitions and instructions. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 44:** **In connection with** *In re GWG Holdings, Inc.*, **Case No. 22-90032, the settlement statement, settlement term sheet or similar document memorializing any agreement reached in connection with any mediation.**

**OBJECTIONS:** JW objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. JW further objects to this Request because it seeks documents protected by the mediation or ADR privilege.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 45:** **In connection with** *In re GWG Holdings, Inc.*, **Case No. 22-90032, documents related to the selection of any wind-down trustee.**

**OBJECTIONS:** JW objects to this Request as duplicative of Request No. 44. JW incorporates herein by reference its responses and objections raised in its response to that Request. JW objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. JW further objects to this Request because it seeks documents protected by the mediation or ADR privilege.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 46:** **In connection with** *In re GWG Holdings, Inc.*, **Case No. 22-90032, documents related to the selection and appointment of Freeman as the wind-down trustee.**

**OBJECTIONS:** JW objects to this Request as duplicative of Request Nos. 44 and 45. JW incorporates herein by reference its responses and objections raised in its response to those Requests. JW objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. JW further objects to this Request because it seeks documents protected by the mediation or ADR privilege.

**RESPONSE:** Subject to the above, JW will produce non-privileged documents, if any, responsive to this Request. JW is withholding privileged materials responsive to this Request.

**REQUEST NO. 47: Documents related to any social activities Jackson Walker attended during the mediation with Judge Jones, including any payments made on behalf of Judge Jones by Jackson Walker.**

**OBJECTIONS:** JW objects to this Request as vague because it is unclear to which mediation the Request is referring.

**RESPONSE:** JW will not produce responsive materials until after a meet and confer to discuss the scope of this Request.

**REQUEST NO. 48:** *Ex Parte* **communications between Jackson Walker and Judge Jones.**

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is objectionable because, as propounded, it would require JW to search all of its current and former attorneys' communications for *ex parte* communications with former Judge Jones. JW further objects to this Request as overbroad because it seeks documents relating to any case before former Judge Jones and is not limited to the Relevant Cases.

**RESPONSE:** JW will not produce responsive materials until after a meet and confer to discuss the scope of this Request.

**REQUEST NO. 49:** *Ex Parte* **communications between Jackson Walker and the Bankruptcy Court relating to the Relevant Cases.**

**OBJECTIONS:** JW objects to this Request as duplicative of Request No. 48. JW incorporates herein by reference its responses and objections raised in its response to that Request. JW further objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of this case, and thus is beyond the scope of discovery permissible under Federal Rule of Civil

Procedure 26(b)(1). Specifically, the Request is objectionable because, as propounded, it would require JW to search all of its current and former attorneys' communications for *ex parte* communications with any judge in any of the Relevant Cases. JW further objects to this Request as overbroad because it seeks communications not only between JW and former Judge Jones, but also between JW and any judge in any of the Relevant Cases.

**RESPONSE:** JW will not produce responsive materials until after a meet and confer to discuss the scope of this Request.

*[Remainder of Page Intentionally Left Blank]*

- 29 -

Dated: June 24, 2024

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Paul Trahan*

Jason L. Boland (SBT 24040542)
William R. Greendyke (SBT 08390450)
Julie Goodrich Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Email: jason.boland@nortonrosefulbright.com
Email: william.greendyke@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com
Email: maria.mokrzycka@nortonrosefulbright.com

Paul Trahan (SBT 24003075)
Emily Wolf (SBT 24106595)
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Email: Paul.trahan@nortonrosefulbright.com
Email: emily.wolf@nortonrosefulbright.com

-and-

**RUSTY HARDIN & ASSOCIATES, LLP**

Russell Hardin, Jr. (SBT 08972800)
Leah M. Graham (SBT 24073454)
Jennifer E. Brevorka (SBT 24082727)
Emily Smith (SBT 24083876)
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: rhardin@rustyhardin.com
Email: lgraham@rustyhardin.com
Email: jbrevorka@rustyhardin.com
Email: esmith@rustyhardin.com

*Counsel for Jackson Walker LLP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Jackson Walker LLP's Responses and Objections to the U.S. Trustee's First Request for Production of Documents was served in compliance with the Federal Rules of Civil Procedure on June 24, 2024, on the following counsel via e-mail:

**OFFICE OF THE UNITED STATES TRUSTEE, REGION 7**

Laura Steele (Laura.Steele@usdoj.gov)
Pat S. Layng (Pat.S.Layng@usdoj.gov)
Millie Aponte Sall (Millie.sall@usdoj.gov)
Aubrey L. Thomas (Aubrey.thomas@usdoj.gov)
Vianey Garza (Vianey.Garza@usdoj.gov)
Alicia Barcomb (Alicia.Barcomb@usdoj.gov)

/s/ Emily D. Wolf
Emily D. Wolf

EXHIBIT

**5**

## Steele, Laura (USTP)

| | |
|---|---|
| **From:** | Steele, Laura (USTP) |
| **Sent:** | Wednesday, October 30, 2024 8:37 PM |
| **To:** | Emily Wolf; Garza, Vianey (USTP); Jason L. Boland; William Greendyke; Maria Mokrzycka; Paul Trahan; Julie Goodrich Harrison; rhardin; Leah Graham; Emily Smith; Jennifer (Jenny) Brevorka |
| **Cc:** | Sall, Millie (USTP); Charboneau, Joel (USTP); Thill, Brian P. (USTP); Barcomb, Alicia (USTP); Toth, Jennifer R. (USTP) |
| **Subject:** | RE: JW  Matters - JW Responses & Objections to UST's First RFAs and Third RFPs |

Emily,

Thank you for the responses. **To be clear, the UST does not consent to any rolling production to his third RFP.** The documents were required to be produced today. There has been no agreement among the parties to extend the deadline for production.

Laura

Laura D. Steele
Trial Attorney
United States Trustee Program
517 E. Wisconsin Ave., Suite 430
Milwaukee, Wisconsin 53202
Cell: (202) 603-5188
Direct: (414) 297-1247
General Office: (414) 297-4499
Email: laura.steele@usdoj.gov



This message and any attachments are intended only for the use of the addressee and may contain privileged and/or "Limited Official Use" (LOU) information. If the reader of the message is not the intended recipient(s) or an authorized representative of the intended recipient(s), you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to this e-mail message or by telephone at (202) 603-5188, and delete the message and any attachments from your system. Thank you.

**From:** Emily Wolf <emily.wolf@nortonrosefulbright.com>
**Sent:** Wednesday, October 30, 2024 8:08 PM
**To:** Garza, Vianey (USTP) <Vianey.Garza@usdoj.gov>; Jason L. Boland <jason.boland@nortonrosefulbright.com>; William Greendyke <william.greendyke@nortonrosefulbright.com>; Maria Mokrzycka <maria.mokrzycka@nortonrosefulbright.com>; Paul Trahan <paul.trahan@nortonrosefulbright.com>; Julie Goodrich

Harrison <julie.harrison@nortonrosefulbright.com>; rhardin <rhardin@rustyhardin.com>; Leah Graham <lgraham@rustyhardin.com>; Emily Smith <esmith@rustyhardin.com>; Jennifer (Jenny) Brevorka <jbrevorka@rustyhardin.com>
**Cc:** Sall, Millie (USTP) <Millie.Sall@usdoj.gov>; Steele, Laura (USTP) <Laura.Steele@usdoj.gov>; Charboneau, Joel (USTP) <Joel.Charboneau@usdoj.gov>; Thill, Brian P. (USTP) <Brian.P.Thill@usdoj.gov>; Barcomb, Alicia (USTP) <Alicia.Barcomb@usdoj.gov>; Toth, Jennifer R. (USTP) <Jennifer.R.Toth@usdoj.gov>
**Subject:** [EXTERNAL] RE: JW Matters - JW Responses & Objections to UST's First RFAs and Third RFPs

Counsel,

Attached are copies of JW's Responses and Objections to the U.S. Trustee's First Requests for Admission, which JW is hereby designating Confidential pursuant to the parties' protective order, and JW's Responses and Objections to the U.S. Trustee's Third Requests for Production.

Best,
Emily

**Emily Wolf** | Senior Associate
*Pronouns: she / her / hers*
Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100, Austin, Texas 78701-4255, United States
Tel +1 512 536 5242 | Fax +1 512 536 4598
emily.wolf@nortonrosefulbright.com

## NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

**From:** Garza, Vianey (USTP) <Vianey.Garza@usdoj.gov>
**Sent:** Wednesday, October 30, 2024 5:42 PM
**To:** Jason L. Boland <jason.boland@nortonrosefulbright.com>; William Greendyke <william.greendyke@nortonrosefulbright.com>; Maria Mokrzycka <maria.mokrzycka@nortonrosefulbright.com>; Paul Trahan <paul.trahan@nortonrosefulbright.com>; Emily Wolf <emily.wolf@nortonrosefulbright.com>; Julie Goodrich Harrison <julie.harrison@nortonrosefulbright.com>; rhardin <rhardin@rustyhardin.com>; Leah Graham <lgraham@rustyhardin.com>; Emily Smith <esmith@rustyhardin.com>; Jennifer (Jenny) Brevorka <jbrevorka@rustyhardin.com>
**Cc:** Sall, Millie (USTP) <Millie.Sall@usdoj.gov>; Steele, Laura (USTP) <Laura.Steele@usdoj.gov>; Charboneau, Joel (USTP) <Joel.Charboneau@usdoj.gov>; Thill, Brian P. (USTP) <Brian.P.Thill@usdoj.gov>; Barcomb, Alicia (USTP) <Alicia.Barcomb@usdoj.gov>; Toth, Jennifer R. (USTP) <Jennifer.R.Toth@usdoj.gov>
**Subject:** JW Matters - UST Responses to Second Set of Interrogatories

## [External Email – Use Caution]

All,

Please find attached a copy of the U.S. Trustee's Objections and Responses to Jackson Walker's Second Set of Interrogatories.

**Vianey Garza**
Trial Attorney
U.S. Dept. of Justice

Office of the U.S. Trustee
515 Rusk Street, Ste. 3516
Houston, Texas 77002
Phone:  (713) 718-4663
Mobile: (202) 322-7086
E-mail:  vianey.garza@usdoj.gov

This email message and any attachments are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure, copying or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to nrfus.postmaster@nortonrosefulbright.com.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**



**EXHIBIT**
**6**

| | |
|---|---|
| **In re:**<br><br>**Professional Fee Matters Concerning the**<br>**Jackson Walker Law Firm** | **Case No. 23-00645 (EVR)** |

**JACKSON WALKER LLP'S RESPONSES AND OBJECTIONS TO**
**THE UNITED STATES TRUSTEE'S THIRD REQUEST**
**FOR PRODUCTION OF DOCUMENTS**

TO:     Kevin M. Epstein, United States Trustee for Region 7, by and through his counsel of record, Laura Steele, Millie Aponte Sall, Aubrey L. Thomas, Vianey Garza, and Alicia Barcomb, 515 Rusk, Suite 3516, Houston, Texas 77002.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure, Jackson Walker LLP ("JW"), by its undersigned counsel, hereby serves its responses and objections (the "Responses and Objections") to the *U.S. Trustee's Third Request for Production of Documents* (the "Third Document Requests," and each, a "Request") served on September 30, 2024 by the United States Trustee (the "U.S. Trustee"), as set forth below.

*[Remainder of Page Intentionally Left Blank]*

1

Dated: October 30, 2024

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
William R. Greendyke (SBT 08390450)
Julie Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Email: jason.boland@nortonrosefulbright.com Email:
william.greendyke@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com
Email: maria.mokrzycka@nortonrosefulbright.com

Paul Trahan(SBT 24003075)
Emily Wolf (SBT 24106595)
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Email: paul.trahan@nortonrosefulbright.com
Email: emily.wolf@nortonrosefulbright.com

-and-

**RUSTY HARDIN & ASSOCIATES, LLP**

Russell Hardin, Jr. (SBT 08972800)
Leah M. Graham (SBT 24073454)
Jennifer E. Brevorka (SBT 24082727)
Emily Smith (SBT 24083876)
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: rhardin@rustyhardin.com
Email: lgraham@rustyhardin.com
Email: jbrevorka@rustyhardin.com

*Counsel for Jackson Walker LLP*

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.        JW objects to the U.S. Trustee's demand that Documents be produced in native and PDF format. JW will produce Documents in standard TIFF format with accompanying text extraction, searchable OCR, and metadata in a Concordance load file. JW will produce Excel, PowerPoint, audio, audiovisual, and video files in their native format. All Documents and Communications will be produced with sufficient metadata to convey where these items begin and end (including attachments), the original file name, and the original timestamps and attributes, including the following metadata fields: "BEGBATES," "ENDBATES," "BEGATTACH," "ENDATTACH," "to," "from," "cc," "bcc," "subject," "custodian," "creation date," "last modified," "date sent," "time sent," and "MD5HASH."

2.        JW objects to Instruction A because it purports to require JW to create documents, namely, a list identifying any destroyed documents and other information pertaining to such document's destruction. Instructing JW to create such a list exceeds the bounds of Fed. R. Civ. P. 34(a), under which a party is required to produce documents, not create lists.

3.        JW objects to Instruction E because it purports to require a sworn or certified privilege log, which exceeds JW's obligations under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

4.        JW objects to the definition of "Jackson Walker" on the grounds that the definition includes JW's attorneys and, therefore, improperly seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges or immunities. JW further objects to this definition as unduly burdensome because it requires JW to have an unreasonably detailed and perfect knowledge of "each" of the "independent contractor[s]" or "agents" of JW. JW objects to this definition to the extent that it would require JW to provide Documents from entities or persons outside JW's legal or practical control.

3

5.      JW objects to the definition of "Relevant Cases" to the extent it includes cases in which the U.S. Trustee is not seeking relief. This includes *In re Venator Materials PLC* (Case No. 23-90301), *In re Diebold Nixdorf Dutch Holding B.V.* (Case No. 23-90729), *In re Sorrento Therapeutics, Inc.* (Case No. 23- 90085), *In re Candy Club LLC* (Case No. 23-60048), and *In re QualTek Services Inc.* (Case No. 23-90584). JW will limit the definition of "Relevant Cases" to each case listed on Exhibit 6 to the U.S. Trustee's *Amended and Supplemental Motion for (1) Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(B)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* filed in the Relevant Cases.

6.      JW objects to the definition of "Relationship" as overly broad because it encompasses any personal relationship between Ms. Freeman and former Judge David R. Jones, and as such is overbroad, unduly burdensome, and not proportional to the needs of these proceedings. JW will interpret "Relationship" to mean a relationship between Ms. Freeman and former Judge Jones that was intimate, financial, fiduciary, cohabitating, romantic, or sexual.

## RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST NO. 60:  With respect to Jackson Walker's email groups during the Applicable Period:**

a.  **Documents evidencing or discussing persons added to the email groups for the Relevant Cases during the Applicable Period;**

b.  **Documents evidencing or discussing persons removed from the email groups for the Relevant Cases during the Applicable Period;**

c.  **Documents evidencing or discussing persons added to the "JWDebtorTeam" email group during the Applicable Period; and**

d.  **Documents relating evidencing or discussing persons removed to the "JWDebtorTeam" email group during the Applicable Period.**

OBJECTIONS: JW objects to this Request because it is overbroad, vague, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is vague because the phrase "email groups" is undefined. It is overly broad and seeks irrelevant information because it seeks documents "evidencing or discussing" *any persons* added to or removed from the email groups for the Relevant Cases. JW will limit this Request to seek Documents relating to Ms. Freeman's inclusion in or removal from the following email groups:

- jwdebtorteam@jw.com
- JWTeamJCP@jw.com
- JWNMGClaims@jw.com
- CHKClaims@jw.com
- BTCClaims@jw.com
- JW-BouchardTrial@jw.com
- GPORClaims@jw.com
- JWSDLP@jw.com
- JWSDRLimited@jw.com
- JW-BES@jw.com
- JWStrike@jw.com
- JW4e@jw.com
- jwsungard@jw.com
- JW-ODH@jw.com
- JW-SN_MP@jw.com
- JW-GWG@jw.com
- JW-HESS@jw.com
- ALINJW@jw.com
- RxJW-AutoPlus@jw.com
- CorpJW-AutoPlus@jw.com
- SaleJW-AutoPlus@jw.com
- LitJW-AutoPlus@jw.com

- L&EJW-AutoPlus@jw.com
- TBClaims@jw.com

**RESPONSE:** JW will produce responsive, non-privileged Documents, if any exist, as limited above before the close of discovery.

**REQUEST NO. 61: Documents between Jackson Walker and any public relations and/or communications firm discussing, analyzing, or referring to the Relationship.**

**OBJECTIONS:** JW objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work-product doctrine and/or mediation privileges.

**RESPONSE:** No responsive non-privileged Documents exist.

**REQUEST NO. 62: Documents constituting or comprising Jackson Walker's policies and/or procedures regarding monitoring activity on Jackson Walker's email system.**

**OBJECTIONS:** JW objects to the phrase "policies and/or procedures" as vague. JW further objects to the phrase "monitoring activity on Jackson Walker's email system" as vague. JW further objects to this Request because it seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1).

**RESPONSE:** For the reasons stated above, JW will not produce Documents responsive to this Request.

**REQUEST NO. 63: Documents evidencing or discussing persons who had access to Freeman's Jackson Walker email account during the Applicable Period.**

**OBJECTIONS:** JW objects to this Request because it is vague, overbroad, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). JW objects to the Request as vague because it is unclear what is meant by the phrase "had access to Freeman's Jackson Walker email account." Further, the Request is overly broad and seeks irrelevant information because it seeks Documents "discussing" any persons who had such access. JW will limit this Request to seek emails from Ms. Freeman requesting that any person be given access to her email account.

**RESPONSE:** JW has been unable to locate any responsive Documents, as limited above, after a good faith reasonable search.

**REQUEST NO. 64: Documents evidencing when Freeman's Jackson Walker email account was closed/terminated.**

**OBJECTIONS:** JW objects to this Request because it is vague, overly broad, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under

Federal Rule of Civil Procedure 26(b)(1). JW objects to the Request as vague because it is unclear what is meant by "closed/terminated." JW will interpret this Request to seek Documents showing when Ms. Freeman's access to her efreeman@jw.com email account was revoked upon her departure from JW. The Request is also overly broad and disproportionate to the needs of these proceedings because the timing of Ms. Freeman's email access being revoked upon her departure from JW is not relevant to the claims or defenses in these proceedings.

**RESPONSE:** Subject to the above, before the close of discovery JW will produce Documents sufficient to show the date and time that Ms. Freeman's access to her efreeman@jw.com email account was revoked upon her departure from JW.

**REQUEST NO. 65: Documents evidencing the effective dates of Jackson Walker's Attorney Sourcebook's version history during the Applicable Period.**

**OBJECTIONS:** JW objects to this Request because it is vague, overly broad, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). JW objects to the Request as vague because it is unclear what is meant by the phrase "the effective dates of Jackson Walker's Attorney Sourcebook's version history." The Request is also overbroad and seeks irrelevant information because the version history of the JW Attorney Sourcebook is entirely irrelevant to the claims and defenses asserted in these proceedings.

**RESPONSE:** For the reasons stated above, JW will not produce Documents responsive to this Request.

**REQUEST NO. 66: Jackson Walker's Attorney Sourcebook version 9 sections: II(A-C), (E-F), and (I); IV(O) & (U); and XX, and all corresponding sections if the Attorney Sourcebook was updated during the Applicable Period.**

**OBJECTIONS:** JW objects to this Request because it seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request is objectionable because Attorney Sourcebook sections II(A-C) and II(E-F), which discuss the roles of various JW firm committees, and II(I), which addresses only the roles of senior partner and partner emeritus, are entirely unrelated to the claims and defenses asserted. Similarly, Section IV(U), which is JW's anti-bribery policy, is entirely unrelated to any of the issues in these actions. Likewise, Attorney Sourcebook section IV(O) and XX do not contain relevant information.

**RESPONSE:** For the reasons stated above, JW will not produce Documents responsive to this Request.

**REQUEST NO. 67: Documents constituting or comprising the office layout seating chart for Jackson Walker's Houston office during the Applicable Period, and all amended seating charts during this period.**

**OBJECTIONS:** JW objects to this Request because it seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). JW also objects to the Request as vague because it is unclear what is meant by the phrase "seating chart." In particular, the office assignments of JW attorneys are entirely untethered to any of the claims or defenses asserted in these actions and the production of an office seating chart is clearly not calculated to lead to the discovery of admissible evidence.

**RESPONSE:** For the reasons stated above, JW will not produce Documents responsive to this Request.

**REQUEST NO. 68: Documents constituting, comprising, or discussing expense reports or requests for reimbursement from Freeman submitted to Jackson Walker, whether or not the expense was related to a case during the Applicable Period.**

**OBJECTIONS:** JW objects to this Request because it is overly broad and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request is overbroad and unduly burdensome because, as written, it seeks the production of any Document "constituting, comprising, or discussing" any expense reports or reimbursement requests submitted by Ms. Freeman regardless of whether they were ultimately charged to the client or had anything at all to do with the Relevant Cases. Moreover, JW objects to this Request as duplicative of Request No. 10.

**RESPONSE:** JW has already produced expense reports or requests for reimbursement from Freeman submitted to JW in the Relevant Cases. For the reasons stated above, JW will not produce additional Documents responsive to this Request.

**REQUEST NO. 69:  Documents constituting, comprising, or discussing how Jackson Walker computed Freeman's salary, draws, and bonuses during the Applicable Period.**

**OBJECTIONS:** JW objects to this Request because it is overly broad and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request is overbroad and unduly burdensome because the mechanics of "how Jackson Walker computed Freeman's salary, draws, and bonuses" have no bearing at all on any of the issues in these actions. Moreover, JW has already produced documents sufficient to show Ms. Freeman's compensation and bonus amounts for each year she was employed at JW.

**RESPONSE:** For the reasons stated above, JW will not produce Documents responsive to this Request.

**REQUEST NO. 70:  Provide the list of potential parties in interest produced to Jackson Walker in the Relevant Cases.  These are the lists provided by lead counsel or financial advisors for purposes of performing conflicts checks.**

8

**OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, the Request is objectionable because it seeks documents relating to all potential parties in interest, when the only potential party in interest that would conceivably be relevant is former Judge Jones. JW further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine and/or mediation privileges. JW further objects to the phrase "produced to Jackson Walker" as vague. JW also objects to this Request to the extent that such information is part of and included in retention applications filed in the Relevant Cases, which are equally accessible to the U.S. Trustee and publicly available.

**RESPONSE:** Because such information is publicly available, JW will not produce Documents responsive to this Request.

**REQUEST NO. 71**: **Any partnership agreement(s) or governing document(s) that controlled Jackson Walker as of January 1, 2018.**

**OBJECTIONS:** JW objects to this Request because it seeks information that is both irrelevant to any party's claim or defense and is not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, JW's Partnership Agreement—which governs the relationship between all JW partners—is both irrelevant and contains highly confidential information. JW further objects to the phrase "governing document(s)" as vague.

**RESPONSE:** Subject to the above, as per the ongoing discussions between the U.S. Trustee and JW, JW will produce a copy of its Partnership Agreement solely to the U.S. Trustee and his counsel after entry of a mutually agreeable protective order.

**REQUEST NO. 72**: **Any amended partnership agreement(s) or governing document(s) that controlled Jackson Walker that were enacted between January 1, 2018, and December 31, 2022.**

**OBJECTIONS:** JW objects to this Request because it seeks information that is both irrelevant to any party's claim or defense and is not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, JW's Partnership Agreement—which governs the relationship between all JW partners—is both irrelevant and contains highly confidential information. JW further objects to the phrases "governing document(s)" and "were enacted" as vague.

**RESPONSE:** Subject to the above, as per the ongoing discussions between the U.S. Trustee and JW, JW will produce a copy of its Partnership Agreement solely to the U.S. Trustee and his counsel after entry of a mutually agreeable protective order.

**REQUEST NO. 73**: **If different from Request Nos. 71 and 72, any other documents that governed the relationship between Jackson Walker and its income partners or equity partners in effect between January 1, 2018, and December 31, 2022, including documents**

that established such partners' authority to bind Jackson Walker.

> **OBJECTIONS:** JW objects to this Request because it seeks information that is both irrelevant to any party's claim or defense and is not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, JW's Partnership Agreement—which governs the relationship between all JW partners—is both irrelevant and contains highly confidential information. JW further objects to the phrase "documents that established such partners' authority to bind Jackson Walker" as vague.

> **RESPONSE:** Subject to the above, as per the ongoing discussions between the U.S. Trustee and JW, JW will produce a copy of its Partnership Agreement solely to the U.S. Trustee and his counsel after entry of a mutually agreeable protective order.

**REQUEST NO. 74**: **Any documents showing Jackson Walker's approval or consent of Freeman's admission as an income partner**.

> **OBJECTIONS:** JW objects to this Request as overbroad because it seeks any Documents in any way relating to JW's "approval or consent" to Ms. Freeman's hiring over six years ago, regardless of whether such Documents relate in any way to former Judge Jones or the Relationship. JW further objects to this Request as duplicative of Request No. 11. JW further objects to the phrase "admission as an income partner" as vague.

> **RESPONSE:** JW has already produced the offer letter sent to Ms. Freeman and a complete copy of her Lateral Partner Questionnaire, along with any other nonprivileged Documents relating to Ms. Freeman's hiring located after a good faith reasonable search. JW has not located any additional responsive Documents.

**REQUEST NO. 75**:   **The agreement between Jackson Walker and Freeman admitting Freeman as an income partner and any related documents.**

> **OBJECTIONS:** JW objects to this Request because it seeks information that is both irrelevant to any party's claim or defense and is not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). JW also objects to this Request as duplicative of Request No. 11 and Request No. 74. JW further objects to the phrase "admitting . . . as an income partner" as vague.

> **RESPONSE:** JW has already produced the offer letter sent to Ms. Freeman. Other than the Partnership Agreement, which governs all partners, there is no agreement solely between Jackson Walker and Ms. Freeman admitting her as an income partner.

**REQUEST NO. 76**: **Any documents showing Jackson Walker's approval or consent of Freeman's admission as an equity partner and any related documents.**

> **OBJECTIONS:** JW objects to this Request because it is overbroad, unduly burdensome, and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery

permissible under Federal Rule of Civil Procedure 26(b)(l). Specifically, the Request is overbroad and unduly burdensome because it seeks all documents relating to the JW partnership's approval of Ms. Freeman's promotion to equity partner regardless of their relevance (or lack thereof) to the U.S. Trustee's allegations raised in the Relevant Cases. JW further objects to this Request as duplicative of Request No. 13.

**RESPONSE:** JW has already produced the memorandum recommending that the JW equity partners vote in favor of Ms. Freeman's promotion to equity partner. JW will not produce additional Documents responsive to this Request.

**REQUEST NO. 77**:  **The agreement between Jackson Walker and Freeman admitting Freeman as an equity partner and any related documents**.

**OBJECTIONS:** JW objects to this Request because it seeks information that is both irrelevant to any party's claim or defense and is not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, JW's Partnership Agreement—which governs the relationship between all JW partners—is both irrelevant and contains highly confidential information.

**RESPONSE:** Other than the Partnership Agreement, which governs all partners, there is no agreement solely between Jackson Walker and Ms. Freeman admitting her as an equity partner. Subject to the above, as per the ongoing discussions between the U.S. Trustee and JW, JW will produce a copy of its Partnership Agreement solely to the U.S. Trustee and his counsel after entry of a mutually agreeable protective order.

**REQUEST NO. 78**:  **Any document explaining Freemans' compensation structure, including, but not limited to, Freeman's annual salary, how she would be compensated based on originations, and how she would be compensated based on the Bankruptcy Practice Group's performance, and how she might share in Jackson Walker's overall profits.**

**OBJECTIONS**: JW objects to this Request because it is overbroad and seeks information that is both irrelevant to any party's claim or defense and not proportional to the needs of these proceedings, and thus is beyond the scope of discovery permissible under Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request is objectionable because Ms. Freeman's "compensation structure" is not related to any of the U.S. Trustee's allegations against JW. Moreover, JW has already produced documents sufficient to show Ms. Freeman's compensation and bonus amounts for each year she was employed at JW.

**RESPONSE:** For the reasons stated above, JW will not produce Documents responsive to this Request.

**REQUEST NO. 79**:  **Any documents you contend show that the United States Trustee had actual knowledge of the Relationship prior to October 6, 2023.**

**OBJECTIONS:** JW objects to this Request because any responsive Documents would be in the U.S. Trustee's possession, custody, or control and, as such, are more easily accessible to the U.S. Trustee.

**RESPONSE:** For the reasons stated above, JW will not produce Documents responsive to this Request.

*[Remainder of Page Intentionally Left Blank]*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of *Jackson Walker LLP's Responses and Objections to the U.S. Trustee's Third Request for Production of Documents* was served in compliance with the Federal Rules of Civil Procedure on October 30, 2024, on the following counsel via e-mail:

**OFFICE OF THE UNITED STATES TRUSTEE, REGION 7**

Laura Steele (Laura.Steele@usdoj.gov)
Millie Aponte Sall (Millie.sall@usdoj.gov)
Aubrey L. Thomas (Aubrey.thomas@usdoj.gov)
Vianey Garza (Vianey.Garza@usdoj.gov)
Alicia Barcomb (Alicia.Barcomb@usdoj.gov)

*/s/ Emily D. Wolf*_____
Emily D. Wolf

**EXHIBIT**

**7**

**From:** Emily Wolf <emily.wolf@nortonrosefulbright.com>
**Sent:** Friday, November 1, 2024 11:41 AM
**To:** Steele, Laura (USTP) <Laura.Steele@usdoj.gov>; Garza, Vianey (USTP)
<Vianey.Garza@usdoj.gov>; Barcomb, Alicia (USTP) <Alicia.Barcomb@usdoj.gov>; Sall, Millie
(USTP) <Millie.Sall@usdoj.gov>; Epstein, Kevin M. (USTP) <Kevin.M.Epstein@usdoj.gov>; Toth,
Jennifer R. (USTP) <Jennifer.R.Toth@usdoj.gov>; Stephen Lemmon <lemmon@slollp.com>;
Eisenberg, Philip <peisenberg@lockelord.com>; Mayer, Simon <Simon.Mayer@lockelord.com>;
King, Marshall R. <MKing@gibsondunn.com>
**Cc:** Maria Mokrzycka <maria.mokrzycka@nortonrosefulbright.com>; Paul Trahan
<paul.trahan@nortonrosefulbright.com>; Jason L. Boland
<jason.boland@nortonrosefulbright.com>; William Greendyke
<william.greendyke@nortonrosefulbright.com>; rhardin <rhardin@rustyhardin.com>; Leah
Graham <lgraham@rustyhardin.com>; Emily Smith <esmith@rustyhardin.com>;
jbrevorka@rustyhardin.com; Julie Goodrich Harrison <julie.harrison@nortonrosefulbright.com>
**Subject:** [EXTERNAL] Case No. 23-00645 (EVR); In re: Professional Fee Matters Concerning the
Jackson Walker Law Firm - document production

Counsel,

Additional documents have been added to our FTP site. The instructions for accessing them are
as follows:

Go to https://fjftp.fulbright.com
Enter the following:

- User ID: █████
- Password: *will be provided separately*

Thanks,
Emily

**Emily Wolf** | Senior Associate
*Pronouns: she / her / hers*
Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100, Austin, Texas  78701-4255, United States
Tel +1 512 536 5242 | Fax +1 512 536 4598
emily.wolf@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
[nortonrosefulbright.com](nortonrosefulbright.com)

This email message and any attachments are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure, copying or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to [nrfus.postmaster@nortonrosefulbright.com](nrfus.postmaster@nortonrosefulbright.com).

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.



**From:** Steele, Laura (USTP)
**Sent:** Friday, November 1, 2024 11:36 AM
**To:** Steele, Laura (USTP); Barcomb, Alicia (USTP); Emily Wolf; esmith; Garza, Vianey (USTP); Jason L. Boland; Jennifer (Jenny) Brevorka; Julie Goodrich Harrison; Leah Graham; Maria Mokrzycka; Paul Trahan; Rusty Hardin; Toth, Jennifer R. (USTP); William Greendyke
**Cc:** Rofael, Elvina (USTP); Charboneau, Joel (USTP); Thill, Brian P. (USTP)
**Subject:** UST/JW meet and confer re Confidentiality Designations
**When:** Friday, November 1, 2024 1:00 PM-1:30 PM (UTC-06:00) Central Time (US & Canada).
**Where:** Microsoft Teams Meeting

1. JW Confidentiality Designations
2. JW Amended privilege log
3. JW tardy production of documents

---

**Microsoft Teams** Need help?
**Join the meeting now**
Meeting ID: ███████████████
Passcode: ██████

---

**Dial in by phone**
+1 202-235-7900,█████████ United States, Non Geographic
Find a local number
Phone conference ID: ████████
For organizers: Meeting options | Reset dial-in PIN

---