United States Bankruptcy Court
Southern District of Texas

**ENTERED**

November 13, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-645** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |

## <u>MEMORANDUM OPINION</u>

As a matter of first impression before this Court, Mr. Kevin M. Epstein, United States Trustee Region 7, Southern and Western Districts of Texas, (the "*United States Trustee*") has asked this Court to quash subpoenas (the "*Subpoenas*") issued to him, as well as to Ms. Millie Sall, the Assistant United States Trustee, Mr. Hector Duran, Trial Attorney for the United States Trustee, Mr. Stephen Statham, Trial Attorney for the United States Trustee, and Mr. Henry Hobbs, former United States Trustee for the Austin Texas office and former Acting United States Trustee for Region 7 (collectively "*USTP Personnel*") pursuant to the "apex doctrine" or its government equivalent. Alternatively, the United States Trustee moves to quash these subpoenas since the testimony sought would allegedly be irrelevant to any claim or defense, cumulative, and privileged, or to limit any depositions pursuant to Federal Rule of Civil Procedure ("*Rule*") 26(c)(1) or the *Tuohy* Doctrine. Jackson Walker, LLP ("*Jackson Walker*") objects to the relief.

On Tuesday, October 8, 2024, the Court conducted a hearing and permitted the depositions of Mr. Hector Duran and Mr. Stephen Statham, finding that the United States Trustee withdrew his objection to those individuals at the October 8, 2024, hearing. The Court also ordered briefing on two issues, to wit: (1) whether the United States Trustee is a high-ranking official and (2) whether any *Tuohy* regulations were appliable to this proceeding when the United States Trustee is the plaintiff. The Court having reviewed the pleadings, the briefs, and all applicable law and

sustains Jackson Walker's objection and denies "United States Trustee's Expedited Motion to Quash Subpoenas" (the "*Motion to Quash*").

## I.    FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052.  To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such.  To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such.  This Court made certain oral findings and conclusions on the record.  This Memorandum Opinion supplements those findings and conclusions.  If there is an inconsistency, this Memorandum Opinion controls.

### A.  Background

1.  For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Background Facts in this Court's August 24, 2024 Memorandum Opinion.[1]

2.  On December 9, 2023, the undersigned commenced *In re Professional Fee Matters Concerning the Jackson Walker Law Firm* Case No. 23-645 (the "*Miscellaneous Proceeding*").  The Miscellaneous Proceeding serves the purpose of addressing the following:  "United States Trustee's Motion For (1) Relief From Judgment Pursuant To Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving The Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief" in sixteen (16) contested matters[2]; and the "United States Trustee's Amended and Supplemental Motion For (1) Relief From Judgment Pursuant To Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving The Retention and Compensation Applications of Jackson Walker LLP, (herein

---

[1] ECF No. 291.

[2] *See* 18-30155 EXCO Resources, Inc., ECF No 2358; 19-32112 Jones Energy, Inc., ECF No. 282; 19-34508 Sanchez Energy Corporation, ECF No. 2930; 20-30336 McDermott International, Inc., ECF No. 1141; 20-31886 Sheridan Production Partners, I-A, LP., ECF No. 10; 20-32680 Energy Services Puerto Rico, LLC, ECF No. 13; 20-33233 Chesapeake Energy Corporation, ECF No. 4514; 20-33295 Covia Holdings Corporation, ECF No. 1477; 20-33812 Denbury Holdings, Inc., ECF No. 14; 20-33916 TMW Merchants LLC, ECF No. 255; 20-34500 IQor Holdings Inc., ECF No. 326; 20-50082 Volusion, LLC, ECF No. 337; 22-90002 Seadrill Member LLC, ECF No. 11; 22-90126 LaForta - Gestao E Investmentos, ECF No. 311; 22-90129 Altera Infrastructure Project Services LLC, ECF No. 96; 23-90055 Auto Plus Auto Sales, LLC, ECF No. 50

"Jackson Walker") (2) Sanctions, and (3) Related Relief" in sixteen (16)[3] contested matters for a total of thirty-two (32) contested matters, ("the "*Rule 60 Motions*"), (together the "*Affected Cases*").

3. On September 25, 2024, the United States Trustee filed "The United States Trustee's Expedited Motion To Quash Subpoenas"[4] (the "*Motion to Quash*").

4. On October 7, 2024, Jackson Walker, LLP ("*Jackson Walker*") filed its "Jackson Walker LLP's Objection to the United States Trustee's Expedited Motion to Quash Subpoenas"[5] (the "*Objection*").

5. On Tuesday, October 8, 2024, the Court held a hearing and ordered the depositions of Mr. Hector Duran and Mr. Stephen Statham to take place.

6. The Court then ordered briefing on the following issues: (1) whether the DOJ's *Touhy* Regulations apply in the Fifth Circuit; and (2) whether the apex doctrine applies to the U.S. Trustee in the Fifth Circuit.

7. On October 15, 2024, Jackson Walker, and the United States Trustee both filed their briefs, and the Court now issues its instant Memorandum Opinion.

## II.   CONCLUSIONS OF LAW

### A.  Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[6] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[7] This court determines that pursuant to 28 U.S.C.

---

[3] *See* 18-35672 Westmoreland Coal Company, ECF No. 3377; 20-20184 JC Penney Company Direct Marketing Services LLC, ECF No. 1351; 20-32021 Whiting Petroleum Corporation, ECF No. 1465; 20-32519 Neiman Marcus Group LTD LLC, ECF No. 3224; 20-32564 Stage Stores, Inc., ECF No. 1241; 20-33302 Covia Finance Company, LLC, ECF No. 235; 20-34758 Tug Robert J. Bouchard Corporation, ECF No. 381; 20-35561 Mule Sky LLC, ECF No. 1089; 20-35740 Seadrill Partners LLC, ECF No. 877; 21-30427 Seadrill Limited, ECF No. 1621; 21-30936 Brilliant Energy, LLC, ECF No. 284; 21-31861 Katerra Inc., ECF No. 2093; 21-90002 Basic Energy Services Inc., ECF No. 1791; 21- 90054 Strike, LLC., ECF No. 1540; 22-50009 4E Brands Northamerica LLC., ECF No. 645; 22-90018 Sungard AS New Holdings, LLC. ECF No. 1043.
[4] ECF No. 350.
[5] ECF No. 386.
[6] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[7] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

§ 157(b)(2)(A) and (O) this proceeding contains core matters, as it primarily involves proceedings concerning the administration of the various estates in the Affected Cases.[8] This proceeding is also core under the general "catch-all" language because such a suit is the type of proceeding that can only arise in the context of a bankruptcy case.[9]

This Court may only hear a case in which venue is proper.[10] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The Debtors of this Miscellaneous Proceeding have filed their bankruptcy cases in the Southern District of Texas and therefore, venue of this proceeding is proper.

**B. Constitutional Authority to Enter a Final Order**

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[11] The determination of a pending discovery dispute pursuant to Federal Rule of Civil Procedure 26 pending before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[12] Thus, this Court wields the constitutional authority to enter a final order here.

---

[8] *See* 11 U.S.C. § 157(b)(2)(A) & (O).

[9] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).

[10] 28 U.S.C. § 1408.

[11] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).

[12] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against

### III.   ANALYSIS

#### A.  The United States Trustee's Motion to Quash

In the Motion to Quash, the United States Trustee asserts five arguments as to why this Court should quash the Subpoenas, to wit: (1) the subpoena issued to the United States Trustee should be quashed under the "apex doctrine" or its government equivalent, which requires extraordinary circumstances to justify the deposition of high-ranking government officials;[13] (2) the United States Trustee's knowledge regarding the undisclosed, intimate, years-long, and household relationship between former Judge David Jones and Elizabeth Freeman (the "*Relationship*") is irrelevant; (3) the Subpoenas seek cumulative testimony as the United States Trustee has already stated under oath that, to the best of his knowledge, neither he, the former Acting United States Trustee, nor any current or former Region 7 employee had actual knowledge of the Relationship before it was reported publicly on October 6, 2023; (4) the subpoenas should be quashed for the additional reason that the USTP Personnel are all attorneys, and thus the majority of information sought would be protected under the attorney-client privilege, the attorney work-product doctrine, or the deliberative process doctrine; and (5) alternatively the United States Trustee asks the Court to place reasonable limits on the discovery sought to avoid what appears to be a fishing expedition into the internal investigative process and mental impressions of the USTP, or place limits on the scope of Jackson Walker's questions pursuant to the *Tuohy* Doctrine.[14] The Court will consider each in turn.

#### 1.  Whether the Subpoenas should be Quashed under the Morgan or "apex-doctrine"

---

the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[13] *See United States v. 11,950 Acres of Land (In re FDIC)*, 58 F.3d 1055, 1060 (5th Cir. 1995).

[14] ECF No. 350 at 2-3.

The United States Trustee asserts that the subpoena issued to the United States Trustee should be quashed under the "apex doctrine" because the United States Trustee has a high-ranking status.[15]

"The Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged."[16] Limiting or denying such testimony is referred to as the *Morgan* Doctrine or "apex doctrine," originating from the Supreme Court's decision in *United States v. Morgan*, where the Court held that testimony elicited from the Secretary of Agriculture regarding their decision-making process in an administrative proceeding resembling a judicial proceeding.[17] In the Fifth Circuit, federal courts are not bound by the Texas state law standard known as the "apex doctrine."[18] However, the Fifth Circuit teaches that "exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted."[19] Before requiring such "apex" testimony, courts must consider: (1) the deponent's high-ranking status; (2) the substantive reasons for the deposition; and (3) the potential burden the deposition would impose on the deponent.[20] The United States Trustee and Jackson Walker disagree as to whether this doctrine is applicable to the United States Trustee, and therefore, the Court must first determine if the United States Trustee qualifies as a high ranking agency official subject to this doctrine.

### A. The High-Ranking Status of the United States Trustee

The United States Trustee asserts that his status supports the application of the "apex" doctrine.[21]

---

[15] ECF No. 350 at 7.

[16] *United States v. 11,950 Acres of Land* (*In re FDIC*), 58 F.3d 1055, 1060 (5th Cir. 1995) (quotation omitted).

[17] 313 U.S. 409, 422 (1941).

[18] *Henry v. City of Sherman, Tex.*, Case No. 4:17-CV-00313, 2018 WL 624741, at *1 (E.D. Tex. Jan. 30, 2018) (recognizing that "there may not be a federal apex doctrine") (citation omitted).

[19] *In re Off. of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 278 (5th Cir. 1991) (per curiam).

[20] *In re Paxton*, 60 F.4th 252, 258 (5th Cir. 2023); *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *see also In re Bryant*, 745 F. App'x 215, 218 n.2 (5th Cir. 2018) (per curiam).

[21] ECF No. 474 at 7.

The United States Trustee is appointed by the United States Attorney General to oversee the administration of bankruptcy cases under 28 U.S.C. § 586 and 11 U.S.C. § 101, et seq.[22] The United States Trustee here, has broad administrative, regulatory, litigation, and enforcement authority and responsibility to promote the integrity and efficiency of the bankruptcy system for the benefit of all stakeholders—debtors, creditors, and the public—in every bankruptcy case pending in the State of Texas.[23] Accordingly, because the United States Trustee has this breadth and depth of authority and responsibility, is compensated at Executive Level IV of the Executive Schedules set forth in 5 U.S.C. § 5315, and because the Department of Justice issued a press release upon his appointment, the United States Trustee asserts that he qualifies as a "high-ranking official" under the "apex doctrine."[24]

Jackson Walker asserts that the United States Trustee is not a sufficiently high-ranking government official, because the hierarchy of the Department of Justice indicates that the United States Trustee holds limited regional authority compared to the authority of the Executive Office for United States Trustees (the "*EOUST*") and the greater Department of Justice bureaucracy.[25] Specifically, Jackson Walker asserts that the United States Trustee has medium management responsibilities, as there are two levels above the United States Trustee, first, Ms. Tara Twomey, as the Director of the EOUST, and then Mr. Michael Bujold, as the Deputy Director of Field Operations, who oversees twenty-one regional U.S. Trustees, including the United States Trustee.[26] As a component of the Department of Justice, Jackson Walker further contends that

---

[22] 28 U.S.C. § 586.
[23] ECF No. 474 at 8-10.
[24] *Id.*
[25] ECF No. 474 at 4-5.
[26] *Id.*

beyond the EOUST, the higher ranking officials would be the Attorney General, the Deputy Attorney General, and then the Associate Attorney General who oversee even the EOUST.[27]

The Court has "very wide discretion" in managing discovery, and that wide discretion extends to decisions involving the deposition of high-level government officials.[28] The determination of whether a government official is sufficiently high-ranking to warrant protection from depositions is made on a case-by-case basis.[29] It is generally accepted that "heads of government agencies" are covered by the *Morgan* or "apex" doctrine.[30]

In *Florida v. United States*, the court declined to apply the "apex doctrine" to an official who oversaw a division of U.S. Immigration and Customs Enforcement ("*ICE*"), a component of the Department of Homeland Security, noting that the official was "several tiers below the cabinet-level official (the Secretary of Homeland Security) and the component head (the Director of ICE)."[31] While the official supervised a division of ICE that had eight thousand employees, and had responsibility for the day-to-day operations of the United States' internal immigration enforcement efforts, the court held that the "apex" doctrine should be applied to "government officials who are at the pinnacle —or very near the pinnacle—of an agency."[32] The court further opined that it "finds it hard to believe that when the Supreme Court announced in *Morgan* that a cabinet secretary should not have been deposed, it contemplated its decision morphing into a rule

---

[27] *Id.*

[28] *Bolden v. FEMA*, No. 06-4171, 2008 U.S. Dist. LEXIS 12013, 2008 WL 482727, at *1 (E.D. La. Feb. 19, 2008).

[29] *Florida v. United States*, 625 F. Supp. 3d 1242, 1246 (N.D. Fla. 2022) (citing *Odom v. Roberts*, 337 F.R.D. 359, 364 (N. D. Fla. 2020); *United States v. Newman*, 531 F. Supp. 181, 188 (D.D.C. 2021); *S.L. ex rel. Lenderman v. St. Louis Metro. Police Dep't Bd. of Comm'rs*, No. 4:10-CV-2163, 2011 U.S. Dist. LEXIS 53956, 2011 WL 1899211, at *2 (E.D. Mo. May 19, 2011)).

[30] *See Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) (affirming order preventing oral deposition of the Administrator of the Small Business Administration); *see also Sykes v. Brown*, 90 F.R.D. 77, 78 (E.D. Pa. 1981) (stating "heads of Government agencies are not normally subject to deposition").

[31] *Florida v. United States*, 625 F. Supp. 3d 1242, 1247 (N.D. Fla. 2022).

[32] *Id.*; *see also SEC v. Comm. on Ways and Means of the U.S. House of Reps.*, 161 F. Supp. 3d 199, 250 (S.D.N.Y. 2015); see also Thomas, 715 F. Supp. 2d at 1050 (finding that state official was not sufficiently high ranking because there were several layers in the chain of command between the official and the agency Secretary).

that would shield scores of government employees from being deposed."[33] The Court agrees, and notes that there are at least nineteen other employees at the United States Trustee's level alone,[34] more than four times the number of the ICE officials in the *Florida* decision.[35]

Accordingly, the Court finds that the United States Trustee is not of sufficiently high-ranking status to warrant defeating the requested deposition under the *Morgan* doctrine. While the United States Trustee certainly has an important job with significant responsibility, holding a government position with significant responsibility alone is not the standard to employ the exception to the general rule that parties are entitled to depositions.[36]

Nevertheless, even if the United States Trustee was a high-ranking official for purposes of the *Morgan* doctrine, the substantive reasons for the deposition; and the potential burden the deposition would impose on the deponent both favor the deposition of the United States Trustee.[37] The Fifth Circuit teaches that the rationale for limiting apex testimony to exceptional circumstances is because high-ranking officials are often drawn into lawsuits, and they cannot perform their duties "if they are not personally shielded from the burdens of litigation."[38] The Fifth Circuit further opines that "[w]here it can, apex testimony is justified only in the 'rarest of cases.'"[39]

The case at bar certainly qualifies as a rare case where such testimony would be justified. As Jackson Walker asserts, whether or not the United States Trustee had knowledge of the

---

[33] *Florida*, 625 F. Supp. 3d at 1248.
[34] *See* 28 U.S.C. § 581(a).
[35] *Florida*, 625 F. Supp. 3d at 1248.
[36] *Id.*
[37] *In re Paxton*, 60 F.4th 252, 258 (5th Cir. 2023); *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *see also In re Bryant*, 745 F. App'x 215, 218 n.2 (5th Cir. 2018) (per curiam).
[38] *In re Paxton*, 60 F.4th at 258; (citing *In re Bryant*, 745 F. App'x at 220-21; *see also In re Stone*, 986 F.2d 898, 904 (5th Cir. 1993) (per curiam) ("Obviously, high-ranking officials of cabinet agencies could never do their jobs if they could be subpoenaed for every case involving their agency.").
[39] *In re Paxton*, 60 F.4th at 258.

Relationship could reasonably impact this Court's determination of whether a "manifest injustice" or "extraordinary circumstances" exist as to the United States Trustee's Rule 60 Motions.[40] If, and only by way of example, the United States Trustee had personal knowledge of the Relationship and failed to disclose it, the United States Trustee's consistent assertions regarding transparency could be impacted.[41] The substantive reasoning behind the request to take the deposition of the United States Trustee is not grounded in futility and is not for the purpose of merely taking the deposition of a party to the proceeding, but for the purpose of discovering potentially critical information to Jackson Walker's defense.[42] Furthermore, the Court does not find this deposition is unduly burdensome, as it ties directly to the United States Trustee's personal knowledge. Finally, the United States Trustee is not being drawn into lawsuits but is instead the plaintiff of the instant Miscellaneous Proceeding; the United States Trustee cannot avoid an otherwise valid discovery request by virtue of the *Morgan* doctrine under these facts.[43] Accordingly, the Court finds that the Motion to Quash as to the *Morgan* doctrine or "apex doctrine" is denied.

The Court will next consider whether the United States Trustee's knowledge regarding the Relationship is relevant.

**2.   Whether the Subpoenas Should be Quashed Because They Seek Testimony Irrelevant to Any Claim or Defense**

The United States Trustee asserts that the subpoenas to the USTP Personnel should also be quashed, because Jackson Walker seeks testimony and additional documents that are not relevant to the amended Rule 60 Motions or any possible defense.[44]

---

[40] ECF No. 386 at 7-8.

[41] *Id.*

[42] *United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005) (Rule 60(b)(6) authorizes a court to relieve a party from a final judgment for "any…reason justifying relief" other than a ground covered by clauses (b)(1) through (b)(5) of the rule. 14 Relief under this section, however, is appropriate only in an "extraordinary situation" or "if extraordinary circumstances are present.") (internal citations omitted).

[43] *See generally Florida*, 625 F. Supp. 3d at 1246.

[44] ECF No. 350 at 11.

A party may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[45]  Here, the Court has previously found that only the actual knowledge of the United States Trustee is discoverable.[46] The United States Trustee asserts that no USTP Personnel had actual knowledge about the Relationship, and even if they did, such knowledge would not "absolve Jackson Walker from any wrongdoing alleged in the United States Trustee's Rule 60 Motions."[47]

Nevertheless, as discussed *supra*, the United States Trustee's knowledge could reasonably impact this Court's determination of whether a "manifest injustice" or "extraordinary circumstances" exist as to the United States Trustee's Rule 60 Motions.[48] Accordingly, Jackson Walker is entitled to ask questions about the USTP Personnel's knowledge as it is relevant to the "manifest injustice" or "extraordinary circumstances" that must be established by the United States Trustee's Rule 60 Motions.[49] Accordingly, the Court denies the Motion to Quash as to relevance.

The Court will next consider whether the Subpoenas should be quashed because they seek cumulative information.

### 3. Whether the Subpoenas Should be Quashed because they Seek Cumulative Information

The United States Trustee next requests the Subpoenas be quashed because they seek cumulative information.[50] Specifically, the United States Trustee asserts that because he has responded to Jackson Walker's numerous document discovery requests, and that he has stated under oath that "[t]o the best of my knowledge, no current or former employee or agent of the

---

[45] FED. R. CIV. P. 26(b)(1).
[46] *See* ECF No. 305.
[47] ECF No. 350 at 12.
[48] *See United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005).
[49] *See id.*; *see also* FED. R. CIV. P. 60(b)(6).
[50] ECF No. 350 at 12.

United States Trustee's Office, Region 7, had actual knowledge of the Freeman Jones Relationship

from January 1, 2018, through and including September 30, 2023," (the "*Interrogatory Response*")

any other information sought would be cumulative.[51]

Rule 26(b)(2)(C) provides that the "court must limit the frequency or extent of discovery

otherwise allowed by these rules or by local rule if it determines that… the discovery sought is

unreasonably cumulative or duplicative…."[52] "[R]elevant evidence may be excluded if it is a

needless presentation of cumulative evidence."[53]

The Court finds the Interrogatory Response is wholly insufficient to conclusively prohibit

Jackson Walker from asking questions to the United States Trustee or USTP Personnel on the basis

that such questions would be cumulative.[54] Jackson Walker is entitled to test the answer set forth

in the Interrogatory Response and inquire about what personnel knowledge USTP Personnel and

the United States Trustee may or may not have regarding the Relationship.[55] Accordingly, the

Court denies the Motion to Quash on the basis that the Subpoenas are unreasonably cumulative.

The Court will next consider whether the Subpoenas should be quashed because they seek

privileged information and testimony.

### 4. Whether the Subpoenas Should be Quashed because they Seek Privileged Documents and Testimony from Government Attorneys

The United States Trustee next asserts that the Subpoenas should be quashed because they

seek testimony, documents, and communications about pending litigation and prior bankruptcy

---

[51] ECF No. 350 at 12-13.
[52] FED. R. CIV. P. 26(b)(2)(C).
[53] *United States v. Edwards*, 702 F.2d 529, 530 (5th Cir. 1983).
[54] ECF No. 350 at 12-13.
[55] *See Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party . . . ." *See Enron Corp. Savings Plan*, 258 F.R.D. at 159 (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). At the discovery stage, the "threshold for relevance . . . is lower than at the trial stage." *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011).

matters.[56] Furthermore, the United States Trustee asserts that the Subpoenas should be quashed because Jackson Walker seeks testimony of opposing counsel, and circumstances do not support a deposition.[57]

As the party asserting the privilege, the United States Trustee "bears the burden of demonstrating its applicability."[58] A party "cannot rely merely on a blanket assertion of privilege."[59] However, the Fifth Circuit has noted that "depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances."[60] Factors considered in defining the limited circumstances include (1) there are no other means to obtain information sought, (2) the information sought is relevant and non-privileged, and (3) the information sought is crucial to preparation of the case (the "*Shelton Factors*").[61]

To the extent that information requested by Jackson Walker from the United States Trustee or USTP Personnel is privileged, Rule 30(c)(2) provides the mechanism for asserting the privilege during the depositions.[62] The Fifth Circuit has made clear that "[t]he attorney-client privilege…is not a broad rule of law which interposes a blanket ban on the testimony of an attorney."[63] Rather, the privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."[64] And, more importantly, the privilege "does not

---

[56] ECF No. 350 at 13.
[57] ECF No. 350 at 14.
[58] *See In re Sante Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).
[59] *See Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 160 (S.D. Tex. 2009) (citation omitted).
[60] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Gould Inc. v. Mitsui Min. & Smelting Co., Ltd.*, 825 F.2d 676, 680 (2d Cir. 1987)).
[61] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) (citing with approval *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)).
[62] FED. R. CIV. P. 30(c)(2).
[63] *United States v. Pipkins*, 528 F.2d 559, 562-63 (5th Cir. 1976).
[64] *Fisher v. United States*, 425 U.S. 391, 403 (1976) (citations omitted).

embrace everything that arises out of the existence of an attorney-client relationship."[65] A sweeping assertion of privilege is insufficient to quash these Subpoenas.

As to the *Shelton* factors, while general information regarding the Relationship can be discovered by other sources, personal knowledge that the USTP Personnel may have by virtue of their experience practicing before Former Judge Jones, or by attending social events, cannot. Jackson Walker is entitled to know this information if it exists, and as such, the first factor supports the deposition of the USTP Personnel. The second and third factors also strongly support these depositions, as information relating to the Relationship is highly relevant and not privileged, and the information is crucial to Jackson Walker's presentation of its case and defenses.[66] Accordingly, the Court denies the Motion to Quash on the basis that the Subpoenas seek testimony, documents, and communications about pending litigation and prior bankruptcy matters, and are directed to opposing counsel.

The Court will next consider whether the Subpoenas should be limited pursuant to Rule 26(c)(1) and the *Tuohy* Doctrine.

### 5. Whether the Discovery Sought Should be Limited pursuant to Rule 26(c)(1) and the *Tuohy* Doctrine

The United States Trustee requests, as an alternative to quashing the Subpoenas, that the Court limit the Subpoenas pursuant to Rule 26(c)(1) to avoid issues relating to "attorney-client privilege, work-product, and deliberative process issues."[67] Furthermore, the United States Trustee requests that this Court limit Jackson Walker's permissible topics and questions to those enumerated by its Subpoenas, pursuant to the *Tuohy* Doctrine.[68]

---

[65] *Pipkins*, 528 F.2d at 563.
[66] FED. R. EVID. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action").
[67] ECF No. 350 at 16.
[68] Courtroom Hearing – October 9, 2024 (Closing argument).

As a preliminary matter, the United States Trustee's first request is cured by Rule 30(c)(2).[69] The United States Trustee and other USTP Personnel are permitted under this rule to not answer when necessary to preserve privileges.[70] As such, the Court finds this request is without merit and will next consider whether the *Tuohy* Doctrine supports limitations of testimony by the United States Trustee and USTP Personnel.

The United States Trustee asserts that pursuant to the *Tuohy* Doctrine, any failure of Jackson Walker to adhere to the Department of Justice's *Tuohy* regulations should prohibit Jackson Walker from asking any questions beyond what has been noticed, during the pendency of any USTP Personnel depositions.[71] In *Touhy*, the Supreme Court held that in private litigation where the federal government or its agencies are not involved, a subordinate government official cannot be required to testify or produce documents if a departmental regulation bars such disclosure without approval from the department head.[72] However, the Supreme Court's holding in *Touhy* is applicable only in cases where the United States is not a party to the original legal proceeding.[73] With near unanimity, courts considering this issue have concluded that, when the United States is

---

[69] "An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

[70] *Id.*

[71] Courtroom Hearing – October 9, 2024 (Closing argument).

[72] *Alexander v. FBI*, 186 F.R.D. 66, 69-71 (D.D.C. 1998); *see United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468-470 (1951).

[73] *See, e.g.*, *State of Louisiana v. Sparks*, 978 F.2d 226, 234 (5th Cir. 1992) ("As the Supreme Court has long held, [*Touhy*] regulations unquestionably give Justice Department employees the authority, when so ordered by superiors, to refuse to comply with a subpoena ordering disclosure of a confidential file when the United States is not a party to a legal action.") (citing *Touhy*, 340 U.S. at 470)); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989) (considering *Touhy* and stating that "the policy behind such prohibitions on the testimony of agency employees is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business.").

a party to the litigation, the reach of disclosure-limiting *Touhy* regulations ends at the courthouse doors.[74]

The United States Trustee cites no caselaw to the contrary, and instead asserts that the Department of Justice's *Touhy* Regulations are similar to the judicial branch's *U.S. Guide to Judiciary Policy*, (the "*Judiciary Regulations*") which governs the procedures that must be followed when testimony is sought from current or former judicial branch employees.[75] While the regulations are similar, the Judiciary Regulations have been implicated in this case to resolve the testimony of non-parties, such as Former Judge David Jones.[76] Furthermore, the Judiciary Regulations are clear that the regulations "do not apply to: (1) Legal proceedings in which the federal judiciary or a court or office of the federal judiciary is a party" and, *inter alia*, "Legal proceedings, arising out of the performance of official duties by federal judicial personnel, in which federal judicial personnel are parties."[77] Accordingly, the similarities with the Judiciary Regulations support a finding that when the United States Trustee is a party, the disclosure-limiting *Tuohy* regulations are inapplicable to the government party.[78]

---

[74] *Res. Investments, Inc. v. United States*, 93 Fed. Cl. 373, 380 (2010) (citing *Young v. United States*, 181 F.R.D. 344, 347-48 (W.D. Tex. 1997) (addressing 5 C.F.R. § 2635.805); *Dean v. Veterans Admin. Reg'l Office*, 151 F.R.D. 83, 86-87 (N.D. Ohio 1993) (same); *In re Air Crash Disaster at Detroit Metro. Airport on Aug. 16, 1987*, 737 F. Supp. 399, 404-05 (E.D. Mich. 1989) (addressing the Ethics in Government Act); *United States ex rel. Roby v. Boeing Co.*, 189 F.R.D. 512, 514 (S.D. Ohio 1999) (addressing *Touhy* regulations pursuant to 5 U.S.C. § 301); *Romero v. United States*, 153 F.R.D. 649, 651 (D. Colo. 1994) (addressing 32 C.F.R. § 516.42, the predecessor to 32 C.F.R. § 516.49); *Alexander v. FBI*, 186 F.R.D. at 69-71 (addressing 5 U.S.C. § 301, and finding that "neither the federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold documents or testimony from a federal court"); *McElya v. Sterling Med., Inc.*, 129 F.R.D. 510, 514-15 (W.D. Tenn. 1990) (holding that 5 U.S.C. § 301 does not grant authority to assert an evidentiary privilege not recognized by the Federal Rules of Civil Procedure or the law of evidence)); *see also E.E.O.C. v. Los Alamos Constructors, Inc.*, 382 F. Supp. 1373, 1379-1383 (D.N.M. 1974) ("When the government or one of its agencies comes into court (with very few exceptions), it is to be treated in exactly the same way as any other litigant.").

[75] ECF No. 473 at 4.

[76] *See e.g.*, ECF No. 291; *In re Pro. Fee Matters Concerning the Jackson Walker Law Firm*, 663 B.R. 480, (Bankr. S.D. Tex. 2024).

[77] *U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8 § 810.40 Applicability (emphasis in original).

[78] *Id.*

The other authority the United States Trustee relies on to support his interpretation that the *Tuohy* regulations are applicable here is 5 U.S.C. § 301; however, as explained in *Alexander v. FBI*, "the language in 5 U.S.C. § 301 and subsequent case law clearly provide that federal agencies are not authorized to withhold documents or testimony from a federal court."[79] Such holdings are in part because when the United States is a party to litigation, "judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers."[80] The alternative would create a significant separation of powers issue which is impermissible "when the government or one of its agencies comes to court."[81] The Miscellaneous Proceeding presently before this Court is not one in which private litigants seek to drag a witness employed by the federal government or one of its agencies into court to offer some testimony on a particular party's behalf, where the rationale employed by the Supreme Court in *Tuohy* is evident.[82] This Miscellaneous proceeding was brought by the government, and as such, the United States Trustee cannot be given absolute authority to determine which testimony may be considered by the Court in its task of adjudicating this dispute.[83] Accordingly, the Court finds no cause exists to limit discovery pursuant to Rule 26 here, and sustains Jackson Walker's Objection, and denies the Motion to Quash on all grounds.

---

[79] 186 F.R.D. 66, 70 (D.D.C. 1998) (citing *Houston Business Journal v. Office of the Comptroller of Currency, U.S. Dept. of Treasury*, 318 U.S. App. D.C. 214, 86 F.3d 1208, 1212 (D.C. Cir. 1996) ("In federal court, the federal government has waived its sovereign immunity, *see* 5 U.S.C. § 702, and neither the Federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold documents from a federal court."); *Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 778 (9th Cir. 1994) ("Neither the statute's text, its legislative history, nor Supreme Court case law supports the government's argument that § 301 authorizes agency heads to withhold documents or testimony from federal courts.").

[80] *United States v. Reynolds*, 345 U.S. 1, 9-10, 97 L. Ed. 727, 73 S. Ct. 528 (1953).

[81] *EEOC v. Los Alamos Constructors, Inc.*, 382 F. Supp. 1373, 1375 (D.N.M. 1974), "when the government or one of its agencies comes into court . . . it is to be treated in exactly the same way as any other litigant. Appointment to office does not confer upon a bureaucrat the right to decide the rules of the game applicable to his crusades or his lawsuits."

[82] *Alexander*, 186 F.R.D. at 71 (D.D.C. 1998).

[83] *See Committee for Nuclear Responsibility, Inc. v. Seaborg*, 149 U.S. App. D.C. 385, 463 F.2d 788, 793-94 (D.C. Cir. 1971) ("No executive official or agency can be given absolute authority to determine what documents in his possession may be considered by the court in its task.").

## IV.   CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED November 13, 2024

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge