UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> **Professional Fee Matters Concerning the** § <br> **Jackson Walker Law Firm** § <br> § | Case No. 23-00645-EVR |

**STIPULATION AND AGREED ORDER GRANTING UNITED STATES TRUSTEE LEAVE TO PURSUE RELIEF GRANTED IN THE DISTRICT OF OREGON'S OPINION AND ORDER ENTERED ON NOVEMBER 27, 2024**

WHEREAS, discovery in this matter commenced on May 15, 2024;

WHEREAS, on June 4, 2024, the U.S. Trustee for Region 7, Kevin M. Epstein ("U.S. Trustee"), issued and served initial subpoenas (collectively, "Subpoenas") on Peter Jarvis ("Mr. Jarvis") and Jacqueline Harvey ("Ms. Harvey") (collectively, "Respondents");

WHEREAS, on June 18, 2024, the Respondents served objections to the documents requested in the Subpoenas;

WHEREAS, counsel for the U.S. Trustee and Jackson Walker met and conferred multiple times regarding the Subpoenas after their issuance;

WHEREAS, on September 4, 2024, the U.S. Trustee filed an Expedited Motion to Compel Discovery from the Respondents in the United States District Court for the District of Oregon ("Oregon Court");

WHEREAS, the Oregon Court issued a scheduling order permitting a response and reply by Jackson Walker and the U.S. Trustee, respectively, and setting oral argument for October 29, 2024;

WHEREAS, in advance of the November 1 "Close of Fact Discovery," the U.S. Trustee filed an Emergency Motion to Extend Discovery Deadlines with this Court on September 24, 2024;

WHEREAS, at a hearing on September 26, 2024, this Court stated:

THE COURT: All right. So what I'm going to do today is deny and grant in part the U.S. Trustee's request. Some of this is out of the U.S. Trustee's control. Obviously, it's in the Oregon court. But I don't find cause today to extend any of the deadlines. So the -- I'm going to deny the extension of any deadlines in the Court's scheduling order, Docket No. 249. Those will remain in place.

But I will allow the parties to continue forward in the Oregon court to obtain a final order. Once that has been accomplished, then the United States Trustee will file a notice on the Court's docket letting me know that it has been concluded, and if the

1

U.S. Trustee needs to seek further modification of this Court's scheduling order, happy to take that up on a motion, and as long as the U.S. Trustee show's [*sic*, shows] good cause for modification of those deadlines, then, you know, happy to entertain what those modifications would be.

. . .

THE COURT: The deadlines will remain in place. You may pursue your remedies at the Oregon court. Once you have an order from them, you'll need to come back to me and let me know what that final order is. If the court denies it, there's no discovery that you can conduct. Am I right about that?

WHEREAS, the Oregon Court entered an Opinion and Order on U.S. Trustee's Motion to Compel on November 27, 2024 ("Oregon Decision");

WHEREAS, among other things, the Oregon Court found a subject matter waiver of the attorney-client privilege regarding the "Freeman Engagement" (as defined in the Oregon Decision) and ordered the Respondents to comply with the Subpoenas no later than December 18, 2024;

WHEREAS, counsel for the U.S. Trustee, Respondents, and Jackson Walker have met and conferred regarding timely compliance with the Oregon Decision; and

WHEREAS counsel for the U.S. Trustee, Respondents, and Jackson Walker are in agreement that the depositions and document productions set forth in the Oregon Decision should move forward as set forth therein, unless otherwise ordered by the Oregon Court, Ninth Circuit Court of Appeals, or Supreme Court of the United States and all stay conditions, if any, are timely satisfied.

Upon agreement of the U.S. Trustee and Jackson Walker, and it appearing that good cause[1] so exists, it is

ORDERED THAT:

1.      The U.S. Trustee is granted leave in this matter for the limited purpose of receiving documents and conducting depositions requested by the Subpoenas in accordance with the Oregon Decision.

2.      Except as provided herein and in any other Order of this Court, all other deadlines in this matter shall remain in full force and effect.

---

[1] The U.S. Trustee reserves the right to demonstrate additional good cause if required by this Court.

**AGREED AND ENTRY REQUESTED:**

| | |
|---|---|
| **OFFICE OF THE UNITED STATES TRUSTEE** | **NORTON ROSE FULBRIGHT US LLP** |

By: *Alicia Barcomb*
Alicia Barcomb, Trial Attorney
Tex. Bar No. 24106276/Fed ID No. 3456397
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email: Alicia.Barcomb@usdoj.gov

*Counsel for Kevin M. Epstein, United States Trustee Region 7*

By: *Paul Trahan (with permission)*
Jason L. Boland (SBT 24040542)
William R. Greendyke (SBT 08390450)
Julie Goodrich Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
jason.boland@nortonrosefulbright.com
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com
maria.mokrzycka@nortonrosefulbright.com

Paul Trahan (SBT 24003075)
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
paul.trahan@nortonrosefulbright.com

-and-

**RUSTY HARDIN & ASSOCIATES, LLP**

Russell Hardin, Jr. (SBT 08972800)
Leah M. Graham (SBT 24073454)
Emily Smith (SBT 24083876)
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
rhardin@rustyhardin.com
lgraham@rustyhardin.com
esmith@rustyhardin.com

*Counsel for Jackson Walker LLP*