IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXCO RESOURCES, INC., *et al.*, | ) | Case No. 18-30155 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| PROFESSIONAL FEE MATTERS CONCERNING THE JACKSON WALKER LAW FIRM, | ) | Case No. 23-mp-00645 |
| | ) | |
| | ) | |

**REORGANIZED EXCO RESOURCES, INC., ET AL.'S JOINDER IN THE UNITED STATES TRUSTEE'S MOTION FOR (1) RELIEF FROM JUDGEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(6) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024 APPROVING THE RETENTION AND COMPENSATION OF APPLICATIONS OF JACKSON WALKER LLP, (2) SANCTIONS, AND (3) RELATED RELIEF**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors," or "EXCO")[1] hereby joins and adopts the *United States Trustee's Motion for (1) Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* [EXCO ECF No. 2358] filed March 29, 2024, (the "Rule

---

[1] The Reorganized Debtors, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: EXCO Resources, Inc. (2779); EXCO GP Partners Old, LP (1262); EXCO Holdings (PA), Inc. (1745); EXCO Holding MLP, Inc. (1972); EXCO Land Company, LLC (9981); EXCO Midcontinent MLP, LLC (0557); EXCO Operating Company, LP (1261); EXCO Partners GP, LLC (1258); EXCO Partners OLP GP, LLC (1252); EXCO Production Company (PA), LLC (7701); EXCO Production Company (WV), LLC (7851); EXCO Resources (XA), LLC (7775); EXCO Services, Inc. (2747); Raider Marketing GP, LLC (6366); and Raider Marketing, LP (4295). The location of the Reorganized Debtors' service address is: 12377 Merit Drive, Suite 1700, Dallas, Texas 75251. An order was entered directing joint administration of the EXCO chapter 11 cases, designating *In re EXCO Resources, Inc.*, Case No. 18-30155, as the lead case. *In re EXCO Resources, Inc.*, Case No. 18-30155, Docket No. 18. All references and citations to the EXCO Bankruptcy shall hereinafter be cited as "EXCO ECF No."

60(b) Motion") filed by the United States Trustee for Region 7 (the "U.S. Trustee") in *In re EXCO Resources, Inc., et al*, Case No. 18-30155 (the "EXCO Bankruptcy Case").[2]

As set forth in its *Notice of Indispensable Party Status* [EXCO ECF No. 2382] filed in the EXCO Bankruptcy Case, and pursuant to the Confirmation Order, EXCO is entitled to all or part of the compensation that was previously awarded in its Bankruptcy Case.

Through this joinder, EXCO joins and adopts the relief sought in the Rule 60(b) Motion, including the allegations, arguments, and pleadings made and/or filed by the U.S. Trustee in support thereof, to the extent of seeking (a) to vacate the orders approving the retention and compensation of Jackson Walker LLP as the Committee's counsel, and (b) disgorgement of fees and expenses paid to Jackson Walker in the EXCO Bankruptcy Case.

Furthermore, as first raised in the *Reorganized Debtors' Motion for Orders (I) Reopening the Lead Chapter 11 Case; (II) Vacating Certain Orders Approving Jackson Walker Applications for Compensation and Reimbursement of Expenses Pursuant to Federal Rule 60(b); (III) Disgorging Compensation and Expenses Awarded to Jackson Walker Relating Back to July 18, 2018; and (IV) Granting Other Appropriate Relief* [EXCO ECF No. 2334], EXCO maintains that under the partner attribution rule, Jackson Walker had a disqualifying conflict beginning with the mediation with former Judge Jones presiding as the mediator.[3]  *See* Vicarious Liability, Restatement (Third) of the Law Governing Lawyers § 58 (2000); *See, e.g.,* Tex. Disciplinary R.

---

[2] This joinder is filed in the instant proceeding pursuant to the *Third Case Management Order*, which refers all matters related to the U.S. Trustee's Rule 60(b) Motions and Withdrawal Motions to Chief Bankruptcy Judge Eduardo V. Rodriguez in the Miscellaneous Proceeding, No. 23-00645, *In re Professional Fee Matters Concerning the Jackson Walker Law Firm* and directs all related pleadings to be filed therein.  *See* ECF No. 465; EXCO ECF No. 2380.

[3] EXCO has reiterated this argument in its *Separate Objection to, and Joinder in, the United States Trustee's Objection to the Bankruptcy Court's Supplemental Report and Recommendation to the United States District Court that the United States Trustee's Motion to Withdraw the Reference Be Denied* [ECF No. 28], which was filed in the Miscellaneous Proceeding pending in the United States District Court for the Southern District of Texas, No. 23-cv-04787.

Prof'l Conduct 1.09(b); *Na'l Med. Enters, Inc. v. Godbey,* 924 S.W.2d 123, 132 (Tex. 1996) ("The attorney's knowledge is imputed by law to every other attorney in the firm."). At the time of the filing of Exco's original 60(b) Motion, all relevant facts regarding Jackson Walker's then partner had been admitted. Accordingly, EXCO asserts that the Court can dispose of this issue on the pleadings.

Dated: January 21, 2025                    Respectfully Submitted,

*/s/ John P. Melko*
**FOLEY & LARDNER LLP**
John P. Melko (TX 13919600)
Nora J. McGuffey (TX 24121000)
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-5011
Telephone: 713-276-5500
Email: jmelko@foley.com
         nora.mcguffey@foley.com

*Counsel for EXCO Resources, Inc. and affiliate Reorganized Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 21, 2025, a true and correct copy of the foregoing was served *via* CM/ECF to all parties authorized to receive electronic notice in this case.

*/s/ John P. Melko*
John P. Melko