UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 23-00645-EVR |
| **Professional Fee Matters Concerning the** § | |
| **Jackson Walker Law Firm** § | |
| § | |

**UNITED STATES TRUSTEE'S MOTION TO STRIKE REBUTTAL EXPERT REPORT AND EXCLUDE EXPERT OPINION TESTIMONY OF RENEE KNAKE JEFFERSON**

Kevin Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), by and through his undersigned counsel, hereby moves, pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1), made applicable by Federal Rules of Bankruptcy Procedure 7026 and 7037, for the entry of an order striking the purported rebuttal expert report ("Jefferson Report") of and prohibiting expert testimony from Renee Knake Jefferson ("Jefferson"). In support of the Motion, the U.S. Trustee states as follows:

## INTRODUCTION

1. The Court should strike the Jefferson Report. The Jefferson Report is not a rebuttal report, as it fails to limit its scope to the contents of the report of the U.S. Trustee's expert, Professor Jonathan C. Lipson ("Lipson Report").[1] The Lipson Report, a copy of which is attached as Exhibit 1, addresses the disclosure obligations of Jackson Walker "under section 327 of the United States Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014, and other applicable authorities incorporated therein, including rules and standards of professional responsibility as they may pertain to [Jackson Walker] in the bankruptcy context." Ex. 1 at 3. Lipson opines that Jackson Walker had a duty to disclose the relationship between Elizabeth C. Freeman ("Freeman")

---

[1] The Jefferson Report did not address, or even mention, the report submitted by the U.S. Trustee's other expert, Richard J. Davis.

1

and former bankruptcy judge David R. Jones ("Jones") and the personal interest conflict imputed to it. *Id.* at 4, 24–31. In contrast, the Jefferson Report seeks to make an affirmative case that the actions taken by Jackson Walker with respect to the romantic, intimate, financial, and cohabitating relationship between Freeman and Jones were reasonable. Jefferson has never managed a law firm, has no internal investigations expertise, and also admits that she is not an expert on, and did not even consider in forming her opinion, Texas partnership law, the Bankruptcy Code, Bankruptcy Rules, or local rules. Consequently, she is unqualified to offer an expert opinion regarding Jackson Walker's disclosure obligations in this proceeding or to offer a belated affirmative opinion on the reasonableness of Jackson Walker's actions regarding the relationship between Freeman and Jones.

## FACTUAL BACKGROUND

2. On October 13, 2023, Jones announced his resignation from the bench following the exposure of a previously undisclosed, years-long intimate relationship with Freeman, who was a partner at Jackson Walker during a time when it regularly appeared in cases presided over or mediated by Jones.

3. Beginning on November 2 and 3, 2023, and continuing thereafter, the United States Trustee filed substantially similar motions seeking relief from judgment under Rule 60(b)(6) (the "Rule 60 Motions") with respect to Jackson Walker's retention and compensation applications in 26 cases where former judge Jones presided and in six cases that Jones mediated; in one case that Jones mediated, the United States Trustee filed an objection to Jackson Walker's pending final fee application and alleged the same misconduct and remedy (collectively, these 33 cases are the "Affected Cases").

4. On December 8, 2023, the Court opened this Miscellaneous Proceeding to consolidate discovery and pre-trial matters for the Rule 60 Motions in the Affected Cases.

5.      On August 7, 2024, the Court entered its Amended Comprehensive Scheduling, Pre-Trial & Trial Order [ECF No. 249] ("Amended Order").

6.      The Amended Order required affirmative expert reports to be served by September 30, 2024, with rebuttal expert reports served by October 30, 2024. ECF No. 249. Because the Jefferson Report is not a rebuttal report, Jackson Walker had to serve it on or before September 30, 2024.

7.      On September 30, 2024, the U.S. Trustee served on Jackson Walker an expert report from Professor Jonathan C. Lipson regarding "what obligations, if any, [Jackson Walker] had to disclose the existence and nature of the [intimate relationship (which had romantic, financial, and/or cohabitation features) between Freeman and Jones] under section 327 of the United States Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014, and other applicable authorities incorporated therein[.]" Ex. 1 at 3.

8.      On November 5, 2024, Jackson Walker submitted the Jefferson Report purportedly in rebuttal to the Lipson Report. A copy of the Jefferson Report is attached as Exhibit 2.

9.      The Jefferson Report expressly states that Jefferson "offer[s] no opinions related to the obligations of Jackson Walker, if any, under the Texas Partnership Act, the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or Rule 6 of the Rules of Discipline of the Local Rules for the United States District Court for the Southern District of Texas." Ex. 2 at 1, ¶ 2. Rather than address the Lipson Report and the disclosure obligations of Jackson Walker under the Bankruptcy Code, Bankruptcy Rules, and applicable authorities incorporated therein, the Jefferson Report opines that "Jackson Walker took reasonable steps at the time it hired Ms. Freeman and as it learned new information about the nature of the relationship between Ms. Freeman and former Judge Jones in 2021 and again in 2022." *Id.* at 12, ¶ 57.

10. On December 4, 2024, the U.S. Trustee deposed Jefferson. A partial transcript of Jefferson's deposition is attached as Exhibit 3. Jefferson testified, among other things, that she:

- performed no legal research in preparation of the Jefferson Report. *Id.* at 19:25–20:5.

- does not hold herself out as having any expertise in internal investigations, *id.* at 119:13–15, and has never managed a law firm. *Id.* at 189:22–24.

- is "not an expert on bankruptcy law or bankruptcy rules or bankruptcy cases." *Id.* at 228:13–14.

- was neither "offering any opinion related to the bankruptcy code[,]" *id.* at 90:1–5, nor "offering any opinion under the bankruptcy rules." *Id.* at 90:6–10.

- was "not here to testify about the interplay between the bankruptcy laws and the [Texas Disciplinary Rules of Professional Conduct]." *Id.* at 228:17–18.

- is not an expert in the relationship between bankruptcy laws and applicable ethical rules. *Id.* at 228:19–22.

- agreed that personal interest conflicts are imputed to all lawyers within a law firm, *id.* at 266:6–11, and screening is not an option under the Texas Disciplinary Rules of Professional Conduct to address a personal interest conflict. *Id.* at 78:13–17.

- "*was not asked to reach an opinion as to whether the relationship between [Elizabeth] Freeman and Judge Jones rose to the level of constituting a personal conflict of interest that would require disclosure.*" *Id.* at 301:1–4 (emphasis added).

## ARGUMENT

**I. The Court Should Strike the Jefferson Report as Untimely or Unresponsive and Exclude Testimony at Trial from Jefferson.**

**A. Expert Disclosures, Reports, and Rebuttals Must be Properly Timed and Tailored to Scope.**

11. Federal Rule of Civil Procedure 26 governs a party's disclosure obligations. The rule requires a party to disclose the identities of its expert witnesses who are to testify "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). And unless otherwise

4

ordered by the court, the expert disclosures must also be accompanied by a written report containing: (i) a complete statement of all opinions the witness will express and the basis for those opinions; (ii) the data and information considered by the witness; (iii) exhibits that the witness will use; (iv) the witness's qualifications; (v) a list of other cases in which the witness has testified as an expert; and (vi) a statement of the compensation to be paid to the witness. Fed. R. Civ. P. 26(a)(2)(B).

12. "A party need not disclose an expert within the deadline for initial expert reports, and can instead disclose an expert as a 'rebuttal expert,' when the expert's testimony is 'intended solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness.'" *Clear-View Techs., Inc. v. Rasnick*, No. 13–cv–02744, 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015) (quoting *R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09–cv–01749, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011)). "The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *Id.* (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir. 2006)).

13. Fed. R. Civ. P. 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."). The Advisory Committee Notes describe Fed. R. Civ. P. 37 as a "self-executing," "automatic" sanction that "provides a strong inducement for disclosure of material . . . ." Fed. R. Civ. P. 37 advisory committee's note (1993). "Courts have upheld the use of the [Rule 37] sanction even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly, Ltd.*,

259 F.3d at 1106. "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Id*. at 1107.

      **B.**      **The Jefferson Report is Not a Rebuttal Report.**

14. "The Federal Rules of Civil Procedure define a rebuttal expert as one intended *solely* to contradict or rebut evidence on the same subject matter identified by another party. By contrast, an affirmative expert serves to establish a party's case-in-chief." *Boles v. United States*, No. 1:13CV489, 2015 WL 1508857 at *1 (M.D.N.C. 2015) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)) (original emphasis; quotation marks and citation omitted).

15. "[E]xpert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports." *Id*. at *2 (citing *Withrow v. Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. 2013)); *see also Glass Dimensions, Inc. v. State St. Bank & Tr. Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013) (finding expert's purported rebuttal report to be untimely affirmative report when it failed to directly contradict or rebut adversary's affirmative report as required by Rule 26(a)(2)(D)(ii)).

16. Here, the Jefferson Report is not a rebuttal report within the confines of Fed. R. Civ. P. 26(a)(2)(D)(ii).

17. The Lipson Report provides an expert opinion on bankruptcy disclosure issues and Jackson Walker's obligations to disclose the existence and nature of Freeman's relationship with Jones under 11 U.S.C. § 327, Federal Rule of Bankruptcy Procedure 2014, "and other applicable authorities incorporated therein, including rules and standards of professional responsibility as they may pertain to Jackson Walker *in the bankruptcy context*." Ex. 1 at 3 (emphasis added). The Lipson Report addresses how Freeman had a personal interest conflict that was imputed to Jackson Walker and had to be disclosed. *Id.* at 4, 24–29. However, Jefferson's retention excludes offering

6

"*opinions related to the obligations of Jackson Walker, if any*, under the Texas Partnership Act, *the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure*, or Rule 6 of the Rules of Discipline of the Local Rules for the United States District Court for the Southern District of Texas." See Ex. 2 at 1 (emphasis added). And Jefferson offers no rebuttal opinion on whether Freeman and Jones's relationship rose to a level of conflict of interest even when Freeman was with Jackson Walker. Ex. 3 at 246:22–25 ("I have offered no opinion on whether the relationship between Freeman and former Judge Jones rose to the level of a conflict of interest even when she was at the firm"), 301:1–4 ("I was not asked to reach an opinion as to whether the relationship between Freeman and Judge Jones rose to the level of constituting a personal conflict of interest that would require disclosure."). The Jefferson Report does not materially rebut the Lipson Report or the contents of the Lipson Report, but rather attempts to address the reasonableness of Jackson Walker's actions.

18. The Jefferson Report offers impermissible legal testimony. Despite not forming an opinion as to whether Freeman and Jones's relationship created a conflict, the Jefferson Report offers disguised affirmative opinions that Jackson Walker took reasonable steps when presented with information about Freeman and Jones's relationship. Ex. 2 at 3, 12. These are new opinions and theories that are not limited to attacking opinions and theories offered in the Lipson Report. *See Glass Dimensions*, 290 F.R.D. at 16 (purported rebuttal report that did not purport to respond or refer to the adversary's affirmative report was an untimely affirmative report); *see also Boles*, 2015 WL 1508857 at *3 ("[p]laintiff's experts' reports [that did] not rebut, contradict, or respond to the specific opinions or conclusions of [d]efendant's experts' reports" were untimely affirmative expert reports). Jefferson should not be permitted to opine on the reasonableness of Jackson Walker's actions.

7

19. For these reasons the Jefferson Report is not a rebuttal report within the meaning of Rule 26(a)(2)(D)(ii). Rather, Jefferson offers new opinions, rendered to support Jackson Walker's theory that it acted reasonably. Therefore, the Jefferson Report is subject to exclusion under Rule 37(c)(1).

II. **Jefferson is Not an Expert on Bankruptcy Law and is Not Qualified to Offer Opinions Regarding Jackson Walker's Disclosure Requirements in a Bankruptcy Case.**

20. Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by "knowledge, skill, experience, training, or education" can provide testimony if the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue." While an expert may be qualified based on practical experience or training rather than a formal education in an area, "'[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Rothe Dev., Inc. v. Dep't of Def.*, 107 F. Supp. 3d 183, 196 (D.D.C. 2015) (quoting Fed. R. Evid. 702 advisory committee's note (2000)).

21. This Court has broad discretion to admit or exclude expert testimony in this matter. *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 180 (5th Cir. 1995). However, the Court also has the obligation to ensure that expert testimony is relevant to a case before it is admitted. *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 529 (5th Cir. 2015).

A. **Jefferson is Not Qualified to Offer Opinions on Jackson Walker's Disclosure Requirements in the Context of a Bankruptcy Case.**

22. Expert opinion testimony offered by a witness who does not qualify as an expert, or which is outside her area of expertise, is inadmissible. Fed. R. Evid. 702. The opinions Jefferson offers are well outside of any area of expertise she may have because Jackson Walker

8

was retained by bankruptcy clients and had an affirmative obligation under the Bankruptcy Code and Rules to make certain disclosures in its employment applications.

23. Jefferson's educational background consists of a bachelor's degree in Communication Arts & Economics and a juris doctorate. Ex. 2 at 14. Jefferson began working in academia in 2006, where she taught Professional Responsibility, Federal Jurisdiction, Entrepreneurial Lawyering, First Amendment and Lawyer Speech, and 21st Century Law Practice at Michigan State University College of Law. *Id*. Jefferson has not practiced bankruptcy law and does not teach bankruptcy law. Ex. 3 at 304:19–21 (Jefferson testifying, "I'm not an expert in bankruptcy law, I haven't practiced bankruptcy law, I don't teach bankruptcy law. It's not my field.").

24. Despite her lack of education, training, or experience in bankruptcy law, Jefferson offers an array of opinions regarding Jackson Walker's obligations as it relates to their bankruptcy clients without consulting with a bankruptcy expert. *Id*. at 299:10–14 (Jefferson was asked, "[h]ave you done anything during the course of this engagement to consult with anybody who's an authority on bankruptcy?" Jefferson responded with "[n]o, I have not because I'm not offering any opinions with respect to federal bankruptcy law").

25. Jefferson offers opinions that Jackson Walker's actions were reasonable. Such opinions are meaningless because she never opined on the existence of a personal interest conflict. *Id.* at 301:1–4. Stated differently—under Jefferson's analysis, any action or inaction Jackson Walker took would necessarily be reasonable in the absence of any applicable bankruptcy or partnership law or rule or judicial canon. Further, Jefferson has no expertise in internal investigations or law firm management and is, therefore, unqualified to opine regarding the reasonableness of Jackson Walker's actions on such bases. Accordingly, this testimony is

inadmissible. *See Rothe*, 107 F. Supp. 3d at 203 (finding plaintiffs' proffered expert, the vice president of the company, not to be qualified to rebut defendants' economists' experts' opinions); *Ralston*, 2011 WL 6002640, at *6 (expert's 30 years of experience training and consulting mortgage brokers did not provide a sufficient basis to provide testimony about other brokers' practices with regard to a specific loan package); *Berlyn, Inc. v. Gazette Newspapers, Inc.*, 214 F. Supp. 2d 530, 536 (D. Md. 2002) ("general business experience unrelated to antitrust economics does not render a witness qualified to offer an opinion on complicated antitrust issues"); *Va. Vermiculite, Ltd. v. W.R. Grace & Co.-Conn.*, 98 F. Supp. 2d 729, 733 (W.D. Va. 2000) ("[M]arket analyses for antitrust markets generally require some expertise in the field of industrial organization.").

26. Stripped of her non-rebuttal opinions, what remains of Jefferson's report are her general observations of Jackson Walker's actions regarding Freeman's relationship with Jones. These observations can already be discussed by witnesses with first-hand knowledge of Freeman, Jones, and Jackson Walker's actions.

27. Jefferson has no first-hand knowledge of any facts. Ex. 2 at 1, ¶ 3 ("I have no first-hand knowledge of the facts in this matter."). Jefferson has not witnessed anything for which her perception may be helpful. She should not be given an opportunity to stretch beyond her experience to recount purported facts for which she has no personal knowledge. *See, e.g.*, Ex. 3 at 162:22–23, 163:5, 166:20–21 (lacking knowledge of the amount, timing, and reconciliation of case originations and financial compensation between Freeman and Jackson Walker); *id.* at 170:4–170:10 (Jefferson was asked, "you . . . write here that [Jackson Walker] imposed those safeguards, don't you have some obligation to know if they actually imposed them?" Jefferson responded, "I'm taking to be true the pleadings that I cite in my report.").

28.     To the extent any of Jefferson's observations are cumulative, misleading, or are not based on first-hand factual knowledge, their admission should be denied under Fed. R. Evid. 701.

## CONCLUSION

29.     The Court should strike the Jefferson Report because it is not a rebuttal report, as it makes an affirmative argument about the reasonableness of Jackson Walker's actions with respect to Freeman and Jones's relationship rather than rebutting the Lipson Report.  Further, Jefferson does not qualify as an expert on the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. In fact, Jefferson has no significant experience—academic, legal practice, or otherwise—in the field of bankruptcy law whatsoever.  Therefore, to the extent Jefferson is permitted to testify at trial, her testimony should be limited to her knowledge as a lay witness, not as an expert witness.

**WHEREFORE**, the U.S. Trustee respectfully asks this Court to, pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1), made applicable by Federal Rules of Bankruptcy Procedure 7026 and 7037, enter an order substantially in the form of the proposed order attached to this Motion prohibiting Jackson Walker from using the Jefferson Report and prohibiting expert testimony from Jefferson, and for such other relief as this Court deems just and proper including, but not limited to, holding a *Daubert* hearing should the Court determine it is unable to exercise its gatekeeping authority based on its review of the foregoing including the Lipson Report, Jefferson Report, and partial transcript of Jefferson's deposition.

[Signature Page Follows]

Date: January 30, 2025

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Vianey Garza*
    Vianey Garza, Trial Attorney
    Tex. Bar No. 24083057/Fed. ID No. 1812278
    Alicia L. Barcomb, Trial Attorney
    Tex. Bar No. 24106276/Fed. ID No. 3456397
    515 Rusk, Suite 3516
    Houston, Texas 77002
    (713) 718-4650 – Telephone
    (713) 718-4670 – Fax
    Email: vianey.garza@usdoj.gov
           alicia.barcomb@usdoj.gov

-and-
    W. Joel Charboneau, Trial Attorney
    VA Bar No. 68025/Fed ID No. 3885907
    210 First Street, S.W., Suite 505
    Roanoke, Virginia 24011
    (540) 857-2699 – Telephone
    Email: Joel.Charboneau@usdoj.gov

-and-
    Brian P. Thill, Trial Attorney
    WI Bar No. 1039088/Fed. ID No. 3885884
    780 Regent Street, Suite 304
    Madison, WI 53715
    (608) 264-5522 Main – Telephone
    Email: Brian.P.Thill@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on January 30, 2025, a copy of the *United States Trustee's Motion to Strike Rebuttal Expert Report and Exclude Expert Opinion Testimony of Renee Knake Jefferson* was served by electronic means on all CM/ECF system users.

*/s/ Vianey Garza*
Vianey Garza