IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Professional Fee Matters Concerning the<br>Jackson Walker Law Firm | §<br>§<br>§  Case No. 23-00645 (EVR)<br>§<br>§<br>§ |

### JACKSON WALKER LLP'S MOTION TO STRIKE
### THE SUPPLEMENTAL REPORT OF JONATHAN C. LIPSON

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

## INTRODUCTION

Two days before this Court's deadline for *Daubert* motions, the U.S. Trustee for Region 7 ("U.S. Trustee") delivered a "supplemental" report for Jonathan C. Lipson. The U.S. Trustee is proffering Mr. Lipson, a bankruptcy law professor, as an expert on ethical issues and for the purpose of offering legal analysis, which is unpermitted by the law. The new report is largely based on discovery that the U.S. Trustee received from Jackson Walker prior to Mr. Lipson's deposition, and in early October and November 2024. For some reason, the U.S. Trustee opted to provide this material to Mr. Lipson on or about January 22, 2025. Now, the U.S. Trustee wants this Court to allow Mr. Lipson's testimony about his new conclusions, which are put forth to correct errors in his earlier report and which expand upon the original report's opinions on law and ethics.

The dilemma with this move is that the Fifth Circuit and the Federal Rules of Civil Procedure do not allow for such gamesmanship.[1] The law requires "substantial justification" when serving a revised or new expert report.[2] The U.S. Trustee, who bears the burden of proof when proffering an expert witness, has not provided any explanation for his failure to comply with this Court's discovery order and his violation of Federal Rule of Civil Procedure 26. Jackson Walker, therefore, respectfully requests that this Court strike Mr. Lipson's supplemental opinions pursuant to Rules 37(b)(2) and (c) of the Federal Rules of Civil Procedure.

---

[1] *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016); *Pratt v. Landings at Barksdale*, No. CIV.A. 09-1734, 2013 WL 5375951, at *2 (W.D. La. Sept. 24, 2013) (striking a declaration after finding that it "contains new opinions, not mere logical extensions, that go beyond those previously presented" and that "appear to be based upon information available prior to the deadline for service of initial expert reports.").

[2] *Avance v. Kerr-McGee Chem. LLC*, No. 5:04CV209, 2006 WL 3484246, at *7 (E.D. Tex. Nov. 30, 2006).

I.      FACTS

This Court ordered that fact discovery end November 1, 2024, and that expert discovery end on December 11, 2024.[3] An exception to this order was the production of material pertaining to Jackson and Walker's consultation in 2021 and 2022 with the law firm Holland & Knight. This material was the subject of litigation in Oregon.[4]

The U.S. Trustee served Mr. Lipson's original report to Jackson Walker on September 30, 2024. Jackson Walker provided the report of its rebuttal expert, Renee Knake Jefferson, to the U.S. Trustee on October 30, 2024. Jackson Walker deposed Mr. Lipson on November 13, 2024, and the U.S. Trustee deposed Ms. Jefferson on December 4, 2024.

During this period, the U.S. Trustee received copies of depositions within days of their occurrence, including the October 3, 2024 deposition of Veronica Polnick, whose deposition Mr. Lipson critiques in the Second Report. Jackson Walker served the U.S. Trustee with text messages from Ms. Polnick's deposition on October 1, 2024 (more than a month before Mr. Lipson's deposition). Additionally, Jackson Walker provided documents discussed by Mr. Lipson in his recent report on November 15, 2024. Other deposition testimony relied upon by Mr. Lipson occurred in October and mid-December 2024.[5] In short, the U.S. Trustee had **all** the material cited in the Second Report prior to the Christmas 2024 holiday.

---

[3] *In Re Professional Fee Matters*, No. 23-645, Dkt. No. 516, Third Amended Comprehensive Scheduling Pre-trial & Trial Order.

[4] After a November 27, 2024 court ruling by an Oregon federal district court, Holland & Knight produced documents on December 13, 2024, and the U.S. Trustee deposed two additional fact witnesses on December 17 and 18, 2024.

[5] The deposition of Pat Cowlishaw, Jackson Walker's former general counsel, occurred August 1, 2024. Jacqueline Harvey was deposed on October 17, 2024, and December 18, 2024. Peter Jarvis was deposed on October 17, 2024, and December 17, 2024.

The U.S. Trustee provided these exhibits and deposition transcripts to Mr. Lipson on or about January 22, 2025.[6] Mr. Lipson executed his "supplemental" report (the "Second Report") on January 27, 2025, and the U.S. Trustee waited another day before sharing the Second Report with Jackson Walker. *Daubert* motions to exclude such opinions were due two days later, on January 30, 2025.

The Second Report once again, opines about Texas ethics rules[7]—something for which Mr. Lipson lacks any specialized knowledge, skill, and training. Mr. Lipson also expands his conclusions to offer unqualified opinions on investigations.[8]

The Second Report also serves as vehicle for the U.S. Trustee to correct mistakes in Mr. Lipson's original report. For example, Mr. Lipson's prior ethical analysis involved the application of the Texas Disciplinary Rules of Professional Conduct to a law firm as opposed to individual lawyers. Those rules expressly apply only to individual lawyers, something Mr. Lipson apparently learned after reading Jackson Walker's rebuttal expert report.[9]

Finally, the Second Report attempts to highlight evidence that the U.S. Trustee views as important, with Mr. Lipson offering conclusions (based solely on one-sided deposition transcripts)

---

[6] *See* Exhibit A, Jan. 28, 2025 e-mail from B. Thill.

[7] Second Report at p. 3 ("The Supplemental Discovery further reveals that JW ignored what it knew about Texas's special interest imputation rule.").

[8] *See* Lipson Report at Exhibit B, Mr. Lipson's CV, which is found at Exhibit A, to Jackson Walker LLP's Motion to Exclude the Opinions and Testimony of Jonathan C. Lipson, filed January 30, 2025.

[9] *See* Jackson Walker's Motion to Exclude the Opinions and Testimony of Jonathan C. Lipson filed January 30, 2025; TEX. DISCIPLINARY R. PROF. CONDUCT, Preamble ¶¶ 1-16 ("A Lawyer's Responsibilities"); *see also* Rebuttal Report of Renee Jefferson, Exhibit B at ¶ 41; *see also* 16 GEO. J. LEGAL ETHICS 203 (Fall 2002) (New York and New Jersey are the only two states that have adopted rules relating to the discipline of law firms).

about certain Jackson Walker witnesses' character or reliability[10] and Jackson Walker's investigative methods.[11]

## II.     LAW AND ANALYSIS

Jackson Walker incorporates by reference its legal analysis and arguments as to Rule 702 from its January 30, 2024 Motion to Exclude the Opinions and Testimony of Jonathan C. Lipson. These legal arguments are asserted as to Mr. Lipson's lack of qualifications to opine about Texas legal ethics standards—something he continues to do in the Second Report.

This Rule 702 legal analysis is also applicable to the Second Report's new opinions that Jackson Walker failed to properly investigate the Freeman/Jones matters. Mr. Lipson is unqualified to offer opinions about investigations, workplace or otherwise. He has no specialized knowledge, skill, training, or experience in any sort of investigations, and he points to no secondary sources as the basis for his conclusions about Jackson Walker's purported investigative failings.[12] Mr. Lipson's opinions in the Second Report should be struck for these reasons alone.

With an untimely supplemental expert report, the burden is upon the party providing the opinions to demonstrate "substantial justification" why such revisions were served late.[13] As the *Avance* court explained:

> Even though the Federal Rules of Civil Procedure provide for supplementation, parties do not have infinite time to supplement their expert opinions with new information to respond to challenges to their experts' original evidence. Courts have stricken affidavits to

---

[10] *See e.g.*, Second Report at p. 4 (concluding that deposition testimony "is not credible."). Generally, an expert may not opine on another witness's credibility because this testimony does not help the trier of fact, who can make its own credibility determinations. Thus, courts often preclude experts from testifying that a certain witness is or is not believable. *See, e.g.*, *Poole-Ward v. Affiliates for Women's Health, P.A.*, 329 F.R.D. 156, 168-169 (S.D. Tex. 2018) ("Dr. Nace's statement that 'there have been no credible reports or any indications of subsequent substance misuse, abuse or dependence based upon my review of multiple independent sources of information' . . . is stricken, because it opines as to the credibility of the medical staff who saw Dr. Poole-Ward on May 21.").

[11] Second Report at p. 2.

[12] Second Report at pp. 2, 4, 5.

[13] *Avance v. Kerr-McGee Chem. LLC,* 2006 WL 3484246, at * 7 (E.D. Tex. Nov. 30, 2006).

5

the extent they go beyond opinions expressed in the experts' Rule 26 reports.[14]

There exist at least three reasons why this Court should strike the Second Report pursuant to Federal Rules of Civil Procedure 37 and 26. **First**, the U.S. Trustee violated this Court's scheduling order and federal discovery rules by serving the Second Report weeks after the Court's expert deadlines and weeks after the U.S. Trustee had received the discovery cited within it. The U.S. Trustee has provided no explanation for why this supplemental report was served on Jackson Walker, LLP, just **two days** before the *Daubert* motion deadline. Such conduct is a blatant violation of Rule 26 and this Court's scheduling order.

**Second**, striking the Second Report is an appropriate sanction because the U.S. Trustee uses this report to try and "fix" the problems with the Lipson's Report. The Fifth Circuit has held that supplemental expert reports cannot be used to correct flaws in initial expert reports.[15] Yet, a fundamental mistake in Mr. Lipson's initial analysis of Jackson Walker's ethical duties under the Texas Disciplinary Rules of Professional Conduct (the "TDRPC") is that he has applied ethical rules to a law firm. The TDRPC expressly and repeatedly notes that the rules apply to individual lawyers.[16] Mr. Lipson attempts to "fix" and "shore up" this issue from the initial report with the Second Report, which is something he legally cannot do.[17]

**Third**, the Second Report should be struck because Mr. Lipson asserts new conclusions about investigations and Jackson Walker's duty to conduct such inquiries. This Court should not

---

[14] *Avance*, 2006 WL 3484246, at *7 (citing *Beasley v. U.S. Welding Serv., Inc.*, 129 Fed. App'x. 901, 902 (5th Cir. 2005)).

[15] *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir.1997); *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016) (expert supplemental declaration that inserts new opinions is subject to being stricken); *see also Buxton v. Lil' Drug Store Products, Inc.*, No. 2:02-CV-178-KS-MT, 2007 WL 2254992, at *5–*6 (S.D. Miss. 2007); *Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571–72 (1996).

[16] *See* supra n. 9.

[17] *Reliance*, 110 F.3d at 258.

allow the U.S. Trustee to rely on opinions about Jackson Walker's investigation[18] because they are "new opinions not mere logical extensions, which go beyond those previously presented."[19] An expert report discussing issues not contained within an initial report is not considered supplementary.[20] Therefore, these opinions in the Second Report are inadmissible and should be struck.

### III.   CONCLUSION

The Second Report warrants striking because the U.S. Trustee opted to engage in gamesmanship that flaunts this Court's orders and ignores federal discovery rules. Jackson Walker respectfully asks that this Court strike Mr. Lipson's Second Report and exclude the opinions in the Second Report from trial.

---

[18] Second Report pp. 2–5.

[19] *Pratt v. Landings at Barksdale*, No. CIV.A. 09-1734, 2013 WL 5375951, at *2 (W.D. La. Sept. 24, 2013).

[20] *Shelter Mut. Ins. Co. v. Culbertson's Ltd., Inc.*, No. CIV. A. 97–1609, CIV. A. 97–1969, 1999 WL 135297, at * 4 (E.D. La. Mar. 11, 1999).

Respectfully submitted,

| | |
|---|---|
| **NORTON ROSE FULBRIGHT US LLP** | **RUSTY HARDIN & ASSOCIATES, LLP** |
| Jason L. Boland (SBT 24040542)<br>William R. Greendyke (SBT 08390450)<br>Julie Harrison (SBT 24092434)<br>Maria Mokrzycka (SBT 24119994)<br>1550 Lamar, Suite 2000<br>Houston, Texas 77010<br>Telephone: (713) 651-5151<br>Email: jason.boland@nortonrosefulbright.com<br>Email: william.greendyke@nortonrosefulbright.com<br>Email: julie.harrison@nortonrosefulbright.com<br>Email: maria.mokrzycka@nortonrosefulbright.com | /s/ Russell Hardin, Jr.<br>Russell Hardin, Jr. (SBT 08972800)<br>Leah M. Graham (SBT 24073454)<br>Jennifer E. Brevorka (SBT 24082727)<br>Emily Smith (SBT 24083876)<br>5 Houston Center<br>1401 McKinney, Suite 2250<br>Houston, Texas 77010<br>Telephone: (713) 652-9000<br>Email: rhardin@rustyhardin.com<br>Email: lgraham@rustyhardin.com<br>Email: jbrevorka@rustyhardin.com<br>Email: esmith@rustyhardin.com<br><br>*Co-Counsel for Jackson Walker LLP* |
| -and-<br><br>Paul Trahan (SBT 24003075)<br>Emily D. Wolf (SBT 24106595)<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701<br>Telephone: (512) 474-5201<br>Fax: (512) 536-4598<br>Email: paul.trahan@nortonrosefulbright.com<br>Email: emily.wolf@nortonrosefulbright.com<br><br>*Counsel for Jackson Walker LLP* | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2025, I caused a copy of the Motion to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and by email to counsel for the U.S. Trustee as set forth below:

Laura Steele (Laura.Steele@usdoj.gov)

Millie Aponte Sall (Millie.sall@usdoj.gov)

Vianey Garza (Vianey.Garza@usdoj.gov)

Alicia Barcomb (Alicia.Barcomb@usdoj.gov)

 */s/ Jennifer E. Brevorka*
Jennifer E. Brevorka