# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> Professional Fee Matters Concerning the § <br> Jackson Walker Law Firm § <br> § <br> § | Case No. 23-00645 (EVR) |

## JACKSON WALKER LLP'S RESPONSE TO THE
## UNITED STATES TRUSTEE'S MOTION TO STRIKE REBUTTAL EXPERT REPORT
## AND EXCLUDE EXPERT OPINION TESTIMONY OF RENEE KNAKE JEFFERSON

**TABLE OF CONTENTS**

CONTENTS

I. Preliminary Statement .................................................................................................... 1

II. The Trustee's Reliance On Out-of-Circuit Caselaw Provides This Court With The Wrong Legal Standard Under Which To Evaluate The Jefferson Report. ........................................................................................ 2

    A. The Jefferson Report Unmistakenly Contradicts The Lipson Report's Opinions On Jackson Walker's Ethical Duties And, Thus, Satisfies The Three-Prong Test For Qualifying As A Rebuttal Report. ........................................................................................... 3

    B. Alternatively, Even If The Jefferson Report Puts Forth New Evidence There Is No Cause To Strike It Under Rule 37(C). ............................... 7

III. Under Rule 702's Standards Ms. Jefferson Is Qualified To Opine On Matters Of Legal Ethics. ........................................................................................... 9

IV. Conclusion ................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**CASES**

*Barrett v. Atlantic Richfield Co.*,
  95 F.3d 375 (5th Cir. 1996) ............................................................................................... 2, 8

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993).......................................................................................................... 11, 12

*Diamond Offshore Co., v. Survival Sys. Intern., Inc.*,
  No. H-11-1701, 2013 WL 471648 (S.D. Tex. Jan. 29, 2013)............................................. 10

*Floyd v. Hefner*,
  556 F. Supp. 2d 617 (S.D. Tex. 2008) ................................................................................ 10

*Gibson Brands, Inc. v. Armadillio Distribut. Enter., Inc.*,
  No. 4:19-cv-00358, 2021 WL 231764 (E.D. Tex. Jan. 22, 2021) ................................. passim

*Glass Dimensions, Inc. v. State St. Bank & Tr. Co.*,
  290 F.R.D. 11 (D. Mass. 2013)............................................................................................. 6

*Huss v. Gayden,*
  571 F.3d 442 (5th Cir. 2009) ............................................................................................... 10

*Jenkins v. Helmerich & Payne Int'l Drilling Co.*,
  577 F. Supp. 3d 587 (S.D. Tex. 2021) ...................................................................... 10, 11, 12

*Landmark Am. Ins. Co. v. Port Royal By the Sea Condo. Owners Assoc., Inc.*,
  No. 2:19-CV-00006, 2021 WL 5085180 (July 8, 2021).................................................. 1, 3, 4, 8

*Matamoros v. Ysleta Indep. Sch.*,
  916 F. Supp. 2d 723 (S.D. Tex. 2012) ................................................................................. 2

*Poly-Am., Inc. v. Serrot Int'l, Inc.*,
  No. CIV.A.300CV1457D, 2002 WL 1996561 (N.D. Tex. Aug. 26, 2002)..................... 1, 3, 4, 7

*Reed v. Maersk Line, Ltd.*,
  No. 3:19-cv-00238, 2021 WL 1758697 (S.D. Tex. May 4, 2021)..................................... 2, 3, 4

*Renfroe v. Parker*,
  974 F.3d 594 (5th Cir. 2020) ................................................................................................ 7

*Rex Real Estate I, L.P. v. Rex Real Estate Exchange Inc.*,
  No. A-19-CV-00696-RP, 2022 WL 1014139 (W.D. Tex. Apr. 5, 2022) ................................. 6

*S. Cement Co. v. Sproul*,
  378 F.2d 48 (5th Cir. 1967) ................................................................................................ 10

*Salazar v. Dretke*,
  419 F.3d 384 (5th Cir. 2005) ................................................................................................ 2

*TCL Communications Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*,
  CV 15-02370 JVS, 2016 WL 7042085 (C.D. Cal. Aug. 17, 2016) ......................................... 4

*Wireless Agents, L.L.C v. Sony Ericsson Mobile Comms. AB*,
  No. 3:05-CV-0289-D, 2006WL 5127278 (N.D. Tex. May 31, 2006) .................................... 3, 7

*YETI Coolers, LLC v. RTIC Coolers, LLC*,
  No. A-15-CV-597-RP, 2017 WL 394511 (W.D. Tex. Jan. 27, 2017) ........................................ 4

**RULES**

Fed. R. Civ. Proc. 26(a)(2)(D)(ii) ............................................................................................. 2, 3, 4

Fed. R. Civ. Proc. 37(c) ................................................................................................................. 7

Fed. R. Evid. 701 ......................................................................................................................... 12

Fed. R. Evid. 702 ..................................................................................................................... 9, 12

Fed. R. Evid. 703 ................................................................................................................ 9, 12, 13

Fed. R. Evid. 703 Committee Notes on Rules—2000 Amendment ............................................. 13

I.    **PRELIMINARY STATEMENT**

The United States Trustee for Region 7 (the "U.S. Trustee") moved to strike and exclude the opinions of Renee Knake Jefferson on two grounds.[1] The first is that her opinions[2] are not proper rebuttal statements because they assert new evidence and do not address the opinions of the U.S. Trustee's expert, Jonathan C. Lipson. The second is that Ms. Jefferson's qualifications as a legal ethics expert in Texas are insufficient to address purported ethics issues in this Texas bankruptcy proceeding.

Under the law followed by federal courts in Texas, "an expert report does not have to rebut every finding of the other party to be a rebuttal."[3] More importantly, under this precedent, the Jefferson Report meets the standard for rebuttal evidence under Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure. The Jefferson Report squarely contradicts Mr. Lipson's opinions on the Texas Disciplinary Rules of Professional Conduct (TDRPC), which his report[4] purports to analyze and apply to the facts of this case.[5] Additionally, the Jefferson Report's stated and obvious intent is to disprove opinions within the Lipson Report.

The U.S. Trustee's contention that Ms. Jefferson lacks experience analyzing disclosure obligations in bankruptcy cases is also legally unsupported. Caselaw from the Southern District of Texas proves that experienced and knowledgeable witnesses, such as Ms. Jefferson, are qualified

---

[1] Doc. No. 569, referred to within as "the Motion."

[2] Ms. Jefferson disclosed her opinions in an October 30, 2024 report, which is attached to the Motion as Exhibit 2, *see* Doc. 569-2. Ms. Jefferson's report is referred to within as the "Jefferson Report".

[3] *Gibson Brands, Inc. v. Armadillio Distribut. Enter., Inc.*, No. 4:19-cv-00358, 2021 WL 231764, at *3 (E.D. Tex. Jan. 22, 2021) (citing *Poly-Am., Inc. v. Serrot Int'l, Inc.*, No. CIV.A.300CV1457D, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002)).

[4] Referred to within as the "Lipson Report".

[5] *Landmark Am. Ins. Co. v. Port Royal By the Sea Condo. Owners Assoc., Inc.*, No. 2:19-CV-00006, 2021 WL 5085180, at *1–*3 (S.D. Tex. July 8, 2021).

1

to testify about their area of expertise. Challenges to the "fit" of such expertise goes to the weight afforded that testimony, not its admissibility. This Court, therefore, should deny the Motion.

## II. THE TRUSTEE'S RELIANCE ON OUT-OF-CIRCUIT CASELAW PROVIDES THIS COURT WITH THE WRONG LEGAL STANDARD UNDER WHICH TO EVALUATE THE JEFFERSON REPORT.

The U.S. Trustee's Motion substantially relies on non-binding caselaw from other Circuits.[6] By resting contested legal arguments on caselaw outside of the Fifth Circuit,[7] the Motion fails to mention the test relied upon by courts within the Fifth Circuit—including Texas federal district courts—when evaluating whether an expert constitutes a rebuttal witness.[8] The Motion also neglects to discuss factors relied upon by courts within the Fifth Circuit when considering whether exclusion of an opinion is appropriate under Rule 37(c) of the Federal Rules of Civil Procedure.[9]

Despite such foundational flaws, the Motion urges striking Ms. Jefferson's report and excluding her opinions as the U.S. Trustee contends the Jefferson Report is "not a rebuttal report without the confines of" Federal Rule of Civil Procedure 26(a)(2)(D)(ii).[10] The U.S. Trustee is wrong.

---

[6] *Salazar v. Dretke*, 419 F.3d 384, 404 (5th Cir. 2005) ("To state the obvious, *Doan* is not binding precedent on this court because it is an opinion of one of our sister circuits."); *Matamoros v. Ysleta Indep. Sch.*, 916 F. Supp. 2d 723, 729 (S.D. Tex. 2012) ("Beyond *Nero,* the Court stands steadfast despite YISD's call to disregard the Fifth Circuit's opinion and instead look to extra circuit authority or sister district courts. Although those cogent cases do constitute persuasive authority, the Court's mandate is to follow binding authority, rather than forage outside the Fifth Circuit.") (cleaned up).

[7] The Motion cites two Fifth Circuit cases for broad and uncontested propositions that this Court has wide discretion when deciding to admit expert testimony and that this Court must ensure expert testimony is relevant prior to admission. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). But that is the extent of controlling precedent the Motion mentions. The Motion's contested assertions—that Ms. Jefferson is unqualified to opine on ethics issues and that her report is not a rebuttal—sit upon cases from other circuits and district courts without explanation as to why this Court should consider such law.

[8] *Reed v. Maersk Line, Ltd.*, No. 3:19-cv-00238, 2021 WL 1758697, at *2 (S.D. Tex. May 4, 2021).

[9] *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

[10] Rule 26(a)(2)(D)(ii) states:

A. **The Jefferson Report Unmistakenly Contradicts The Lipson Report's Opinions On Jackson Walker's Ethical Duties And, Thus, Satisfies The Three-Prong Test For Qualifying As A Rebuttal Report.**

"The scope of rebuttal testimony is ordinarily a matter to be left to the sound discretion of the trial judge. A 'rebuttal' report explains, repels, counteracts, or disproves evidence of the adverse party's initial report."[11] The word rebuttal "is a term of art, denoting evidence introduced by a [party] to meet new facts brought out in his opponent's case in chief."[12] "A rebuttal report need not specifically refer to or consider any other expert's opinion as long as its contents explain, repel, counteract, or disprove that other opinion."[13] "An expert report does not have to rebut every finding of the other party to be a rebuttal."[14] Rather, when a rebuttal report "has no other stated or apparent purpose"[15] than contradicting an original report, those opinions satisfy Rule 26(a)(2)(D)(ii) and qualify as rebuttal evidence.

---

*Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

[11] *Reed v. Maersk Line, Ltd.*, No. 3:19-cv-00238, 2021 WL 1758697, at *2 (S.D. Tex. May 4, 2021) (cleaned up).

[12] *Id*.

[13] *Landmark Am. Ins. Co. v. Port Royal By the Sea Condo. Owners Assoc., Inc.*, No. 2:19-CV-00006, 2021 WL 5085180, at *1 (S.D. Tex. July 8, 2021).

[14] *Gibson Brands, Inc. v. Armadillio Distribut. Enter., Inc.*, No. 4:19-cv-00358, 2021 WL 231764, at *3 (E.D. Tex. Jan. 22, 2021); *see also Wireless Agents, L.L.C v. Sony Ericsson Mobile Comms. AB*, No. 3:05-CV-0289-D, 2006 WL 5127278, at *2 (N.D. Tex. May 31, 2006); *Poly-Am., Inc. v. Serrot Int'l, Inc.*, No. CIV.A.300CV1457D, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002).

[15] *Poly-Am., Inc. v. Serrot Int'l, Inc.*, No. CIV.A.300CV1457D, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002).

Since 2002, federal district courts in Texas have relied upon a three-prong test when a party challenges whether an expert's opinions constitute a rebuttal opinion under Rule 26(a)(2)(D)(ii).[16] This test asks:

> **First**, what evidence does the rebuttal expert purport to contradict or rebut? **Second**, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? **Third**, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?[17]

When an expert's conclusions satisfy this test, the evidence qualifies as rebuttal opinion. That is true even when an expert relies upon new evidence or methodologies, as "[n]othing in Rule 26 or the nature of rebuttal prohibits offering independent opinions or utilizing other methodologies in" response to an original expert opinion.[18] "'In fact, offering a different, purportedly better methodology is a proper way *to* rebut the methodology of someone else.'"[19]

The Jefferson Report provides admissible rebuttal opinions under Rule 26(a)(2)(D)(ii) and the three-prong test used within the Southern District of Texas. This is because the Jefferson Report is intended solely to contradict and disprove opinions put forth by the Lipson Report and it "has no other stated or apparent purpose."[20]

As to the first and second prongs of the test—what evidence does the report contradict and is the rebuttal evidence on the same subject—Ms. Jefferson offers a targeted rebuttal to

---

[16] *Id.*; *see also YETI Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 WL 394511 (W.D. Tex. Jan. 27, 2017); *Landmark Am. Ins. Co. v. Port Royal By the Sea Condo. Owners Assoc., Inc.*, No. 2:19-CV-00006, 2021 WL 5085180, at *1 (S.D. Tex. July 8, 2021).

[17] *Reed v. Maersk Line, Ltd.*, No. 3:19-cv-00238, 2021 WL 1758697, at *2 (S.D. Tex. May 4, 2021) (citing *Gibson Brands, Inc. v. Armadillio Distribut. Enter., Inc.*, No. 4:19-cv-00358, 2021 WL 231764, at *3 (E.D. Tex. Jan. 22, 2021)) (emphasis added).

[18] *Gibson Brands, Inc. v. Armadillio Distribut. Enter., Inc.*, No. 4:19-cv-00358, 2021 WL 231764, at *3 (E.D. Tex. Jan. 22, 2021).

[19] *Id.* (quoting *TCL Communications Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, No. CV 15-02370 JVS, 2016 WL 7042085, at *4 (C.D. Cal. Aug. 17, 2016)).

[20] *Poly-Am., Inc. v. Serrot Int'l, Inc.*, No. CIV.A.300CV1457D, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002).

Mr. Lipson's opinions about Jackson Walker's alleged violation of ethical rules under the TDRPC.[21] The Jefferson Report also details that Ms. Jefferson provides opinions to contradict Mr. Lipson's conclusions that Jackson Walker had engaged in a "persistent pattern of ignoring, obfuscating and concealing" the relationship between Ms. Freeman and former Judge Jones.[22]

More specifically, the Jefferson Report responds to the Lipson Report's erroneous application of the TDRPC to a law firm—as opposed to individual lawyers.[23] Ms. Jefferson also provides opinions that correct Mr. Lipson's misapplication of "potential requirements under federal bankruptcy law" and TDRPC "interchangeably even though they involve differing obligations and consequences."[24] Additionally, Ms. Jefferson's opinions, among other things, evaluate and disprove Mr. Lipson's opinions on, and interpretations of, Texas Disciplinary Rule 1.06(b)(2) and Formal Opinion 666 from the Texas Professional Ethics Committee.[25]

As to the second prong of the test, the evidence disclosed as rebuttal evidence is on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure. The Jefferson Report expressly details conclusions about Jackson Walker's reasonable conduct in response to the Lipson Report's contentions about what Jackson Walker should have done after learning of the relationship between former Judge Jones and Ms. Freeman. More specifically, paragraphs 48, 53, 54, 55, and 56 of the Jefferson Report provide opinions directly rebutting those put forth in the Lipson Report. The Jefferson Report does so by first quoting the Lipson Report

---

[21] Jefferson Report at ¶¶ 2, 13–58.

[22] *See e.g.*, *id*. at ¶¶ 15–36.

[23] *Id*. at ¶¶ 37–41, 58.

[24] Jefferson Report at ¶ 37.

[25] *Id*. at ¶¶ 43–46.

and then offers analysis as to the specific quoted or paragraph language. This evaluation could not be clearer: the opinions offered refute those in the Lipson Report.

The U.S. Trustee complains about Ms. Jefferson's analysis that asserts Jackson Walker took reasonable steps when confronted about the relationship between Ms. Freeman and former Judge Jones.[26] The Motion asserts this is a "disguised" affirmative opinion. Not true. As a rebuttal expert, Ms. Jefferson is permitted a wide berth in responding to Mr. Lipson's opinions. Her opinions may frame issues differently, include new evidence, or rely upon a different methodology if such conclusions are intended to contradict or rebut the original expert's evidence.[27] Ms. Jefferson's consideration of the "reasonableness" of Jackson Walker's conduct responds to Mr. Lipson's original contention that Jackson Walker engaged in a "persistent pattern of ignoring, obfuscating and concealing" the relationship at issue. While Ms. Jefferson may have engaged in a different methodology of analysis than Mr. Lipson, courts expressly allow this with rebuttal experts.[28] Even the out-of-circuit case to which the U.S. Trustee cites, *Glass Dimensions, Inc. v. State St. Bank & Tr. Co.*[29] adheres to this proposition, noting "[a] rebuttal expert may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert."[30]

---

[26] Motion at ¶ 18.

[27] *Rex Real Estate I, L.P. v. Rex Real Estate Exchange Inc.*, No. A-19-CV-00696-RP, 2022 WL 1014139, at *3 (W.D. Tex. Apr. 5, 2022) (denying motion to strike rebuttal report which included "new evidence for the stated goal of showing methodological flaws" in plaintiff's expert report); *see also Gibson Brands, Inc. v. Armadillio Distribut. Enter., Inc.*, No. 4:19-cv-00358, 2021 WL 231764, at *3 (E.D. Tex. Jan. 22, 2021).

[28] *Gibson Brands, Inc. v. Armadillio Distribut. Enter., Inc.*, No. 4:19-cv-00358, 2021 WL 231764, at *3 (E.D. Tex. Jan. 22, 2021).

[29] 290 F.R.D. 11 (D. Mass. 2013).

[30] *Id.* at *16.

The Jefferson Report does not consider Mr. Lipson's impermissible legal analysis of Jackson Walker under the Texas Partnership Act, the Bankruptcy Rules, or the Bankruptcy Code.[31] But this has no impact on whether the Jefferson Report is rebuttal evidence since "[a]n expert report does not have to rebut every finding of the other party to be a rebuttal."[32]

As to the third prong of the test, the Jefferson Report clearly states its purpose is to refute and contradict opinions in the Lipson Report.[33] This point is further exemplified by the Jefferson Report's analysis, which repeatedly explains the opinions asserted by Mr. Lipson and then promptly disproves them with Ms. Jefferson's conclusions. Thus, the Jefferson Report's opinions are intended solely to contradict and rebut the analysis pertaining to Jackson Walker's purported ethical duties found in pages 24–31 of the Lipson Report.

B. **Alternatively, Even If The Jefferson Report Puts Forth New Evidence There Is No Cause To Strike It Under Rule 37(C).**

The Motion also asks this Court to strike the Jefferson Report under Rule 37(c) for the alleged untimely disclosure of new contested evidence in the rebuttal report. Such an argument lacks merit for the reasons addressed above (*i.e.*, the Jefferson Report directly rebuts the opinions preferred by Mr. Lipson). But if this Court concludes otherwise (which it should not), any such late disclosure is substantially justified or harmless and, thus, should not be excluded.

When considering whether exclusion of contested evidence is appropriate, courts weigh: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the

---

[31] *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) ("[E]xperts cannot render conclusions of law or provide opinions on legal issues.").

[32] *Gibson Brands, Inc. v. Armadillio Distribut. Enter., Inc.*, No. 4:19-cv-00358, 2021 WL 231764, at *3 (E.D. Tex. Jan. 22, 2021); *see also Wireless Agents, L.L.C v. Sony Ericsson Mobile Comms. AB*, No. 3:05-CV-0289-D, 2006 WL 5127278, at *2 (N.D. Tex. May 31, 2006); *Poly-Am., Inc. v. Serrot Int'l, Inc.*, No. CIV.A.300CV1457D, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002).

[33] Jefferson Report at ¶ 2.

7

prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witness's testimony."[34] To find that the untimely disclosure is substantially justified or harmless, a court does not need to conclude that all four factors weigh in favor of the evidence's proponent. Rather, satisfying some of the factors may allow for admissibility of the evidence.[35]

Here, Jackson Walker disclosed Ms. Jefferson's opinions on October 30, 2024, in accordance with this Court's Third Amended Scheduling Order.[36] Ms. Jefferson provided these opinions in direct response to those opinions proffered by Mr. Lipson thirty days earlier. Jackson Walker maintains that such opinions were not "new" opinions outside the scope of Mr. Lipson's report. If the Court concludes otherwise, however, Jackson Walker submits that any purported delay is excusable given Jackson Walker's genuine good faith belief that Ms. Jefferson's conclusions qualify as rebuttal opinions. And the U.S. Trustee has suffered scant prejudice by a month-long delay. Mr. Lipson had ample time to review Ms. Jefferson's report before his November 13, 2024 deposition. The U.S. Trustee later deposed Ms. Jefferson for almost seven hours in December 2024. These facts militate against any potential harm to the U.S. Trustee. Unlike Mr. Lipson, whose supplemental report the U.S. Trustee served three days before the deadline for motions to strike,[37] Ms. Jefferson has not supplemented her opinions since their issuance in October 2024.[38] The U.S. Trustee could have remedied any purported prejudice much

---

[34] *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

[35] *Landmark Am. Ins. Co. v. Port Royal By the Sea Condo. Owners Assoc., Inc.*, No. 2:19-CV-00006, 2021 WL 5085180, at *3 (S.D. Tex. July 8, 2021) ("Thus at least three of these four factors fall in Port Royal's favor and indicate that exclusion of Altschule's opinions would" be improper).

[36] Doc. No. 516.

[37] *See* Doc. No. 574.

[38] Ms. Jefferson amended her report after its initial issuance, but did so only to update Appendix A, the list of materials that she had reviewed in preparing her report.

8

earlier than now by asking this Court for the ability to proffer further opinions rebutting Ms. Jefferson's. It never did so. Instead, the U.S. Trustee waited until January 30, 2025—three months after receipt of the report—to first complain.

The third factor—could the issue be remedied by a continuance—is only under consideration if the Court determines that (a) Ms. Jefferson's opinions were not proper rebuttal opinions <u>and</u> (b) the U.S. Trustee was prejudiced, despite ample time to review, consider, and depose Ms. Jefferson on her proffered opinions for almost seven hours. For this prong, Jackson Walker submits that any potential prejudice could be cured by affording Mr. Lipson the opportunity to further counter Ms. Jefferson's alleged untimely opinions. No continuance would be required to afford such supplementation as the Court recently cancelled the pretrial status conference and abated the April 21, 2025 trial date pending further orders.[39] Thus, this factor does not weigh in favor of the U.S. Trustee.

This Court should deny the U.S. Trustee's request to strike the report in the event the Court concludes Ms. Jefferson is not a rebuttal witness as the disclosure of the evidence is harmless to the U.S. Trustee.

### III.  UNDER RULE 702'S STANDARDS MS. JEFFERSON IS QUALIFIED TO OPINE ON MATTERS OF LEGAL ETHICS.

Federal Rules of Evidence 702 and 703 govern the admissibility of expert witness testimony. Before permitting a potential expert to testify, a trial court must be "assured that the proffered witness is qualified to testify by virtue of his or her 'knowledge, skill, experience, training or education.'"[40] The "critical" inquiry as to an expert's qualification is whether that witness's "knowledge, skill, experience, training, or education" will help the jury "understand the

---

[39] Doc. No. 585.

[40] Fed. R. Evid. 702.

9

evidence or to determine a fact in issue."[41] "Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility."[42] An individual may qualify as an expert by practical experience; professional education is not a prerequisite.[43]

The U.S. Trustee contends that Ms. Jefferson's lack of bankruptcy law experience means that she is unqualified to provide opinions about Jackson Walker's "disclosure requirements in a bankruptcy case."[44] The U.S. Trustee's argument concedes that Ms. Jefferson is qualified to provide opinions about a lawyer's ethical obligations and the TDRPC. What the U.S. Trustee contests is the context (a bankruptcy case) in which she offers her opinions.

Such a contention wholly misses the point of Ms. Jefferson's rebuttal report and ignores how the Lipson Report analyzes the TDRPC and misapplied such rules to Jackson Walker.

For the better part of six pages, the Lipson Report applies the TDRPC to conduct by "Jackson Walker" without specifying contested actions by individual lawyers.[45] Other than two bullets on page 29 of the Lipson Report, Mr. Lipson's interpretation and application of ethical principles governing Texas lawyers is untethered to **any** mention of bankruptcy court rules or disclosure requirements. For several pages (notably pages 24–28) Mr. Lipson riffs about the Texas Partnership Act, TDRPC Rule 1.06, the ABA's Model Code of Ethics, and Ethics Opinion 666 from the Texas Committee on Professional Ethics. He does so without reference to bankruptcy

---

[41] *Jenkins v. Helmerich & Payne Int'l Drilling Co.*, 577 F. Supp. 3d 587, 596 (S.D. Tex. 2021).

[42] *Diamond Offshore Co., v. Survival Sys. Intern., Inc.*, No. H-11-1701, 2013 WL 371648, at *2 (S.D. Tex. Jan. 29, 2013) (citing *Huss v. Gayden,* 571 F.3d 442, 452 (5th Cir. 2009)).

[43] *Floyd v. Hefner*, 556 F. Supp. 2d 617, 639 (S.D. Tex. 2008) (citing *S. Cement Co. v. Sproul*, 378 F.2d 48, 49 (5th Cir. 1967)).

[44] Motion at Section II. and II.A headers; *see also* Motion at ¶¶ 21, 24.

[45] Lipson Report at pp. 25–30.

law, rules, or practice. The same goes for the two pages in which Mr. Lipson opines about why Jackson Walker should have disclosed the relationship during mediations before former Judge Jones.[46] Contrary to the Motion's contentions, the Lipson Report offers little to no discussion or analysis about Jackson Walker's purported ethical obligations under the TDRPC within "the context of a bankruptcy case."[47] Rather, Mr. Lipson puts forth his thoughts as though he is an expert on Texas legal ethics (which he is not).

The Motion's argument on this point is similar to one raised in *Jenkins*.[48] In that Southern District of Texas case the defendants asserted that plaintiff's slip-and-fall expert was unqualified under Rule 702 to opine on an oil rig slip-and-fall accident. The *Jenkins* expert, like Ms. Jefferson, had specialized knowledge and experience in the proffered area of expertise and had qualified as an expert in other cases.[49] Defendants contended, however, the expert lacked qualifications to testify as he had not opined about slip-and-falls *on oil rigs* before. But the court determined that the real issue wasn't the expert's qualifications; it was whether his qualifications "fit" the facts in *Jenkins*.[50] The court noted that under *Daubert v. Merrell Dow Pharmaceuticals, Inc*,[51] the "critical inquiry" was whether the expert's "knowledge, skill, experience, training, or education will help the jury understand the evidence or to determine a fact in issue."[52] Thus, the court concluded the

---

[46] Lipson Report at pp. 29–30.

[47] Motion at p. 8.

[48] 577 F. Supp. 3d 587, 590 (S.D. Tex. 2021).

[49] *Id*. at 592.

[50] *Id.*

[51] 509 U.S. 579, 589 (1993).

[52] *Jenkins,* 577 F. Supp. 3d at 595 (cleaned up).

expert's lack of specific experience in the oil rig industry went to the weight owed to the opinion at trial, not its admissibility.[53]

The same holds true here. The Lipson Report involves an analysis about Texas ethics rules that purportedly apply to Jackson Walker. The Jefferson Report considers that specific analysis and rebuts it. Ms. Jefferson's lack of experience opining on lawyer's ethical obligations *in bankruptcy cases* may ultimately affect the weight this Court affords her opinions at trial, but it does not impact the admissibility of such opinions. Ms. Jefferson has extensive training in the field of legal ethics, she has written and edited treatises on legal ethics, and she teaches ethics to lawyers studying Texas's ethical standards.[54] Such specialized experience and knowledge will help the Court "understand the evidence or to determine"[55] facts the U.S. Trustee has put at issue. Under Rule 702 and *Daubert*, such opinions are admissible and should not be excluded from trial.

The U.S. Trustee also contends that Ms. Jefferson's lack of first-hand knowledge of facts means she cannot proffer opinions about Mr. Lipson's report.[56] Such an argument misunderstands the law and, if true, would disqualify the U.S. Trustee's two experts as neither have first-hand knowledge of the facts at issue either.

The Federal Rules of Evidence require first-hand knowledge for lay witnesses.[57] Under Rule 703, however, experts such as Ms. Jefferson are expressly allowed to rely upon "facts or data in the case that the expert has been made aware of *or* personally observed." In fact, Rule 703 explains that "if experts in the particular field would reasonably rely on those kinds of facts or data

---

[53] *Id*.

[54] Jefferson Report at ¶¶ 5, 7-9, Exhibit B.

[55] Fed. R. Evid. 702.

[56] Motion at ¶¶ 26–28.

[57] Fed. R. Evid. 701.

12

in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Thus, Rule 703 expressly allows for Ms. Jefferson's reliance upon legal pleadings discussing the facts of the case and discovery. And it is the **same** approach followed by Mr. Lipson. As the commentary to Rule 703 notes, "nothing in this Rule restricts the presentation of underlying expert facts or data when offered by an adverse party."[58] The Lipson Report rests upon the same facts and data as the Jefferson Report—pleadings and discovery from this case. The U.S. Trustee's assertion on this point is legally meritless.

IV.    CONCLUSION

Texas federal courts rely upon a three-prong test when considering whether proffered evidence truly constitutes an expert rebuttal opinion. The Jefferson Report satisfies those three prongs. The original Lipson Report discusses Jackson Walker's ethical obligations under TDRPC and what Jackson Walker ethically "should have done" when it learned of the relationship. The Jefferson Report directly responds to these opinions, noting how Mr. Lipson has erroneously misinterpreted and misapplied the TDRPC to Jackson Walker. Similarly, the Jefferson Report responds to Mr. Lipson's opinions as to what Jackson Walker "should have done" by explaining the reasonable steps—under existing ethics rules—taken by Jackson Walker. Finally, the Jefferson Report repeatedly notes that the opinions are offered to contradict or rebut points asserted in the Lipson Report. This meets the standard for a rebuttal report within the Southern District of Texas. Ms. Jefferson is qualified to opine on legal ethics issues. Whether Ms. Jefferson's experience, knowledge, and skill "fit" this bankruptcy proceeding is an issue that goes to the weight afforded

---

[58] Fed. R. Evid. 703 Committee Notes on Rules—2000 Amendment.

to her opinions, not their admissibility. Jackson Walker, therefore, respectfully requests that this Court deny the Motion.

Respectfully submitted,

| **NORTON ROSE FULBRIGHT US LLP** | **RUSTY HARDIN & ASSOCIATES, LLP** |
|---|---|
| Jason L. Boland (SBT 24040542) <br> William R. Greendyke (SBT 08390450) <br> Julie Harrison (SBT 24092434) <br> Maria Mokrzycka (SBT 24119994) <br> 1550 Lamar, Suite 2000 <br> Houston, Texas 77010 <br> Telephone: (713) 651-5151 <br> Email: jason.boland@nortonrosefulbright.com <br> Email: william.greendyke@nortonrosefulbright.com <br> Email: julie.harrison@nortonrosefulbright.com <br> Email: maria.mokrzycka@nortonrosefulbright.com <br><br> -and- <br><br> Paul Trahan (SBT 24003075) <br> Emily D. Wolf (SBT 24106595) <br> 98 San Jacinto Boulevard, Suite 1100 <br> Austin, Texas 78701 <br> Telephone: (512) 474-5201 <br> Fax: (512) 536-4598 <br> Email: paul.trahan@nortonrosefulbright.com <br> Email: emily.wolf@nortonrosefulbright.com <br><br> *Counsel for Jackson Walker LLP* | */s/ Russell Hardin, Jr.* <br> Russell Hardin, Jr. (SBT 08972800) <br> Leah M. Graham (SBT 24073454) <br> Jennifer E. Brevorka (SBT 24082727) <br> Emily Smith (SBT 24083876) <br> 5 Houston Center <br> 1401 McKinney, Suite 2250 <br> Houston, Texas  77010 <br> Telephone: (713) 652-9000 <br> Email: rhardin@rustyhardin.com <br> Email: lgraham@rustyhardin.com <br> Email: jbrevorka@rustyhardin.com <br> Email: esmith@rustyhardin.com <br><br> *Co-Counsel for Jackson Walker LLP* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2025, I caused a copy of the Motion to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and by email to counsel for the U.S. Trustee as set forth below:

Laura Steele (Laura.Steele@usdoj.gov)

Millie Aponte Sall (Millie.sall@usdoj.gov)

Vianey Garza (Vianey.Garza@usdoj.gov)

Alicia Barcomb (Alicia.Barcomb@usdoj.gov)

      */s/ Jennifer E. Brevorka*
      Jennifer E. Brevorka