IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Professional Fee Matters Concerning the Jackson Walker Law Firm | Case No. 23-00645 |

**UNITED STATES TRUSTEE'S OBJECTION TO JACKSON WALKER LLP'S MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF JONATHAN C. LIPSON**

[Relates to ECF No. 574]

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kevin Epstein, the United States Trustee for Region 7 (the "**U.S. Trustee**"),[1] by and through his undersigned counsel, objects to Jackson Walker LLP's ("**Jackson Walker**") *Motion to Strike the Supplemental Report of Jonathan C. Lipson* [ECF No. 574] (the "**Motion**") and responds as follows:

## BACKGROUND

1. This matter stems from a scandal in one of the busiest bankruptcy courts in the nation and concerns Jackson Walker's actions to conceal the relationship at the heart of the scandal,[2] the nondisclosure of which deprived parties in interest of due process and the ability to

---

[1] The United States Trustee is a component of the United States Department of Justice. 28 U.S.C. § 501 *et seq*. The United States Trustee is charged with the administration of bankruptcy cases, 28 U.S.C. § 586(a), and has standing to raise and be heard on any issue in a bankruptcy case or proceeding. 11 U.S.C. § 307.

[2] "[I]t was the Plaintiff's audacity that brought this scandal to light. Had the anonymous letter arrived in anyone else's mailbox, perhaps Jones would still be on the bench, awarding millions of dollars to Kirkland and Jackson Walker." *Van Deelen v. Jones, et al.*, Case No. 4:23-cv-03729, ECF No. 101 at 36 (S.D. Tex.).

1

exercise their rights. The issues in this case sound in misrepresentation, concealment, and breach of fiduciary duty and involve mixed issues of law and fact. To restore public confidence in the integrity of the bankruptcy system, it is critical that the Court hear all relevant evidence and hear such evidence publicly in open court.

2. Elizabeth C. Freeman ("**Freeman**") and former Judge David R. Jones ("**Jones**") engaged in a years-long intimate, romantic, financial, and cohabitating relationship (the "**Relationship**"). Following the public revelation of the Relationship in October 2023, the U.S. Trustee moved under Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate certain orders in 32 cases and the U.S. Trustee objected to fee applications in another case (collectively, the "**Rule 60 Motions**").

3. Under the Court's *Amended Comprehensive Scheduling, Pre-trial & Trial Order* [ECF No. 249] affirmative expert reports had to be exchanged on September 30, 2024, and discovery closed on November 1, 2024.

4. The U.S. Trustee timely informed Jackson Walker that the U.S. Trustee retained Professor Jonathan C. Lipson ("**Professor Lipson**") to provide an expert report. Due to Jackson Walker's efforts to withhold documents and block testimony by asserting the attorney-client privilege with Holland & Knight, LLP when no privilege applied, the U.S. Trustee moved the Court to extend certain deadlines including, but not limited to, the deadline for Professor Lipson to consider documents and deposition testimony to prepare the Lipson Expert Report [ECF No. 342]. Jackson Walker objected [ECF No. 347] and the Court denied the U.S. Trustee's request to extend the deadline to produce affirmative expert reports [ECF No. 358].

5. On September 30, 2024, the U.S. Trustee timely submitted to Jackson Walker's counsel the *Expert Report of Professor Jonathan C. Lipson Regarding Certain Disclosure and Ethics Matters* ("**Lipson Expert Report**").

6. On October 29, 2024, the Court entered the *Third Amended Comprehensive Scheduling, Pre-Trial & Trial Order* [ECF No. 516] (the "**Order**"), which is incorporated herein by reference. Among other things, the Order provided that "[a]ny [Daubert] motion must specifically state the basis for the objection and identify the objectionable testimony." *Id*. at 3 ¶ 16.

7. As a result of motions to compel, brought both before this Court and before the Oregon District Court, the U.S. Trustee received substantial, and important, discovery (1) after the deadline for the U.S. Trustee to provide Professor Lipson's report and (2) after the deadline for issuing discovery set by this Court.

8. For example, not until November 15, 2024, (and after the U.S. Trustee filed a motion to compel) did Jackson Walker produce documents between it and the public relations firm it hired, some of which Professor Lipson discussed in the supplement to the Lipson Expert Report that Jackson Walker asks this Court to strike (ECF No. 576-1 being the "**Supplement**"). Also on November 15, 2024, Jackson Walker produced to the U.S. Trustee the version of the Attorney Sourcebook discussed by Professor Lipson in the Supplement. Further, the U.S. Trustee did not receive from Holland & Knight, LLP the documents it was compelled to provide until December 13, 2024. Thereafter, the U.S. Trustee deposed two Holland & Knight attorneys on December 17 and 18, 2024. The U.S. Trustee received the transcripts of the depositions of the two Holland & Knight attorneys on December 23 and 24, 2024. The transcripts were timely provided to Professor Lipson.

3

9.  In addition to delays occasioned by Jackson Walker's actions, Professor Lipson was in San Francisco for an Association of American Law Schools matter from January 7–11, 2025, and out of the country from January 15–20, 2025.

10. The Supplement expresses no new opinions. Supp. at 1. Rather, the Supplement identifies additional evidence supporting the opinions set forth in the Lipson Expert Report.

## ARGUMENT

**A. Like The Lipson Expert Report, Professor Lipson's Supplement Is Reliable Under Federal Rule of Evidence 702, and the Issues Raised by Jackson Walker Go to Weight and Not Admissibility.**

11. The U.S. Trustee's response to Jackson Walker's motion to strike the Lipson Expert Report and exclude Professor Lipson's testimony (the "**Response**") is incorporated by reference as though set forth fully herein.

12. Professor Lipson's Supplement is sufficiently reliable and will be helpful to this Court. As explained in the Response, Professor Lipson is an expert in bankruptcy law and procedure. He has expertise in disclosure obligations under bankruptcy law and procedures.

13. Attorneys seeking employment have certain disclosure obligations. Integral to the performance of those obligations is the applicant's duty to investigate and disclose all connections. Only then may the court and other parties in interest determine if the applicant is disinterested or holds or represents an interest adverse to the estate.

14. Professor Lipson need not have some specialized expertise in conducting investigations. It is enough that he is generally an expert on the subject matter—bankruptcy law, disclosure obligations, and what is necessary to satisfy such obligations. *America Can! v. Arch Ins.*, 597 F. Supp. 3d 1038, 1044–45 (N.D. Tex. 2022). That is because "[t]he standard for qualifying an expert witness is fairly liberal; the witness need not have specialized expertise in the

area directly pertinent to the issue in question if the witness has qualifications in the general field related to the subject matter in question." *Id.* Courts recognize that "[e]xperts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than the admissibility." *Tex. Gen. Land Off. v. Pearl Res. LLC (In re Pearl Res. LLC)*, No. 20-31585, 2023 WL 8642303, at *3 (Bankr. S.D. Tex. Dec. 13, 2023) (citing *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009)).

15. In this case, the Motion to strike the Supplement based on Jackson Walker's attacks on Professor Lipson's qualifications should be denied, and Jackson Walker's quibbles regarding Professor Lipson's qualifications should be raised at trial. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993); *Williams v. Manitowac Cranes, L.L.C.*, 898 F.3d 607, 625 (5th Cir. 2018). Professor Lipson's study and experience easily meet the liberal and flexible standard for this Court to determine that Professor Lipson is qualified to testify as an expert. Professor Lipson's training and experience are sufficiently related to issues before the Court, and the issues raised by Jackson Walker concerning his qualifications simply go to the weight of testimony to be provided.

**B.     The Supplement Is Not an Untimely Affirmative Expert Report.**

16. Just as there is no substantive basis to strike the Supplement, there is no procedural basis to strike the Supplement.

17. The Supplement sets forth no new opinions. Rather, the Supplement sets forth additional factual support for the opinions expressed in the Lipson Expert Report, which factual support was not available to Professor Lipson at the time the U.S. Trustee was required to produce the Lipson Expert Report.

18. It would be inequitable to strike the Supplement because it was produced after the September 30, 2024, deadline imposed by this Court to produce affirmative expert reports.

Jackson Walker intentionally withheld discovery or caused Holland & Knight to withhold information from the U.S. Trustee. And Jackson Walker opposed the motion filed by the U.S. Trustee seeking to extend the September 30, 2024, deadline. Jackson Walker, having effectively created the situation that led to the U.S. Trustee not having all necessary information and documentation until December 24, 2024, should not be able to use the situation it created to obtain entry of an order striking the Supplement.

19. The U.S. Trustee acted reasonably and promptly to give Professor Lipson the additional information it finally obtained to permit him to assess whether such information altered his opinions.[3]

20. The Supplement is a properly issued supplement in accordance with Fed. R. Civ. P. 26(e)(2). It is not an untimely affirmative expert report.

C. **The Supplement Does Not Improperly Seek To "Fix" Anything**.

21. Jackson Walker asserts that striking the Supplement "is an appropriate sanction because the U.S. Trustee uses the report to try and 'fix'" problems with the Lipson Expert Report. Mot. at 6.

22. Jackson Walker's argument on this point provides no meaningful analysis. The Court should deny this basis for striking the Supplement because Jackson Walker simply makes conclusory statements. *See* Order at 3 ¶ 16.

---

[3] The U.S. Trustee attempted to depose Veronica Polnick in July 2024, and a copy of that subpoena is attached as Exhibit 1. A partial transcript of Ms. Polnick's October 3rd deposition testimony is attached as Exhibit 2, wherein she testified that her personal device was delivered to counsel in spring 2024. Ex. 2 at 15:18–17:7. The text messages from that device, however, were not produced to the U.S. Trustee until October 1st, less than 48 hours prior to her deposition. *Id.* at 2, 15:18–17:2, 21:2–10, 26:2–27:9.

23. As this Court recognized, an expert report may be properly supplemented when the supplement is based on "newly learned information[.]" *In re Pearl Res.*, 2023 WL 8642303, at *7.

24. In this case, that is precisely what occurred. The U.S. Trustee continued to fight for information and documents, obtained additional discovery into late December 2024, gave that information to Professor Lipson, and requested, received, and timely provided the Supplement to Jackson Walker.

## CONCLUSION

25. For the reasons set forth above and as may be argued at a hearing on this matter, the Motion should be denied.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Motion, sustain the U.S. Trustee's objection to the Motion, and grant the U.S. Trustee any other relief the Court deems just or necessary.

[Signature Page Follows]

Date: February 20, 2025                                    Respectfully Submitted,

                                                                              KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

|  |  |
|---|---|
|  | By: */s/ Alicia Barcomb* |
| RAMONA D. ELLIOTT | MILLIE APONTE SALL |
| Deputy Director/ | Assistant U.S. Trustee |
| General Counsel | Tex. Bar No. 01278050/Fed. ID No. 11271 |
| NAN ROBERTS EITEL | VIANEY GARZA |
| Associate General Counsel | Trial Attorney |
| Fed. ID No. 561266 | Tex. Bar No. 24083057/Fed. ID No. 1812278 |
| DANIELLE PHAM | ALICIA BARCOMB |
| Trial Attorney | Trial Attorney |
| Department of Justice | Tex. Bar No. 24106276/Fed ID No. 3456397 |
| Executive Office for | 515 Rusk, Suite 3516 |
| United States Trustees | Houston, Texas 77002 |
| Washington, D.C. 20530 | (713) 718-4650 – Telephone |
| (202) 307-1399 – Telephone | (713) 718-4670 – Fax |
|  | Email: millie.sall@usdoj.gov |
|  | vianey.garza@usdj.gov |
|  | alicia.barcomb@usdoj.gov |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 20, 2025 a copy of the foregoing was served on the parties listed in the attached service list by ECF transmission.

                                                                         By: */s/ Alicia Barcomb*
                                                                          Alicia Barcomb

## **CERTIFICATE OF CONFERENCE**

      Counsel for the U.S. Trustee and counsel for Jackson Walker conferred via video conference on February 12 and 14, 2025, but were unable to resolve the matters raised in the Motion.

                                                                         By: */s/ Alicia Barcomb*
                                                                          Alicia Barcomb