IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**Professional Fee Matters Concerning the Jackson Walker Law Firm** | Case No. 23-00645 (EVR) |

**JACKSON WALKER LLP'S EMERGENCY MOTION REQUESTING CLARIFICATION OF CASE MANAGEMENT ORDER AND MATTERS REFERRED TO MISCELLANEOUS PROCEEDING**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 5:00 PM (PREVAILING CENTRAL TIME) ON MARCH 28, 2025.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Jackson Walker LLP ("Jackson Walker") files this *Emergency Motion Requesting Clarification of Case Management Order and Matters Referred to Miscellaneous Proceeding* (the "Motion"),[1] requesting that this Court clarify its prior *Case Management Order* and referral of matters to the Miscellaneous Proceeding (as defined below). In further support of this Motion, JW respectfully states as follows:

---

[1] Jackson Walker has filed identical emergency motions in all of the cases pending before Judges Rodriguez, Perez and Lopez as the underlying referring presiding judges.

**PRELIMINARY STATEMENT**

As detailed below, Jackson Walker understands that the presiding judges over the 32 bankruptcy cases at issue (other than the *Brilliant Energy* case which is pending before Chief Judge Rodriguez) retained jurisdiction over all issues in those cases other than those specifically transferred to Chief Judge Rodriguez. To that end, the initial case management orders that were initially entered in all of the relevant cases consolidated all discovery and pre-trial matters with Chief Judge Rodriguez. Subsequent case management orders were thereafter entered transferring to Chief Judge Rodriguez the issue of "[w]hether the Final Order Allowing Compensation and Reimbursement of Expenses for Jackson Walker LLP should be vacated." This issue is what Jackson Walker understands will be tried beginning May 12, 2025, before Chief Judge Rodriguez, however, other orders and statements made on the record at prior hearings may suggest otherwise. With trial set to commence on May 12, 2025, Jackson Walker seeks emergency relief requesting that the Court confirm (or clarify) the issue(s) that will be heard by Chief Judge Rodriguez at the upcoming trial.

**REQUEST FOR CLARIFICATION**

As this Court is aware, Kevin Epstein, United States Trustee for Region 7 (the "U.S. Trustee") and Jackson Walker have been embroiled in litigation since November 2023 in respect of the U.S. Trustee's various *Motions for (1) Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and Related Relief* (collectively and as originally filed, amended, and/or supplemented, the "Rule 60(b) Motions") pending in thirty-one (31) bankruptcy cases (collectively, the "Affected Cases"). Of those 31

Affected Cases, one is pending before Chief Judge Rodriguez,[2] 26 are pending before the Honorable Christopher M. Lopez,[3] and 4 are pending before the Honorable Alfredo R. Pérez.[4] Thirteen (13) of the thirty-one (31) Affected Cases remain closed as of the date hereof.[5]

By agreement and consent of all of the Southern District of Texas Bankruptcy Judges, a miscellaneous proceeding (the "Miscellaneous Proceeding") was commenced to consolidate all discovery and pretrial matters in respect of the Rule 60(b) Motions before Chief Judge Rodriguez. *See Order Commencing Miscellaneous Proceeding Regarding Employment Orders and Awarded Fees and Expenses to Jackson Walker, LLP in Affected Cases*, Misc. Proc. No. 23-00645, Dkt. No. 1 (the "Misc. Proc. Case Mgmt. Order"). Copies of the Misc. Proc. Case Mgmt. Order were thereafter entered in each of the open Affected Cases. Additionally, by agreement between Jackson Walker and the U.S. Trustee, the parties entered into an *Agreed Order Transferring Discovery to*

---

[2] *In re Brilliant Energy*, Case No. 21-30936.

[3] The Affected Cases that are pending before Judge Lopez are the following: *In re Westmoreland Coal Company*, Case No. 18-35672; *In re Jones Energy, Inc.*, Case No. 19-32112; *In re Whiting Petroleum Corporation*, Case No. 20-32021; *In re Stage Stores, Inc.*, Case No. 20-32564; *In re Energy Services Puerto Rico, LLC*, Case No. 20-32680; *In re Chesapeake Energy Corporation*, Case No. 20-33239; *In re Covia Finance Company LLC*, Case No. 20-33302; *In re Denbury Holdings, Inc.*, Case No. 20-33801; *In re iQor Holdings, Inc.*, Case No. 20-34500; *In re J.C. Penney Direct Marketing Services, LLC*, Case No. 20-20182; *In re Tug Robert Bouchard Corporation*, Case No. 20-34682; *In re Mule Sky LLC, et al.*, Case No. 20-35562; *In re Seadrill Partners, LLC*, Case No. 20-35740; *In re Seadrill Limited*, Case No. 21-30427; *In re Katerra, Inc.*, Case No. 21-31861; *In re Basic Energy Services, Inc.*, Case No. 21-90002; *In re Sungard AS New Holdings, LLC*, Case No. 22-90018; *In re 4EBrands North America LLC*, Case No. 22-50009; *In re Sanchez Energy Corporation*, Case No. 19-34508; *In re Auto Plus Auto Sales LLC*, Case No. 23-90055; *In re Altera Infrastructure Project Services LLC*, Case No. 22-90129; *In re Exco Services, Inc.*, Case No. 18-30155; *In re McDermott International Inc.*, Case No. 20-30336; *In re Sheridan Holding Company I, LLC*, Case No. 20-31886; *In re Volusion, LLC*, Case No. 20-50082; *In re Seadrill Member LLC*, Case No. 22-90002.

[4] Judge Pérez was assigned certain of the Rule 60 Motions pending in Judge Isgur's cases following Judge Isgur's recusal on September 24, 2024. The Affected Cases that are pending before Judge Pérez are the following: *In re Neiman Marcus Group LTD, LLC*, Case No. 20-32519; *In re TMW Merchants LLC*, Case No: 20-33916; *In re Strike LLC*, Case No. 21-90054; *In re La Forta Gestão e Investimentos*, Case No. 22-90126.

[5] The closed cases include: *In re Seadrill Member LLC*, Case No. 22-90002; *In re Exco Resources Inc.*, Case No. 18-30155; *In re Westmoreland Coal Company*, Case No. 18-35672; *In re Jones Energy Inc.*, Case No. 19-32112; *In re McDermott International Inc.*, Case No. 20-30336; *In re Sheridan Holding Company I, LLC*, Case No. 20-31884; *In re Energy Services Puerto Rico, LLC*, Case No. 20-32680; *In re Volusion, LLC*, Case No. 20-50082; *In re Denbury Resources Inc*, Case No. 20-33801; *In re iQor Holdings Inc.*, Case No. 20-34500; *In re Covia Finance Company LLC*, Case No. 20-33302; *In re TMW Merchants LLC*, Case No: 20-33916; and *In re La Forta – Gestão e Investimentos*, Case No. 22-90126 (dismissed).

*Pending Miscellaneous Proceeding* in each of the closed Affected Cases, which provided that discovery would proceed as to those matters in the Miscellaneous Proceeding, subject to entry of a further case management order with respect to the U.S. Trustee's pending motions to reopen those cases and Jackson Walker's objections thereto. A second *Case Management Order* was thereafter entered in the Affected Cases by the underlying presiding bankruptcy judges and with the consent of Chief Judge Rodriguez to expand the discovery and pre-trial matters previously referred to Chief Judge Rodriguez in the Miscellaneous Proceeding, to include a final trial on the merits on the following issue:

> "Whether the Final Order Allowing Compensation and Reimbursement of Expenses for Jackson Walker LLP should be vacated."[6]

Per that later Case Management Order, all "other matters" remained with the underlying presiding bankruptcy judges.[7]

In 27 of the Affected Cases, a third *Case Management Order* was entered by the underlying bankruptcy judges after conferring with Chief Bankruptcy Judge Rodriguez and the other bankruptcy judges of this District, providing that:

> All future documents and pleadings concerning discovery, [pretrial] matters and whether the Final Order Allowing Compensation and Reimbursement of Expenses for Jackson Walker LLP should be vacated regarding the Motion to Withdraw the Reference and the Motion for Relief from Final Judgment must be filed in Miscellaneous Proceeding 23-00645.[8]

Thereafter, on October 29, 2024, Chief Judge Rodriguez entered a *Third Amended Comprehensive Scheduling, Pre-Trial & Trial Order* (the "<u>Scheduling Order</u>") in the

---

[6] *See* Misc. Proc. Dkt. Nos. 388-417, 419, 429, 430.

[7] *Id.* ¶ 3.

[8] *See* Misc. Proc. Dkt. No. 465.

Miscellaneous Proceeding, stating that "all contested matters subject to this [Scheduling] Order, other than disqualification under 28 U.S.C. § 455; and return of all fees and expenses, shall be tried on the merits to the Court." *See* Misc. Proc., Dkt. No. 516 at 2, ¶ 5. At an October 29, 2024 hearing, Chief Judge Rodriguez also stated:

> . . . I'm going to hold a trial on the merits on every portion of these Rule 60 motions which, with a couple of exceptions, and so we're going to have one consolidated trial that deals with the vacatur and all the relief the U.S. Trustee is seeking and all of the cases.
>
> There are two exceptions. One, I talked about last time, which was disgorgement. I think, you know, disgorgement, if it came down to it and I vacated these orders and -- both employment and fee orders or just the fee orders, whatever the relief I grant, if disgorgement is called for, then that would have to be taken back up by the presiding judge. Of course, disgorgement will be certainly entertained in the *Brilliant Energy* case. That's the case I'm presiding over. So happy to hear and take that to a final resolution and a judgment in this particular court on the *Brilliant Energy* case.
>
> The other matter that this Court -- and so disgorgement in all the other cases other than *Brillant Energy* will be abated pending further orders of the Court.
>
> . . .
>
> But disgorgement, what I'm talking about is return of fees and expenses as the U.S. Trustee's laid out in its Rule 60 motions is what's being abated in all the other cases, you know. . . .[9]

Chief Judge Rodriguez thereafter entered an *Order Scheduling Trial and Designating Courtroom 8B* (the "<u>Amended Scheduling Order</u>") [Misc. Proc. No. 23-00645] which provides, in pertinent part, that

> An in-person trial on the "United States Trustee's Motion For (1) Relief From Judgment Pursuant To Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving The Retention and Compensation Applications of Jackson Walker LLP (2) Sanctions, and (3) Related Relief" and the "United States Trustee's Amended and Supplemental Motion For (1)

---

[9] Oct. 29, 2024 Hr'g Tr., p. 9:24-11:8; 12:21-12:24.

>Relief From Judgment Pursuant To Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving The Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief" shall commence before Chief United States Bankruptcy Judge Eduardo V. Rodriguez, United States Bankruptcy Court, Bob Casey Federal Building, COURTROOM NO. 8B, 515 Rusk, Houston Texas, 77002.

Based on the above, it is unclear to Jackson Walker whether the issue of vacatur of both Jackson Walker's employment and fee orders are before Chief Judge Rodriguez in the Miscellaneous Proceeding or whether it is only the issue of vacatur of Jackson Walker's final fee orders that is before Chief Judge Rodriguez as the second and third *Case Management Orders* state. Additionally, there have been no follow up case management orders entered in any of the closed Affected Cases following the conclusion of the discovery period as the parties' stipulated Agreed Order provided for;[10] thus, it is unclear whether the judges presiding over those closed Affected Cases intend for those cases to remain closed but nonetheless be included as part of the trial (whether on vacatur of only the final fee orders or also the employment orders) to be held before Chief Judge Rodriguez.

Jackson Walker respectfully requests emergency consideration of this Motion in accordance with Bankruptcy Local Rule 9013-1(i). Under the latest Amended Scheduling Order entered by Chief Judge Rodriguez in the Miscellaneous Proceeding, the parties are required to meet face to face to attempt to resolve the issues in the Miscellaneous Proceeding amicably, including preparing the pretrial order, by March 20, 2025 and to file the proposed form of pretrial order by April 25, 2025. Jackson Walker therefore requests clarification by March 28, 2025, in

---

[10] The *Third Case Management Order* entered in the closed Affected Cases did not provide for a hearing or other resolution on the U.S. Trustee's pending motions to reopen and Jackson Walker's objections thereto.

order to allow the parties to adequately prepare the pretrial order after receiving clarification regarding the May trial.

## CONCLUSION

Jackson Walker files this Motion before this Court and each of the other presiding judges, and seeks clarification from this Court as the parties prepare for trial commencing on May 12, 2025.

Dated: March 18, 2025

| **NORTON ROSE FULBRIGHT US LLP** | **RUSTY HARDIN & ASSOCIATES, LLP** |
|---|---|

*/s/ Jason L. Boland*

Jason L. Boland (SBT 24040542)
William Greendyke (SBT 08390450)
Julie Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
jason.boland@nortonrosefulbright.com
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com
maria.mokrzycka@nortonrosefulbright.com

Paul Trahan (SBT 24003075)
Emily Wolf (SBT 24106595)
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
paul.trahan@nortonrosefulbright.com
emily.wolf@nortonrosefulbright.com

*Counsel for Jackson Walker LLP*

Russell Hardin, Jr. (SBT 08972800)
Leah M. Graham (SBT 24073454)
Jennifer E. Brevorka (SBT 24082727)
Emily Smith (SBT 24083876)
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
rhardin@rustyhardin.com
lgraham@rustyhardin.com
jbrevorka@rustyhardin.com
esmith@rustyhardin.com

*Counsel for Jackson Walker LLP*

## CERTIFICATE OF ACCURACY

I hereby certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Jason L. Boland*
Jason L. Boland

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I caused a copy of the foregoing Motion to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive such service.

*/s/ Jason L. Boland*
Jason L. Boland