B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

**EXHIBIT**
**3**

# UNITED STATES BANKRUPTCY COURT
### Southern District of Texas

In re Professional Fee Matters Concerning the Jackson Walker Law Firm
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 23-00645 (EVR)_____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Elizabeth Freeman _____
*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE | COURTROOM 8B |
|---|---|
| United States Bankruptcy Court<br>Bob Casey Federal Building<br>515 Rusk Ave.<br>Houston, Texas 77002 | DATE AND TIME<br>Beginning May 12, 2025 at 8:30 a.m. (CST) until released by the Court. The trial may continue through May 30, 2025, or as otherwise ordered by the Court. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 11, 2025

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Kevin M. Epstein, United States Trustee, who issues or requests this subpoena, are:
Vianey Garza, Trial Attorney, Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002, Vianey.Garza@usdoj.gov, (202) 322-7086

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Guide to Judiciary Policy

Vol. 20: Administrative Claims and Litigation

## Ch. 8: Testimony and Production of Records

§ 810 Overview
     § 810.10 Purpose
     § 810.20 Authority
     § 810.30 Definitions
     § 810.40 Applicability

§ 820 Testimony and Production of Records

§ 830 Contents and Timeliness of a Request

§ 840 Identity of Determining Officer

§ 850 Procedure When Request Is Made

---

## § 810 Overview

### § 810.10 Purpose

(a)    These regulations establish policy, assign responsibilities and prescribe procedures with respect to:

    (1)    the production or disclosure of official information or records by the federal judiciary; and

    (2)    the testimony of present or former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties, or by virtue of that individual's official status, in federal, state, or other legal proceedings covered by these regulations.

(b)    The purpose of these regulations is, among other things, to:

    (1)    conserve the time of federal judicial personnel for conducting official business;

    (2)    minimize the involvement of the federal judiciary in issues unrelated to its mission;

*Last substantive revision (Transmittal GR-4) September 2, 2009*
*Last revised (minor technical changes) July 5, 2016*

(3)     maintain the impartiality of the federal judiciary in disputes between private litigants;

(4)     avoid spending the time and money of the United States for private purposes; and

(5)     protect confidential and sensitive information and the deliberative processes of the federal judiciary.

## § 810.20 Authority

Adopted by the Judicial Conference of the United States in March 2003 (JCUS-MAR 03, p. 9), these regulations are promulgated under the authority granted the Director of the Administrative Office of the U.S. Courts (AO), under the supervision and direction of the Conference, to:

(a)     "[s]upervise all administrative matters relating to the offices of clerks and other clerical and administrative personnel of the courts" (28 U.S.C. § 604(a)(1));

(b)     "[p]erform such other duties as may be assigned to him by. . .the Judicial Conference of the United States" (28 U.S.C. § 604(a)(24));

(c)     "make, promulgate, issue, rescind, and amend rules and regulations. . .as may be necessary to carry out the Director's functions, powers, duties, and authority" (28 U.S.C. § 604(f)); and

(d)     "delegate any of the Director's functions, powers, duties, and authority. . . to such officers and employees of the judicial branch of Government as the Director may designate" (28 U.S.C. § 602(d)).

| § 810.30 Definitions | |
|---|---|
| Information or records | All information, records, documents, or materials of any kind, however stored, that are in the custody or control of the federal judiciary or were acquired by federal judicial personnel in the performance of their official duties or because of their official status. |
| Judicial personnel | All present and former officers and employees of the federal judiciary and any other individuals who are or have been appointed by, or subject to the supervision, jurisdiction, or control of, the federal judiciary, including individuals hired through contractual agreements by or on behalf of the federal judiciary, or performing services under such agreements for the federal judiciary, such as consultants, contractors, subcontractors, and their employees and personnel.  This phrase also includes alternative dispute resolution neutrals or mediators, special masters, individuals who have served and are serving on any advisory committee or in any advisory capacity, and |

| § 810.30 Definitions | |
|---|---|
| | any similar personnel performing services for the federal judiciary. |
| Legal proceedings | All pretrial, trial, and post-trial stages of all existing or anticipated judicial or administrative actions, hearings, investigations, cases, controversies, or similar proceedings, including grand jury proceedings, before courts, agencies, commissions, boards or other tribunals, foreign and domestic, or all legislative proceedings pending before any state or local body or agency, other than those specified in § 810.40(b). |
| Request | An order, subpoena, or other demand of a court, or administrative or other authority, of competent jurisdiction, under color of law, or any other request by whatever method, for the production, disclosure, or release of information or records by the federal judiciary, or for the appearance and testimony of federal judicial personnel as witnesses as to matters arising out of the performance of their official duties, in legal proceedings.  This definition includes requests for voluntary production or testimony in the absence of any legal process. |
| Testimony | Any written or oral statement in any form by a witness arising out of the performance of the witness' official duties, including personal appearances and statements in court or at a hearing or trial, depositions, answers to interrogatories, affidavits, declarations, interviews, telephonic, televised, or videotaped remarks, or any other response during discovery or similar proceedings that would involve more than production of documents. |

## § 810.40 Applicability

(a)    These regulations apply to all components and personnel of the federal judiciary, except the following agencies and their personnel:

- Supreme Court of the United States,
- Federal Judicial Center, and
- United States Sentencing Commission.

(b)    These regulations **do not** apply to:

(1)    Legal proceedings in which the federal judiciary or a court or office of the federal judiciary is a party.

(2)    Legal proceedings, arising out of the performance of official duties by federal judicial personnel, in which federal judicial personnel are parties.

(3)    Legal proceedings in which federal judicial personnel are to testify while in leave or off-duty status as to matters that do not arise out of the performance of official duties.  (**Note:**  These regulations do

not seek to deny federal judicial personnel access to the courts as citizens in their private capacities on off-duty time.)

(4)     Congressional requests for testimony or documents.

(5)     Requests governed by the garnishment regulations in Guide, Vol. 20, Ch. 5.

(6)     Proceedings conducted under the Judicial Conduct and Disability Act, 28 U.S.C. § § 351-364, under the authority conferred on the judicial councils of the respective federal judicial circuits by 28 U.S.C. § 332, or under the authority conferred on the Judicial Conference of the United States by 28 U.S.C. § 331.

(7)     Requests by members of the public, when properly made through the procedures established by a court for that purpose, for records or documents, such as court files or dockets, routinely made available to members of the public for inspection or copying.

# § 820 Testimony and Production of Records

(a)     Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations.

(b)     Testimony may be taken from federal judicial personnel only at the federal judicial personnel's place of business, or at any other place authorized by the determining officer designated in § 840(b).  Additional conditions may be specified by the determining officer.  The time for such testimony should be reasonably fixed so as to avoid substantial interference with the performance of official duties by federal judicial personnel.

(c)     Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.

(d)     These regulations are not intended to, and do not:

(1)     waive the sovereign immunity of the United States; or

(2)     infringe upon or displace the responsibilities committed to the Department of Justice in conducting litigation on behalf of the United States in appropriate cases.

(e)     These regulations are intended only to govern the internal operation of the federal judiciary and are not intended to create, do not create, and may

not be relied upon to create any right or benefit, substantive or procedural, enforceable in law or equity against the United States or against the federal judiciary or any court, office, or personnel of the federal judiciary.

# § 830 Contents and Timeliness of a Request

(a)     The request for testimony or production of records must set forth, or must be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party, containing:

- an explanation of the nature of the testimony or records sought,

- the relevance of the testimony or records sought to the legal proceedings, and

- the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means.

(1)     This explanation must contain sufficient information for the determining officer designated in § 840(b) to determine whether or not federal judicial personnel should be allowed to testify or the records should be produced.

(2)     Where the request does not contain an explanation sufficient for this purpose, the determining officer may deny the request or may ask the requester to provide additional information.

(b)     The request for testimony or production of records, including the written statement required by § 830(a), must be provided to the federal judicial personnel from whom testimony or production of records is sought at least 15 working days in advance of the time by which the testimony or production of records is to be required.  Failure to meet this requirement will provide a sufficient basis for denial of the request.

(c)     The determining officer designated in § 840(b) has the authority to waive the requirements of this section (i.e., § 830) in the event of an emergency under conditions which the requester could not reasonably have anticipated and which demonstrate a good faith attempt to comply with the requirements of these regulations.  In no circumstance, however, is a requester entitled to consideration of an oral or untimely request.  To the contrary, whether to permit such an exceptional procedure is a decision within the sole discretion of the determining officer.

# § 840 Identity of Determining Officer

(a)  Federal judicial personnel may not, in response to a request for testimony or the production of records in legal proceedings, comment, testify, or produce records without the prior approval of the determining officer designated below in § 840(b).

(b)  The determining officer authorized to make determinations under these regulations will be as follows:

(1)  In the case of a request directed to a federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge, or directed to a current or former member of such a judge's personal staff (such as a judge's secretary, law clerk), the determining officer will be the federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge himself or herself.

(2)  In the case of a request directed to a former federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge, or directed to a former member of a former judge's personal staff who is no longer a court employee and thus is not covered by § 840(b)(1) or (b)(3), the determining officer will be the chief judge of the court on which the former judge previously served.

(3)  In the case of a request directed to an employee or former employee of a court office (other than an employee or former employee covered by § 840(b)(1), such as the office of the clerk of court, the office of the circuit executive, the staff attorneys' and/or preargument attorneys' office, the probation and/or pretrial services office, and the office of the federal public defender, the determining officer will be the unit head of the particular office, such as the:

- clerk of court,
- circuit executive,
- senior staff attorney,
- chief probation officer,
- chief pretrial services officer, or
- federal public defender.

**Note:**  In these instances, the determining officer (except the federal public defender, as provided below) should, as provided by local rule or order, consult with the chief judge of the court served by the particular office regarding the proper response to a request.

The federal public defender, in the case of a request related to the defender office's administrative function (but not requests related to the defender office's provision of representation pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, and related statutes), should, as provided by local rule or order, consult with the chief judge of the court of appeals that appoints the federal public defender regarding the proper response to such a request.

(4)     In the case of a request directed to an employee or former employee of the AO, the determining officer will be the AO's General Counsel.

(5)     In the case of a request not specified in subsections (1) through (4) above (such as a request made to federal judicial personnel as defined in § 810.30 ("judicial personnel") who are not current or former judges or their staff, employees of a court office, or employees of the AO), the determining officer will be the officer designated to serve as the determining officer by the chief judge of the court served by the recipient of the request.  In these instances, the determining officer (if someone other than the chief judge of the relevant court) should, if the circumstances warrant, consult with the chief judge of the relevant court regarding the proper response to a request.

# § 850 Procedure When Request Is Made

(a)     In response to a request for testimony or the production of records by federal judicial personnel in legal proceedings covered by these regulations, the determining officer may determine:

- whether the federal judicial personnel may be interviewed, contacted, or used as witnesses, including as expert witnesses, and
- whether federal judicial records may be produced, and what, if any conditions will be imposed upon such interview, contact, testimony, or production of records.

The determining officer may deny a request if the request does not meet any requirement imposed by these regulations.

In determining whether or not to authorize the disclosure of federal judicial information or records or the testimony of federal judicial personnel, the determining officer will consider, based on the following factors, the effect in the particular case, as well as in future cases generally, which testifying

or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties.

(1)     The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission.

(2)     Whether the testimony or production of records would assist the federal judiciary in the performance of official duties.

(3)     Whether the testimony or production of records is necessary to prevent the perpetration of fraud or injustice in the case or matter in question.

(4)     Whether the request is unduly burdensome or is inappropriate under applicable court or administrative rules.

(5)     Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case or matter in which the request arises, or under the relevant substantive law of privilege.

(6)     Whether the request is within the proper authority of the party making it.

(7)     Whether the request meets the requirements of these regulations.

(8)     Whether the request was properly served under applicable court, administrative, or other rules.

(9)     Whether the testimony or production of records would violate a statute, regulation, or ethical rule.

(10)    Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process.

(11)    Whether the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, or would disclose any other information that is confidential under any applicable statute or regulation.

(12)   Whether the testimony or production of records reasonably could be expected to result in the appearance of the federal judiciary favoring one litigant over another, or endorsing or supporting a position advocated by a litigant.

(13)   Whether the request seeks testimony, records or documents available from other sources.

(14)   Whether the request seeks testimony of federal judicial personnel as expert witnesses.

(15)   Whether the request seeks personnel files, records or documents pertaining to a current or former federal judicial officer or employee, and

    (A)   the personnel files, records or documents sought by the request may be obtained from the current or former federal judicial officer or employee in question, or

    (B)   the personnel files, records or documents sought by the request would be made available to the requester with the written consent or authorization of the current or former federal judicial officer or employee in question.

(16)   Any other consideration that the determining officer designated in § 840(b) may consider germane to the decision.

(b)   Federal judicial personnel upon whom a request for testimony or the production of records in legal proceedings is made should promptly notify the determining officer designated in § 840(b).  If the determining officer determines, upon consideration of the requirements of these regulations and the factors listed in § 850(a), that the federal judicial personnel upon whom the request was made should not comply with the request, the federal judicial personnel upon whom the request was made should notify the requester of these regulations and must respectfully decline to comply with the request.  In appropriate circumstances federal judicial personnel may — through the Department of Justice, or with the assistance of retained legal counsel if the Department of Justice is unavailable — file a motion, before the appropriate court or other authority, to quash such a request or to obtain other appropriate relief.

(c)   If, after federal judicial personnel have received a request in a legal proceeding and have notified the determining officer in accordance with this section, a response to the request is required before instructions from the determining officer are received, federal judicial personnel should notify the requester of these regulations and inform the requester that the

request is under review pursuant to these regulations.  If necessary, federal judicial personnel may — through the Department of Justice, or with the assistance of retained legal counsel if the Department of Justice is unavailable — seek a stay of the request pending a final determination by the determining officer, or seek other appropriate relief.

(d)     If, in response to action taken under § 850(c), a court of competent jurisdiction or other appropriate authority declines to stay the effect of a request pending a determination by the determining officer, or if such court or other authority orders that the request be complied with notwithstanding the final decision of the determining officer, the federal judicial personnel upon whom the request was made must notify the determining officer and must comply with the determining officer's instructions regarding compliance with the order or request.  Unless and until otherwise instructed by the determining officer, however, the federal judicial personnel upon whom the request was made must respectfully decline to comply with the order or request.  *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

**EXHIBIT A[1]**

***Testimony Topics***

1. The nature and timeline of former bankruptcy judge David R. Jones's ("Jones") romantic relationship, cohabitation, financial relationship, or joint home ownership with Elizabeth Freeman ("Freeman").

2. Freeman's presence at or involvement in any mediation conducted by Jones in any of the cases listed on Exhibit 6 to the United States Trustee's *Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses*, attached hereto as Exhibit A-1.

3. Freeman's attendance at any social events relating to any mediation conducted by Jones in any of the cases listed on Exhibit 6 to the United States Trustee's *Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving any Jackson Walker Applications for Compensation and Reimbursement of Expenses*, attached hereto as Exhibit A-1.

4. Any disparate treatment of Jackson Walker, LLP ("Jackson Walker") or Freeman, or any biased or prejudicial rulings or orders involving Jackson Walker or Freeman, in any of the cases listed on Exhibit A-1 by Jones as a result of his romantic relationship, cohabitation, financial relationship or joint home ownership with Freeman.

5. Freeman's understanding of the reasons for Jackson Walker's popularity as local counsel.

6. Freeman's analysis and conclusion that the disclosure of her romantic relationship, cohabitation, financial relationship, or joint home ownership with Jones was not necessary in matters in which Jones acted as either judge or mediator.

7. Any disclosure by Freeman of her romantic relationship, cohabitation, financial relationship, or joint home ownership with Jones to any person.

8. Any residences or other real property jointly purchased or owned by Jones and Freeman.

9. Visits by any Jackson Walker attorneys to a residence or other real property owned by Jones or Freeman.

---

[1] The Court entered an order in *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, permitting the U.S. Trustee "to use the transcripts from the United States Trustee's December 6, 2023, interview and July 30, 2024, deposition of Elizabeth Freeman, without restriction." Case No. 23-645, ECF No. 477 (Bankr. S.D. Tex. Oct. 15, 2024). The topics identified herein align with the questions asked at the December 6 interview and July 30 deposition of Ms. Freeman.

10. Any social events, whether private or public, that any Jackson Walker attorneys attended where Jones and Freeman were also present.

11. The knowledge of any person at Jackson Walker (other than Freeman) of the romantic relationship, cohabitation, financial relationship, or joint home ownership between Jones and Freeman.

12. The knowledge of other individuals in the Houston legal community of the romantic relationship, cohabitation, financial relationship, or joint home ownership between Jones and Freeman.

13. Jones's approvals of Jackson Walker's fee applications or retention applications in any of the cases listed on Exhibit A-1.

14. Freeman's involvement in the adversary proceeding captioned *Michael Van Deelen v. David Dickson, et al.,* Case No. 20-03309, filed in the Bankruptcy Court for the Southern District of Texas (Houston Division), including the motion for recusal and related documents.

15. Any payments made by Jackson Walker or Freeman on Jones's behalf in relation to any of the cases listed on Exhibit A-1, including any cases that Jones mediated in which Jackson Walker represented a party.

16. Freeman's involvement in the formation of the S.D. Texas Bankruptcy Court complex case panel and complex case committee.

**EXHIBIT B**

***Written Statement Required by Guide to Judiciary Policy, Volume 20, Section 830(a)***

**Nature of the Testimony Sought**

The Judicial Policy first requires that a request contain "an explanation of the nature of the testimony or records sought."  Judicial Policy § 830(a) (first bullet).  To the extent that the testimony related to the topics in Exhibit A pertains to any official information acquired as part of the performance of official duties, the United States Trustee for Region 7 ("UST") seeks authorization pursuant to *Chapter 8: Testimony and Production of Records of the Guide to Judiciary Policy* ("Judicial Policy") to obtain said testimony from former judiciary employee Elizabeth Freeman ("Freeman"), judicial law clerk to former bankruptcy judge David R. Jones ("Jones") from 2011 to May 2018.

**Relevance of the Testimony to the Legal Proceedings**

Second, this testimony is "relevan[t] . . . to the legal proceedings." Judicial Policy § 830(a) (second bullet).  The UST believes that the testimony sought here is relevant to the underlying dispute.

In this matter, the UST contends that Jackson Walker failed to disclose a significant connection (the Relationship, as described below) between a partner at the firm, Freeman, and Jones. Such a connection would have prohibited Jones from approving Jackson Walker's retention or compensation in 26 cases over which he presided. Further, the UST has argued that Jackson Walker's silence allowed Jones to mediate seven cases in violation of various judicial and ethical rules. The UST contends that because of these undisclosed circumstances, Jackson Walker's fees in all 33 cases should be forfeited.

The UST's argument is that the undisclosed intimate relationship between Jones and Freeman (the "Relationship") compromised the integrity of and public faith in the bankruptcy system, tainted the administration of the various cases and bankruptcy estates, and created an unlevel playing field for parties, who might have sought recusal of Jones, objected to the retention of Jackson Walker, or sought other appropriate relief had the fact of the Relationship been known. The UST argues that sanctions against Jackson Walker are appropriate because its attorneys failed to disclose the Relationship between Jones and Freeman. Jackson Walker has disputed these allegations.

Testimony on the topics identified in Exhibit A is relevant to this litigation because the UST's position is that Jackson Walker knew of the Relationship between Freeman and Jones and that the Relationship should have been disclosed both by Jackson Walker and Jones.  Testimony by Freeman will shed light on the issue of whether anyone at Jackson Walker (aside from Freeman) was aware of the Relationship.

**Availability of Information Sought from Other Sources or Means**

Third, "the [official] testimony . . . sought . . . [is] not readily available from other sources or by other means." Judicial Policy § 830(a) (third bullet). It is the UST's position that testimony regarding Jones and Freeman's Relationship, and others' knowledge of the same, is not official court information or action, and does not require a determining official's approval to be examined. Freeman has direct

information about the Relationship. Moreover, Freeman may have direct knowledge of the handling of the plaintiff's addendum to Van Deelen's motion to recuse that included the anonymous letter detailing the Relationship. Freeman further has firsthand knowledge of ex parte communications between or among Jones and herself, and may have firsthand knowledge of ex parte communications between or among Jones and Matthew Cavenaugh or other Jackson Walker personnel.

**Factors to be Considered by the Determining Officer in Authorizing the Testimony**

Section 850(a) of the Judicial Policy lists sixteen factors to be considered in determining whether to permit the records or testimony requested. The following factors support authorizing the testimony:

The determining officer should authorize the testimony of Freeman based on the following factors:

1.      Freeman no longer works for the federal judiciary and therefore no resources of the United States or time of federal judicial personnel will be expended in the UST's taking of Freeman's testimony.

2.      Freeman's testimony on official matters will not aid or hinder the federal judiciary in the performance of official duties.

3.      Freeman's testimony is necessary to prevent the perpetration of injustice, as the UST has alleged that the undisclosed intimate Relationship between Jones and Freeman significantly compromised the integrity of and public faith in the bankruptcy system.

4.      The request is not unduly burdensome or inappropriate under applicable court or administrative rules.

5.      The testimony is appropriate under the rules of procedure governing this case, as well as the scheduling order entered in this case.

6.      The UST is properly authorized to make the request.

7.      The UST's request meets the requirements of the regulations established by the Guide to Judiciary Policy, Volume 20, § 830(a).

8.      The UST properly served the request under applicable court, administrative, and other rules.

9.      Freeman's testimony would not violate a statute, regulation, or ethical rule.

10.     Freeman's testimony on the topics set forth herein would not disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process, except to the extent that Freeman testifies on her official acts as Jones's judicial law clerk.

11.     Freeman's testimony would not disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, and would not disclose any other information that is confidential under any applicable statute or regulation.

2

12.    Freeman's testimony is not reasonably expected to result in the appearance of the federal judiciary favoring one litigant over another or endorsing or supporting a position advanced by a litigant.

13.    Freeman's testimony on the official topics set forth herein is not available from other sources.

14.    Freeman's testimony is not sought as expert witness testimony.

15.    The request does not seek personnel files, records, or documents pertaining to a current or former federal judicial officer or employee.

**Prompt Notification of the Determining Officer**

As provided in Section 850(b) of the Judiciary Policy, to the extent the testimony requested relates to any official information acquired as part of the performance of official duties or require the production or disclosure of official information or records by the federal judiciary, please promptly notify the determining officer of this request for testimony.

# U.S. DEPARTMENT OF JUSTICE
# INSTRUCTIONS FOR FACT WITNESSES APPEARING AT A
# SCHEDULED JUDICIAL PROCEEDING
## (Not Applicable to Federal Government Employees)

**IT IS IMPERATIVE THAT YOU READ THE INFORMATION CONTAINED ON THIS FORM BEFORE YOU TRAVEL FOR YOUR COURT APPEARANCE.**

**UPON RECEIPT OF THIS FORM, YOU MUST CONTACT THE EMAIL ADDRESS LISTED BELOW FOR INFORMATION REGARDING TRAVEL ARRANGEMENTS AND SPECIFIC ENTITLEMENTS.**

**IF YOU HAVE A MEDICAL CONDITION OR A FAMILY SITUATION THAT REQUIRES SPECIAL CONSIDERATION, YOU MUST SEND AN EMAIL TO THE ADDRESS LISTED BELOW _AS SOON AS POSSIBLE_.**

**CONTACT PERSON(S):**
**TELEPHONE NUMBER(S):**
**EMAIL ADDRESS(ES):**          USTPFactwitness@usdoj.gov

    _**≈ BEFORE YOU TRAVEL, YOU MUST SEND AN EMAIL TO THE ADDRESS LISTED ABOVE TO CONFIRM YOUR TRIAL ATTENDANCE DATES.**_

**SECTION A:   THE FOLLOWING INFORMATION APPLIES TO WITNESSES APPEARING IN THE TRIAL DISTRICT WHERE THEY RESIDE:**

1. **ATTENDANCE FEE:**  You will receive a fee of $40 per day.

2. **TRANSPORTATION:**  Send an email to the address listed above to discuss travel for your appearance.

The following rules apply to transportation expenses:

    A. **Local Travel:**  The reimbursable methods of travel to court are:
      1. Bus
      2. Subway
      3. Uber or Lyft
      4. Taxi/Shuttle
      5. Privately Own Vehicle (POV)
          a. Automobile $0.70 per mile
          b. Motorcycle $0.68 per mile

    B. **Other Acceptable Reimbursable Travel Expenses:**
      1. Tolls
      2. Parking

Form OBD-2
November 2024

# U.S. DEPARTMENT OF JUSTICE
## INSTRUCTIONS FOR FACT WITNESSES APPEARING AT A SCHEDULED JUDICIAL PROCEEDING
### (Not Applicable to Federal Government Employees)

**SECTION B:   THE FOLLOWING INFORMATION APPLIES TO WITNESSES APPEARING IN THE TRIAL DISTRICT WHERE THEY _DO NOT_ RESIDE:**

1. **ATTENDANCE FEE:**   You will receive a fee of $40 per day including travel days.

2. **TRANSPORTATION AND LODGING:**   Send an email to the address listed above to make travel and lodging arrangements.   It is preferable that the government make the travel/lodging arrangement.   You must request and receive approval to make your own travel and lodging arrangements, (you must contact the email address listed above for authorization _**prior**_ to making any arrangements).   If authorized, your reimbursement will be up to, but not exceed, the government rates for transportation, lodging and mileage.   The government will utilize one of the following recommended modes of transportation:

   **A. Common Carrier:**
      1. Airplane
      2. Train
      3. Bus

If approved to travel by a privately owned vehicle in lieu of travel by common carrier to appear in another trial district, your request for reimbursement of mileage expenses cannot exceed the value of the common carrier ticket.   If two or more witnesses travel in the same vehicle, mileage expenses are paid to only one witness.

The following expenses are _**not**_ reimbursable:

   **B. Non-Reimbursable Expenses**:
      1. First class, business class or frequent flyer miles
      2. Charter service (private plane or bus)
      3. Non-refundable tickets
      4. Hotel taxes (depending on the situation)

   **C. Meals**:   If you are required to remain away from home _**overnight**_, you will receive the following daily meal allowances:
      1. 1/2 M&IE rate for each travel day
      2. Full M&IE rate for each full day at court

The M&IE per diem rates are set based on locality by GSA.  Also, if you receive a cash advance, the cash advance will be deducted from your total reimbursement.

*≈ YOU MUST RETAIN RECEIPTS FOR EXPENSES EXCEEDING $75 ≈*

**SECTION C:   CONCLUSION OF TESTIMONY**

When your testimony concludes, The person(s) requiring your attendance will provide you with a DOJ-3 Fact Witness Voucher.  You will be required to list your expenses on this voucher.  If you require funds to return home, notify the person(s) requiring your attendance.

Form OBD-2
November 2024



# U.S. DEPARTMENT OF JUSTICE

## UFMS Vendor Request Form

<span style="color:red">Instructions on completing this form are on the second page. Fields outlined in "RED" are required.</span>
<span style="color:red">If the vendor is not required to register, please complete all required fields * on this request.</span>

*1. New* [✓]    *Update:* [ ]    *Deactivate:* [ ]

| 2. Is the vendor required to register in SAM.gov (Y/N)?* | N | 3. *If not, what is the FAR exemption(4.1102) /Other (i.e. Employee, Foreign vendor, etc): | Fact Witness |
|---|---|---|---|

*If the vendor is required to register in SAM.gov, please have them do so before completing this form. SAM Registration exceptions can be found in FAR 4.1102. The assumption is that the SAM information is valid. If the information currently listed at SAM.gov or in UFMS is incorrect, then the vendor should be contacted to be updated their SAM information. Please refer to the following for additional information https://dojnet.doj.gov/jmd/fs/docs/FMIB_20-09-RequirementstoPaybyEFT_signed_cca.pdf*

## USDOJ Component Information

| 4. *Date of Request: (MM/DD/YY) | | 5. *Requesting Component: | Office, Boards and Division |
|---|---|---|---|
| 6.*Component Contact: (Cannot be the same as the vendor ) | | 7. *Office Phone No.: | |
| 8. *Purpose of Request | Fact Witness Payment/Reimbursement | | |
| 9. *UFMS Security Org: | JUSTP | 10. *Vendor Type: | Commerical (COM) |
| 11. Component- Specific Justification | | | |
| 12. *Payment Type: | PPD | 13. *Prompt Pay Type: | Standard (STD) |

## Employee/Vendor/Payee Information

| 14. *Vendor Name: | | 15. *EIN/SSN/TIN: | |
|---|---|---|---|
| 16. DUNS Number+4: | | 17. UEI/EFT Indicator: | |
| 18. *Street Address: | | | |
| 19. *City, State, Zip Code: | | 20. Vendor Used for E2 | [ ] |
| 21. Country: | | 22. E-mail Address: | |
| 23. Vendor Phone No.: (including area code) | | 24. Fax Number: (including area code) | |
| 25. Contact Name: (Last, First, MI) | | 26. NCIC Code: | |
| 27. Federal Agency Locator Code (ALC): | | 28. Fed. Agency Code: | | 29. Fed. Bureau Code: | |

## Financial Institution Information

| 30. *Bank Name: | |
|---|---|
| 31. Street Address: | |
| 32. City, State, Zip Code: | |
| 33. Country: | | 34. Bank Phone No.: | |
| 35. *ABA Number: | | 36. *Account Number: | |
| 37. *Account Type: | | ACH Format: All vendors will be setup with CTX and CCD ACH payment format |

**PRIVACY ACT STATEMENT:** *The following information is provided to comply with the Privacy Act of 1974 (P.L. 93-579). All information collected on this form is required under the provisions of 31 U.S.C. 3322 and 31 CFR 210. This information will be used by the Treasury Department to transmit payment data, by electronic means to vendor's financial institution. Failure to provide the requested information may delay or prevent the receipt of payments through the Automated Clearing House Payment System.*

*Please type all required information on the form to ensure accuracy of the information entry into our financial system.*

# U.S. DEPARTMENT OF JUSTICE

## UFMS Instructions for completing UFMS Vendor Request Form

*Please type or print legible all required information.*

**The following are the steps for completing the UFMS Vendor Request Form.**

**Box 1:** This is a required field. Place a check in the box corresponding to the type of request required. Options are:

- Box New – select if vendor is not in UFMS
- Box Update – select if a Non-CCR vendor needs to be modified or CCR information has been updated by the vendor.
- Box Deactivate – select if a non-CCR vendor is to be deactivated.

**Box 2:** Is the vendor required to register in CCR? (See note on form)

**Box 3:** If not, what is the FAR Exemption or other exemption? Select exemption from drop down.

### USDOJ Component Information

**Box 4:** This is a required field. Identify date request submitted

**Box 5:** This is a required field. Using the drop down arrow, identify Component submitting vendor request.

**Box 6:** This is a required field. Identify individual to be contacted in the event there is a question about request.

**Box 7:** This is a required field. Identify phone number of individual in Box 6.

**Box 8:** Description / Purpose of the vendor request

**Box 9:** UFMS Security Organization for vendor – Select Defaultorg for Commercial, Federal, Foreign Government and State/Local Government (when applicable). For all other Vendor Types, Select Component (justification required)

**Box 10:** Using the drop-down arrow, identify Vendor Type from UFMS table listing:

- Commercial (COM) - Select for commercial vendors
- Confidential (CNF) - Select for confidential payees
- Employee (EMP) - Select for employee payees
- Federal (FED) - Select for Federal vendors other than DOJ
- Foreign Government (FOR) - Select for foreign government vendors
- Intra-Departmental (DOJ) - Select for DOJ vendors
- Non-Agency Personal (NAP) - Select for Task Force Officers
- Non-Vendor (NON) - Select for third-party payments, return of funds payments, etc.
- State and Local (SLG)-Select for State & Local Government vendors (Local Police Departments, Local Jails, etc.)

**Box 11:** Justification required if other than DEFAULTORG SecOrg is entered

**Box 12:** Enter Default Payment type for this vendor. (CCD will be used as the standard unless otherwise specified)

- CCD- Cash Concentration or Disbursement- Select for Corporate accounts
- Check- Select if vendor is requesting payment by check (EFT should be used whenever possible for most vendors types )
- CTX- Corporate Trade Exchange (only select if requested by the vendor)
- PPD- Prearranged Payment or Deposit - Select for Personal/Individual accounts

**Box 13:** Enter Prompt Payment type for this vendor.

- Standard (STD)- Select for Commercial vendors
- Construction (CON)- Select for Construction vendors
- Dairy Productions (DAIRY)- Select for Dairy vendors
- Employee (EMP)- Select for employee payees
- Fruits and Vegetables (DFV)- Select for Fruits and Vegetables vendors
- Meats (MEA) - Select for Meat vendors
- Non-Prompt Pay Act (NONPPA)- Select for third-party payments, return of funds payments, and State/Locals
- Travel (TRV) - Select for Task Force Officers and other invitational travelers
- Utilities (UTL) – Select for Utility type vendors

# U.S. DEPARTMENT OF JUSTICE

## UFMS Instructions for completing UFMS Vendor Request Form

*Please type or print legible all required information.*

### Employee/Vendor/Payee Information

**Box 14:** This is a required field. Identify the name of the vendor to be added to the vendor table.
**Box 15:** This is a required field. Identify TIN/SSN of Vendor . Please include the dash in the number
**Box 16:** Duns number (required for Commercial vendors and all other vendor types where applicable)
**Box 17:** UEI/EFT Indicator (required for Commercial vendors and all other vendor types where applicable)
**Box 18-19:** These are required fields. Provide address information for Vendor
**Box 20:** Vendor Used for E2- Check this box if vendor will be used in the E2 travel system.
**Box 21:** Assumed US – provide if foreign
**Box 22:** Must be included if vendors want to receive disbursed payment email notifications
**Box 23-25:** Provide information relative to entity identified in box 14.
**Box 26:** National Crime Information Center (NCIC) code. **Required by USMS** only for AFD payments
**Box 27:** Enter in the Federal Government Agency Location Code (ALC) (required for Federal Vendors Only)
**Box 28:** Enter in the Federal Government Agency Code (ALC) (required for Federal Vendors Only)
**Box 29:** Enter in the Federal Government Bureau Code (required for Federal Vendors Only)

### Financial Institution Information

**Box 30:** Identify Banking Institution receiving funds.
**Box 31-32:** These are required fields. Provide address information for Identified Bank
**Box 33:** Assumed US – provide if foreign
**Box 34:** Provide phone number at bank should the need arise.
**Box 35:** This is a required field. ABA Routing number of identified Bank*
**Box 36:** This is a required field. Account number to receive funds at Bank.*
**Box 37:** Identify Account Type – choose either Personal/Corporate Checking or Savings

---

#### *NOTE*

Bank Routing and Account Numbers refer to ACH payments only and not
Wire Transfers, which have separate routing numbers.
Wire Transfer or foreign payments currently cannot be disbursed using UFMS.

---

*OBD user only - Submit the form directly to the*
*UFMS.Reference.Tables.Request@usdoj.gov*
*We do not accept request forms directly from the vendor.*