IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Professional Fee Matters Concerning the Jackson Walker Law Firm. | § § § | Case No. 23-645 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Chapter 7 |
| BRILLIANT ENERGY, LLC, | § § § | Case No. 21-30936 (EVR) |
| DEBTOR. | § | |

**REPLY TO ORDER FOR AN IN-PERSON NON-EVIDENTIARY STATUS CONFERENCE**

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Randy W. Williams, chapter 7 trustee for Brilliant Energy, LLC (the "Trustee") files this Reply to Order for an In-Person Non-Evidentiary Status Conference (the "Reply"), and would respectfully shows the Court as follows:

**INTRODUCTION**

The Trustee needs to bring certain matters to the Court's attention regarding his status as this will likely impact future settings related to this matter.

**BACKGROUND**

1. The Trustee will retire from private practice as an attorney at the end of this year. At the beginning of this year, in preparation for retirement, the Trustee requested and was granted

permission to stop taking new chapter 7 case assignments. The Trustee, working with the U.S. Trustee, then divided his active/open cases into two tranches: cases that could reasonably be expected to close at or around the end of the year; and cases that could not reasonably be expected to close at or around the end of the year.

2. The Trustee resigned from the cases in the second tranche. The Trustee did not resign in the Brilliant case because of the Trustee's efforts to settle the Brilliant estate's claims against Jackson Walker. The Trustee believed the case could be reasonably settled, and that he could then prepare a Final Report to close the case. On May 13, 2025, at docket 57 in Case No. 23-4787 (pending in the U.S. District Court), the Trustee filed a Motion to Compromise with Jackson Walker (the "Motion"). On the same day at docket 295 in the Brilliant chapter 7 case, a Notice of the Motion was also filed. It should be noted that the proceeds from the proposed settlement are the cash collateral of the secured lender, DTE Energy Trading, Inc. in the Brilliant case, and the Trustee consulted with them prior to filing the Motion, and they approved the proposed settlement.

3. On May 14, 2025, the Honorable Alia Moses, United States District Judge set the Motion for hearing on May 22, 2025 at 9:00 am. (Docket number 60). The Trustee attended the hearing; however, the Motion was not heard. While the Order for the hearing (Docket number 60) makes no reference to a status conference, Judge Moses stated at the hearing that the hearing was a "status" conference. Contrary to the Order of November 12, 2025 at docket number 627 in Case No. 23-00645 (the "District Court Order"), the undersigned is not a "private" party who settled with Jackson Walker, see page 7 of the District Court Order.

4. On May 21, 2025, the U.S. Trustee filed its opposition to the Motion at Docket number 71 in Case No. 23-4787. The objection appears to have been overlooked in the District

Court Order at page 3, referencing an omnibus objection by the U.S. Trustee and making no reference to Docket number 71. The following language of the District Court Order is confusing:

> The Court will not now—for only a few parties—overlook these allegations and approve the settlements at this time. Even more concerning is Jackson Walker's attempt to settle claims with individual private parties. This can only be seen as attempt to circumvent the process and this Court's authority, as well as that of the Bankruptcy [c]ourt [sic], and stymie the U.S. Trustee's case before it gets off the ground. p. 7.

As stated above, the Trustee is not a "private party." But clearly, the Trustee's Motion to Compromise is being lumped in with motions being filed by plan administrators and other pre and post confirmation parties in the chapter 11 cases. But to say "this can only be seen as an attempt to circumvent…and stymie" clearly suggests that the Trustee is taking inappropriate action. The Trustee knows of no authority that filing a motion to compromise estate claims in order to move forward and close a chapter 7 case is untoward. Further, the suggestion that this action was taken "before it gets off the ground," in reference to the U.S. Trustee's Rule 60 motions is preposterous. The Trustee only undertook settlement negotiations with Jackson Walker after reviewing staggering amounts of discovery including dozens of depositions and after discovery in these matters closed. The scheduling order(s) related to the fee dispute show that the matters are ready to try.

5. This Court itself directed the parties to meet and confer regarding settlement. At no point prior to the Trustee's settlement with Jackson Walker through today has the U.S. Trustee had any meaningful discussions with the Trustee about the Brilliant case and efforts to settle the fee dispute as it relates to it. The Trustee firmly believes that if there was a hearing, the evidence related to the Motion would overwhelmingly support the settlement.

6. As the undersigned repeatedly tried to point out throughout this controversy, the Brilliant case is fundamentally different from all the other cases where the U.S. Trustee filed its

Rule 60 motions. It is the only chapter 7 case. It is the only case where only one lawyer at Jackson Walker worked on the case, Bruce Ruzinsky. *See* Case No. 21-30936 (Docket number 234). Ms. Freeman billed no time to the case. *Id.* The fee award in the case is exponentially smaller than the award of fees in other cases, less than $200,000. The fees in the case were paid pursuant to a carve out from the secured creditor, who, as stated above, approves the proposed settlement. If the Trustee, or a successor trustee, is required to monitor and/or participate in a trial, the settlement is effectively mooted, and there will be no guarantee that as the smallest stakeholder, the Brilliant estate will recover anything.

7. While David Jones' and Elizabeth Freeman's conduct is an underlying issue in the fee dispute with Jackson Walker, the party against whom relief is being sought here is Jackson Walker. The Trustee is unaware of any relief being sought against Jones or Freeman. Their misconduct is not on trial here. Based on the Trustee's review of the matter, there is only one issue being tried here and that is whether or not Jackson Walker made proper disclosure of the Jones/Freeman relationship. The issue on trial here is the simple legal issue of whether Jackson Walker had knowledge of a romantic relationship between Jones and Freeman, if so, did Jackson Walker then make the required disclosures in applications to be employed and applications for compensation?

8. Based on where these matters stand today, it appears that the Brilliant case now fits into the second tranche of the Trustee's remaining chapter 7 cases, and in all likelihood, the Trustee will be resigning, and a new chapter 7 trustee will be appointed in the coming weeks.

9. Future settings with respect to the fee dispute as it relates to the Brilliant case will be impacted by the fact that a new party will soon be (successor) trustee in the Brilliant case; and they will undoubtedly need time to review the fee dispute and the multitude of pleadings and

discovery related thereto and make their own determination as what their position will be on the dispute as well as what their role in any trial will be.

WHEREFORE, the Trustee submits this Reply and requests that the Court grant the Trustee such other legal or equitable relief as the Court may deem just and proper.

[*Remainder of the page intentionally left blank*]

DATED: November 19, 2025          Respectfully submitted,

**BYMAN & ASSOCIATES, PLLC**

*/s/ Randy W. Williams, chapter 7 trustee*
Randy W. Williams
(Texas State Bar No. 21566850)
7924 Broadway, Suite 104
Pearland, TX 77581
281-884-9269 Office Phone
281-884-9263 Fax
rww@bymanlaw.com

*Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 19, 2025, a true and correct copy of the foregoing was filed with the Court and served via the Court's CM/ECF notification system upon all parties registered to receive such electronic notices in this case.

                                    */s/ Randy W. Williams*
                                    Rndy W. Williams