IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> Professional Fee Matters Concerning the Jackson Walker Law Firm | Civil Action No. 4:23-CV-04787-AM |
| In re: <br><br> Professional Fee Matters Concerning the Jackson Walker Law Firm | Case No. 23-00645 (EVR) <br><br> (Bankruptcy Miscellaneous Proceeding) |

**WIND-DOWN DEBTORS' AMENDED AND SUPPLEMENTAL JOINDER TO UNITED STATES TRUSTEE'S AMENDED AND SUPPLEMENTAL MOTION FOR (1) RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024 APPROVING THE RETENTION AND COMPENSATION APPLICATIONS OF JACKSON WALKER LLP, (2) SANCTIONS, AND (3) RELATED RELIEF**

Sungard AS New Holdings, LLC, together with each of the wind-down debtors in the jointly administered chapter 11 cases of Sungard AS New Holdings, LLC (Case No. 22-90018-CML) (collectively, the "**Sungard Wind-Down Debtors**"),[1] by and through Drivetrain LLC (the "**Plan Administrator**"), as the Plan Administrator appointed pursuant to the confirmed *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Sungard AS New Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 763] (the "**Plan**"), hereby file this amendment and supplement to the *Wind-Down Debtors'*

---

[1] The Sungard Wind-Down Debtors, and the last four digits of their tax identification numbers, are: InFlow LLC (9489); Sungard AS New Holdings, LLC (5907); Sungard AS New Holdings II, LLC (9169); Sungard AS New Holdings III, LLC (3503); Sungard Availability Network Solutions Inc. (1034); Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuite des Affaires (Canada) Ltee (3886); Sungard Availability Services Holdings (Canada), Inc. (2679); Sungard Availability Services Holdings (Europe), Inc. (2190); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Sungard Availability Services, LP (6195); and Sungard Availability Services, Ltd. (4711).

67271/0001-51859276v1

*Joinder to United States Trustee's Amended and Supplemental Motion for (1) Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* [Docket No. 559] (the "**Joinder**").[2]

As set forth in the Joinder, since the Plan's Effective Date, the Sungard Wind-Down Debtors have continued in existence for purposes of, *inter alia*, liquidating their remaining assets, including, but not limited to, "Causes of Action" (as defined in the Plan). Through the Joinder, the Sungard Wind-Down Debtors joined and adopted the relief sought by the United States Trustee (the "**U.S. Trustee**") in his *Amended and Supplemental Motion for (1) Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* [Docket No. 1043] (the "**Rule 60 Motion**"), including the allegations, arguments, and pleadings made and/or filed by the U.S. Trustee in support thereof, to the extent of seeking (a) to vacate the orders approving the retention and compensation of Jackson Walker LLP ("**JW**") as Debtors' counsel, and (b) disgorgement of fees and expenses paid to JW in the Sungard Chapter 11 Cases.

Following extensive discussions and negotiations, on July 17, 2025, the Plan Administrator and Sungard Wind-Down Debtors executed a Settlement Agreement and Release with JW (the "**Settlement Agreement**"), pursuant to which they agreed, *inter alia*, to release all of their claims and causes of action against JW (including, but not limited to, those relating to the Joinder and the Rule 60 Motion) in exchange for JW's payment of $385,000 (the "**Settlement Amount**"). The Settlement Amount represents more than 93% of the fees awarded to JW in the

---

[2] Capitalized terms used but not defined herein have the meaning assigned to them in the Joinder.

Sungard Chapter 11 Cases. The Settlement Agreement's effective date, including payment of the Settlement Amount, is conditioned on the Court's approval of the Settlement Agreement.

On July 29, 2025, the Sungard Wind-Down Debtors filed their *Motion For Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019* [Docket No. 91] (the "**9019 Motion**") in the District Court seeking approval of the Settlement Agreement. As set forth in the 9019 Motion, the Plan Administrator's decision to enter into the Settlement Agreement was, at its core, based upon a cost-benefit analysis. Among other considerations, the Plan Administrator determined that the substantial cost and expense associated with continued litigation, the duration and inherent uncertainty of litigation, and any potential upside associated with further litigation, was clearly outweighed by the strength of the Settlement Agreement (which contemplates that JW return 93% of its fees to the Sungard Wind-Down Debtors).

On November 12, 2025, the Court entered an Order directing that the 9019 Motion be held in abeyance until after the trial on the Rule 60 Motion and the Bankruptcy Court's issuance of its report and recommendation to the District Court in connection therewith (the "**Abatement Order**"). Consequently, to preserve the Sungard Wind-Down Debtors' rights and claims against JW, the Plan Administrator must proceed with the litigation and prosecution of the Sungard Wind-Down Debtors' claims against JW in this matter through trial, notwithstanding the pendency of the 9019 Motion. The Sungard Wind-Down Debtors, thus, will be required to incur significate litigation costs, which will reduce their ultimate recovery in this matter.

As a result, the Sungard Wind-Down Debtors file this amendment and supplement to their Joinder to make clear they are seeking and asserting claims against JW for reimbursement of all their attorneys' fees and costs incurred in this matter.

3

It is established that the Court has "wide discretion" in selecting an appropriate remedy and crafting sanctions against JW. *In re Leslie Fay Companies, Inc.*, 175 B.R. 525, 538 (Bankr. S.D.N.Y. 1994) ("I have wide discretion in my selection of an appropriate remedy.") (citing cases); *see Int'l Petroleum Corp. v. Waldron (In re American Int'l Refinery, Inc.)*, 676 F.3d 455, 466 (5th Cir. 2012); *In re Southmark Corp.*, 181 B.R. 291, 296-97 (Bankr. N.D. Tex. 1995) (stating that when determining the appropriate relief for failure to disclose, the court "must engage in a fact specific inquiry in which the court may balance benefit and/or harm to the estate, time and labor employed, egregiousness of the professional person's non-disclosure, and so forth."). Here, the Plan Administrator has a duty and mandate under the Plan to liquidate the Sungard Wind-Down Debtors' claims against JW, which arise from JW's conscious decision to hide the fact that its partner had a financial and romantic relationship with the bankruptcy judge presiding over the Sungard Chapter 11 Cases. Given the Court's abeyance of the 9019 Motion, the Sungard Wind-Down Debtors must bear the cost and expense of continued litigation until such time as its asserted claims against JW are resolved.

Under the circumstances of this case, the Sungard Wind-Down Debtors submit that it is a wholly appropriate for the Court to require JW to pay their attorneys' fees, in addition to ordering disgorgement of JW's fees.

*[The remainder of this page is intentionally blank]*

Dated: November 24, 2025								Respectfully submitted,

**COLE SCHOTZ P.C.**

*/s/ Daniel F.X. Geoghan*
Daniel F.X. Geoghan (Texas Bar No. 24126280)
901 Main Street, Suite 4120
Dallas, TX 75202
Telephone: (469) 557-9390
Email: dgeoghan@coleschotz.com

*- and -*

Mark Tsukerman
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
Email: mtsukerman@coleschotz.com

*Counsel to the Sungard Wind-Down Debtors and Plan Administrator*

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, the foregoing Joinder was served upon all parties entitled to receive electronic notices via the Clerk of the Court's CM/ECF system.

*/s/ Daniel F.X. Geoghan*
Daniel F.X. Geoghan

67271/0001-51859276v1